1  Marina Fineman, Esq. (SBN 193065)
   **GERACI LAW FIRM**
2  90 Discovery
   Irvine, CA 92618
3  Tele.: (949) 379-2600
   Fax:  (949) 379-2610
4  E-mail: m.fineman@geracillp.com

5  Attorneys for Sandra Cristobal

6

7                    **UNITED STATES BANKRUPTCY COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9

10  In re                                    Case No. 24-13887-NB

11                                           Chapter 13

12  David Stephens,

13                                           **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN SUPPORT OF**
14                                           **SANDRA CRISTOBAL'S MOTION FOR**
         Debtor.                             **RELIEF FROM THE AUTOMATIC STAY**
15                                           **OR FOR ORDER CONFIRMING THAT**
                                             **THE AUTOMATIC STAY DOES NOT**
16                                           **APPLY (UNLAWFUL DETAINER)**

17                                           Judge: Hon. Neil Bason
                                             Date:  July 30, 2024
18                                           Time:  10:00 a.m.
                                             Place: 255 East Temple Street,
19                                                   Los Angeles, CA 90012
                                                     Courtroom 1545
20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

Sandra Cristobal ("**Cristobal**"), hereby submits the following *Memorandum of Points and Authorities in* support of her Motion for an order: (1) (a) confirming that no stay was in effect with respect to the subject property on the petition date pursuant to California Civil Code Sections 2924m and 2924h(c) or, alternatively, (b) annulling the automatic stay to the petition date under 11 U.S.C. § 362(d)(1) and (2); (2) confirming that Cristobal's recorded trustee's deed upon sale is valid and enforceable; (3) providing that Cristobal may enforce her remedies regarding the Property and such actions taken in accordance with nonbankruptcy law shall not constitute a violation of the stay; and (4) granting the other relief that is requested on pages 5 and 6 of the (form) Motion to which this *Memorandum of Points and Authorities* is attached. The Motion is also supported by the *Declaration of Sandra Cristobal In* Support in support of the Motion (the "**Cristobal Decl.**"), and the *Declaration of Marina Fineman* in support of the Motion (the "**Fineman Decl.**"), filed concurrently herewith.

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

## **TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ........................................................................................... 6

II.    STATEMENT OF FACTS ............................................................................. 8

  A.    Debtor's Two Loans Secured By Deeds of Trust on the Property. ................... 8

  B.    The Auction and Sale. ................................................................................... 9

  C.    Cristobal's Successful Post-Auction Purchase of the Property-CA Civ. Code 2924m. ... 9

  D.    Distribution of the Sale Proceeds. .............................................................. 10

  E.    The Schedules. ........................................................................................... 10

  F.    The Chapter 13 Plan. .................................................................................. 11

III.    ARGUMENT .............................................................................................. 11

  A.    The Sale Was Deemed Perfected/Final as of April 4, 2024; Automatic Stay Did Not Apply to the Property Because Debtor Did Not Own It on the Petition Date. ........................... 11

    1.    The Sale Was Final On April 4, 2024 Pursuant To Civ. Code Section 2024h(c), Because the TDUS Was Recorded Within 60 Days of the Sale. ........................................ 11

    2.    In re Ford Is Analogous to the Facts of this Case. ....................................... 13

    3.    In re Hager Is Easily Distinguishable from this Case. ................................. 14

    4.    Allowing Debtors to Undo Foreclosure Sales Post-Sale Would Set A Dangerous Precedent For the Finality of All Foreclosure Sales Subject to 2924m. ............................... 15

  B.    Alternatively, Retroactive Annulment Of The Stay Is Warranted Under In Re Gasprom, Inc. & In Re Fjelsted In Order To Deem the TDUS Valid. ........................................ 16

IV.    PROCEDURE ............................................................................................ 22

V.    REQUEST FOR CONSIDERATION OF MOTION DESPITE DISMISSAL DUE TO EXTRAORDINARY RELIEF REQUESTED ................................................................. 22

VI.    CONCLUSION .......................................................................................... 23

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page No.**

*Butner v. United States, 440 U.S. 48, 99 S. Ct. 914 (1979)* ...................................... 12

*Davisson v. Engles (In re Engles), 193 B.R. 23 (Bankr. S.D. Cal. 1996)* ........................ 16

*Fjeldsted v. Lien (In re Fjeldsted), 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003)* .......................... 7,16,17

*Gendreau v. Gendreau (In re Gendreau), 122 F.3d 815, 819 (9th Cir. 1997)* ............................ 15

*In re Bebensee-Wong v. Fannie Mae (In re Bebensee-Wong), 248 B.R. 820 (9th Cir. BAP 2000).* 14

*In re Ford, No. 2:22-BK-13649-WB, 2022 WL 17742285, at \*3 (Bankr. C.D. Cal. Dec. 15, 2022)* ...... ........................................................................................7,8,12,13,14

*In re Gasprom, 500 at 607-08* ................................................................ 16,17

*In re Hager, 651 B.R. 873 (Bankr. E.D. Cal. 2023)* ...................................... 13,14,15,18

*In re Merriman, 616 B.R. 381, 393 (B.A.P. 9th Cir. 2020)* .................................. 17

*In re Stork, 212 B.R. 970 (Bankr. N.D. Cal 1997)* ........................................ 22

*In re Vill. Mobile Homes, Inc., 947 F.2d 1282, 1283 (5th Cir. 1991).* ...................... 22

*Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.), 129 F.3d 1052, 1055 (9th Cir. 1997).* ................................................................................ 17


**Statutes**

11 U.S.C. § 362(d)(1) ....................................................................... 7,8,23,23

11 U.S.C. § 362(d)(2) ......................................................................... 7,8,23

11 U.S.C. § 362(a)(3) ............................................................................ 12

11 U.S.C. § 541 ................................................................................ 22

Cal. Civ. Code Section 2924h .................................................................. 12

Cal. Civ. Code Section 2924h(c) ........................................................ passim

Cal. Civ. Code Sections 2924m .......................................................... passim

Cal. Civ. Code Sections 2924m(2) .............................................................. 12

Cal. Civ. Code Sections 2924m(3) .............................................................. 12

Cal. Civ. Code Section 2924m(a)(2)(B). ....................................................... 18

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Cal. Civ. Code Section 2924m(c)................................................................................. 20

Cal. Civ. Code Section 2924m(c)(3) ................................................................ 9, 13,14,15

Cal. Civ. Code Sections 2924m(c)(3)(A)(iii)(II) ..................................................... 9

Cal. Civ. Code Section 2924m(c)(4) ................................................................ 9,13

Cal. Civ. Code Section 2924m(f). ..................................................................... 13

Cal. Civ. Code §§ 1213-15.............................................................................. 12

Cal. Civ. Code §§ 2920-2923, 2924 ................................................................. 12

FRBP Rule 4001(a)(3).................................................................................... 8

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

## I.    INTRODUCTION

Sandra Cristobal ("**Cristobal**") recently purchased the property located at 5851 Garth Ave, Los Angeles, California 90056 (the "**Property**"). The Property was first sold on April 4, 2024 through a trustee's sale initialed by a junior lienholder (the "**Sale**") to a third-party buyer, for $559,000. On May 16, 2024, Cristobal, a first time home buyer, submitted the winning bid of $661,000, in accordance with the procedures of 2019 California Senate Bill No. 1079, subsequently codified in Cal. Civ. Code § 2924m ("**SB 1079**").[1] She recorded her trustee's deed upon sale ("**TDUS**") on May 30, 2024 – within the 60 day relation back provision set forth in the Cal. Civ. Code § 2924h(c), such that the Sale is deemed to have closed on April 4, 2024. The debtor, David Stephens ("**Debtor**") filed this case (this "**Case**") on May 17, 2024 (the "**Petition Date**")—**42 days after the Sale**.

SB 1079 is aimed at giving families, renters, local governments and housing nonprofits an opportunity to purchase foreclosed homes after a trustee's sale closes. To this end, by amending Cal. Civ. Code 2924h(c), California statutorily enlarged the grace period for recordation of the trustee's deed **by the buyer o**n sale under certain circumstances. SB 1079 is not intended to and does not grant extra protections to defaulted owners/mortgagors whose interests are legally foreclosed before bankruptcy, or create a de facto redemption period following a trustee sale.

Debtor and his wife ("**Borrowers**) owned the Property before it was sold on April 4, 2024. The Sale was held after Borrowers defaulted on a $400,000 loan they took out in 2022 from Sakhat Partnership, secured by a deed of trust on the Property. Sakhat Partnership was owed approximately $461,000 at the time of Sale and was paid in full in April 2024. Ashwood TD Services, LLC, was trustee (the "**Trustee**") for Sakhat Partnership and coordinated the Sale. IndyMac Bank, F.S.B. ("**IndyMac**") holds a senior lien on the Property pursuant to deed of trust recorded in 2007, which secures a $550,000 loan; it is currently owed approximately $485,000.

Pursuant to SB 1079/Cal. Civ. Code 2924m procedures, Cristobal, an "eligible bidder" and two purported "eligible tenant buyers" at the Property each timely submitted a notice of intent to bid

---

[1] All references herein to "**Section**" shall refer to Sections of CA Civil Code 2924.

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

(an "**NOI**") on the Property within 15 days after the Sale. The deadline by which to submit their bids (i.e., an affidavit and cashier's check) was May 20, 2024. Cristobal spent 41 days post-Sale arranging for a home equity loan on her parents' house and gather her life's savings; she submitted her bid, with a $661,000 cashier's check, on May 16, 2024. No other bids were submitted. On May 28, 2024, the Trustee sent a trustee's deed upon sale to Cristobal and informed her that this case had been filed. Pursuant to Cal. Civ. Code section 2924h(c), Cristobal had 60 days from the Sale date (i.e., until June 3, 2024) to record the deed in order to ensure the date of sale would relate back to April 4, 2024. Cristobal recorded the TDUS on May 30, 2024—within the 60-day period required by Civ. Code 2924h(c); the date of sale therefore relates back to April 4, 2024. On this basis, Cristobal seeks an order confirming the issuance and recording of the TDUS were not violative of the stay and authorizing her to proceed under applicable nonbankruptcy law to gain possession of the Property. *In re Ford*, No. 2:22-BK-13649-WB, 2022 WL 17742285 (Bankr. C.D. Cal. Dec. 15, 2022).

Alternatively, if the Court finds that there was a stay in place with respect to the Property, Cristobal seeks annulment or termination of the stay. Section 362(d) of the United States Bankruptcy Code (the "**Bankruptcy Code**") gives courts discretion to terminate, annul, modify, or condition the stay. 11 U.S.C. §§ 362(d)(1) and 362(d)(2). Courts have held that granting relief from stay to allow a creditor to complete a foreclosure sale conducted prepetition is appropriate under section 362(d).

The equities considered under the twelve-factor framework the Ninth Circuit Bankruptcy Appellate Panel (the "**BAP**") laid out in *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003) for courts to follow when deciding whether to annul the stay weigh in favor annulment. Among other reasons, instead of filing for bankruptcy before the Sale, he inexplicably waited for **42 days until afterwards and did so the day after Cristobal submitted her bid**. **Reading** Cal. Civ. Code sections 2924m and 2924h(c) does not put a bidder on notice that there is any sort of redemption period during which the owner can still redeem its property by filing for bankruptcy even after the sale on or by an unspecified date that is between 15 and 45 days after the sale. The problem with that is that Cristobal, by submitting the winning bid, unwittingly immediately became obligated to spend thousands of additional dollars in legal fees to try and

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

protect her $661,000 investment by establishing her rights in the Property. If the Court voids the deed, the Trustee explained, either it or Cristobal may have to sue Sakhat Partnership to rescind the sale and refund the money. After recording her deed, Cristobal promptly hired counsel. The Court should not saddle Cristobal with the consequences of Debtor's failure to file for bankruptcy either before, or immediately after, the Sale.

On the other hand, if the Court determines that the TDUS relates back to April 4, 2024, or that the stay should be annulled or lifted, Debtor will be in the same position he was in on April 4, 2024, and all of his creditors will promptly be paid in full.  The Trustee is in the process of delivering approximately $200,000 in excess sale proceeds to Debtor. The undisputed unsecured claims total approximately **$13,778**. After paying the creditors, he can dismiss this Case and keep approximately $186,000. Cristobal will pay off or restructure the loan to IndyMac.

Relief from stay is further warranted because Debtor had no interest or equity in the Property on the Petition Date since it was prepetition. For the same reason, the Property is not necessary for an effective reorganization. *In re Ford*, No. 2:22-BK-13649-WB, 2022 WL 17742285, at *4 -*5 (Bankr. C.D. Cal. Dec. 15, 2022), under Bankruptcy Code section 362(d)(1) and (d)(2).

For these and the reasons stated below, this Motion should be granted. Cristobal further seeks an order determining that she may proceed to enforce her nonbankruptcy law remedies to obtain possession of the Property, and waiving the 14-day stay as to the effectiveness of the order pursuant to rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and such other relief as is stated in the coversheet of this Motion. *See* 11 U.S.C. § 362(d)(1) and (d)(2); Fed. R. Bankr. P. 4001(a)(3).

## II.    STATEMENT OF FACTS

### A.  Debtor's Two Loans Secured By Deeds of Trust on the Property.

In 2007, IndyMac Bank, F.S.B. ("**IndyMac**") made a 30-year loan (the "**Loan**") to Debtor and his wife, Genevieve Stephens (the "**Borrowers**"), in the principal amount of $550,000, secured by the *Deed of Trust* against the Property (the "**IndyMac Deed of Trust**").[2] An *Assignment of Deed of Trust*

---

[2] *See* Claim No. 2-1 filed by Deutsche Bank, N.A., as trustee for IndyMac INDA Mortgage Loan Trust 2007-AR9,

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1    to Deutsche Bank, as trustee for IndyMac c/o Specialized Loan Servicing, LLC, was signed on August

2    14, 2014. IndyMac is owed $482,374.24.[3]

3        On or about September 9, 2022, Equity Wave Lending, Inc.  made a two-year loan to

4    Borrowers, in the original principal amount of $400,000, which was secured by a deed of trust against

5    the Property.[4] It appears that this loan was thereafter acquired by Sakhat Partnership.[5]

6    **B.  The Auction and Sale.**

7        Debtor defaulted on the Sakhat Partnership Loan in 2023. The Trustee recorded a *Notice of*

8    *Default* on August 28, 2023; the arrearage then was $20,907.40. The Trustee then recorded the

9    *Notice of Sale*. Sakhat Partnership instructed the Trustee to foreclose its lien by selling the Property

10   at an auction held on April 4, 2024 (the "**Auction**"). The Property was sold for $659,000 to a third

11   party–Trustee Sale No. 2023-10780 ("**Auction Winner**").

12   **C.  Cristobal's Successful Post-Auction Purchase of the Property-CA Civ. Code 2924m.**

13       In accordance with California Civil Code Section 2924(m)(c)(3), Cristobal timely

14   submitted an NOI to the Trustee on April 12, 2024.[6] Two other NOIs were received from purported

15   "eligible tenant buyers". The 45-day period following the Sale, during which the bids had to be

16   submitted per Sections 2924m(c)(3)(A)(iii)(II) and 2924m(c)(4)(A) **was set to expire on May 20,**

17   **2024**. Cristobal submitted her bid (i.e., with an *Affidavit by Prospective Owner Occupant*, attesting

18   to her qualifications as an "eligible bidder" and a $661,000 cashier's check (the "**Purchase**

19   **Price**")) to the Trustee on May 16, 2024.[7]

20       Coming up with the entire Purchase Price was not easy for Cristobal, who earns less than

21   approximately $150,000 annually. On May 13, 2024, Cristobal obtained a home equity line of

22

23   _____

     Mortgage Pass-Through Certificates, Series 2007-AR9, in the amount of $482,374.24.
24   [3]  *Id.*
     [4]  *See* Fineman Decl., ¶ 4, Ex. 2; on June 13 2024, Dana Douglas, Debtor's counsel, sent an email to Cristobal's counsel,
25   Marina Fineman, to which Ms. Douglas attached the *5851 Garth Ave. Profile*, to which various documents related to
     loans taken by Borrowers secured by the Property are attached, on pages 105-112, 113-123, 124-130 and 131-139 of
26   Ex.3.
     [5]  *Id.* at ¶ 5. Ms. Fineman has inquired regarding the details of this loan and its transfer to Sakhat Partnership but has
27   not yet received the information from Debtor's counsel. However, Sakhat Partnership is the entity that Cristobal was
     informed conducted the auction and received full payment of this claim from the Purchase Price proceeds.
28   [6]  *See* Cristobal Decl., at ¶ 6, Ex. 4. (NOI)
     [7]  *Id,* at ¶11, Ex. 5, (Affidavit by Prospective Owner Occupant.)

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

credit on her parents' house. The loan is in her name but secured by their house. Cristobal drew down $433,000 on the credit line, which she used to pay a third of the Purchase Price. In order to pay the $228,000 balance, Cristobal sold all of her personal stocks, and some of her retirement stocks, which she had been saving over the last several years in order to purchase a home.[8]

Debtor filed this Case on May 17, 2024. The other two "eligible tenant buyers" never submit bids. Cristobal was declared the high bidder after May 20, 2024. On May 28, 2024, the Trustee sent the TDUS to Cristobal, with a cover letter informing her of this bankruptcy case.[9]

Based on her understanding of Section 2924m and 2924h(c), to ensure that she did not miss this 60-day window that was about to close within just a few days after she received the trustee's deed upon sale, Cristobal recorded it on May 30, 2024, in the Official Records of Los Angeles County, California, as Instrument No. 20240351233 (the "**TDUS**"). Cristobal then promptly hired counsel to represent her in this case.[10]

**D. Distribution of the Sale Proceeds.**

The Trustee used part of the $659,000 sale price paid by the Auction Winner to pay approximately $461,000 to Sakhat Partnership in full satisfaction of its claim. Debtor/Borrowers should receive the estimated $200,000 of excess sale proceeds because Debtor is not aware of any junior lienholders.[11]

**E. The Schedules.**

Schedule D of Debtor's *Schedules of Assets and Liabilities, Statement of Financial Affairs* [ECF No. 17], filed on June 10, 2024 (the "**Schedules**"),[12] include three main claims:

(i)     **Sakhat Partnership**: **$461,000,** the junior lienholder, who instructed the Trustee to foreclose on the Sakhat Deed of Trust, and whose claim was already paid in full from the Purchase Price proceeds, a few days after the Auction in April.

---

[8] *Id.* at. ¶¶ 8-10.
[9] *See* Cristobal Decl., ¶ 13, Ex. 6. (May 28 Trustee letter)
[10] *See* Cristobal Decl., ¶¶ 14-16, Ex. 7. (Recorded TDUS)
[11] *See* Cristobal Decl., ¶¶ 17-19.
[12] The Schedules are attached hereto as **Exhibit 2**.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

(ii) **Specialized Loan Servicing/Deutsch Bank: $482,374.24,** the senior lienholder. Cristobal purchased the Property subject to Deutsch Bank senior liens; once the stay is annulled Cristobal will take a loan against the Property from a third party and pay the Deutsch Bank Loan in full or will get a loan from Deutsch Bank.

(iii) **GM Financial**: $5,396.51.

Schedule E/F shows a total of $221,690.30 nonpriority unsecured claims, of which only **$13,778 in unsecured claims will remain because Debtor explained at the** June 14, 2024, 341(a) Meeting that **the** $207,912.30 student loan claim will soon be discharged.

**F.  The Chapter 13 Plan.**

On June 8, 2024, Debtor filed a chapter 13 plan [ECF No. 14] (the "**Plan**"). The information included in Schedules I and J shows that Borrowers currently have a monthly **shortfall in expenses costs of (-$4,123.45) which will increase to a shortfall of (-$4,651.92)** once the Plan payment of $528.47 is included.[13] The Plan is not feasible as proposed and would require a significant change in circumstances in order to become so. Debtor will undoubtedly amend the Plan to include income – but it would need to be at least $4,500 of net income, which seems unlikely to happen this quickly (he started driving for Uber a few weeks ago). While Debtor will rework the numbers in the Plan to make it appear feasible, there is no evidence of adequate income. Debtor has also repeatedly defaulted on all of the loans Borrowers have taken on the property at one point or another.[14] The amount of debt that Debtor/Borrowers have taken on their house is simply not sustainable and they cannot afford to repay the $461,000 Loan over a 60-month period, as the Schedules show that they cannot even afford to pay off the arrearages owed on either loans.

### III.    ARGUMENT

**A.  The Sale Was Deemed Perfected/Final as of April 4, 2024; Automatic Stay Did Not Apply to the Property Because Debtor Did Not Own It on the Petition Date.**

**1.  The Sale Was Final On April 4, 2024 Pursuant To Civ. Code Section 2924h(c), Because the TDUS Was Recorded Within 60 Days of the Sale.**

The stay does not apply to the Sale or the Property because Cristobal recorded the TDUS

---

[13] *See* Schedule I at Page 2, Sections 23a.-23.c.
[14] *See* Fineman Decl., ¶ 4. Ex. 3, pgs. 144-148; 150-153 (NODs) and 148-149 (rescission of NOD).

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1    within 60 days of the Sale, the Sale relates back to April 4, 2024, and therefore was final prepetition

2    pursuant to Civ. Code Section 2924h(c). A bankruptcy petition operates as a stay applicable to all

3    parties and prevents, among other things, any act to obtain possession of property **of the estate only**.

4    11 U.S.C. § 362(a)(3).

5          State law generally determines the property rights of the parties, and whether those rights are

6    obtained pre- or postpetition. *Butner v. United States*, 440 U.S. 48, 99 S. Ct. 914 (1979). In California,

7    an interest in real property is "perfected" when it is recorded with the county recorder. Cal. Civ. Code

8    §§ 1213-15. California's system of nonjudicial foreclosure is governed by a comprehensive scheme of

9    statutes (California Civil Code §§ 2920-2923, 2924 et seq., amended by 2022 Cal. Legis. Serv. Ch.

10    642 (A.B. 1837) (WEST)). Several bankruptcy court decisions applying Section 2924h(c) have

11    considered the validity of a prepetition trustee's sale where recordation of the trustee's deed occurs

12    postpetition and have affirmed the validity of the sales.[15] The relation back effect of Civil Code §

13    2924h(c) thereby operates to perfect the trustee's sale on the actual date of sale. *In re Ford*, No. 2:22-

14    BK-13649-WB, 2022 WL 17742285, at *3 (Bankr. C.D. Cal. Dec. 15, 2022).

15          Until recently, Cal. Civil Code section 2924h(c) provided that "the trustee's sale shall be

16    deemed final upon the acceptance of the last and highest bid and shall be deemed perfected as of 8

17    a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale,

18    or the next business day following the 21st day if the county recorder in which the property is located

19    is closed on the 21st day." However, California statutorily enlarged the grace period for recordation

20    of the trustee's deed on sale under certain circumstances because it now authorizes "eligible tenant

21    buyers" and "eligible bidders" (defined in § 2924m (2) and (3)) to submit bids **after** the auction, in

22    order to give preference to intended owner occupants over investors.

23          Sections 2924m or 2924h were not drafted to delay the loss of, or to preserve, the

24    mortgagor's/trustor's equitable interests in the subject property beyond the sale date. However, the

25

26    ―――――――――――――

27    [15] *See, e.g., In re Bebensee-Wong*, 248 B.R. 820 (9th Cir. BAP 2000) (relation back effect of Civil Code § 2924h(c)
operated to perfect the sale on the actual date of the sale notwithstanding the postpetition recordation of the deed and
therefore did not violate the stay); *In re Engles*, 193 B.R. 23, 27–28 (Bankr. S.D. Cal. 1996) (purpose of § 2924h(c) is

28    to ensure that on facts such as these, a debtor cannot avoid a trustee's sale by filing a bankruptcy petition after the
trustee's sale but prior to the date the trustee's deed on sale is recorded.).

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1  new post-sale bidding procedures can delay identification of the winning bidder for between 0 and

2  45 days. Therefore, (bare legal) title remains with the mortgagor/trustor only until such date as the

3  winning bidder is named and title can be transferred. Cal. Civ. Code Section 2924m(f). **Stated**

4  **differently, the legislature did not state an express or implied intention to create a *de facto* right**

5  **of redemption for an additional 15 to 45 days for foreclosed owners by using bankruptcy.**

6      Section §2924h(c) provides a relation back window: "**[i]f an eligible bidder submits a**

7  **written notice of intent to bid pursuant to paragraph (3) of subdivision (c) of Section 2924m**,

8  the trustee's sale shall be deemed perfected as of 8 a.m. on the actual date of **sale if the trustee's**

9  **deed is recorded within 60 calendar days after the sale** …" Cal. Civ. Code §2924h(c) (emphasis

10  added). In this case, the Trustee received two NOIs under 2924m(c)(3), thereby triggering the

11  relation back effect of Section 2924h(c). The TDUS was recorded within the 60-day grace period set

12  forth in Section 2924h(c), which then operated to finalize/perfect the Sale on April 4, 2024. Because

13  this Case was filed on May 17, 2024, **six weeks after the Sale became final**, no stay was in effect on

14  the Petition Date, and the TDUS is valid and enforceable.

15          **2.  *In re Ford* Is Analogous to the Facts of this Case.**

16      For now, there have only been two decisions from bankruptcy courts that have examining

17  the interplay of sections 2924m and 2924h and Bankrtpcy Code section 362. *In re Ford*, No. 2:22-

18  BK-13649-WB, 2022 WL 17742285, at *4 -*5 (Bankr. C.D. Cal. Dec. 15, 2022) and *In re Hager*, 651

19  B.R. 873 (Bankr. E.D. Cal. 2023). The court in *Ford* considered facts almost identical to those in

20  this case and held that the automatic stay did not save the debtor's home even though the petition

21  was filed before the sale was deemed final. In *Ford*, the auction was held on June 2, 2022, the NOI

22  was submitted by June 17, 2022, the debtor filed the chapter 13 case on July 2, the sale became

23  "final" on July 17—the 45th day after the Sale—and the winning eligible bidder recorded the

24  trustee's deed upon sale on July 21, 2022. The bankruptcy court held that section 2924h(c) provides

25  for recording up to 60 days from the auction when a notice of intent to bid has been submitted. Since

26  the recording in that case was prior to the 60-day deadline it related back to the actual auction. The

27  court concluded that the subject property was therefore not part of the bankruptcy estate under

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

1    Bankruptcy Code section 541 and was not subject to the automatic stay; therefore, the transfer did

2    not violate the automatic stay. *In re Ford*, 2022 WL 17742285, at *4.

3        In this case, the Sale took place on April 4, 2024; the Trustee received three NOIs within 15

4    days after the Sale: two from "eligible tenant buyers" pursuant to Section 2924m(c)(3), and one from

5    Cristobal —an "eligible bidder" —pursuant to Section 2924m(c)(4); Cristobal submitted her bid on

6    May 16, 2024; Debtor filed this Case on May 17, 2024; the Sale became "final" on May 20, 2024—

7    the 45th day after the Sale; and, Cristobal recorded the TDUS on May 30, 2024—within 60 days

8    after the Sale. As such, the Sale is deemed to have finalized and perfected on April 4, 2024. Based

9    upon the timeline of issuance of the TDUS, the 60-day period of relation back was invoked. *See In*

10    *re Bebensee-Wong v. Fannie Mae (In re Bebensee-Wong)*, 248 B.R. 820 (9th Cir. BAP 2000).[16]

11        **3.    *In re Hager* Is Easily Distinguishable from this Case.**

12

13        In *In Re Hager*, the auction was held on November 7, 2024, only one NOI was timely

14    submitted (under section 2924m(c)(4)), the debtor filed for bankruptcy on December 1, 2022, and

15    the trustee's deed was recorded on December 2, 2022. No bids were submitted under 2924m(c)(3)

16    by any eligible tenant buyers. The problem was that the 45th day after the sale would have been

17    December 22, 2022, but the trustee issued the deed to the buyer almost a month before this date.

18    Because the trustee's deed was filed prematurely, i.e., before the sale was final, the court explained

19    that the deed was not properly perfected under California law and was therefore void. *In re Hager*,

20    651 B.R. at 886.

21        The court further held that "the sale became final under CC § 2924m(c)(4) post-petition and

22    is void. CC § 2924h(c) cannot be used to finalize an incomplete sale to a time before the petition

23    was filed. McGilvray does not qualify for the relation back effects of CC § 2924h(c) as the statute

24    was written in 2022." *Id.* at 887. The court explained that the facts before it differed from those in

25

26    [16] In the decision of the Bankruptcy Appellate Panel for the Ninth Circuit in *In re Bebensee-Wong v. Fannie Mae (In re Bebensee-Wong)*, 248 B.R. 820 (9th Cir. BAP 2000), a creditor conducted a foreclosure sale before a debtor filed a bankruptcy case. Twelve days later, the borrower filed a bankruptcy case and two days later the trustee's deed upon sale was recorded. So, the foreclosure deed was recorded post-petition but within 15 days of the auction. The debtor argued that the buyer violated the automatic stay, but the BAP ruled in favor of the buyer and upheld section 2924h(c). A long line of decisions thereafter have held the same. *In re Svacina*, 618 B.R. 852, 857–58 (Bankr. C.D. Cal. 2020).

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Gerari Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1    *Ford*, "for at least two reasons. There, the debtor did not raise the issue of when the sale became

2    final under the new amendments to the foreclosure procedure. Also, the trustee's deed was recorded

3    forty-nine (49) days after the foreclosure sale. ... So, there was no question concerning finality of

4    the sale." *In re Hager*, 651 B.R. at 886. Hager a Ford can be distinguished from the facts of this case

5    because there were no bids submitted under 2924m(c)(3) by eligible tenant buyers in either of those

6    cases, while there were two NOIs submitted under 2924m(c)(3) in this case, thereby triggering the

7    relation back period specifically referenced in 2924h(c).

8       **4. Allowing Debtors to Undo Foreclosure Sales Post-Sale Would Set A Dangerous
9          Precedent For the Finality of All Foreclosure Sales Subject to 2924m.**

10       From a policy perspective, allowing a debtor to undo a foreclosure sale after the sale has

11    already taken place would create unintended consequences—which buyers, bidders, debtors, lenders

12    and trustees are now regularly faced with. California legislators enacted the statute to keep small

13    residential properties from falling out of the hands of owner occupants and into the hands of

14    developers and landlords doing short-term rentals. To this end, it seems clear that the statute offers

15    no change to the mortgagor/trustor's equitable ownership of the subject property under 2924m once

16    a sale completes; bare legal title remains only until the winning bidder is identified because someone

17    must hold legal title to the property in the interim. Indeed, "the mortgagor or trustor, or the child,

18    spouse, or parent of the mortgagor or trustor" are expressly excluded from the definition of an

19    "eligible tenant buyer" because legislators wanted to discourage mortgagors from taking wrongful

20    advantage of Section 2924m. *See Gendreau v. Gendreau (In re Gendreau)*, 122 F.3d 815, 819 (9th

21    Cir. 1997) ("… filing bankruptcy cannot give a debtor a greater interest in an asset than that which

22    she owned prebankruptcy.").

23       California state and federal laws case law have for a long time agree that foreclosed

24    borrowers cannot assert the automatic stay by filing for bankruptcy *after* its property was sold at a

25    trustee's sale, which ended years of racing to the courthouse by foreclosed out owners and auction

26    winners. There is no indication in any of the legislative history of Section 2924m that the California

27    legislature intended this statute to enact a new de facto redemption period only for certain residential

28

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

15

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

property owners.[17] Indeed, if bankruptcy courts begin to allow property owners to undo foreclosure sales by filing for bankruptcy post-sale, even further chaos will ensue because there will be no certainty regarding the date/time by which such cases will need to be commenced in order to have the stay apply because finality will depend on the whims of would-be bidders, who may or may not (a) submit timely NOIs, (b) qualify as eligible bidders or eligible tenant buyers, or (c) submit a qualified bid. Such haphazard application of Section 2924m, favoring only a subsection of property owners who have defaulted on their loans, would violate the intent of California legislators, and may well conflict with applicable section of the Bankruptcy Code itself, which has preemptive power over state laws. This conflict has already muddled many waters and confused winning bidders about their rights and obligations with respect to a purchased property are post-sale.

**B. Alternatively, Retroactive Annulment Of The Stay Is Warranted Under *In Re Gasprom, Inc.* & *In Re Fjelsted* In Order To Deem the TDUS Valid.**

If the Court finds that section 2924h(c) did not relate the Sale back to April 4, 2024 and Cristobal's TDUS is void because it was filed in violation of the stay, the equities in this case support the Court annulling the stay.  There is a long line of cases in which courts have held that granting relief from stay to allow a creditor to complete a foreclosure sale conducted prepetition is appropriate under Bankruptcy Code section 362. The decision in *Davisson v. Engles (In re Engles)*, 193 B.R. 23 (Bankr. S.D. Cal. 1996) stands for this legal principle.[18] "[I]t is absolutely clear that Congress expressly gave … the power retroactively to grant relief, to bankruptcy courts. …  Congress' decision to deploy

---

[17] The Assembly Judiciary Committee Report 14 on SB 1079 indicates that the legislative purpose of SB 1079, predecessor to AB 175, was to "curb further purchases of single-family homes at foreclosure auctions by companies that then operate them as rental properties." SB 1079 (Skinner), Cal. Assemb. Judiciary Comm. Report (Aug. 12, 2020).

[18] *Engles* also cites a collection of cases which it follows. *Id.* at 26 ("Debtors contend that relief from the automatic stay should not be granted because the Davissons failed to perfect their interest in the Property by not recording the Deed prepetition ... [and] bankruptcy cases from other jurisdictions lead this Court to conclude that relief from the automatic stay should be granted. In their analysis of section 362(d), courts have concluded: 'When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title.' *In re Golden*, 190 Bankr. 52, 58 (Bankr. W.D. Pa. 1995); *See also In re Donovan*, 183 Bankr. 700, 702 (Bankr. W.D. Pa. 1995)…."  *In re Svacina*, 618 B.R. 852, 858 (Bankr. C.D. Cal. 2020).

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

1    four verbs to describe the various ways in which a bankruptcy court might grant relief from stay

2    indicates an express decision to grant bankruptcy courts the broadest possible range of options in

3    respect of the stay, including annulling it, which has the effect of treating it as if it had never existed."

4    *In re Merriman*, 616 B.R. 381, 393 (B.A.P. 9th Cir. 2020) (emphasis added).  Debtor bears the

5    ultimate burden of proving that the request for retroactive relief from the stay should be denied. *Nat'l*

6    *Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.),* 129 F.3d 1052, 1055 (9th Cir.

7    1997).

8         The BAP set forth twelve non-exclusive factors for courts to use as a general guideline or

9    framework for examining the circumstances of the specific case and assessing the equities when

10   deciding whether or not to annul the stay. *Fjeldsted, supra,* 293 B.R. at 24-25. However, the BAP,

11   "[m]indful that such lists are capable of being misconstrued as inviting arithmetic reasoning …

12   emphasize[d] that **these items are merely a framework for analysis and not a scorecard**." *Id.* at

13   25 (emphasis added). As such, "[i]n balancing the equities, a **single factor may so outweigh the**

14   **consideration of all other factors that the single factor may be** dispositive." *In re Gasprom*, 500

15   at 607-08. (emphasis added)*.*

16        That Debtor waited for 42 days after the Sale to file this Case alone supports annulment in

17   this case. The true inequity would be to grant retroactive relief to Debtor, who sat on his rights for

18   unexplained reason, instead of to Cristobal, who complied with every statutory requirement yet now

19   finds herself in a precarious situation she could not have anticipated and avoided. Finding that the

20   TDUS is void would contravene the legislative intent of SB 1079 and Civ. Code 2924h(c), and the

21   policy set out in the long line of cases holding that a foreclosure sale cannot be undone by a

22   bankruptcy filing after the fact. Below are the twelve factors applied to this Case:

23        **1.     The number of filings:** This appears to be Debtor's first filing.

24        This factor leans against annulment.

25        **2.     Whether, in a repeat filing case, the circumstances indicate an intention to**

26   **delay and hinder creditors:** This is not a repeat filing.

27        This factor leans against annulment.

28

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

**3.     A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser:** Cristobal is a bona-fide purchaser for value- she paid the Purchase Price before Debtor filed for bankruptcy. Her parents are third parties who stand to be harmed as they face losing their house if Cristobal is not granted the relief she seeks herein, and she is then not able to recoup with Purchase Price (or not without embarking on costly litigation). IndyMac will also not be paid in full if Cristobal is not granted the relief requested because she cannot take out a loan to satisfy IndyMac's lien in full until the validity of the TDUS is affirmed. In the meantime, IndyMac has the legal right to seek relief from stay to proceed with a foreclosure, which could result in Cristobal losing all of the money that she paid and her interest in the Property, and may potentially cause the loss of her parents' house in the process.

This is a significant factor that supports annulment.

**4.     Debtor's overall good faith (totality of circumstances test):**

This Case was filed 42 days after the Auction. It appears that Debtor first attempted to delay the finality of the Sale by having two "eligible tenant buyers" submit bids, even though there is no evidence that any tenants lived at the Property before or at the time of the Auction as required under Section 2924m(a)(2)(B). After no bids were submitted by either of these two "tenants" who submitted NOIs—on the 42nd day of the 45-day period—Debtor then filed this case. Debtor filed this case a final "Hail Mary Pass". Unlike the debtor *In re Hager*, who went to a bankruptcy lawyer immediately to file her bankruptcy case, Debtor's unreasonably long delay wreaked additional confusion than if he had filed right after the sale because now Cristobal is potentially facing hundreds of thousands of dollars in losses. Timing of a bankruptcy filing, standing alone, may be enough for a finding in favor of Cristobal on this factor. Debtor also did not provide any explanation at the 341(a) Meeting about why he did not file a bankruptcy case before the Auction. He also had no recollection of any third-party tenants living at the Property before or at the time that the two other NOIs were submitted by "tenants".

This factor supports annulment.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

**5.      Whether creditors knew of stay but nonetheless took action, thus compounding the problem:** At the time of the Sale there was no stay. Cristobal recorded the TDUS because she understood, after reading Sections 2924h(c) and 2924m(c), that she was required to record the TDUS within the 60 days of the Sale or else she could lose the $661,000 Purchase Price she had already paid. Indeed, it was her timely recording of the TDUS that triggered the relation-back provision of Section 2924h(c).

This factor supports annulment.

**6.      Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules:** Debtor filed the required filings a bit late, and also failed to provide all of the required financial documents to the chapter 13 trustee in advance of the 341(s) Meeting, despite his counsel knowing that these documents were required. Cristobal cannot confirm whether Debtor has been complying with Bankruptcy Code and the Bankruytpcy Rules; the chapter 13 trustee has more knowledge of Debtor's compliance.

This factor appears to be neutral, with a slight favor for annulment.

**7.      The relative ease of restoring parties to the status quo ante:**

Sakhat Partnership was paid $461,000 soon after the Auction concluded, with the Auction Winner's funds. Once Cristobal became the winning bidder, the Trustee used the Purchase Price she paid to refund the Auction Winner on or about May 23, 2024. The Trustee has told Cristobal that it cannot guarantee that the Sale can be rescinded, or that the funds will recovered from Sakhat Partnership and returned to her. Cristobal ought not be compelled to give up her interests in the Property when repayment of the Purchase Price, at minimum, cannot be assured. If annulment is not granted, and if the Trustee is not able to rescind the Sale, Cristobal may find herself in a position of having no ownership interest in the Property, and at the same time having lost the monies Sakhat Partnership was paid – $661,000–a large fortune to her– and possibly causing her parents to lose their home. Her only option at that point would be prevailing in an adversary proceeding in this Court, or engaging in what could be a years-long state court litigation, with the Trustee, Sakhat Partnership (and any other recipients of the excess proceeds).

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1  To date, Cristobal has already spent thousands of dollars on counsel to bring this Motion – all

2  because Debtor delayed filing for bankruptcy for **42 days after** the Sale took place.

3      This factor supports annulment.

4      **8.**     **The costs of annulment to debtors and creditors:** If annulment is granted, all

5  of the undisputed secured and unsecured creditors Debtor included in his Schedules will be paid

6  in full from the Purchase Price. Sakhat Partnership's claim has already been satisfied in full.

7  Cristobal will pay the IndyMac claim or will face the possibility that IndyMac/Deutsche Bank

8  will foreclose out her ownership interest, and Debtor will receive approximately $200,000 with

9  which he will be able to pay the $13,778 in unsecured claims. There is no implied cost to Debtor

10  because the Property was sold prepetition.

11      This factor supports annulment.

12      **9.**     **How quickly creditor moved for annulment, or how quickly debtor moved

13  to set aside the sale or violative conduct:**

14      Cristobal hired counsel promptly after recording the TDUS and filed this Motion as

15  quickly as she could under the circumstances. She did not file it sooner because she needed

16  information about Debtor's case, but Debtor had requested an extension of time to file his

17  Schedules and provide additional information that she required for this Motion, and she also

18  waited to ask questions at the 341(a) Meeting.

19      Debtor has not moved to void the TDUS or set the Sale aside.

20      This factor supports annulment.

21      **10.**     **Whether, after learning of the bankruptcy, creditors proceeded to take steps

22  in continued violation of the stay, or whether they moved expeditiously to gain relief:**

23  Cristobal recoded the TDUS promptly upon receiving it (one day earlier) because the 60-day

24  window was closing, she understood Section 2924m to require that recording within the 60-day

25  period and hiring counsel and seeking and obtaining relief before the 60-day window closed

26  was impracticable. She has not taken any action other than to file this Motion.

27      This factor supports annulment.

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

**11.     Whether annulment of the stay will cause irreparable injury to Debtor:**

Debtor's second deed of trust was foreclosed upon at the prepetition Auction. Debtor failed to exercise his right to file for bankruptcy protection before the Auction was conducted for no explicable reason, especially given that this is his first filing. Debtor will argue that the annulment will cause irreparable injury in that he will lose his home. But Debtor had a right to file a bankruptcy case upon until any time before the Auction; unfortunately, that right was, at best greatly diminished, and, at worst, eliminated, when the clock struck 8:01 a.m. on April 4, 2024, and the Auction and Sale took place later that day. SB 1079 was enacted to provide an additional 45-day post auction period for eligible bidders to keep residential properties in the hands of owner-occupants, not to create a new redemption period for delinquent borrowers/owners to undo legal foreclosure sales. Debtor will also receive $200,000 in excess proceeds.

This factor supports annulment.

**12.     Whether stay relief will promote judicial economy or other efficiencies:**

Cristobal believes that annulment would avoid litigation. If annulment or stay relief is not granted, Cristobal will have to sue in this Court or in state court to try and get the Trustee to rescind the Sale and repay the Purchase Price. Also, the precedent of allowing a debtor to take advantage of the automatic stay by filing a case 42 days **after** completion of a foreclosure sale of their home (or any up to 4-unit residential property) will have unintended consequences for all constituents impacted by foreclosure sales and bankruptcies, as discussed above.

This factor supports annulment.

**13.     "BALANCING OF THE EQUITIES":** On balance, **Debtor allowed this Property to be auctioned off and sold prepetition**. He then waited more than five weeks after the Auction to file this Case. During this time, Cristobal submitted her bid by which she unwittingly exposed herself to the chaos that Debtor created and is now in jeopardy of losing all of her life's savings, and her parents' home. She has also already incurred thousands of dollars in legal fees and stands to pay significantly more if she is forced to litigate to recover

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

1  the Purchase Price. If granted, Debtor's creditors will all be satisfied in full and Debtor will

2  receive the approximately 187,000 of excess proceeds, after paying his unsecured creditors.

3  For all the reasons stated above, annulment of the stay is appropriate, In addition, for the

4  same reasons. relief from the automatic stay is appropriate. Indeed, the Court in *In re Stork*, 212

5  B.R. 970 (Bankr. N.D. Cal 1997) specifically approved annulling the automatic stay.

## IV.   **PROCEDURE**

8  This Court may rule on this Motion as a contested matter under Rule 9014 because

9  motions for relief from stay are always motions, and resolving this matter does not require

10  declaratory relief, but only factual findings related to the matters identified above, and the

11  straightforward application of California law and bankruptcy law under 11 U.S.C. § 541 and § 362.

12  The formality of an adversary proceeding can be waived by the parties by action or by

13  agreement. "Compliance with the requisites of an adversary proceeding may be excused by waiver

14  of the parties." *In re Vill. Mobile Homes, Inc.*, 947 F.2d 1282, 1283 (5th Cir. 1991). There is no

15  substantive benefit to putting this matter into an adversary proceeding because there are few

16  disputed facts and only minor discovery that needs to be done for this Court to rule.

## V.   **REQUEST FOR CONSIDERATION OF MOTION DESPITE DISMISSAL DUE TO EXTRAORDINARY RELIEF REQUESTED**

For all of the reasons stated herein, Lender believes that *in rem* relief from the automatic stay

20  is warranted. As appears to be clear from Borrowers' pattern of fraudulent conduct and misuse of this

21  Court, in which Debtor is now a full participant, if this Case is dismissed due the failure of Debtor to

22  comply with the chapter 13 filings and/or payment requirements before this Motion can be heard, then

23  it is highly likely that Debtor will simply file again on the eve of the next scheduled Sale, and that

24  Borrowers will cause Debtor to quitclaim the deed to the Property to yet another person who will then

25  begin this process again. Therefore, Lender hereby requests that the Court hear this Motion even if this

26  Case is dismissed for any reason, so that it may finally be able to pursue its state law remedies and go

27  forward with the Sale before any more time passes.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

1

## VI.    <u>CONCLUSION</u>

2      For the reasons set forth above, Lender respectfully requests that the Court enter an order

3      (i)     (a) confirming that no stay was in effect with respect to the subject property on the petition date

4             pursuant to California Civil Code Sections 2924m and 2924h(c) or, alternatively, (b) annulling

5             the automatic stay to the petition date under 11 U.S.C. § 362(d)(1) and (2);

6      (ii)    confirming that the TDUS is valid and enforceable;

7      (iii)   providing that Cristobal may enforce her remedies regarding the Property and such actions

8             taken in accordance with nonbankruptcy law shall not constitute a violation of the stay; and

9      (iv)    granting the other relief that is requested on pages 5 and 6 of the (form) Motion to which this

10            *Memorandum of Points and Authorities* is attached.

11

12

13

14    Date: July 8, 2024                                    **GERACI LAW FIRM**

15                                                          By: *<u>/s/ Marina Fineman</u>*
                                                           Marina Fineman, Esq.
16                                                          Attorneys for Sandra Cristobal

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THAT THE AUTOMATIC
STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (UNLAWFUL DETAINER)

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

# EXHIBIT "2"

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **David Stephens** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | **2:24-bk-13887-NB** | |
| (if known) | | |

☐ Check if this is an amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. **Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new** *Summary* **and check the box at the top of this page.**

### Part 1:    Summarize Your Assets

| | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................................ | $ 1,650,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B.................................................... | $ 26,750.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................................. | $ 1,676,750.00 |

### Part 2:    Summarize Your Liabilities

| | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 948,866.75 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 221,690.30 |
| | **Your total liabilities** | $ 1,170,557.05 |

### Part 3:    Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................................................ | $ 6,911.55 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*............................................................... | $ 11,035.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7. **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9 for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Debtor 1    **David Stephens**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

    $    9,255.35

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
| --- | --- |
| 9a. Domestic support obligations (Copy line 6a.) | $    0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $    0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $    0.00 |
| 9d. Student loans. (Copy line 6f.) | $    207,912.30 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $    0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$    0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $    207,912.30 |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

| 1.1 | | | |
|---|---|---|---|
| **5851 Garth Ave.** | | | |
| Street address, if available, or other description | | | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Los Angeles** | **CA** | **90056-0000** |
|---|---|---|
| City | State | ZIP Code |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,650,000.00** | **$1,650,000.00** |

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Joint tenant**

| **Los Angeles** | |
|---|---|
| County | |

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**APN: 4101-009-019**
**Value per Comparable Sales**

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................=>**

| **$1,650,000.00** |
|---|

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Debtor 1 | David Stephens | Case number *(if known)* | 2:24-bk-13887-NB |
|---|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Honda** | | |
|---|---|---|---|---|
| | Model: | **Accord** | | |
| | Year: | **2017** | | |
| | Approximate mileage: | **131000** | | |

Other information:

Value per KBB.com
Location: 5851 S. Garth Ave.,
Los Angeles CA 90056

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$14,900.00**

Current value of the portion you own? **$14,900.00**

| 3.2 | Make: | **Hummer** | | |
|---|---|---|---|---|
| | Model: | **H2** | | |
| | Year: | **2002** | | |
| | Approximate mileage: | **22,000** | | |

Other information:

Location: 5851 S. Garth Ave.,
Los Angeles CA 90056

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$5,000.00**

Current value of the portion you own? **$5,000.00**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................................=>    **$19,900.00**

**Part 3:    Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

Household Goods and Furniture including food
eating/serving/preparation/serving/storage
accessories/products/tools/utensils, foodstuffs, home
maintenance products/tools, linens/softgoods, major and minor
appliances
Location: 5851 S. Garth Ave., Los Angeles CA 90056

**$2,500.00**

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| Debtor 1 | David Stephens | | | Case number *(if known)* | 2:24-bk-13887-NB |
|---|---|---|---|---|---|

|  |  |
|---|---|
| Cellphone(s), Computer, Laptop, Tablet, Televisions and any Related Audio/Video Accessories/Equipment<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | $850.00 |

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No
■ Yes. Describe.....

|  |  |
|---|---|
| Winchester Shotgun<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | $150.00 |

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

|  |  |
|---|---|
| Location: 5851 S. Garth Ave., Los Angeles CA 90056 | $600.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

|  |  |
|---|---|
| Miscellaneous Jewelry including any bracelets, necklaces, rings, watches, wedding jewelry<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | $1,600.00 |

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses

☐ No
■ Yes. Describe.....

|  |  |
|---|---|
| Family Dog - Emotional Value Only<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................

|  |
|---|
| $5,700.00 |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Debtor 1 | David Stephens | Case number (if known) | 2:24-bk-13887-NB |
|---|---|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

■ Yes............................................................................................................................

Cash at time of filing Location: 5851 S. Garth Ave., Los Angeles CA 90056 .................................................................... $150.00

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.......................

Institution name:

17.1.   **Credit Union**

Deposits in Bank Accounts
Sky1 Credit Union
Location: 5851 S. Garth Ave., Los Angeles CA 90056 ................................................................. $500.00

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................     Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them....................
            Name of entity:                                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
            Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.
            Type of account:             Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No

■ Yes. .....................

Institution name or individual:

**Other**            Deposit for Secured Credit Card with Green Dot Bank                $500.00

| Debtor 1 | **David Stephens** | Case number *(if known)* | **2:24-bk-13887-NB** |
|---|---|---|---|

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
- ■ No
- ☐ Yes.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ■ No
- ☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit
- ■ No
- ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ■ No
- ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ■ No
- ☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
- ■ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ■ No
- ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ■ No
- ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ■ No
- ☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ■ No
- ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ☐ No
- ■ Yes.  Describe each claim.........

| Debtor 1 | David Stephens | | Case number *(if known)* | 2:24-bk-13887-NB |

| Auto Accident - Personal Injury Loss of Wages May 2021<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | Unknown |

| Litigated Identity Theft Claim<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056 | Unknown |

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ■ No
- ☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
- ■ No
- ☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here................................................................................................ **$1,150.00**

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**
- ■ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■ No. Go to Part 7.
- ☐ Yes. Go to line 47.

**Part 7:** Describe All Property You Own or Have an Interest in That You Did Not List Above

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ■ No
- ☐ Yes. Give specific information.........

**54.** Add the dollar value of all of your entries from Part 7. Write that number here ..................................... **$0.00**

**Part 8:** List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| **55.** Part 1: Total real estate, line 2 ......................................................................... | | | $1,650,000.00 |
| **56.** Part 2: Total vehicles, line 5 | | $19,900.00 | |
| **57.** Part 3: Total personal and household items, line 15 | | $5,700.00 | |
| **58.** Part 4: Total financial assets, line 36 | | $1,150.00 | |
| **59.** Part 5: Total business-related property, line 45 | | $0.00 | |
| **60.** Part 6: Total farm- and fishing-related property, line 52 | | $0.00 | |
| **61.** Part 7: Total other property not listed, line 54 | + | $0.00 | |
| **62.** Total personal property. Add lines 56 through 61... | | $26,750.00 | Copy personal property total $26,750.00 |
| **63.** Total of all property on Schedule A/B. Add line 55 + line 62 | | | $1,676,750.00 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own. Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **5851 Garth Ave. Los Angeles, CA 90056  Los Angeles County APN: 4101-009-019 Value per Comparable Sales** Line from Schedule A/B: **1.1** | $1,650,000.00 | ☑ $678,391.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2017 Honda Accord 131000 miles Value per KBB.com Location: 5851 S. Garth Ave., Los Angeles CA 90056** Line from Schedule A/B: **3.1** | $14,900.00 | ☑ $7,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Household Goods and Furniture including food eating/serving/preparation/serving/storage accessories/products/tools/utensils, foodstuffs, home maintenance products/tools, linens/softgoods, major and minor appliances Location: 5851 S. Garth Ave., Los Angele** Line from Schedule A/B: **6.1** | $2,500.00 | ☑ $2,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

| Debtor 1 | **David Stephens** | Case number (if known) | **2:24-bk-13887-NB** |
|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Cellphone(s), Computer, Laptop, Tablet, Televisions and any Related Audio/Video Accessories/Equipment**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **7.1** | $850.00 | ■ $850.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Winchester Shotgun**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **10.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **11.1** | $600.00 | ■ $600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Miscellaneous Jewelry including any bracelets, necklaces, rings, watches, wedding jewelry**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **12.1** | $1,600.00 | ■ $1,600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.040** |
| **Cash at time of filing**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **16.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Credit Union: Deposits in Bank Accounts**<br>**Sky1 Credit Union**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **17.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Other: Deposit for Secured Credit Card with Green Dot Bank**<br>Line from *Schedule A/B*: **22.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Auto Accident - Personal Injury Loss of Wages May 2021**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **33.1** | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |
| **Litigated Identity Theft Claim**<br>Location: 5851 S. Garth Ave., Los Angeles CA 90056<br>Line from *Schedule A/B*: **33.2** | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |

| Debtor 1 | **David Stephens** | Case number (if known) | **2:24-bk-13887-NB** |
|---|---|---|---|

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral that supports this claim | Unsecured portion |
| | | Do not deduct the value of collateral. | | If any |

| 2.1 | **GM Financial** | | | |
|---|---|---|---|---|
| | Creditor's Name | **$5,396.51** | **$14,900.00** | **$0.00** |

**Describe the property that secures the claim:**

> **2017 Honda Accord 131000 miles**
> **Value per KBB.com**
> **Location: 5851 S. Garth Ave., Los Angeles CA 90056**

**PO Box 1510**
**Cockeysville, MD 21030**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    **1/2020**    Last 4 digits of account number    **7638**

| Debtor 1 | **David Stephens** | | | Case number (if known) | **2:24-bk-13887-NB** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**2.2** | **Green Dot Bank**

Creditor's Name

**840 Route 33**
**Trenton, NJ 08619**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred   **Pre-4/2024**

**Describe the property that secures the claim:**

**Other: Deposit for Secured Credit Card with Green Dot Bank**

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ■ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number _____

Column totals: **$96.00** | **$500.00** | **$0.00**

---

**2.3** | **Sakhat Partnership**

Creditor's Name

**Equity Wave Lending**
**2355 Main St., Ste. 230**
**Studio City, CA 91614**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred   _____

**Describe the property that secures the claim:**

**5851 Garth Ave. Los Angeles, CA 90056  Los Angeles County APN: 4101-009-019 Value per Comparable Sales**

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ■ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number _____

Column totals: **$461,000.00** | **$1,650,000.00** | **$0.00**

---

**2.4** | **Specialized Loan Servicing**

Creditor's Name

**8742 Lucent Blvd., Ste. 300**
**Littleton, CO 80129**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another
- ■ Check if this claim relates to a community debt

Date debt was incurred   **11/2007**

**Describe the property that secures the claim:**

**5851 Garth Ave. Los Angeles, CA 90056  Los Angeles County APN: 4101-009-019 Value per Comparable Sales**

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ■ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number   **5117**

Column totals: **$482,374.24** | **$1,650,000.00** | **$0.00**

---

| Debtor 1 | **David Stephens** | | | Case number (if known) | **2:24-bk-13887-NB** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $948,866.75 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $948,866.75 |

**Part 2:  List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List All of Your PRIORITY Unsecured Claims**

1.  Do any creditors have priority unsecured claims against you?
    ☐ No. Go to Part 2.
    ☐ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | **CA Franchise Tax Board** | | | |
| | Priority Creditor's Name | | | |

| | |
|---|---|
| Last 4 digits of account number _____ | Unknown    Unknown    Unknown |

**CA Franchise Tax Board**
Priority Creditor's Name
**ATTN:  Bankruptcy Dept.
MS: A-340 – PO Box 2952
Sacramento, CA 95812-2952**
Number Street City State Zip Code

When was the debt incurred?    **Pre-4/2024**

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?
☑ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:

☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**FOR NOTICE ONLY**

Debtor 1   **David Stephens**      Case number *(if known)*    **2:24-bk-13887-NB**

---

| 2.2 | **Internal Revenue Svc.** |
|---|---|

Priority Creditor's Name

**PO Box 7346**

**Philadelphia, PA 19101-7346**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

Last 4 digits of account number      Unknown    Unknown    Unknown

When was the debt incurred?    **Pre-4/2024**

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☐ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify _____

**FOR NOTICE ONLY**

---

| 2.3 | **Los Angeles County Tax Collector** |
|---|---|

Priority Creditor's Name

**PO Box 554110**

**Los Angeles, CA 90054-0110**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

Last 4 digits of account number      Unknown    Unknown    Unknown

When was the debt incurred?    **Pre-4/2024**

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☑ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify _____

**FOR NOTICE ONLY**

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

- ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
- ☐ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

         Total claim

---

Debtor 1    **David Stephens**                                                  Case number (if known)    **2:24-bk-13887-NB**

| 4.1 | **AmEx/American Express** | Last 4 digits of account number    0583 | $2,275.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**PO Box 297871**
**Fort Lauderdale, FL 33329**

When was the debt incurred?    **Pre-4/2024**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- [■] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim is for a community debt

Is the claim subject to offset?

- [■] No
- [ ] Yes

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Type of NONPRIORITY unsecured claim:

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [■] Other. Specify    **Credit Card Transactions**

---

| 4.2 | **Argent Holdings, LLC** | Last 4 digits of account number | $4,500.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**1301 W. Hillsdale Blvd. #101**
**San Mateo, CA 94403**

When was the debt incurred?    **Pre-2023**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- [■] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim is for a community debt

Is the claim subject to offset?

- [■] No
- [ ] Yes

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Type of NONPRIORITY unsecured claim:

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [■] Other. Specify    **Line of Credit - Formerly LoanMe, Inc.**

---

| 4.3 | **Credit Plus** | Last 4 digits of account number | Unknown |
|---|---|---|---|

Nonpriority Creditor's Name
**31550 Winterplace Pkwy**
**Salisbury, MD 21804**

When was the debt incurred?    **Pre-2024**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- [■] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim is for a community debt

Is the claim subject to offset?

- [■] No
- [ ] Yes

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Type of NONPRIORITY unsecured claim:

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [■] Other. Specify    **Unknown to Debtor**

---

Case 2:24-bk-13887-NB    Doc 271    Filed 06/10/24    Entered 06/10/24 21:46:50    Desc
Memorandum of Points and Authorities in Support of Cristobals Moti    Page 42 of 52
Debtor 1    David Stephens
Case number (if known)    2:24-bk-13887-NB

| | | | |
|---|---|---|---|
| 4.4 | **Dept. of Education/GLELSI** | Last 4 digits of account number _____ | **$0.00** |

Nonpriority Creditor's Name

**2401 International**
**PO Box 7859**
**Madison, WI 53704**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**  Pre-4/2024

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify _____

**Education/Student Loans**
**(Multiple Accounts)**
**Believe transferred to Dep Ed NelNet**

| | | | |
|---|---|---|---|
| 4.5 | **Dept. of Education/NELNET** | Last 4 digits of account number  8595 | $207,912.30 |

Nonpriority Creditor's Name

**DeptEDNelnet**
**PO Box 82561**
**Lincoln, NE 68501**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**  Pre-4/2024

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify _____

**Education/Student Loans**
**Deferred Status - also Disputed**
**(Multiple Accounts)**

Debtor 1   **David Stephens**

Case number (if known)   **2:24-bk-13887-NB**

---

**4.6** | **Designed Receivables** | Last 4 digits of account number _____ | **$1,300.00**

Nonpriority Creditor's Name

**DSRM National Bank**
**7201 Canyon Dr.**
**Amarillo, TX 79106**

Number Street City State Zip Code

When was the debt incurred?   **Pre-4/2024**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

- ■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

- ☐ Yes

■ Other. Specify   **Collections Account - Previously Credit Card Transactions - May be 2 Accounts - Medical Services**

---

**4.7** | **EMS** | Last 4 digits of account number _____ | **Unknown**

Nonpriority Creditor's Name

**1550 Peachtree St. NW MD**
**Atlanta, GA 30309**

Number Street City State Zip Code

When was the debt incurred?   **Pre-2024**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

- ■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

- ☐ Yes

■ Other. Specify   **Unknown to Debtor - if Valid, Was Medical Services**

---

**4.8** | **Partners Credit** | Last 4 digits of account number _____ | **Unknown**

Nonpriority Creditor's Name

**65 E. Wacker Pl., Ste. 1405**
**Chicago, IL 60601**

Number Street City State Zip Code

When was the debt incurred?   **Pre-2024**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

- ■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

- ☐ Yes

■ Other. Specify   **Unknown to Debtor - if Valid, Was Medical Services**

---

Debtor 1    **David Stephens**                                                              Case number *(if known)*    **2:24-bk-13887-NB**

---

| 4.9 | **Sequoia Financial Svcs** | | | $4,533.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**28632 Riverside Dr., Ste 110-111**
**Agoura Hills, CA 91301**

Number Street City State Zip Code

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

Last 4 digits of account number _____

When was the debt incurred?    **Pre-12/2023**

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Collection Account - Was Medical Services**

---

| 4.10 | **Syncb/PPC** | | | $1,170.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**PO Box 530975**
**Orlando, FL 32896**

Number Street City State Zip Code

Who incurred the debt? Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

Last 4 digits of account number _____

When was the debt incurred?    **Pre-1/2024**

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card Transactions**

---

| Part 3: | List Others to Be Notified About a Debt That You Already Listed |
|---|---|

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  | Total Claim |
|---|---|---|---|
| Total claims from Part 1 | 6a. **Domestic support obligations** | 6a. | $ 0.00 |
|  | 6b. **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
|  | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
|  | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
|  | 6e. **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

|  |  |  | Total Claim |
|---|---|---|---|
| Total claims from Part 2 | 6f. **Student loans** | 6f. | $ 207,912.30 |
|  | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
|  | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |

---

| Debtor 1 | **David Stephens** | Case number (if known) | **2:24-bk-13887-NB** |

| | | | |
|---|---|---|---|
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 13,778.00 |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. $ | 221,690.30 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| **2.1** | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| **2.2** | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| **2.3** | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| **2.4** | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| **2.5** | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:24-bk-13887-NB** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

    In which community state or territory did you live?    _-NONE-_ . Fill in the name and current address of that person.

    _____
    Name of your spouse, former spouse, or legal equivalent
    Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |
| 3.1   **Genevieve Stephens**<br>     **5851 S. Garth Ave.**<br>     **Los Angeles, CA 90056** | ■ Schedule D, line   **2.3**<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Sakhat Partnership** |
| 3.2   **Genevieve Stephens**<br>     **5851 S. Garth Ave.**<br>     **Los Angeles, CA 90056** | ■ Schedule D, line   **2.1**<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**GM Financial** |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **David Stephens** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **2:24-bk-13887-NB** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:       Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☐ Employed<br>■ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | | **Office Management** |
| | Employer's name | | **Directors Guild of America** |
| | Employer's address | | **7920 W. Sunset Blvd.**<br>**Los Angeles, CA 90046** |
| | How long employed there? | | **years** |

### Part 2:       Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $          0.00 | $      11,018.45 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$          0.00 | +$          0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $          0.00 | $      11,018.45 |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Debtor 1 | **David Stephens** | | Case number (*if known*) | **2:24-bk-13887-NB** |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | | 4. | $ 0.00 | $ 11,018.45 |
| **5.** **List all payroll deductions:** | | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 2,031.73 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 275.47 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 661.12 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 1,030.25 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 108.33 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 4,106.90 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 6,911.55 |
| **8.** | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income. Specify:** | 8h.+ | $ 0.00 + | $ 0.00 |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 0.00 + $ 6,911.55 = $ 6,911.55 | |
| **11.** | **State all other regular contributions to the expenses that you list in** *Schedule J.* Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2–10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: | 11. | +$ 0.00 | |
| **12.** | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | 12. | $ 6,911.55 **Combined monthly income** | |
| **13.** | **Do you expect an increase or decrease within the year after you file this form?** ☐ No. ■ Yes. Explain: Debtor has been released to return to work. | | | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David Stephens** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **2:24-bk-13887-NB** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ■ Yes. Fill out this information for each dependent.............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No |
   | Daughter | 20 | ■ Yes |
   | | | ☐ No |
   | | | ☐ Yes |
   | | | ☐ No |
   | | | ☐ Yes |
   | | | ☐ No |
   | | | ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ 2,800.00

   If not included in line 4:

   | | | |
   |---|---|---|
   | 4a. | Real estate taxes | 4a. $ 500.00 |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 400.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |

5. Additional mortgage payments for your residence, such as home equity loans    5. $ 3,700.00

Debtor 1    **David Stephens**                                    Case number (if known)    **2:24-bk-13887-NB**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 500.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 400.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 1,000.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 10.00 |
| 10. | **Personal care products and services** | | 10. $ | 200.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 25.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 200.00 |
| | 15c. | Vehicle insurance | 15c. $ | 300.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 400.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 300.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 11,035.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 11,035.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 6,911.55 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 11,035.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | -4,123.45 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **David Stephens** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:24-bk-13887-NB | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____
David Stephens                                         Signature of Debtor 2
Signature of Debtor 1

Date **June 7, 2024**                                   Date _____

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules