Marina Fineman (SBN 193065)
**GERACI LAW FIRM**
90 Discovery
Irvine, CA 92618
Tele.: (949) 379-2600
Fax: (949) 379-2610
E-mail: m.fineman@geracillp.com

Attorneys for Sandra Cristobal

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

David Stephens,

Debtor.

Case No. 24-13887-NB

Chapter 13

**DECLARATION OF SANDRA CRISTOBAL IN SUPPORT OF SANDRA CRISTOBAL'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY (UNLAWFUL DETAINER)**

Judge: Hon. Neil Bason
Date: July 30, 2024
Time: 10:00 a.m.
Place: 255 East Temple Street,
       Los Angeles, CA 90012
       Courtroom 1545

1

---

DECLARATION OF SANDRA CRISTOBAL IN SUPPORT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

**DECLARATION OF SANDRA CRISTOBAL**

I, Sandra Cristobal, hereby declare as follows:

1. I am the purchaser of record of the Property located at 5851 South Garth Avenue, Los Angeles, CA 90056 (the "**Property**").

2. I make this declaration (this "**Declaration**") pursuant to my own personal knowledge and, if called upon to testify, I could and would testify competently to the facts contained herein. I am over the age of 18 years of age.

3. This Declaration is made in support of my motion for (1) determination that no stay was in effect with respect to the subject property on the petition date pursuant to California Civil Code Sections 2924m and 2924h(c); or alternatively (2) for annulment of the automatic stay or relief from the automatic stay, under 11 U.S.C. § 362(d) (the "**Motion**"),[1] in relation to the Property.

4. In am familiar with California Civil Code Section 2924(m) and 2924h. I learned about this process last year when I was looking at houses available for sale. Before submitting my bid, I educated myself regarding the process.

5. I learned of the Sale of the Property by looking at the looking at the website on which the Trustee posted the notice of the Sale after April 4, 2024, pursuant to Section 2924m(e)(1).

6. I submitted a notice of intent to bid ("**NOI**") to the Trustee on April 12, 2024. Attached hereto as **Exhibit 4** is a true and correct copy of the *Notice of Intent to Place Bid with Declaration* dated April 12, 2024.

7. After I submitted the NOI, I knew that I had until May 20, 2024, to get the money that I needed in order to submit my bid, with a cashiers' check for $661,000 (the "**Purchase Price**"), to the Trustee.

8. I earn less than approximately $150,000 a year, so coming up with the money for the Purchase Price was not easy for me.

---

[1] Any capitalized terms not defined herein shall have the meaning set forth in the Motion.

2

DECLARATION OF SANDRA CRISTOBAL IN SUPPORT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

9. On May 13, 2024, a home equity line of credit on my parents' house was opened. I drew down $433,000 form this equity line, which I used to pay about a third of the Purchase Price. The loan is in my name but secured by my parents' house.

10. In order to pay the $228,000 balance of the Purchase Price, I sold my stocks and part of my retirement stocks, which I have been saving over the last several years in order to purchase a home.

11. On May 16, 2024, I submitted my bid with an *Affidavit by Prospective Owner Occupant* dated April 29, 2024, enclosed with Cashier's Check in the amount of $661,000.00 ("**Bid**"). Attached hereto as **Exhibit 5** is a true and correct copy of the *Affidavit by Prospective Owner Occupant* dated April 29, 2024.

12. At the time I submitted my Bid, I was not aware that the prior owner of the house could still stop or undo the sale or put up any roadblocks to my owning the house, by filing for bankruptcy after the sale or after I submitted my Bid with the Purchase Price.

13. On May 28, 2024, the Trustee sent the trustee's deed upon sale to me, with a cover letter informing me that Mr. Stephens had filed this bankruptcy case the day after I submitted my Bid. The letter also informed me that the Trustee had received notices of intent to bid from two other parties who were "tenants" but that those parties did not submit bids. As far as I know, I was the only one to submit a bid and was therefore the highest bidder. Attached hereto as **Exhibit 6** is a true and correct copy of the May 28, 2024 letter that I received, along with the trustee's deed upon sale.

14. I recorded the TDUS on May 30, 2024, because, based on my understanding of California Civil Code Sections 2924m and 2924h(c), I knew that I had to record the deed within 60 days of the Sale. I wanted to ensure that I did not miss this 60-day window that was about to close within just a few days after I received the trustee's deed upon sale, on May 29, 2024. I knew that I did not have time to hire counsel within the two or three days I had left to record the deed within the 60-day period.

15. Therefore, out of an abundance of caution, I recorded the TDUS on May 30, 2024,

in the Official Records of Los Angeles County, California, as Instrument No. 20240351233 (the "**TDUS**"). Attached hereto as **Exhibit 7** is a true and correct copy of the Trustee's Deed Upon Sale, recorded in the Official Records of Los Angeles County, California, Instrument No. 20240351233.

16. I then looked for counsel familiar with the SB 1079 regulations and with bankruptcy law. I promptly hired counsel to help me to navigate the matter in the bankruptcy court.

17. A few weeks ago, I reached out to the Trustee and spoke with Christopher Loria at the Trustee's office. Mr. Loria confirmed that Sakhat Partnership was the entity on whose behalf the Sale was executed. He also informed me that Sakhat Partnership's claim was paid in full from the proceeds collected from the highest bidder at the auction held on April 4, 2024. Mr. Loria told me that, after I was deemed to be the highest bidder on May 20, 2024, the Trustee refunded the $559,000 to the original highest bidder at the auction from the Purchase Price funds that I sent in with my Bid. So, at this point, the money I paid was effevtively used to pay Sakhat Partnership.

18. Mr. Loria also informed me that it is now going through the legal process of disbursing the excess proceeds of approximately $200,000.

19. Finally, Mr. Loria told me that rescinding the sale of the Property to me could take a long time and that he could not assure me that all of the money that had been paid to Sakhat Partnership could be easily returned.

20. I am very concerned that, if the Motion is not granted, I will lose the $661,000 Purchase Price. My parents' house is currently collateral for the loan that I took to pay $433,000 of the purchase price. IndyMac may foreclose out my interests if it obtains relief from stay in this case for any reason. I am very scared that, if the Court does not grant the Moton, my parents' house could be in jeopardy and I could lose the Purchase Price I paid, or a significant portion of it, because I do not have the money

///

///

DECLARATION OF SANDRA CRISTOBAL IN SUPPORT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

to spend on protracted litigation and collection efforts. I did everything I was told to do under California Civil Code section 2924m and 2924h. I had no idea that I was taking any kind of risk of this magnitude when I submitted my Bid.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on July 7, 2024 in Gardena, California.

_____
SANDRA CRISTOBAL

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

5

DECLARATION OF SANDRA CRISTOBAL IN SUPPORT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

# EXHIBIT "4"

# NOTICE OF INTENT TO PLACE BID

4/12/2024

**Ashwood TD Services, LLC
231 E. Alessandro Blvd, Ste 6A-693
Riverside, CA, 92508**

RE: **Sandra Cristobal**/ PROSPECTIVE OWNER OCCUPANT / SENATE BILL 1079 Trustee Sales Number **[2023-10780]**

To Whom It May Concern:

This notice of intent summarizes my intention to exercise my right under **SENATE BILL 1079 (CA CIV CODE §2924m)** to place a bid to purchase the property described below.

1. **What is being purchased?**
   Real property located at **5851 S Garth Avenue** including property improvements on the land (such as buildings, fences, landscaping).
   APN: **[4101-009-019]**

2. **Who will purchase?**
   **Sandra Cristobal**

3. **What is the purchase price?**
   **$659,000**

4. **When is the purchase price to be paid?**
   The bid will be sent to the trustee by certified mail, overnight delivery, or other method that allows for confirmation of delivery date and shall be received by the trustee no later than 45 days after the trustee's sale.

5. **What will be the method of payment?**
   Cashier's check or cash

6. **Is a deposit required for this purchase?**
   No

7. **What happens if Sandra Cristobal fails to remit the full purchase price by 5/19/2024?**
   The trustee sale will be finalized and the highest bidder will become the owner of the property.

8. **Is this letter legally binding?**
   No. This letter is not a contract and it is primarily intended to communicate my intention to exercise my rights under Senate Bill 1079.

9. When will the Title be transferred to Sandra Cristobal?

Upon issuance of full payment.

_____

Sandra Cristobal
14832 S Orchard Ave
Gardena CA 90247

Enclosed: **DECLARATION OF Sandra Cristobal | NOTICE OF INTENT TO PLACE BID**

ATTENTION: Ashwood TD Services, LLC

231 E. Alessandro Blvd, Ste 6A-693

Riverside, CA, 92508

# DECLARATION OF Sandra Cristobal
## NOTICE OF INTENT TO PLACE BID
### (PURSUANT TO CAL CIV CODE § 2924m)

I, Sandra Cristobal, declare and state as follows:

1. I am a **PROSPECTIVE OWNER-OCCUPANT,** as defined in SENATE BILL 1079 (CCC §2924m(a)(1), for the real property located at 5851 S Garth Avenue, (the "*property*").

2. I am exercising my right to place a bid under SENATE BILL 1079, on the *property*.

3. I will occupy the *property* as my primary residence within 60 days of the trustee's deed being recorded.

4. After purchase, I will maintain my occupancy for at least one year.

5. I am not the mortgagor or trustor, or child, spouse, or parent of the mortgagor or trustor.

6. I am not acting as the agent of any other person or entity in purchasing the *property*.

7. I am not the *gr*antor of a living trust that was named in the title to the property when the notice of default was recorded.

8. I am not an employee officer, or member of the mortgagor or trustor.

9. I am not a person with an ownership interest in the mortgagor, unless the mortgagor is a publicly traded company.

I can be reached at (310) 465-9524 and my email address is sandracristobal21@gmail.com

I certify under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

_____

Sandra Cristobal
14832 S Orchard Ave
Gardena, CA 90247

# EXHIBIT "5"

**AFFIDAVIT BY PROSPECTIVE OWNER OCCUPANT**
PURSUANT TO CAL CIV CODE § 2924m)

**AFFIDAVIT OF Sandra Cristobal**

I, Sandra Cristobal, declare and state as follows:

1. I am a **PROSPECTIVE OWNER-OCCUPANT,** as defined in SENATE BILL 1079 (CCC §2924m(a)(1), for the real property located at **5851 S Garth Avenue**, (the "*property*").

2. I am exercising my right to place a bid (enclosed) under SENATE BILL 1079, on the *property*.

3. I will occupy the *property* as my primary residence within 60 days of the trustee's deed being recorded.

4. After purchase, I will maintain my occupancy for at least one year.

5. I am not the mortgagor or trustor, or child, spouse, or parent of the mortgagor or trustor.

6. I am not acting as the agent of any other person or entity in purchasing the *property*.

I can be reached at **310-465-9524** and my email address is sandracristobal21@gmail.com.

I certify under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

_____

Sandra Cristobal
4/29/2024
14832 S Orchard Ave
Gardena, CA

Enclosed: **Cashier's Check in the amount of** [$661,000]

# EXHIBIT "6"

**Ashwood TD Services LLC**
**231 E. Alessandro Blvd., Ste. 6A-693, Riverside, CA 92508**
**(951) 215-0069**

May 28, 2024

Sandra Cristobal
14832 S. Orchard Ave.
Gardena, CA 90247

Re: TS 2023-10780
5851 South Garth Avenue, Los Angeles, CA 90056

Dear Sandra Cristobal,

Enclosed is your Trustee's Deed Upon Sale for the above referenced property. Also enclosed is a copy of the Bankruptcy information that we received after your successful bid was received. Please note that Bankruptcy Case 24-13887 was filed on May 17, 2024, but before the SB1079 / 2924m closing date of May 20, 2024.

In as much as the Automatic Stay with the above referenced Bankruptcy may affect your ability to record the Trustee's Deed, we recommend that you and your Counsel are certain that recording will not be a violation of that Automatic Stay. Please review the particulars of California Civil Code Sections 2924h and 2924m. Also, consider that in addition to your Notice of Intent to Bid, we also received two other separate Notices of Intent to Bid from tenants. We cannot confirm that these Tenant Notices of Intent to Bid were representative of ALL of the tenants.

Sincerely,

Christopher Loria
Trustee's Sale Officer

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 05/17/2024 at 11:20 AM and filed on 05/17/2024.

**David Stephens**
5851 Garth Ave.
Los Angeles, CA 90056
SSN / ITIN: xxx-xx-8595
*aka* **David L. Stephens**
*aka* **David Lee Stephens**
*aw* **Doc Stephens Medical/IT-PES Co.**

FILED
05/17/2024
11:20 AM

The case was filed by the debtor's attorney:

**Dana M Douglas**
11024 Balboa Blvd #431
Granada Hills, CA 91344
818-360-8295

The case was assigned case number 2:24-bk-13887.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

Kathleen J. Campbell
Clerk, U.S. Bankruptcy Court

# EXHIBIT "7"

**This page is part of your document - DO NOT DISCARD**

## 20240351233



Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

05/30/24 AT 09:26AM

| | |
|---|---:|
| FEES: | 26.00 |
| TAXES: | 727.10 |
| OTHER: | 0.00 |
| PAID: | 753.10 |



**LEADSHEET**



202405303270003

00024494764



014709282

SEQ:
01

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E626189

RECORDED AT THE REQUEST OF
**Ashwood TD Services LLC**

WHEN RECORDED RETURN TO

Sandra Cristobal
14832 S. Orchard Ave.
Gardena, CA 90247



05/30/2024

*20240351233*

---

Loan No. EWL6738 - Stephens  
APN: 4101-009-019  
Property Address: 5851 South Garth Avenue, Los Angeles, CA 90056

TS No. 2023-10780

## TRUSTEE'S DEED UPON SALE

A copy of the affidavit or declaration pursuant to Code of Civil Procedure section 2015.5 delivered to the trustee by the high bidder and grantee herein is attached hereto as Exhibit __A__ and incorporated herein as if set forth in full. Said affidavit or declaration is required to be attached as an exhibit to the trustee's deed and recorded pursuant to Civil Code section 2924m(d).

The undersigned Trustee hereby certifies:

1. The Grantee named herein below **IS NOT** the foreclosing Beneficiary;
2. The amount of the unpaid debt, together with costs was **$459,566.90**;
3. The amount bid by the Grantee at the Trustee's Sale was **$661,000.00**;
4. Total Documentary Transfer Tax, based on the above is **$727.10**; and

Ashwood TD Services LLC, a California Limited Liability Company, herein called "Trustee", as Trustee in the Deed of Trust herein referred to, hereby grants and conveys, without warranty, express or implied to **SANDRA CRISTOBAL** herein called "Grantee", all right, title and interest heretofore acquired and held by Trustee in and to all that certain real property situated in the City of **Unincorporated - Los Angeles** County of **LOS ANGELES**, State of California, described as follows:

**LOT 66 OF TRACT NO. 17721, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 495, PAGES 11 TO 16, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPT THEREFROM UNTO THE GRANTOR ITS SUCCESSORS AND ASSIGNS, ALL RIGHT, TITLE AND INTEREST IN AND TO ALL WATER, OIL NAPHTHA, GAS, PETROLEUM AND OTHER MINERAL AND KINDRED SUBSTANCES DEPOSITED IN, LYING UNDER OR FLOWING THROUGH OR THAT MAY BE PRODUCED FROM THE PROPERTY HEREIN CONVEYED TOGETHER WITH THE SOLE AND EXCLUSIVE RIGHT TO SLANT DRILL WELLS, THE SURFACE OR WELL HEAD LOCATION OF WHICH ARE ON OTHER LANDS IN AND THROUGH THE SUBSURFACE OF THE PROPERTY HEREIN CONVEYED FOR THE PRODUCTION OF ANY OR ALL WATER, OIL, NAPHTHA, GAS, PETROLEUM AND OTHER MINERALS AND KINDRED SUBSTANCES FROM SAID PROPERTY AND ANY OTHER PROPERTY WHETHER THE PRODUCING INTERVAL OF ANY SUCH WELL IS WITHIN OR OUTSIDE THE SUBSURFACE OF SAID PROPERTY, PROVIDED HOWEVER, NO RIGHT IS RESERVED TO THE GRANTOR, ITS SUCCESSORS OR ASSIGNS BY REASON OF THIS EXCEPTION OR RESERVATION TO ENTER THE SURFACE OF SAID PROPERTY OF THE SUBSURFACE THEREOF AT ANY POINT ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF (MEASURED VERTICALLY FROM**

- Mail tax statements to the above

Loan No. EWL6738 - Stephens  
APN: 4101-009-019  
Property Address: 5851 South Garth Avenue, Los Angeles, CA 90056

TS No. 2023-10780

THE SURFACE THEREON), AS RESERVED BY LOS ANGELES INVESTMENT COMPANY, A CORPORATION, IN DEED RECORDED APRIL 22, 1954 IN BOOK 44387, PAGE 70 OF OFFICIAL RECORDS

This conveyance is made pursuant to the power and authority conferred upon the Trustee in that certain Deed of Trust executed by David L. Stephens and Genevieve Stephens, husband and wife, as joint tenants as Trustor, recorded 9/23/2022, in Official Records of said County, as Recorder's Instrument No. 20220931496, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in that Notice of Default and Election to Sell Under Deed of Trust which was recorded 8/29/2023, in Official Records of said County, as Recorder's Instrument No. 20230573698. All requirements of law regarding the mailing of copies of Notices for which Requests had been recorded, and otherwise, and regarding publication, recordation and posting of copies of a Notice of Trustee's Sale, have been complied with.

Said real property was sold by Trustee on **04/04/2024**, AT PUBLIC AUCTION, AT THE PLACE NAMED IN SAID Notice of Trustee's Sale, in the County of LOS ANGELES, State of California, in which said property is situated. Grantee being the highest bidder at said sale, became the purchaser of said real property and paid to Trustee the amount bid therefore, being the sum of **$661,000.00**, OR BY THE SATISFACTION PRO TANTO, OF THE OBLIGATIONS THEN SECURED BY SAID Deed of Trust.

In WITNESS WHEREOF, Trustee has executed these presents the day set forth in the acknowledgement certificate hereinbelow.

Ashwood TD Services LLC, a California Limited Liability Company

By: _____  
Jeffrey M. Pardee,  
Trustee's Sale Officer

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA         }  
COUNTY OF Riverside              } ss:

On  5-28-2024 , before me, **A. CHRISTOPHER LORIA**, a Notary Public, personally appeared **JEFFREY M. PARDEE**, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____  
A Christopher Loria



- Mail tax statements to the above

Affidavit of Compliance with Civ. Code § 2924m

TS No.: __2023-10780__   Property Address: __5851 Garth Avenue Los Angeles, CA 90056__

The undersigned hereby represents and declares under the penalty of perjury under the laws of the State of California that:

[X] I am a "prospective owner occupant" as defined in Civ. Code § 2924m(a)(1). As such, all of the following are true:
I am a natural person. I will occupy the above referenced property as my primary residence within 60 days of the trustee's deed being recorded. I will maintain my occupancy for at least one year. I am not the mortgagor or trustor. I am not the child, spouse or parent of the mortgagor or trustor. I am not the grantor of a living trust that was named in the title to the property when the notice of default was recorded. I am not an employee, officer, or member of the mortgagor or trustor. I am not a person with an ownership interest in the mortgagor, unless the mortgagor is a publicly traded company. I am not acting as the agent of any other person or entity in purchasing the real property.

[ ] I am an "eligible tenant buyer" as defined in Civ. Code § 2924m(a)(2). As such, all of the following were true at the time of the trustee's sale:
I am a natural person. At the time of the trustee's sale, I occupied the real property as my primary residence. At the time of the trustee's sale, I was occupying the real property under a rental or lease agreement entered into as the result of an arm's length transaction with the mortgagor or trustor, or with the mortgagor or trustor's predecessor in interest, on a date prior to the recording of the notice of default against the property. I have attached evidence demonstrating the existence of this tenancy, including: a copy of the dated and signed rental or lease agreement or, if a copy of the dated and signed rental or lease agreement is not available, then one of the following: Evidence of rent payments made for the property by the person asserting that they are an eligible tenant buyer for the six months prior to the recording of the notice of default, or copies of utility bills for the property payable by the person asserting that they are an eligible tenant buyer for the six months prior to the recording of the notice of default. At the time of the trustee's sale, I was not the mortgagor or trustor, or the child, spouse or parent of the mortgagor or trustor. At the time of the trustee's sale, I was not acting as the agent of any other person or entity in purchasing the real property. I have not filed a petition under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code from the date of the trustee's sale of the property and will not file a petition under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code through the 45th day after the trustee's sale, or the next business day following the 45th day if the 45th day is a weekend or holiday.

[ ] The undersigned is the representative of all of the "eligible tenant buyers" in accordance with Civ. Code § 2924m(c)(3). As such, all of the following are true:
All of the eligible tenant buyers are natural persons. At the time of the trustee's sale, all of the eligible tenant buyers occupied the real property as their primary residence. At the time of the trustee's sale, all of the eligible tenant buyers were occupying the real property under a rental or lease agreement entered into as the result of an arm's length transaction with the mortgagor or trustor, or with the mortgagor or trustor's predecessor in interest, on a date prior to the recording of the notice of default against the property. As the representative of all of the eligible tenant buyers, I have attached evidence demonstrating the existence of this tenancy, including: a copy of the dated and signed rental or lease agreement or, if a copy of the dated and signed rental or lease agreement is not available, then one of the following: evidence of rent payments made for the property by the persons asserting that they are all of the eligible tenant buyers for the six months prior to the recording of the notice of default, or copies of utility bills for the property payable by the persons asserting that they are all of the eligible tenant buyers for the six months prior to the recording of the notice of default. At the time of the trustee's sale, none of the eligible tenant buyers were the mortgagor or trustor, or the child, spouse or parent of the mortgagor or trustor. At the time of the trustee's sale, none of the eligible tenant buyers were acting as the agent of any other person or entity in purchasing the real property. None of the eligible tenant buyers have filed a petition under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code from the date of the trustee's sale of the property and none of the eligible tenant buyers will file a petition under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code through the 45th day after the trustee's sale, or the next business day following the 45th day if the 45th day is a weekend or holiday.

[ ] The undersigned is a nonprofit association, nonprofit corporation, or cooperative corporation in which an "eligible tenant buyer" is a voting member or director. Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

[ ] The undersigned is an eligible nonprofit corporation with all of the following attributes: It has a determination letter from the Internal Revenue Service affirming its tax-exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code and is not a private foundation as that term is defined in Section 509 of the Internal Revenue Code. It has its principal place of business in California. The primary residences of all board members are located in California. One of its primary activities is the development and preservation of affordable rental or homeownership housing in California. It is registered and in good standing with the Attorney General's Registry of Charitable Trusts, pursuant to the Supervision of Trustees and Fundraisers for Charitable Purposes Act (Article 7 (commencing with Section 12580) of Chapter 6 of Part 2 of Division 3 of Title 2 of the Government Code). Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

[ ] The undersigned is a limited liability company wholly owned by either a nonprofit association, nonprofit corporation, or cooperative corporation in which an eligible tenant buyer is a voting member or director, or an eligible nonprofit corporation with all of the following attributes:
It has a determination letter from the Internal Revenue Service affirming its tax-exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code and is not a private foundation as that term is defined in Section 509 of the Internal Revenue Code. It has its principal place of business in California. The primary residences of all board members are located in California. One of its primary activities is the development and preservation of affordable rental or homeownership housing in California. It is registered and in good standing with the Attorney General's Registry of Charitable Trusts, pursuant to the Supervision of Trustees and Fundraisers for Charitable Purposes Act (Article 7 (commencing with Section 12580) of Chapter 6 of Part 2 of Division 3 of Title 2 of the Government Code). Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

[ ] The undersigned is a community land trust, as defined in clause (ii) of subparagraph (C) or paragraph (11) of subdivision (a) of Section 402.1 of the Revenue and Taxation Code. Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

[ ] The undersigned is a limited-equity housing cooperative, as defined in Civ. Code Section 817. Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

[ ] The undersigned is the state, the Regents of the University of California, a county, city district, public authority, or public agency, or any other political subdivision or public corporation in the state. Affiant hereby affirms the duty to comply with subdivision (a) of California Civil Code Section 2924o for the benefit of tenants occupying the property.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated and signed this __29__ day of __April__, 20__24__ at __Gardena__, California.

| | |
|---|---|
| Signature: | [signed] |
| Name and title of signer: | Sandra Cristobal |
| Name of entity (if applicable): | N/A |
| Address of signer: | 14832 S. Orchard Ave Gardena, CA 90247 |
| Telephone number of signer: | 310-405-9524 |