Marina Fineman (SBN 193065)
**GERACI LAW FIRM**
90 Discovery
Irvine, CA 92618
Tele.: (949) 379-2600
Fax: (949) 379-2610
E-mail: m.fineman@geracillp.com

Attorneys for Sandra Cristobal

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 24-13887-NB |
| | Chapter 13 |
| David Stephens, | **DECLARATION OF MARINA FINEMAN IN SUPPORT OF SANDRA CRISTOBAL'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY (UNLAWFUL DETAINER)** |
| Debtor. | |
| | Judge: Hon. Neil Bason<br>Date:  July 30, 2024<br>Time:  10:00 a.m.<br>Place:  255 East Temple Street,<br>      Los Angeles, CA 90012<br>      Courtroom 1545 |

*(Left margin, vertical text)* **Geraci Law Firm** / 90 Discovery / Irvine, California 92618 / T: (949) 379-2600; F: (949) 379-2610

DECLARATION OF MARINA FINEMAN IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC
STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

Geraci Law Firm
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

## DECLARATION OF MARINA FINEMAN

I, Marina Fineman, hereby declare as follows:

1.      I am an attorney licensed to practice before all Courts in the State of California.  I am an attorney employed at Geraci Law Firm, counsel of record for movant, Sandra Cristobal ("**Cristobal**").

2.      I make this declaration (this "**Declaration**") pursuant to my own personal knowledge and if called upon as a witness, I could and would testify competently to the facts contained herein.

3.      This Declaration is made in support of Sandra Cristobal's motion for (1) determination that no stay was in effect with respect to the subject property on the petition date pursuant to California Civil Code Sections 2924m and 2924h(c); or alternatively (2) for annulment of the automatic stay or relief from the automatic stay, under 11 U.S.C. § 362(d) (the "**Motion**"),[1] in relation to the real property located at 5851 South Garth Avenue, Los Angeles, CA 90056.

4.      On June 13, 2024, Dana Douglas, Debtor's counsel, sent an email to me to which Ms. Douglas attached the *5851 Garth Ave. Profile*, to which various documents related to loans taken by Borrowers secured by the Property are attached. A copy of that email and attachment is attached hereto as **Exhibit 3**.

5.      Afterwards, I inquired regarding the details of the September 9, 2022, Equity Wave Lending, Inc.  loan made a two-year loan to Borrowers, in the original principal amount of $400,000, which was secured by a deed of trust against the Property.  It appears that this loan was thereafter acquired by Sakhat Partnership. However, the documents do not make the terms of the loan clear. I have therefore inquired about the details of how the loan was acquired by Sakhat Partnership from Ms. Douglas, but I have not yet received the information from Debtor's counsel.

6.      Debtor's counsel explained at the 341(a) Meeting that the supposed tenants were not able to obtain financing to place their bids. However, when Debtor was asked at the 341(a) Meeting whether any such non-relative tenants lived in the Property prior to the Sale along with

---

[1] Any capitalized terms not defined herein shall have the meaning set forth in the Motion.

Debtor, his wife and their children, Debtor said he could not answer any such questions, he did know this information, and that his wife "handled that" and did not provide any information beyond that when I questioned him about it.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 8, 2024, at Los Angeles, California.

_____
MARINA FINEMAN

**Geraci Law Firm**
90 Discovery
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

DECLARATION OF MARINA FINEMAN IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ORDER CONFIRMING THE STAY DOES NOT APPLY

# EXHIBIT "3"



## Property Detail

**Subject Property :  5851 S Garth Ave Los Angeles CA 90056**

### Owner Information
| | Foreclosure Status: | **AUCTION** |
|---|---|---|

Owner Name : **Stephens David L / Stephens Genevieve M**

Mailing Address : **5851 S Garth Ave, Los Angeles CA 90056-1511 C006**

Vesting Codes : **Husband/wife / / Joint Tenants**

Owner Occupied Indicator : **O**

### Location Information
| | | |
|---|---|---|
| Legal Description : **Tract # 17721 Lot 66** | | |
| County : **Los Angeles, Ca** | APN : **4101-009-019** |
| Census Tract / Block : **7030.02 / 2** | Subdivision : **17721** |
| Legal Book/Page : **495-11** | Map Reference : **50-E4** |
| Legal Lot : **66** | Tract : **17721** |
| Market Area : **103** | School District : **Inglewood** |

### Owner Transfer Information
| | | |
|---|---|---|
| Recording/Sale Date : **06/04/2004 / 05/19/2004** | Deed Type : **Quit Claim Deed** |
| Document # : **1437445** | 1st Mtg Document # : **1437446** |

### Last Market Sale Information
| | | |
|---|---|---|
| Recording/Sale Date : **12/04/1998 / 10/26/1998** | 1st Mtg Int. Rate/Type : **8.5% / Adjustable Int Rate Loan** |
| Sale Price : **$367,000** | 1st Mtg Document # : **2208011** |
| Sale Type : **Full** | 1st Mtg Term : **30** |
| Document # : **2208010** | Price Per SqFt : **$143.75** |
| Deed Type : **Grant Deed** | 2nd Mtg Amount/Type : **$36,700 / Conv** |
| 1st Mtg Amount/Type : **$293,600 / Cnv** | |
| Lender : **First Franklin Fin'l** | |
| Seller Name : **Felder Gloria** | |

### Prior Sale Information
| | | |
|---|---|---|
| Prior Rec/Sale Date : **12/11/1978** | Prior Deed Type : **Deed (reg)** |
| Prior Sale Price : **$138,000** | Prior 1st Mtg Amt/Type : **$103,500 / Conv** |
| Prior Doc Number : **1371223** | |

© 2024 CoreLogic. All rights reserved

## Property Detail

### Property Characteristics

| | | |
|---|---|---|
| Living Area : **2,553** | Parking Type : **Parking Avail** | Interior Wall : **Plaster** |
| Total Rooms : **6** | Parking Spaces : **2** | Style : **Unknown** |
| Bedrooms : **4** | Foundation : **Raised** | Other Improvements : **Fence, Shed** |
| Bath(F/H) : **2** | Roof Material : **Wood Shake** | Floor Cover : **Hardwood** |
| Fireplace : **Y / 1** | Heat Type : **Central** | Other Rooms : **Dining Room** |
| Year Built / Eff : **1963 / 1981** | Cooling Type : **Central** | Equipment : **Dishwasher** |
| # of Stories : **1** | Exterior wall : **Stucco** | |

### Property Information

| | | |
|---|---|---|
| Land Use : **Sfr** | Res/Comm Units : **1** | Lot Size : **7,812** |
| County Use : **Single Family Resid** | Lot Acres : **0.18** | Sewer Type : **Type Unknown** |
| Zoning : **LCR1YY** | | |

### Tax Information

| | | |
|---|---|---|
| Total Value : **$666,061** | Tax Rate Area : **4623** | COUNTY LIBRARY 56 Tax / Rate : **$33.86/0.00** |
| Land Value : **$370,673** | Homeowner Exemption : **Homeowner** | CONSLDATED SEWER62 Tax / Rate : **$50.50/0.00** |
| Improvement Value : **$295,388** | Fire Dept Tax : **CONSOLIDATED CO** | MESAHGHTSTRASH88 Tax / Rate : **$225/0.00** |
| Total Taxable Value : **$659,061** | Water Tax : **CENTRAL AND W BASIN** | RPOSD MEASURE A 83 Tax / Rate : **$46.20/0.00** |
| Assessed Year : **2023** | SOLID WASTE FEE 62 Tax / Rate : **$3.51/0.00** | CNTYSANDIST0556 Tax / Rate : **$175/0.00** |
| Improve % : **44%** | SAFE CLEAN WATER83 Tax / Rate : **$102.28/0.00** | COMBINED LIENS Tax / Rate : **$231.15/0.00** |
| Tax Year : **2023** | FLOOD CONTROL 62 Tax / Rate : **$34.02/0.00** | TOTAL OF SPECIAL ASSESSMENTS Tax / Rate : **$906.52/0.00** |
| Property Tax : **$8,179.06** | LA COUNTY ST LT 62 Tax / Rate : **$5/0.00** | |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Property Detail**

### Foreclosure Information

| | | | |
|---|---|---|---|
| Foreclosure Stage : | **AUCTION** | Filing Date : | **02/28/2024** |
| Doc# : | **131401** | Original Mtg Doc# : | **931496** |
| Recording Date : | **02/28/2024** | Original Mtg Amt/Type : | **$400,000** |
| Original Mtg Date : | **09/23/2022** | Trustee Name : | **ASHWOOD TD SERVICES LLC** |
| Auction Date : | **03/21/2024** | Auction City : | **POMONA** |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Comparables**

## Sales Analysis

| Criteria | Subject Property | Low | High | Average |
|---|---|---|---|---|
| Sale Price | $367,000 | $1,325,000 | $1,988,000 | $1,634,605 |
| Bldg/Living Area | 2553 | 2221 | 2816 | 2509 |
| Price Per Square Foot | $143.75 | $537 | $792 | $652.29 |
| Year Built | 1963 | 1948 | 1983 | 1959 |
| Lot Size | 7,812 | 5,306 | 12,252 | 8,435 |
| Bedrooms | 4 | 2 | 5 | 3 |
| Bathrooms | 2 | 3 | 4 | 3 |
| Stories | 1 | 1 | 2 | 1 |
| Total Assessed Value | $666,061 | $118,705 | $1,377,663 | $499,839 |
| Distance From Subject | 0 | 0.04 | 0.91 | 0.42 |

## Summary of Comparables

| # | Address | Sale Price | Total Assessed Value | Sale Date | Bed | Bath | Living Area | Lot Size | Year Built | Dist (Miles) | Zoning |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | 5851 S Garth Ave | 367,000 | 666,061 | 12/04/1998 | 4 | 2 | 2,553 | 7,812 | 1963 | | LCR1YY |
| 1 | 5912 S Corning Ave | 1,845,000 | 233,116 | 10/06/2023 | 3 | 4 | 2,552 | 8,478 | 1957 | 0.04 | LCR1YY |
| 2 | 6009 S Corning Ave | 1,750,000 | 157,824 | 10/17/2023 | 3 | 3 | 2,609 | 8,910 | 1955 | 0.11 | LCR1YY |
| 3 | 6017 S Le Doux Rd | 1,850,000 | 1,164,730 | 06/14/2023 | 4 | 3 | 2,335 | 7,654 | 1954 | 0.18 | LCR1YY |
| 4 | 5810 S Sherbourne Dr | 1,600,000 | 842,871 | 02/13/2024 | 3 | 4 | 2,603 | 8,463 | 1956 | 0.18 | LCR3YY |
| 5 | 5855 S Croft Ave | 1,370,000 | 472,996 | 06/14/2023 | 3 | 3 | 2,306 | 6,883 | 1951 | 0.19 | LCR1YY |
| 6 | 5935 S Croft Ave | 1,585,000 | 671,518 | 08/02/2023 | 5 | 3 | 2,554 | 7,335 | 1951 | 0.22 | LCR1YY |
| 7 | 6128 Flight Ave | 1,400,000 | 177,538 | 01/26/2024 | 3 | 3 | 2,353 | 9,155 | 1955 | 0.27 | LAR1 |
| 8 | 5830 Shenandoah Ave | 1,460,000 | 151,928 | 11/17/2023 | 3 | 3 | 2,290 | 7,998 | 1956 | 0.29 | LCR3VV |
| 9 | 6579 Bradley Pl | 1,630,000 | 484,314 | 04/30/2024 | 3 | 3 | 2,676 | 5,306 | 1983 | 0.44 | LAR1 |
| 10 | 5602 W 63rd St | 1,833,500 | 1,377,663 | 03/19/2024 | 4 | 3 | 2,764 | 9,255 | 1961 | 0.45 | LCR1YY |
| 11 | 5415 Reynier Ave | 1,805,000 | 158,064 | 01/05/2024 | 3 | 3 | 2,384 | 8,937 | 1957 | 0.47 | LCR1YY |
| 12 | 6218 Acacia St | 1,530,000 | 1,285,032 | 04/22/2024 | 4 | 3 | 2,242 | 7,105 | 1948 | 0.53 | LCR1YY |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

# Comparables

| 13 | 5657 W 63rd St | 1,988,000 | 249,102 | 12/27/2023 | 4 | 4 | 2,815 | 9,707 | 1960 | 0.54 | LCR1YY |
| 14 | 5402 Shenandoah Ave | 1,855,000 | 914,384 | 01/04/2024 | 3 | 4 | 2,578 | 8,980 | 1958 | 0.54 | LCR1YY |
| 15 | 5326 Shenandoah Ave | 1,600,000 | 233,475 | 04/01/2024 | 5 | 3 | 2,816 | 8,981 | 1959 | 0.56 | LCR1YY |
| 16 | 5212 Bedford Ave | 1,775,000 | 202,247 | 04/09/2024 | 3 | 3 | 2,442 | 8,464 | 1975 | 0.58 | LCR1YY |
| 17 | 6112 Damask Ave | 1,399,000 | 118,705 | 09/12/2023 | 3 | 3 | 2,221 | 8,340 | 1949 | 0.62 | LCR1YY |
| 18 | 6745 Bedford Ave | 1,325,000 | 220,771 | 05/11/2023 | 2 | 4 | 2,468 | 12,252 | 1964 | 0.88 | LCR1YY |
| 19 | 5535 Secrest Dr | 1,457,000 | 380,671 | 09/19/2023 | 4 | 4 | 2,669 | 8,066 | 1972 | 0.91 | LCR1* |

**Distressed Sales =**

## Map



Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Street Map

Subject Property :  **5851 S Garth Ave Los Angeles CA 90056**



Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Assessor Map



Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

# Transaction History

## Sales History

| | | |
|---|---|---|
| Rec. Date : | 06/04/2004 | 12/04/1998 |
| Sale Date : | 05/19/2004 | 10/26/1998 |
| Sale Price : | | $367,000 |
| Rec.Doc.No : | 1437445 | 2208010 |
| Doc. Type : | QUIT CLAIM DEED | GRANT DEED |
| Sale Price Type : | FULL | FULL |
| Buyer : | Stephens David L & Genevieve M | Stephens David & Genevieve |
| Seller : | Stephens David & Genevieve | Felder Gloria |
| Title Company : | Provident Title | |
| Other Doc No : | | |

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved
Note: Refer to the property reports recorded documents

## Transaction History

### Mortgage History

**1st Mortgage Details**

| | | | | |
|---|---|---|---|---|
| Mtg. Date : | 09/23/2022 | 11/05/2020 | 12/31/2007 | 11/20/2007 |
| Mtg. Amt : | $400,000 | $270,000 | $55,000 | $550,000 |
| Mtg. Doc. No : | 931496 | 1406232 | 2866825 | 2579418 |
| Doc. Type : | DEED OF TRUST | DEED OF TRUST | MORTGAGE MODIFICATION AGREEMNT | DEED OF TRUST |
| Loan Type : | CONVENTIONAL | CONVENTIONAL | CONVENTIONAL | CONVENTIONAL |
| Mtg. Rate Type : | | | | ADJUSTABLE INT RATE LOAN |
| Mtg. Term : | 2 Years | | | 30 Years |
| Mtg. Rate : | | | | 6.25 |
| Lender : | Equity Wave Lndg Inc | Agoura Hills Fin'l Inc | Washington Mutual Bk | Indymac Bk Fsb |
| Borrower 1 : | Stephens David L | Stephens David L | Stephens David L | Stephens David L |
| Borrower 2 : | Stephens Genevieve | Stephens Genevieve M | Stephens Genevieve M | Stephens Genevieve M |
| Borrower 3 : | | | | |
| Borrower 4 : | | | | |

---

| | | | | |
|---|---|---|---|---|
| Mtg. Date : | 08/21/2007 | 09/11/2006 | 06/04/2004 | 01/31/2003 |
| Mtg. Amt : | $55,000 | $250,000 | $495,000 | $495,000 |
| Mtg. Doc. No : | 1962493 | 2016533 | 1437446 | 300719 |
| Doc. Type : | MORTGAGE MODIFICATION AGREEMNT | EQUITY OR CREDIT LINE | DEED OF TRUST | DEED OF TRUST |
| Loan Type : | CONVENTIONAL | CONVENTIONAL | CONVENTIONAL | CONVENTIONAL |
| Mtg. Rate Type : | | ADJUSTABLE INT RATE LOAN | ADJUSTABLE INT RATE LOAN | ADJUSTABLE INT RATE LOAN |
| Mtg. Term : | | 30 Years | 30 Years | 30 Years |
| Mtg. Rate : | | | | |
| Lender : | Washington Mutual Bk | Washington Mutual Bk | First Fed'l Bk/ca | First Fed'l Bk/ca |
| Borrower 1 : | Stephens David L | Stephens David L | Stephens David L | Stephens David L |
| Borrower 2 : | Stephens Genevieve M | Stephens Genevieve M | Stephens Genevieve M | Stephens Genevieve |
| Borrower 3 : | | | | |
| Borrower 4 : | | | | |

---

© 2024 CoreLogic. All rights reserved
Note: Refer to the property reports recorded documents

# Transaction History

## 2nd Mortgage Details

| | |
|---|---|
| Mtg. Date : | 12/04/1998 |
| Mtg. Amt : | $36,700 |
| Mtg. Doc. No : | 2208012 |
| Doc. Type : | DEED OF TRUST |
| Loan Type : | CONVENTIONAL |
| Mtg. Rate Type : | |
| Mtg. Term : | 15 Years |
| Mtg. Rate : | |
| Lender : | First Franklin Fin'l Corp |
| Borrower 1 : | Stephens David |
| Borrower 2 : | Stephens Genevieve |
| Borrower 3 : | |
| Borrower 4 : | |

## Foreclosure History

| Doc Type : | NOTICE OF TRUSTEE'S SALE | NOTICE OF DEFAULT | RELEASE OF LIS PENDENS/ NOTICE | NOTICE OF DEFAULT |
|---|---|---|---|---|
| Recording Date : | 02/28/2024 | 08/29/2023 | 09/28/2022 | 08/11/2022 |
| Fore. Doc. No : | 131401 | 573698 | 945864 | 808733 |
| Orig Mtg Amt : | $400,000 | $400,000 | $270,000 | $270,000 |
| Orig Doc Date : | 09/23/2022 | 09/23/2022 | 08/11/2022 | 11/05/2020 |
| Lender Name : | No Lender On Document | Private Individual | | |

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved
Note: Refer to the property reports recorded documents



## Schools

## Public Schools :

### Elementary Schools

**Frank D. Parent Tk-8**                                                                 Distance  **0.33 Miles**

5354 W. 64th St. Inglewood CA 90302

| | | | |
|---|---|---|---|
| Telephone : | **(310) 680-5430** | School District : | **Inglewood Unified** |
| Lowest Grade : | **K** | Highest Grade : | **8th** |
| Kindergarten : | **Yes** | School Enrollment : | |
| Enrollment : | **345** | Total Expenditure/Student : | |

**La Tijera K-8 Academy Of Excellence Charter**                                          Distance  **0.42 Miles**

1415 N. La Tijera Blvd. Inglewood CA 90302

| | | | |
|---|---|---|---|
| Telephone : | **(310) 680-5260** | School District : | **Inglewood Unified** |
| Lowest Grade : | **K** | Highest Grade : | **8th** |
| Kindergarten : | **Yes** | School Enrollment : | |
| Enrollment : | **659** | Total Expenditure/Student : | |

**Highland Elementary**                                                                  Distance  **1.13 Miles**

430 Venice Way Inglewood CA 90302

| | | | |
|---|---|---|---|
| Telephone : | **(310) 680-5460** | School District : | **Inglewood Unified** |
| Lowest Grade : | **K** | Highest Grade : | **6th** |
| Kindergarten : | **Yes** | School Enrollment : | |
| Enrollment : | **434** | Total Expenditure/Student : | |

**Windsor Hills Math Science**                                                           Distance  **1.16 Miles**

5215 Overdale Dr. Los Angeles CA 90043

| | | | |
|---|---|---|---|
| Telephone : | **(323) 293-6251** | School District : | **Los Angeles Unified** |
| Lowest Grade : | **K** | Highest Grade : | **5th** |
| Kindergarten : | **Yes** | School Enrollment : | |
| Enrollment : | **347** | Total Expenditure/Student : | |

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



# Schools

## Middle Schools

### Wilder's Preparatory Academy Charter Middle
Distance **1.23 Miles**

830 N. La Brea Ave. Inglewood CA 90302

Telephone : **(310) 671-5578**

School District : **Wilder's Preparatory Academy Charter Middle District**

Lowest Grade : **6th**

Highest Grade : **8th**

Kindergarten : **No**

School Enrollment :

Enrollment : **204**

Total Expenditure/Student :

### Crozier (george W.) Middle
Distance **1.83 Miles**

1210 W. Regent St. Inglewood CA 90301

Telephone : **(310) 680-5280**

School District : **Inglewood Unified**

Lowest Grade : **7th**

Highest Grade : **8th**

Kindergarten : **No**

School Enrollment :

Enrollment : **304**

Total Expenditure/Student :

### Grace Hopper Stem Academy
Distance **1.95 Miles**

601 Grace Ave. Inglewood CA 90301

Telephone : **(310) 910-0230**

School District : **Grace Hopper Stem Academy District**

Lowest Grade : **6th**

Highest Grade : **8th**

Kindergarten : **No**

School Enrollment :

Enrollment : **68**

Total Expenditure/Student :

## High Schools

### City Honors International Preparatory High
Distance **1.83 Miles**

120 W. Regent St. Inglewood CA 90301

Telephone : **(310) 680-4880**

School District : **Inglewood Unified**

Lowest Grade : **9th**

Highest Grade : **12th**

School Enrollment :

Enrollment : **302**

Total Expenditure/Student :

Advanced Placement : **No**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Local Business**

## Local Business

### Attractions / Recreation

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Roland Harris | 5870 S Chariton Ave Los Angeles Ca | (310) 410-2340 | 0.08 |
| F D L Entertainment | 5704 S Corning Ave Los Angeles Ca | (323) 309-4902 | 0.16 |
| Showland Productions, Llc | 5811 S Halm Ave Los Angeles Ca | (310) 447-2566 | 0.16 |
| Encore Universal Entertainment, Llc | 5312 W 57th St Los Angeles Ca | (323) 855-5332 | 0.17 |

### Banks / Financial

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Westside Mortgage, Inc. | 5601 W Slauson Ave # 230 Culver City Ca | (310) 568-0186 | 0.44 |
| All Saints Lending, Inc | 5601 W Slauson Ave Culver City Ca | (310) 300-0100 | 0.46 |
| Set Free Mortgage Inc | 5434 Shenandoah Ave Los Angeles Ca | (310) 641-5468 | 0.49 |
| Zions Bancorporation, National Association | 100 Crprate Pinte Ste 110 Culver City Ca | (310) 258-9300 | 0.5 |

### Eating / Drinking

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Mosufood Llc | 6014 S La Cienega Blvd Los Angeles Ca | (540) 998-0903 | 0.22 |
| Art Delectables | 5532 Bedford Ave Los Angeles Ca | (310) 902-5012 | 0.37 |
| Sweet Treats | 5505 S La Cienega Blvd Los Angeles Ca | (310) 569-9060 | 0.38 |
| Mike's Pizzeria Llc | 5035 W Slauson Ave Los Angeles Ca | (323) 815-1656 | 0.39 |

### Health Care Services

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Family To Family, Llc | 5821 S Holt Ave Los Angeles Ca | (310) 467-5848 | 0.11 |
| The Breast Friend International Inc | 5230 W 57th St Los Angeles Ca | (818) 731-6102 | 0.17 |
| Peoples Care | 5909 S Croft Ave Los Angeles Ca | (323) 348-4182 | 0.2 |
| Reginald R. Smith Slp | 6032 S Chariton Ave Los Angeles Ca | (310) 410-1051 | 0.2 |

© 2024 CoreLogic. All rights reserved

**Local Business**

## Hospitality

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| The Ellison Suites | 5915 Shenandoah Ave Los Angeles Ca | (310) 634-4518 | 0.33 |
| Kmb Group, Llc | 449 W 64th Pl Inglewood Ca | (213) 880-7740 | 0.56 |
| Sheila Stratton | 5834 Ladera Park Ave Windsor Hills Ca | (323) 506-2804 | 0.79 |
| Jet Inn Motor Hotel | 4542 W Slauson Ave Los Angeles Ca | (323) 295-2544 | 1.0 |

## Organizations / Associations

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Integrity Ministries | 6220 S Halm Ave Los Angeles Ca | (310) 337-7371 | 0.23 |
| St. Urael Ethiopian Orthodox Tewahedo Church Los Angeles, Inc | 5912 S Croft Ave Los Angeles Ca | (323) 903-6512 | 0.23 |
| Sister Of St Joseph | 5135 W 58th Pl Los Angeles Ca | (323) 291-8410 | 0.26 |
| Saint Mary Ethiopian Orthodox Tewahedo Church (debre Genet) | 5505 W Slauson Ave Los Angeles Ca | (310) 338-0021 | 0.33 |

## Personal Services

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| 24 Hour Fitness Usa, Inc. | 5045 W Slauson Ave Los Angeles Ca | (323) 293-2481 | 0.4 |
| Thickness Fitness, Llc | 6709 La Tijera Blvd Los Angeles Ca | (310) 514-6763 | 0.56 |
| Lala Salama Bath And Body L.l.c. | 6709 La Tijera Blvd # 36 Los Angeles Ca | (626) 320-4653 | 0.56 |
| Get2werk Fitness, Llc | 4859 W Slauson Ave Los Angeles Ca | (323) 428-8846 | 0.61 |

## Shopping

| Name | Address | Telephone | Distance (Miles) |
|------|---------|-----------|------------------|
| Bedford Collection | 6005 Bedford Ave Los Angeles Ca | (310) 649-3447 | 0.29 |
| Lagniappe4men, Llc | 6201 Flores Ave Los Angeles Ca | (310) 462-7860 | 0.38 |
| Soul Butter Artworks | 5424 S Sherbourne Dr Los Angeles Ca | (310) 410-1230 | 0.41 |
| Fighters Four Love, Llc | 6145 Wooster Ave Los Angeles Ca | (310) 425-6427 | 0.49 |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Neighbors**

### 5911 S GARTH AVE
Distance **0.04 Miles**

| | |
|---|---|
| Owner Name : **Anderson John L** | Subdivision : **17721** |
| Sale Date : **05/22/2017** | Recording Date : **05/26/2017** |
| Total Value : **$1,271,687** | Sale Price : **$1,140,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$14,868.04** |
| Land Use : **Sfr** | Lot Acres : **0.18** |
| Stories : **1** | Living Area : **2,258** |
| Yr Blt / Eff Yr Blt : **1955 / 1955** | APN : **4101-009-016** |

### 5863 S CHARITON AVE
Distance **0.05 Miles**

| | |
|---|---|
| Owner Name : **Travis Jason** | Subdivision : **17721** |
| Sale Date : **09/27/2017** | Recording Date : **12/05/2017** |
| Total Value : **$1,092,438** | Sale Price : **$999,000** |
| Bed / Bath : **3 / 2** | Property Tax : **$12,999.96** |
| Land Use : **Sfr** | Lot Acres : **0.19** |
| Stories : **1** | Living Area : **2,492** |
| Yr Blt / Eff Yr Blt : **1954 / 1954** | APN : **4101-011-012** |

### 5853 S CHARITON AVE
Distance **0.05 Miles**

| | |
|---|---|
| Owner Name : **Giel Rapport Helene** | Recording Date : **02/20/1970** |
| Total Value : **$153,345** | Sale Price : **$18,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$2,500.47** |
| Land Use : **Sfr** | Lot Acres : **0.19** |
| Stories : **1** | Living Area : **2,162** |
| Yr Blt / Eff Yr Blt : **1956 / 1956** | APN : **4101-011-013** |
| Subdivision : **17721** | |

### 5845 S CHARITON AVE
Distance **0.06 Miles**

| | |
|---|---|
| Owner Name : **Lambert Kenneth L** | Subdivision : **17721** |
| Sale Date : **11/12/1998** | Recording Date : **12/03/1998** |
| Total Value : **$535,081** | Sale Price : **$333,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$6,805.59** |
| Land Use : **Sfr** | Lot Acres : **0.18** |
| Stories : **1** | Living Area : **2,165** |
| Yr Blt / Eff Yr Blt : **1959 / 1965** | APN : **4101-011-014** |

© 2024 CoreLogic. All rights reserved

# Neighbors

## 5911 S CORNING AVE
Distance **0.06 Miles**

| | |
|---|---|
| Owner Name : **Hardemion G & A 2023 Trust** | Recording Date : **12/23/1994** |
| Total Value : **$476,250** | Sale Price : **$295,000** |
| Bed / Bath : **3 / 2** | Property Tax : **$6,019.87** |
| Land Use : **Sfr** | Lot Acres : **0.20** |
| Stories : **1** | Living Area : **1,815** |
| Yr Blt / Eff Yr Blt : **1955 / 1955** | APN : **4101-006-002** |
| Subdivision : **17721** | |

## 5935 S GARTH AVE
Distance **0.08 Miles**

| | |
|---|---|
| Owner Name : **Vines Dara L** | Subdivision : **17721** |
| Sale Date : **11/19/2002** | Recording Date : **01/08/2003** |
| Total Value : **$651,729** | Sale Price : **$485,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$7,983.44** |
| Land Use : **Sfr** | Lot Acres : **0.19** |
| Stories : **1** | Living Area : **2,000** |
| Yr Blt / Eff Yr Blt : **1954 / 1954** | APN : **4101-009-013** |

## 5943 S GARTH AVE
Distance **0.1 Miles**

| | |
|---|---|
| Owner Name : **Dicks Theranshall** | Subdivision : **17721** |
| Sale Date : **04/22/2008** | Recording Date : **04/28/2008** |
| Total Value : **$1,060,494** | Sale Price : **$840,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$12,597.57** |
| Land Use : **Sfr** | Lot Acres : **0.19** |
| Stories : **1** | Living Area : **2,156** |
| Yr Blt / Eff Yr Blt : **1956 / 1956** | APN : **4101-010-026** |

## 5809 S CHARITON AVE
Distance **0.1 Miles**

| | |
|---|---|
| Owner Name : **Federizo Aileen B** | Recording Date : **01/06/1975** |
| Total Value : **$167,499** | Sale Price : **$65,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$2,700.21** |
| Land Use : **Sfr** | Lot Acres : **0.20** |
| Stories : **1** | Living Area : **2,412** |
| Yr Blt / Eff Yr Blt : **1957 / 1957** | APN : **4101-011-019** |
| Subdivision : **17721** | |

© 2024 CoreLogic. All rights reserved

# Neighbors

## 5818 S CHARITON AVE                                          Distance **0.11 Miles**

| | |
|---|---|
| Owner Name : **Scott Lanita C** | Recording Date : **09/13/2001** |
| Sale Date : **07/10/2001** | Sale Price : **$590,000** |
| Total Value : **$842,504** | Property Tax : **$10,662.81** |
| Bed / Bath : **4 / 4** | Lot Acres : **0.18** |
| Land Use : **Duplex** | Living Area : **3,527** |
| Yr Blt / Eff Yr Blt : **1958 / 1958** | APN : **4101-011-022** |
| Subdivision : **17721** | |

## 5919 S HOLT AVE                                              Distance **0.12 Miles**

| | |
|---|---|
| Owner Name : **Harris Wayne** | Recording Date : **06/28/1996** |
| Total Value : **$702,423** | Sale Price : **$329,000** |
| Bed / Bath : **3 / 3** | Property Tax : **$8,596.68** |
| Land Use : **Sfr** | Lot Acres : **0.18** |
| Stories : **1** | Living Area : **2,385** |
| Yr Blt / Eff Yr Blt : **1955 / 1955** | APN : **4101-005-020** |
| Subdivision : **18992** | |

© 2024 CoreLogic. All rights reserved

# Demographics

**Census Tract / block: 7030.02 / 2    Year: 2020**

## Household

| Population | | | Population by Age | | |
|---|---|---|---|---|---|
| Count: | 6,813 | | 0 – 11 | | |
| Estimate Current Year: | 6,906 | | 12 – 17 | | |
| Estimate in 5 Years: | 7,292 | | 18 – 24 | 5.4% | |
| Growth Last 5 Years: | -10.01% | | 25 – 64 | 50.83% | |
| Growth Last 10 Years: | -146.89% | | 65 – 74 | 11.01% | |
| | | | 75+ | | |
| **Household Size** | | | **Household Income** | | |
| Current Year: | 2,779 | | 0 - $25,000 | 9.79% | |
| Average Current Year: | 2.45 | | $25,000 – $35,000 | 5.94% | |
| Estimate in 5 Years: | 2,411 | | $35,000 – $50,000 | 5.33% | |
| Growth Last 5 Years: | -4.14% | | $50,000 – $75,000 | 12.09% | |
| Growth Last 10 Years: | -0.7% | | $75,000 – $100,000 | 9.72% | |
| Male Population: | 45.22% | | Above $100,000 | 57.14% | |
| Female Population: | 54.78% | | Average Household Income: | $112,272 | |
| Married People: | 49.52% | | | | |
| Unmarried People: | 50.48% | | | | |

## Housing

| Median Mortgage Payments | | | Home Values | | |
|---|---|---|---|---|---|
| Under $300: | 0% | | Below $100,000: | 0% | |
| $300 – $799: | 5.63% | | $100,000 – $150,000: | 1.45% | |
| $800 – $1,999: | 20.92% | | $150,000 – $200,000: | 0.7% | |
| Over $2,000: | 73.44% | | $200,000 – $300,000: | 0% | |
| Median Home Value: | $1,173,200 | | $300,000 – $500,000: | 0.8% | |
| Unit Occupied Owner: | 67.07% | | Above $500,000: | 97.05% | |
| Median Mortgage: | $2,497 | | | | |

© 2024 CoreLogic. All rights reserved

# Demographics

| Rent Payments | | Year Built | |
|---|---|---|---|
| Unit Occupied Renter: | 32.93% | 1999 – 2000 | |
| Median Gross Rent: | $2,123 | 1995 – 1998 | |
| Less Than $499 | 0% | 1990 – 1994 | |
| $500 – $749 | 0% | 1980 – 1989 | 4.13% |
| $750 – $999 | 0% | 1970 – 1979 | 11.31% |
| $1000 and Over | 100% | 1900 – 1969 | 78.02% |

## Education

| Enrollment | | | |
|---|---|---|---|
| Public Pre-Primary School: | 0% | Not Enrolled in School: | 80.06% |
| Private Pre-Primary School: | 1.14% | Not A High School Graduate: | 4.41% |
| Public School: | 13.77% | Graduate Of High School: | 5.28% |
| Private School: | 6.17% | Attended Some College: | 20.23% |
| Public College: | 4.42% | College Graduate: | 44% |
| Private College: | 1.49% | Graduate Degree: | 26.08% |

## Workforce

| Occupation: | | | |
|---|---|---|---|
| Manager/Prof: | 74.04% | Private Worker: | 55.21% |
| Technical: | | Government Worker: | 20.98% |
| Sales: | 13.98% | Self Employed Worker: | 6.77% |
| Administrative: | | Unpaid Family Worker: | 6.87% |
| Private House Hold: | | Farming: | 0.8% |
| Service: | 5.71% | Skilled: | |
| Protective Services: | | Blue-Collar: | 6.27% |

| Commute Time | |
|---|---|
| Less Than 15 Min: | 2.78% |
| 15 min – 28 min: | 35.04% |
| 30 min – 57 min: | 57.26% |
| Over 60 min: | 4.92% |

© 2024 CoreLogic. All rights reserved



## Crime

County: LOS ANGELES

### Violent Crime (Ratio)

**Assault**

|  | County | State | Nation |
|---|---|---|---|
| Total: | 1:118 | 1:116 | 1:87 |
| Gun: | 1:1,719 | 1:2,107 | 1:2,070 |
| Knife: | 1:2,329 | 1:2,511 | 1:2,402 |

**Homicide**

|  | County | State | Nation |
|---|---|---|---|
| Total: | 1:16,662 | 1:20,183 | 1:20,935 |
| Manslaughter: | 1:9,980,757 | 1:2,236,725 | 1:522,140 |

**Robbery**

|  | County | State | Nation |
|---|---|---|---|
| Total: | 1:539 | 1:673 | 1:878 |
| Gun: | 1:2,081 | 1:2,225 | 1:2,429 |
| Knife: | 1:5,796 | 1:7,727 | 1:12,854 |

### Non Violent Crime (Ratio)

**Burglary**

|  | County | State | Nation |
|---|---|---|---|
| Total: | 1:205 | 1:155 | 1:149 |
| Forced Entry: | 1:327 | 1:271 | 1:263 |
| Non-Forcible: | 1:643 | 1:413 | 1:463 |
| Attempted: | 1:3,878 | 1:2,892 | 1:2,450 |

**Motor Vehicle Theft**

|  | County | State | Nation |
|---|---|---|---|
| Total: | 1:249 | 1:226 | 1:408 |
| Auto: | 1:333 | 1:288 | 1:618 |
| Truck/Bus: | 1:1,249 | 1:1,504 | 1:3,019 |

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

Sales Document

This page is part of your document - DO NOT DISCARD

04 1437445

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**06/04/04 AT 08:00am**

TITLE(S) :      **DEED**

L E A D   S H E E T

FEE

FEE
$7
AA

CODE
20

CODE
19

CODE
9

D.T.T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

4101 - 009 - 019                              001

THIS FORM NOT TO BE DUPLICATED

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04

RECORDING REQUESTED BY
DAVID L. STEPHENS
AND WHEN RECORDED MAIL TO:
GENEVIEVE M. STEPHENS
5851 GARTH AVE.
LOS ANGELES, CA 90056

**04  1437445**

Space Above This Line for Recorder's Use Only

A.P.N. : 4101-009-019          Order No.: 179394-20                    Escrow No. : 5020222-RJ

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) DOCUMENTARY TRANSFER TAX __$NONE__
[ X ]    computed on full value of property conveyed, or
[   ]    computed on full value less value of liens or encumbrances remaining at time of sale,
[   ]    unincorporated area;    [   ] City of __LOS ANGELES__ , and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
**DAVID STEPHENS AND GENEVIEVE STEPHENS, HUSBAND AND WIFE AS JOINT TENANTS**

hereby remise, release and forever quitclaim to
**DAVID L. STEPHENS AND GENEVIEVE M. STEPHENS, HUSBAND AND WIFE, AS JOINT TENANTS**

the following described property in the City of **LOS ANGELES**, County of **Los Angeles** State of California;

**Lot 66 of Tract No. 17721, in the City of LOS ANGELES, County of Los Angeles, State of California, as per map recorded in Book 495 Page(s) 11 TO 16, Inclusive of Maps, in the Office of the County Recorder of said County.**

Commonly known as: **5851 GARTH AVE., LOS ANGELES, CA  90056**

"This conveyance changes the manner in which title is held, R&T 11911."

"It is the express intent of the Grantor, being the spouse of the Grantee to convey all right, title and interest of the Grantor, community or otherwise, in and to the herein described property to the Grantee as her sole and separate property."

DAVID STEPHENS                          GENEVIEVE STEPHENS

Document Date:  May 19, 2004

STATE OF CALIFORNIA                                    )SS
COUNTY OF . LOS ANGELES                          )
On _MAY 27, 2004_ before me, _Rita J. Johnson_
personally appeared _DAVID STEPHENS AND GENEVIEVE STEPHENS_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _Rita J. Johnson_                                              This area for official notarial seal.

RITA J. JOHNSON
COMM. # 1432031
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. AUG. 22, 2007

Mail Tax Statements to:    SAME AS ABOVE  or  Address Noted Below

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

98 2208010

RECORDING REQUESTED BY:
Fidelity National Title Company

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

DEC 04 1998 AT 8 A.M.

When Recorded Mail To:
DAVID STEVENS and GENEVIEVE STEVENS
5851 GARTH AVENUE
LOS ANGELES, CA 90056

Escrow No. 11308-4
Title Order No. 369264

FEE $10    Z

2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)    Tax Parcel No.
DOCUMENTARY TRANSFER TAX IS $   403.70  CITY TAX $ 1651.50
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale,
OR transfer is exempt from tax for the following reason:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged.
GLORIA FELDER , a widow
hereby GRANT(s) to
    David Stephens and Genevieve Stephans, husband and wife as joint tenants
the following described real property in the City of LOS ANGELES
County of Los Angeles   , State of California

(COMPLETE LEGAL DESCRIPTION TO BE ATTACHED AS PER EXHIBIT "A" ATTACHED HERETO MADE A PART
HEREOF).

DATED:  October 26, 1998

STATE OF CALIFORNIA
COUNTY OF (Los Angeles).                                            GLORIA FELDER

ON  10-26-1998                              before me,
Margaret Y. Triplett, Notary  personally appeared
GLORIA FELDER

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

MARGARET Y. TRIPLETT
Comm. # 1161568
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Expires April 27, 2001

Witness my hand and official seal.

Signature _____                (This area for official notary seal)

MAIL TAX STATEMENT TO RETURN ADDRESS ABOVE

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

Exhibit A
EXHIBIT "ONE"

Order No. 369264

2

Lot 66, of Tract No. 17721, in the County of Los Angeles, State of California, as per map recorded in Book 495 Page(s) 11 to 16 of maps, in the office of the County Recorder of said county.

Except therefrom unto the grantor its successors and assigns, all right, title and interest in and to all water, oil naphtha, gas, petroleum and other mineral and kindred substances deposited in, lying under or flowing through or that may be produced from the property herein conveyed together with the sole and exclusive right to slant drill wells, the surface or well head location of which are on other lands in and through the subsurface of the property herein conveyed for the production of any or all water, oil, naphtha, gas, petroleum and other minerals and kindred substances from said property and any other property whether the producing interval of any such well is within or outside the subsurface of said property; provided however, no right is reserved to the grantor, its successors or assigns by reason of this exception or reservation to enter the surface of said property of the subsurface thereof at any point above a depth of 500 feet from the surface thereof (measured vertically from the surface thereof), as reserved by Los Angeles Investment Company, a corporation, in deed recorded April 22, 1954 in Book 44387 Page 70, Official Records.

Assessor's Parcel No: 4101-009-019

98  2208010

2

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Loan Document

This page is part of your document - DO NOT DISCARD



## 20220931496



Pages:
0031

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

09/23/22 AT 08:00AM

| | |
|---|---|
| FEES : | 182.00 |
| TAXES : | 0.00 |
| OTHER: | 0.00 |
| SB2 : | 150.00 |
| PAID : | 332.00 |



L E A D S H E E T



202209230250025

00022784648



013680576

SEQ:
02

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED

OC-7245-AN

E460070

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

RECORDING REQUESTED BY:
WESTERN RESOURCES TITLE COMPANY

WHEN RECORDED, RETURN TO:

EQUITY WAVE LENDING, INC.
2355 MAIN STREET SUITE 230
IRVINE, CA 92614

APN: 4101-009-019
Order No.: TE-22-7245-AN

Space above this line for recorder's use

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, FIXTURE FILING, AND SECURITY AGREEMENT
### (Commercial)

Exempt from SB2 fee per GC 27388.1(a)(1);
fee cap of $225 reached

**Note Amount:**      $400,000.00
**Property Address:** 5851 South Garth Avenue, Los Angeles, CA 90056

THIS DOCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH
CALIFORNIA COMMERCIAL CODE SECTION 9502.

This Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Deed of Trust")
is made as of **September 9, 2022,** among **David L. Stephens and Genevieve Stephens, husband and wife, as joint
tenants,** as trustor ("Borrower"), whose address is **5851 South Garth Avenue, Los Angeles, CA 90056; Equity
Wave Lending Inc., a California Corporation,** as trustee ("Trustee"); and **Equity Wave Lending, Inc., a
California Corporation** as beneficiary ("Lender"), whose address is **2355 Main Street, Suite 230, Irvine, CA 92614.**

### TRANSFER OF RIGHTS IN THE PROPERTY

To secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the
Obligations, Borrower GRANTS, BARGAINS, SELLS, AND CONVEYS to Trustee the Mortgaged Property, with
power of sale and right of entry, subject only to the Permitted Encumbrances, to have and to hold the Mortgaged
Property to Trustee, its successors in trust, and the Trustee's assigns forever, and Borrower does hereby bind itself, its
successors, and its assigns to warrant and forever defend the title to the Mortgaged Property to Trustee against anyone
lawfully claiming it or any part of it; provided, however, that if the Indebtedness is paid in full as and when it becomes
due and payable and the Obligations are performed on or before the date they are to be performed and discharged,
then the liens, security interests, estates, and rights granted by the Loan Documents shall terminate; otherwise, they
shall remain in full force and effect. As additional security for the full and timely payment of the Indebtedness and the
full and timely performance and discharge of the Obligations, Borrower grants to Lender a security interest in the
Personalty, Fixtures, Leases, and Rents under Article Nine of the Uniform Commercial Code in effect in the State of
California as described in California Commercial Code § 9502. Borrower further grants, bargains, conveys, assigns,
transfers, and sets over to Trustee, acting as both a trustee and an agent for Lender under this Deed of Trust, a security
interest in and to all of Borrower's right, title, and interest in, to, and under the Personalty, Fixtures, Leases, Rents,
and Mortgaged Property (to the extent characterized as personal property) to secure the full and timely payment of the
Indebtedness and the full and timely performance and discharge of the Obligations.
Borrower agrees to execute and deliver, from time to time, such further instruments, including, but not limited to,
security agreements, assignments, and UCC financing statements, as may be requested by Lender to confirm the lien
of this Deed of Trust on any of the Mortgaged Property.
Borrower further irrevocably grants, transfers, and assigns to Lender the Rents. This assignment of Rents is to be
effective to create a present security interest in existing and future Rents of the Mortgaged Property under California
Civil Code §2938.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT      PAGE: 1

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

TO MAINTAIN AND PROTECT THE SECURITY OF THIS DEED OF TRUST, TO SECURE THE FULL AND TIMELY PERFORMANCE BY BORROWER OF EACH AND EVERY OBLIGATION, COVENANT, AND AGREEMENT OF BORROWER UNDER THE LOAN DOCUMENTS, AND AS ADDITIONAL CONSIDERATION FOR THE INDEBTEDNESS AND OBLIGATIONS EVIDENCED BY THE LOAN DOCUMENTS, BORROWER HEREBY COVENANTS, REPRESENTS, AND AGREES AS FOLLOWS:

1.      **Definitions.**   For purposes of this Deed of Trust, each of the following terms shall have the following respective meanings:

1.1.     **"Attorney Fees."**   Any and all attorney fees (including the allocated cost of in-house counsel), paralegal, and law clerk fees, including, without limitation, fees for advice, negotiation, consultation, arbitration, and litigation at the pretrial, trial, and appellate levels, and in any bankruptcy proceedings, and attorney costs and expenses incurred or paid by Lender in protecting its interests in the Mortgaged Property, including, but not limited to, any action for waste, and enforcing its rights under this Deed of Trust.

1.2.     **"Borrower."**   The named Borrower in this Deed of Trust and the obligor under the Note, whether or not named as Borrower in this Deed of Trust, and subject to paragraph 19 and paragraph 20 of this Deed of Trust, the heirs, legatees, devisees, administrators, executors, successors in interest to the Mortgaged Property, and the assigns of any such person.

1.3.     **"Default Rate."**   The Default Rate as defined in the Note.

1.4.     **"Event of Default."**   An Event of Default as defined in paragraph 19 of this Deed of Trust.

1.5.     **"Environmental Laws."**   Any Governmental Requirements pertaining to health, industrial hygiene, or the environment, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) as amended (42 United States Code ("U.S.C.") §§ 9601-9675); the Resource Conservation and Recovery Act of 1976 (RCRA) (42 U.S.C. §§ 6901-6992k); the Hazardous Materials Transportation Act (49 U.S.C. §§ 5101-5127); the Federal Water Pollution Control Act (33 U.S.C. §§ 1251-1376); the Clean Air Act (42 U.S.C. §§ 7401-7671q); the Toxic Substances Control Act (15 U.S.C. §§ 2601-2692); the Refuse Act (33 U.S.C. §§ 407-426p); the Emergency Planning and Community Right-To-Know Act (42 U.S.C. §§ 11001-11050); the Safe Drinking Water Act (42 U.S.C. §§ 300f-300j); the California Hazardous Waste Treatment Reform Act of 1995 (Stats 1995, ch 638 (SB 1222-Calderon)); the California Unified Hazardous Waste and Hazardous Materials Management Regulatory Program (Stats 1993, ch 418 (SB 1082-Calderon)); the Carpenter-Presley-Tanner Hazardous Substance Account Act (California Health and Safety Code §§ 25300-25395.15); the California Expedited Remedial Action Reform Act of 1994 (California Health and Safety Code §§ 25396-25399.2); and the Porter-Cologne Water Quality Control Act (California Water Code §§ 13000-14076).

1.6.     **"Fixtures."**   All right, title, and interest of Borrower in and to all materials, supplies, equipment, apparatus, and other items now or later attached to, installed on or in the Land or the Improvements, or that in some fashion are deemed to be fixtures to the Land or Improvements under the laws of the State of California, including the California Uniform Commercial Code. "Fixtures" includes, without limitation, all items of Personalty to the extent that they may be deemed Fixtures under Governmental Requirements.

1.7.     **"Governmental Authority."**   Any and all courts, boards, agencies, commissions, offices, or authorities of any nature whatsoever for any governmental unit (federal, state, county, district, municipal, city, or otherwise) whether now or later in existence.

1.8.     **"Governmental Requirements."**   Any and all laws, statutes, codes, ordinances, regulations, enactments, decrees, judgments, and orders of any Governmental Authority.

1.9.     **"Hazardous Substance."**   Any and all (a) substances defined as "hazardous substances," "hazardous materials," "toxic substances," or "solid waste" in CERCLA, RCRA, and the Hazardous Materials Transportation Act (49 United States Code §§5101-5127), and in the regulations promulgated under those laws; (b) substances defined as "hazardous wastes" in California Health and Safety Code §25117 and in the regulations promulgated under that law; (c) substances defined as "hazardous substances" in California Civil Code section 2929.5; (d) substances listed in the United States Department of Transportation Table (49 Code of Federal Regulations § 172.101 and amendments); (e) substances defined as "medical wastes" in the Medical Waste Management Act (Chapter 6.1 of the California Health and Safety Code); (f) asbestos-containing materials; (g) polychlorinated biphenyl; (h) underground storage tanks, whether empty, filled, or partially filled with any substance; (i) petroleum and petroleum products, including crude oil or any fraction thereof, natural gas, natural gas liquids, liquefied natural gas, or synthetic gas usable for fuel, or any such mixture; and (j) such other substances, materials, and wastes that are or become regulated under applicable local, state, or federal law, or that are classified as hazardous or toxic under any Governmental Requirements or that,

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 2

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

even if not so regulated, are known to pose a hazard to the health and safety of the occupants of the Mortgaged Property or of real property adjacent to it.

**1.10.** "**Impositions.**" All real estate and personal property taxes, water, gas, sewer, electricity, and other utility rates and charges; charges imposed under any subdivision, planned unit development, or condominium declaration or restrictions; charges for any easement, license, or agreement maintained for the benefit of the Mortgaged Property, and all other taxes, charges, and assessments and any interest, costs, or penalties of any kind and nature that at any time before or after the execution of this Deed of Trust may be assessed, levied, or imposed on the Mortgaged Property or on its ownership, use, occupancy, or enjoyment.

**1.11.** "**Improvements.**" Any and all buildings, structures, improvements, fixtures, and appurtenances now and later placed on the Mortgaged Property, including, without limitation, all apparatus and equipment, whether or not physically affixed to the land or any building, which is used to provide or supply air cooling, air conditioning, heat, gas, water, light, power, refrigeration, ventilation, laundry, drying, dish washing, garbage disposal, or other services; and all elevators, escalators, and related machinery and equipment, fire prevention and extinguishing apparatus, security and access control apparatus, partitions, ducts, compressors, plumbing, ovens, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains, curtain rods, mirrors, cabinets, paneling, rugs, attached floor coverings, furniture, pictures, antennas, pools, spas, pool and spa operation and maintenance equipment and apparatus, and trees and plants located on the Mortgaged Property, all of which, including replacements and additions, shall conclusively be deemed to be affixed to and be part of the Mortgaged Property conveyed to Trustee under this Deed of Trust.

**1.12.** "**Indebtedness.**" The principal of, interest on, and all other amounts and payments due under or evidenced by the following:

**1.12.1.** The Note (including, without limitation, the prepayment premium, late payment, and other charges payable under the Note);

**1.12.2.** This Deed of Trust and all other Loan Documents;

**1.12.3.** All funds later advanced by Lender to or for the benefit of Borrower under any provision of any of the Loan Documents;

**1.12.4.** Any future loans or amounts advanced by Lender to Borrower when evidenced by a written instrument or document that specifically recites that the Obligations evidenced by such document are secured by the terms of this Deed of Trust, including, but not limited to, funds advanced to protect the security or priority of the Deed of Trust; and

**1.12.5.** Any amendment, modification, extension, rearrangement, restatement, renewal, substitution, or replacement of any of the foregoing.

**1.13.** "**Land.**" The real estate or any interest in it described in **paragraph 1.19** or Exhibit A attached to this Deed of Trust and made a part of it, together with all Improvements and Fixtures and all rights, titles, and interests appurtenant to it.

**1.14.** "**Leases.**" Any and all leases, subleases, licenses, concessions, or other agreements (written or verbal, now or later in effect) that grant a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Mortgaged Property, and all other agreements, including, but not limited to, utility contracts, maintenance agreements, and service contracts that in any way relate to the use, occupancy, operation, maintenance, enjoyment, or ownership of the Mortgaged Property, except any and all leases, subleases, or other agreements under which Borrower is granted a possessory interest in the Land.

**1.15.** "**Legal Requirements.**" Collectively, (a) any and all present and future judicial decisions, statutes, rulings, rules, regulations, permits, certificates, or ordinances of any Governmental Authority in any way applicable to Borrower, any guarantor (with respect to the Indebtedness or the Mortgaged Property), or the Mortgaged Property, including, but not limited to, those concerning its ownership, use, occupancy, possession, operation, maintenance, alteration, repair, or reconstruction, (b) Borrower's or guarantor's presently or subsequently effective bylaws and articles of incorporation, or any instruments establishing any partnership, limited partnership, joint venture, trust, limited liability company, or other form of business association (if either, both, or all, by any of same), (c) any and all Leases and other contracts (written or oral) of any nature to which Borrower or any guarantor may be bound, and (d) any and all restrictions, reservations, conditions, easements, or other covenants or agreements now or later of record affecting the Mortgaged Property.

**1.16.** "**Lender.**" The named Lender in this Deed of Trust and the owner and holder (including a pledgee) of any Note, Indebtedness, or Obligations secured by this Deed of Trust, whether or not named as Lender in this Deed of Trust, and the heirs, legatees, devisees, administrators, executors, successors, and assigns of any such person.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT         PAGE: 3

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**1.17.** "**Loan.**" The extension of credit made by Lender to Borrower under the terms of the Loan Documents.
**1.18.** "**Loan Documents.**" Collectively, this Deed of Trust, the Note, and all other instruments and agreements required to be executed by Borrower or any guarantor in connection with the Loan.
**1.19.** "**Mortgaged Property.**" The Land, Improvements, Fixtures, Personalty, Leases, and Rents that is described as follows:

**Single Family Residence** SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A"

**Complete Legal Description attached as Exhibit "A"**

APN: 4101-009-019

Commonly known as **5851 South Garth Avenue, Los Angeles, CA 90056**, together with:
**1.19.1.** All right, title, and interest (including any claim or demand or demand in law or equity) that Borrower now has or may later acquire in or to such Mortgaged Property; all easements, rights, privileges, tenements, hereditaments, and appurtenances belonging or in any way appertaining to the Mortgaged Property; all of the estate, right, title, interest, claim, demand, reversion, or remainder of Borrower in or to the Mortgaged Property, either at law or in equity, in possession or expectancy, now or later acquired; all crops growing or to be grown on the Mortgaged Property; all development rights or credits and air rights; all water and water rights (whether or not appurtenant to the Mortgaged Property) and shares of stock pertaining to such water or water rights, ownership of which affects the Mortgaged Property; all minerals, oil, gas, and other hydrocarbon substances and rights thereto in, on, under, or upon the Mortgaged Property and all royalties and profits from any such rights or shares of stock; all right, title, and interest of Borrower in and to any streets, ways, alleys, strips, or gores of land adjoining the Land or any part of it that Borrower now owns or at any time later acquires and all adjacent lands within enclosures or occupied by buildings partly situated on the Mortgaged Property;
**1.19.2.** All intangible Mortgaged Property and rights relating to the Mortgaged Property or its operation or used in connection with it, including, without limitation, permits, licenses, plans, specifications, construction contracts, subcontracts, bids, deposits for utility services, installations, refunds due Borrower, trade names, trademarks, and service marks;
**1.19.3.** All of the right, title, and interest of Borrower in and to the land lying in the bed of any street, road, highway, or avenue in front of or adjoining the Land;
**1.19.4.** Any and all awards previously made or later to be made by any Governmental Authority to the present and all subsequent owners of the Mortgaged Property that may be made with respect to the Mortgaged Property as a result of the exercise of the right of eminent domain, the alteration of the grade of any street, or any other injury to or decrease of value of the Mortgaged Property, which award or awards are assigned to Lender and Lender, at its option, is authorized, directed, and empowered to collect and receive the proceeds of any such award or awards from the authorities making them and to give proper receipts and acquittances for them;
**1.19.5.** All certificates of deposit of Borrower in Lender's possession and all bank accounts of Borrower with Lender and their proceeds, and all deposits of Borrower with any Governmental Authority and/or public utility company that relate to the ownership of the Mortgaged Property;
**1.19.6.** All Leases of the Mortgaged Property or any part of it now or later entered into and all right, title, and interest of Borrower under such Leases, including cash or securities deposited by the tenants to secure performance of their obligations under such Leases (whether such cash or securities are to be held until the expiration of the terms of such Leases or applied to one or more of the installments of rent coming due immediately before the expiration of such terms), all rights to all insurance proceeds and unearned insurance premiums arising from or relating to the Mortgaged Property, all other rights and easements of Borrower now or later existing pertaining to the use and enjoyment of the Mortgaged Property, and all right, title, and interest of Borrower in and to all declarations of covenants, conditions, and restrictions as may affect or otherwise relate to the Mortgaged Property;
**1.19.7.** Any and all proceeds of any insurance policies covering the Mortgaged Property, whether or not such insurance policies were required by Lender as a condition of making the loan secured by this Deed of Trust or are required to be maintained by Borrower as provided below in this Deed of Trust; which proceeds are assigned to Lender, and Lender, at its option, is authorized, directed, and empowered to collect and receive the proceeds of such

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**          **PAGE: 4**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

insurance policies from the insurers issuing the same and to give proper receipts and acquittances for such policies, and to apply the same as provided below;

**1.19.8.** If the Mortgaged Property includes a leasehold estate, all of Borrower's right, title, and interest in and to the lease, more particularly described in **paragraph 1.19** or Exhibit A attached to this Deed of Trust (the Leasehold) including, without limitation, the right to surrender, terminate, cancel, waive, change, supplement, grant subleases of, alter, or amend the Leasehold;

**1.19.9.** All plans and specifications for the Improvements; all contracts and subcontracts relating to the Improvements; all deposits (including tenants' security deposits; provided, however, that if Lender acquires possession or control of tenants' security deposits Lender shall use the tenants' security deposits only for such purposes as Governmental Requirements permit), funds, accounts, contract rights, instruments, documents, general intangibles, and notes or chattel paper arising from or in connection with the Land or other Mortgaged Property; all permits, licenses, certificates, and other rights and privileges obtained in connection with the Land or other Mortgaged Property; all soils reports, engineering reports, land planning maps, drawings, construction contracts, notes, drafts, documents, engineering and architectural drawings, letters of credit, bonds, surety bonds, any other intangible rights relating to the Land and Improvements, surveys, and other reports, exhibits, or plans used or to be used in connection with the construction, planning, operation, or maintenance of the Land and Improvements and all amendments and modifications; all proceeds arising from or by virtue of the sale, lease, grant of option, or other disposition of all or any part of the Land, Fixtures, Personalty, or other Mortgaged Property (consent to same is not granted or implied); and all proceeds (including premium refunds) payable or to be payable under each insurance policy relating to the Land, Fixtures, Personalty, or other Mortgaged Property;

**1.19.10.** All trade names, trademarks, symbols, service marks, and goodwill associated with the Mortgaged Property and any and all state and federal applications and registrations now or later used in connection with the use or operation of the Mortgaged Property;

**1.19.11.** All tax refunds, bills, notes, inventories, accounts and charges receivable, credits, claims, securities, and documents of all kinds, and all instruments, contract rights, general intangibles, bonds and deposits, and all proceeds and products of the Mortgaged Property;

**1.19.12.** All money or other personal property of Borrower (including, without limitation, any instrument, deposit account, general intangible, or chattel paper, as defined in Division 9 of the California Uniform Commercial Code) previously or later delivered to, deposited with, or that otherwise comes into Lender's possession;

**1.19.13.** All accounts, contract rights, chattel paper, documents, instruments, books, records, claims against third parties, money, securities, drafts, notes, proceeds, and other items relating to the Mortgaged Property;

**1.19.14.** All construction, supply, engineering, and architectural contracts executed and to be executed by Borrower for the construction of the Improvements; and

**1.19.15.** All proceeds of any of the foregoing.

As used in this Deed of Trust, "Mortgaged Property" is expressly defined as meaning all or, when the context permits or requires, any portion of it and all or, when the context permits or requires, any interest in it.

**1.20.**    **"Note."** The Promissory Note payable by Borrower to the order of Lender in the principal amount of **FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($400,000.00)** which matures on **October 1, 2024**, evidencing the Loan, in such form as is acceptable to Lender, together with any and all rearrangements, extensions, renewals, substitutions, replacements, modifications, restatements, and amendments to the Promissory Note.

**1.21.**    **"Obligations."** Any and all of the covenants, warranties, representations, and other obligations (other than to repay the Indebtedness) made or undertaken by Borrower to Lender or Trustee as set forth in the Loan Documents; any lease, sublease, or other agreement under which Borrower is granted a possessory interest in the Land; each obligation, covenant, and agreement of Borrower in the Loan Documents or in any other document executed by Borrower in connection with the loan(s) secured by this Deed of Trust whether set forth in or incorporated into the Loan Documents by reference; each and every monetary provision of all covenants, conditions, and restrictions, if any, pertaining to the Mortgaged Property and on Lender's written request, the enforcement by Borrower of any covenant by third parties to pay maintenance or other charges, if they have not been paid, or valid legal steps taken to enforce such payment within 90 days after such written request is made; if the Mortgaged Property consists of or includes a leasehold estate, each obligation, covenant, and agreement of Borrower arising under, or contained in, the instrument(s) creating any such leasehold; all agreements of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust; and charges, as allowed by law, when they are made for any statement regarding the obligations secured by this Deed of Trust.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

The Obligations specifically exclude the Environmental Indemnity Agreement dated the date of this Deed of Trust, executed by Borrower and any guarantor of the Loan, which is not secured by this Deed of Trust.

**1.22.** "**Permitted Encumbrances.**" At any particular time, (a) liens for taxes, assessments, or governmental charges not then due and payable or not then delinquent; (b) liens, easements, encumbrances, and restrictions on the Mortgaged Property that are allowed by Lender to appear in Schedule B, with Parts I and II of an ALTA title policy to be issued to Lender following recordation of the Deed of Trust; and (c) liens in favor of or consented to in writing by Lender.

**1.23.** "**Person.**" Natural persons, corporations, partnerships, unincorporated associations, joint ventures, and any other form of legal entity.

**1.24.** "**Personalty.**" All of the right, title, and interest of Borrower in and to all tangible and intangible personal property, whether now owned or later acquired by Borrower, including, but not limited to, water rights (to the extent they may constitute personal property), all equipment, inventory, goods, consumer goods, accounts, chattel paper, instruments, money, general intangibles, letter-of-credit rights, deposit accounts, investment property, documents, minerals, crops, and timber (as those terms are defined in the California Uniform Commercial Code) that are now or at any later time located on, attached to, installed, placed, used on, in connection with, or are required for such attachment, installation, placement, or use on the Land, the Improvements, Fixtures, or on other goods located on the Land or Improvements, together with all additions, accessions, accessories, amendments, modifications to the Land or Improvements, extensions, renewals, and enlargements and proceeds of the Land or Improvements, substitutions for, and income and profits from, the Land or Improvements. The Personalty includes, but is not limited to, all goods, machinery, tools, equipment (including fire sprinklers and alarm systems); building materials, air conditioning, heating, refrigerating, electronic monitoring, entertainment, recreational, maintenance, extermination of vermin or insects, dust removal, refuse and garbage equipment; vehicle maintenance and repair equipment; office furniture (including tables, chairs, planters, desks, sofas, shelves, lockers, and cabinets); safes, furnishings, appliances (including ice-making machines, refrigerators, fans, water heaters, and incinerators); rugs, carpets, other floor coverings, draperies, drapery rods and brackets, awnings, window shades, venetian blinds, curtains, other window coverings; lamps, chandeliers, other lighting fixtures; office maintenance and other supplies; loan commitments, financing arrangements, bonds, construction contracts, leases, tenants' security deposits, licenses, permits, sales contracts, option contracts, lease contracts, insurance policies, proceeds from policies, plans, specifications, surveys, books, records, funds, bank deposits; and all other intangible personal property. Personalty also includes any other portion or items of the Mortgaged Property that constitute personal property under the California Uniform Commercial Code.

**1.25.** "**Rents.**" All rents, issues, revenues, income, proceeds, royalties, profits, license fees, prepaid municipal and utility fees, bonds, and other benefits to which Borrower or the record title owner of the Mortgaged Property may now or later be entitled from or which are derived from the Mortgaged Property, including, without limitation, sale proceeds of the Mortgaged Property; any room or space sales or rentals from the Mortgaged Property; and other benefits paid or payable for using, leasing, licensing, possessing, operating from or in, residing in, selling, mining, extracting, or otherwise enjoying or using the Mortgaged Property.

**1.26.** "**Water Rights.**" All water rights of whatever kind or character, surface or underground, appropriative, decreed, or vested, that are appurtenant to the Mortgaged Property or otherwise used or useful in connection with the intended development of the Mortgaged Property.

Any terms not otherwise defined in this Deed of Trust shall have the meaning given them in the Note dated of even date herewith between Borrower and Lender.

**2.**      **Repair and Maintenance of Mortgaged Property.** Borrower shall (a) keep the Mortgaged Property in good condition and repair; (b) not substantially alter, remove, or demolish the Mortgaged Property or any of the Improvements except when incident to the replacement of Fixtures, equipment, machinery, or appliances with items of like kind; (c) restore and repair to the equivalent of its original condition all or any part of the Mortgaged Property that may be damaged or destroyed, including, but not limited to, damage from termites and dry rot, soil subsidence, and construction defects, whether or not insurance proceeds are available to cover any part of the cost of such restoration and repair, and regardless of whether Lender permits the use of any insurance proceeds to be used for restoration under paragraph 5 of this Deed of Trust; (d) pay when due all claims for labor performed and materials furnished in connection with the Mortgaged Property and not permit any mechanics' or materialman's lien to arise against the Mortgaged Property or furnish a loss or liability bond against such mechanics' or materialman's lien claims; (e) comply with all laws affecting the Mortgaged Property or requiring that any alterations, repairs,

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 6

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

replacements, or improvements be made on it; (f) not commit or permit waste on or to the Mortgaged Property, or commit, suffer, or permit any act or violation of law to occur on it; (g) not abandon the Mortgaged Property; (h) cultivate, irrigate, fertilize, fumigate, and prune in accordance with prudent agricultural practices; (i) if required by Lender, provide for management satisfactory to Lender under a management contract approved by Lender; (j) notify Lender in writing of any condition at or on the Mortgaged Property that may have a significant and measurable effect on its market value; (k) if the Mortgaged Property is rental property, generally operate and maintain it in such manner as to realize its maximum rental potential; and (l) do all other things that the character or use of the Mortgaged Property may reasonably render necessary to maintain it in the same condition (reasonable wear and tear expected) as existed at the date of this Deed of Trust.

**3.      Use of Mortgaged Property.**  Unless otherwise required by Governmental Requirements or unless Lender otherwise consents in writing, Borrower shall not allow changes in the use of the Mortgaged Property from that which is contemplated by Borrower and Lender at the time of execution of this Deed of Trust, as specified in the loan application and the Loan Documents.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Mortgaged Property without Lender's prior written consent.

**4.      Insurance.**
**4.1.      Casualty Insurance.**  Borrower shall at all times keep the Mortgaged Property insured for the benefit of Trustee and Lender as follows, despite Governmental Requirements that may detrimentally affect Borrower's ability to obtain or may materially increase the cost of such insurance coverage:
**4.1.1.**    Against damage or loss by fire and such other hazards (including lightning, windstorm, hail, explosion, riot, acts of striking employees, civil commotion, vandalism, malicious mischief, aircraft, vehicle, and smoke) as are covered by the broadest form of extended coverage endorsement available from time to time, in an amount not less than the full insurable value (as defined in paragraph 4.9 of the Mortgaged Property, with a deductible amount not to exceed an amount satisfactory to Lender;
**4.1.2.**    Rent loss or business interruption or use and occupancy insurance on such basis and in such amounts and with such deductibles as are satisfactory to Lender;
**4.1.3.**    Against damage or loss by flood if the Land is located in an area identified by the Secretary of Housing and Urban Development or any successor or other appropriate authority (governmental or private) as an area having special flood hazards and in which flood insurance is available under the National Flood Insurance Act of 1968 or the Flood Disaster Protection Act of 1973, as amended, modified, supplemented, or replaced from time to time, on such basis and in such amounts as Lender may require;
**4.1.4.**    Against damage or loss from (a) sprinkler system leakage and (b) boilers, boiler tanks, heating and air conditioning equipment, pressure vessels, auxiliary piping, and similar apparatus, on such basis and in such amounts as Lender may require;
**4.1.5.**    During any alteration, construction, or replacement of the Improvements, or any substantial portion of it, a Builder's All Risk policy with extended coverage with course of construction and completed value endorsements, for an amount at least equal to the full insurable value of the Improvements, and workers' compensation, in statutory amounts, with provision for replacement with the coverage described in paragraph 4.1, without gaps or lapsed coverage, for any completed portion of the Improvements; and
**4.1.6.**    Against damage or loss by earthquake, in an amount and with a deductible satisfactory to Lender, if such insurance is required by Lender in the exercise of its business judgment in light of the commercial real estate practices existing at the time the insurance is issued and in the County where the Land is located.
**4.2.      Liability Insurance.**  Borrower shall procure and maintain workers' compensation insurance for Borrower's employees and comprehensive general liability insurance covering Borrower, Trustee, and Lender against claims for bodily injury or death or for damage occurring in, on, about, or resulting from the Mortgaged Property, or any street, drive, sidewalk, curb, or passageway adjacent to it, in standard form and with such insurance company or companies and in an amount of at least $5,000,000.00 combined single limit, or such greater amount as Lender may require, which insurance shall include completed operations, product liability, and blanket contractual liability coverage that insures contractual liability under the indemnifications set forth in this Deed of Trust and the Loan Documents (but such coverage or its amount shall in no way limit such indemnification).
**4.3.      Other Insurance.**  Borrower shall procure and maintain such other insurance or such additional amounts of insurance, covering Borrower or the Mortgaged Property, as (a) may be required by the terms of any construction

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT      PAGE: 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

contract for the Improvements or by any Governmental Authority, (b) may be specified in any other Loan Documents, or (c) may be required by Lender from time to time.

**4.4.** **Form of Policies.** All insurance required under this paragraph 4 shall be fully paid for and nonassessable. The policies shall contain such provisions, endorsements, and expiration dates as Lender from time to time reasonably requests and shall be in such form and amounts, and be issued by such insurance companies doing business in the State of California, as Lender shall approve in Lender's sole and absolute discretion. Unless otherwise expressly approved in writing by Lender, each insurer shall have a Best Rating of Class A, Category VIII, or better. All policies shall (a) contain a waiver of subrogation endorsement; (b) provide that the policy will not lapse or be canceled, amended, or materially altered (including by reduction in the scope or limits of coverage) without at least 30 days prior written notice to Lender; (c) with the exception of the comprehensive general liability policy, contain a mortgagee's endorsement (438 BFU Endorsement or equivalent), and name Lender and Trustee as insureds; and (d) include such deductibles as Lender may approve. If a policy required under this paragraph contains a co-insurance or overage clause, the policy shall include a stipulated value or agreed amount endorsement acceptable to Lender.

**4.5.** **Duplicate Originals or Certificates.** Duplicate original policies evidencing the insurance required under this paragraph 4 and any additional insurance that may be purchased on the Mortgaged Property by or on behalf of Borrower shall be deposited with and held by Lender and, in addition, Borrower shall deliver to Lender (a) receipts evidencing payment of all premiums on the policies and (b) duplicate original renewal policies or a binder with evidence satisfactory to Lender of payment of all premiums at least 30 days before the policy expires. In lieu of the duplicate original policies to be delivered to Lender under this paragraph 4.5, Borrower may deliver an underlier of any blanket policy, and Borrower may also deliver original certificates from the issuing insurance company, evidencing that such policies are in full force and effect and containing information that, in Lender's reasonable judgment, is sufficient to allow Lender to ascertain whether such policies comply with the requirements of this paragraph.

**4.6.** **Increased Coverage.** If Lender determines that the limits of any insurance carried by Borrower are inadequate or that additional coverage is required, Borrower shall, within 10 days after written notice from Lender, procure such additional coverage as Lender may require in Lender's sole and absolute discretion.

**4.7.** **No Separate Insurance.** Borrower shall not carry separate or additional insurance concurrent in form or contributing in the event of loss with that required under this paragraph 4 unless endorsed in favor of Trustee and Lender as required by this paragraph and otherwise approved by Lender in all respects.

**4.8.** **Transfer of Title.** In the event of foreclosure of this Deed of Trust or other transfer of title or assignment of the Mortgaged Property in extinguishment, in whole or in part, of the Obligations and the Indebtedness, all right, title, and interest of Borrower in and to all insurance policies required under this paragraph 4 or otherwise then in force with respect to the Mortgaged Property and all proceeds payable under, and unearned premiums on, such policies shall immediately vest in the purchaser or other transferee of the Mortgaged Property.

**4.9.** **Replacement Cost.** For purposes of this paragraph 4, the term "full insurable value" means the actual cost of replacing the Mortgaged Property in question, without allowance for depreciation, as calculated from time to time (but not more often than once every calendar year) by the insurance company or companies holding such insurance or, at Lender's request, by appraisal made by an appraiser, engineer, architect, or contractor proposed by Borrower and approved by said insurance company or companies and Lender. Borrower shall pay the cost of such appraisal.

**4.10.** **Approval Not Warranty.** No approval by Lender of any insurer may be construed to be a representation, certification, or warranty of its solvency and no approval by Lender as to the amount, type, or form of any insurance may be construed to be a representation, certification, or warranty of its sufficiency.

**4.11.** **Lender's Right to Obtain.** Borrower shall deliver to Lender original policies or certificates evidencing such insurance at least 30 days before the existing policies expire. If any such policy is not so delivered to Lender or if any such policy is canceled, whether or not Lender has the policy in its possession, and no reinstatement or replacement policy is received before termination of insurance, Lender, without notice to or demand on Borrower, may (but is not obligated to) obtain such insurance insuring only Lender and Trustee with such company as Lender may deem satisfactory, and pay the premium for such policies, and the amount of any premium so paid shall be charged to and promptly paid by Borrower or, at Lender's option, may be added to the Indebtedness. Borrower acknowledges that, if Lender obtains insurance, it is for the sole benefit of Lender and Trustee, and Borrower shall not rely on any insurance obtained by Lender to protect Borrower in any way.

**4.12.** **Duty to Restore After Casualty.** If any act or occurrence of any kind or nature (including any casualty for which insurance was not obtained or obtainable) results in damage to or loss or destruction of the Mortgaged Property, Borrower shall immediately give notice of such loss or damage to Lender and, if Lender so instructs, shall promptly,

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**        **PAGE: 8**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

at Borrower's sole cost and expense, regardless of whether any insurance proceeds will be sufficient for the purpose, commence and continue diligently to completion to restore, repair, replace, and rebuild the Mortgaged Property as nearly as possible to its value, condition, and character immediately before the damage, loss, or destruction.

**5.       Condemnation and Insurance Proceeds.**

**5.1.       Assignment to Lender.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of or damage or injury to the Mortgaged Property, or any part of it, or for conveyance in lieu of condemnation, are assigned to and shall be paid to Lender, regardless of whether Lender's security is impaired. All causes of action, whether accrued before or after the date of this Deed of Trust, of all types for damages or injury to the Mortgaged Property or any part of it, or in connection with any transaction financed by funds lent to Borrower by Lender and secured by this Deed of Trust, or in connection with or affecting the Mortgaged Property or any part of it, including, without limitation, causes of action arising in tort or contract or in equity, are assigned to Lender as additional security, and the proceeds shall be paid to Lender. Lender, at its option, may appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement of such action. Borrower shall notify Lender in writing immediately on obtaining knowledge of any casualty damage to the Mortgaged Property or damage in any other manner in excess of $5,000.00 or knowledge of the institution of any proceeding relating to condemnation or other taking of or damage or injury to all or any portion of the Mortgaged Property. Lender, in its sole and absolute discretion, may participate in any such proceedings and may join Borrower in adjusting any loss covered by insurance. Borrower covenants and agrees with Lender, at Lender's request, to make, execute, and deliver, at Borrower's expense, any and all assignments and other instruments sufficient for the purpose of assigning the aforesaid award or awards, causes of action, or claims of damages or proceeds to Lender free, clear, and discharged of any and all encumbrances of any kind or nature.

**5.2.       Insurance Payments.** All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments that Borrower may receive or to which Lender may become entitled with respect to the Mortgaged Property if any damage or injury occurs to the Mortgaged Property, other than by a partial condemnation or other partial taking of the Mortgaged Property, shall be paid over to Lender and shall be applied first toward reimbursement of all costs and expenses of Lender in connection with their recovery and disbursement, and shall then be applied as follows:

**5.2.1.** Lender shall consent to the application of such payments to the restoration of the Mortgaged Property so damaged only if Borrower has met all the following conditions (a breach of one of which shall constitute a default under this Deed of Trust, the Note, and any Loan Documents): (a) Borrower is not in default under any of the terms, covenants, and conditions of the Loan Documents; (b) all then-existing Leases affected in any way by such damage will continue in full force and effect; (c) Lender is satisfied that the insurance or award proceeds, plus any sums added by Borrower, shall be sufficient to fully restore and rebuild the Mortgaged Property under then current Governmental Requirements; (d) within 60 days after the damage to the Mortgaged Property, Borrower presents to Lender a restoration plan satisfactory to Lender and any local planning department, which includes cost estimates and schedules; (e) construction and completion of restoration and rebuilding of the Mortgaged Property shall be completed in accordance with plans and specifications and drawings submitted to Lender within 30 days after receipt by Lender of the restoration plan and thereafter approved by Lender, which plans, specifications, and drawings shall not be substantially modified, changed, or revised without Lender's prior written consent; (f) within 3 months after such damage, Borrower and a licensed contractor satisfactory to Lender enter into a fixed price or guaranteed maximum price contract satisfactory to Lender, providing for complete restoration in accordance with such restoration plan for an amount not to exceed the amount of funds held or to be held by Lender; (g) all restoration of the Improvements so damaged or destroyed shall be made with reasonable promptness and shall be of a value at least equal to the value of the Improvements so damaged or destroyed before such damage or destruction; (h) Lender reasonably determines that there is an identified source (whether from income from the Mortgaged Property, rental loss insurance, or another source) sufficient to pay all debt service and operating expenses of the Mortgaged Property during its restoration as required above; and (i) any and all funds that are made available for restoration and rebuilding under this paragraph 5 shall be disbursed, at Lender's sole and absolute discretion to Lender, through Lender, the Trustee, or a title insurance or trust company satisfactory to Lender, in accordance with standard construction lending practices, including a reasonable fee payable to Lender from such funds and, if Lender requests, mechanics' lien waivers and title insurance date-downs, and the provision of payment and performance bonds by Borrower, or in any other manner approved by Lender in Lender's sole and absolute discretion; or

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**            **PAGE: 9**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Case 2:24-bk-13887-NB    Doc 27-3    Filed 07/08/24    Entered 07/08/24 21:07:40    Desc
Declaration of Marina Fineman In Support of Sandra Cristobals Motion For    Page 40 of 156

Document Images

**5.2.2.**    If fewer than all conditions (a) through (i) in paragraph 5.2.1 are satisfied, then such payments shall be applied in the sole and absolute discretion of Lender (a) to the payment or prepayment, with any applicable prepayment premium, of any Indebtedness secured by this Deed of Trust in such order as Lender may determine, or (b) to the reimbursement of Borrower's expenses incurred in the rebuilding and restoration of the Mortgaged Property. If Lender elects under this paragraph 5.2.2 to make any funds available to restore the Mortgaged Property, then all of conditions (a) through (i) in paragraph 5.2.1 shall apply, except for such conditions that Lender, in its sole and absolute discretion, may waive.

**5.3.**    **Material Loss Not Covered.**  If any material part of the Mortgaged Property is damaged or destroyed and the loss, measured by the replacement cost of the Improvements according to then current Governmental Requirements, is not adequately covered by insurance proceeds collected or in the process of collection, Borrower shall deposit with Lender, within 30 days after Lender's request, the amount of the loss not so covered.

**5.4.**    **Total Condemnation Payments.**  All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments that Borrower may receive or to which Borrower may become entitled with respect to the Mortgaged Property in the event of a total condemnation or other total taking of the Mortgaged Property shall be paid over to Lender and shall be applied first to reimbursement of all Lender's costs and expenses in connection with their recovery, and shall then be applied to the payment of any Indebtedness secured by this Deed of Trust in such order as Lender may determine, until the Indebtedness secured by this Deed of Trust has been paid and satisfied in full. Any surplus remaining after payment and satisfaction of the Indebtedness secured by this Deed of Trust shall be paid to Borrower as its interest may then appear.

**5.5.**    **Partial Condemnation Payments.**  All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments ("funds") that Borrower may receive or to which Borrower may become entitled with respect to the Mortgaged Property in the event of a partial condemnation or other partial taking of the Mortgaged Property, unless Borrower and Lender otherwise agree in writing, shall be divided into two portions, one equal to the principal balance of the Note at the time of receipt of such funds and the other equal to the amount by which such funds exceed the principal balance of the Note at the time of receipt of such funds. The first such portion shall be applied to the sums secured by this Deed of Trust, whether or not then due, including but not limited to principal, accrued interest, and advances, and in such order or combination as Lender may determine, with the balance of the funds paid to Borrower. Any dispute as to the fair market value of the Mortgaged Property shall be settled by arbitration in accordance with the Real Estate Valuation Arbitration Rules of the American Arbitration Association.

**5.6.**    **No Cure or Waiver of Default.** Any application of such amounts or any portion of it to any Indebtedness secured by this Deed of Trust shall not be construed to cure or waive any default or notice of default under this Deed of Trust or invalidate any act done under any such default or notice.

**6.**    **Taxes and Other Sums Due.**  Borrower shall promptly pay, satisfy, and discharge: (a) all Impositions affecting the Mortgaged Property before they become delinquent; (b) such other amounts, chargeable against Borrower or the Mortgaged Property, as Lender reasonably deems necessary to protect and preserve the Mortgaged Property, this Deed of Trust, or Lender's security for the performance of the Obligations; (c) all encumbrances, charges, and liens on the Mortgaged Property, with interest, which in Lender's judgment are, or appear to be, prior or superior to the lien of this Deed of Trust or all costs necessary to obtain protection against such lien or charge by title insurance endorsement or surety company bond; (d) such other charges as Lender deems reasonable for services rendered by Lender at Borrower's request; and (e) all costs, fees, and expenses incurred by Lender in connection with this Deed of Trust, whether or not specified in this Deed of Trust.

On Lender's request, Borrower shall promptly furnish Lender with all notices of sums due for any amounts specified in the preceding clauses 6(a) through (e), and, on payment, with written evidence of such payment. If Borrower fails to promptly make any payment required under this paragraph 6, Lender may (but is not obligated to) make such payment. Borrower shall notify Lender immediately on receipt by Borrower of notice of any increase in the assessed value of the Mortgaged Property and agrees that Lender, in Borrower's name, may (but is not obligated to) contest by appropriate proceedings such increase in assessment. Without Lender's prior written consent, Borrower shall not allow any lien inferior to the lien of this Deed of Trust to be perfected against the Mortgaged Property and shall not permit any improvement bond for any unpaid special assessment to issue.

**7.**    **Leases of Mortgaged Property by Borrower.**  At Lender's request, Borrower shall furnish Lender with executed copies of all Leases of the Mortgaged Property or any portion of it then in force. If Lender so requires, all Leases later entered into by Borrower are subject to Lender's prior review and approval and must be acceptable to

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT         PAGE: 10

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Lender in form and content. Each Lease must specifically provide, inter alia, that (a) it is subordinate to the lien of this Deed of Trust; (b) the tenant attorns to Lender (and Borrower consents to any such attornment), such attornment to be effective on Lender's acquisition of title to the Mortgaged Property; (c) the tenant agrees to execute such further evidence of attornment as Lender may from time to time request; (d) the tenant's attornment shall not be terminated by foreclosure; and (e) Lender, at Lender's option, may accept or reject such attornment. If Borrower learns that any tenant proposes to do, or is doing, any act that may give rise to any right of setoff against rent, Borrower shall immediately (i) take measures reasonably calculated to prevent the accrual of any such right of setoff; (ii) notify Lender of all measures so taken and of the amount of any setoff claimed by any such tenant; and (iii) within 10 days after the accrual of any right of setoff against rent, reimburse any tenant who has acquired such right, in full, or take other measures that will effectively discharge such setoff and ensure that rents subsequently due shall continue to be payable without claim of setoff or deduction.

At Lender's request, Borrower shall assign to Lender, by written instrument satisfactory to Lender, all Leases of the Mortgaged Property, and all security deposits made by tenants in connection with such Leases. On assignment to Lender of any such Lease, Lender shall succeed to all rights and powers of Borrower with respect to such Lease, and Lender, in Lender's sole and absolute discretion, shall have the right to modify, extend, or terminate such Lease and to execute other further leases with respect to the Mortgaged Property that is the subject of such assigned Lease.

**8.    Right to Collect and Receive Rents.** Despite any other provision of this Deed of Trust, Lender grants permission to Borrower to collect and retain the Rents of the Mortgaged Property as they become due and payable; however, such permission to Borrower shall be automatically revoked on default by Borrower in payment of any Indebtedness secured by this Deed of Trust or in the performance of any of the Obligations, and Lender shall have the rights set forth in California Civil Code §2938 regardless of whether declaration of default has been delivered to Trustee as provided in paragraph 21 of this Deed of Trust, and without regard to the adequacy of the security for the Indebtedness secured by this Deed of Trust. Failure of or discontinuance by Lender at any time, or from time to time, to collect any such Rents shall not in any manner affect the subsequent enforcement by Lender at any time, or from time to time, of the right, power, and authority to collect these Rents. The receipt and application by Lender of all such Rents under this Deed of Trust, after execution and delivery of declaration of default and demand for sale as provided in this Deed of Trust or during the pendency of trustee's sale proceedings under this Deed of Trust, shall neither cure such breach or default nor affect such sale proceedings, or any sale made under them, but such Rents, less all costs of operation, maintenance, collection, and Attorney Fees, when received by Lender, may be applied in reduction of the entire Indebtedness from time to time secured by this Deed of Trust, in such order as Lender may decide. Nothing in this Deed of Trust, nor the exercise of Lender's right to collect, nor an assumption by Lender of any tenancy, lease, or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Deed of Trust to, any such tenancy, lease, or option, shall be, or be construed to be, an affirmation by Lender of any tenancy, lease, or option. If the receipt of the Mortgaged Property are not sufficient to meet the costs, if any, of taking control of and managing the Mortgaged Property and collecting the Rents, any funds expended by Lender for such purposes shall become an Indebtedness of Borrower to Lender secured by this Deed of Trust. Unless Lender and Borrower agree in writing to other terms of payment, such amounts shall be payable on notice from Lender to Borrower requesting such payment and shall bear interest from the date of disbursement at the rate stated in the Note unless payment of interest at such rate would be contrary to Governmental Requirements, in which event the amounts shall bear interest at the highest rate that may be collected from Borrower under Governmental Requirements.

Borrower expressly understands and agrees that Lender will have no liability to Borrower or any other person for Lender's failure or inability to collect Rents from the Mortgaged Property or for failing to collect such Rents in an amount that is equal to the fair market rental value of the Mortgaged Property. Borrower understands and agrees that neither the assignment of Rents to Lender nor the exercise by Lender of any of its rights or remedies under this Deed of Trust shall be deemed to make Lender a "mortgagee-in-possession" or otherwise responsible or liable in any manner with respect to the Mortgaged Property or the use, occupancy, enjoyment, or operation of all or any portion of it, unless and until Lender, in person or by agent, assumes actual possession of it. Nor shall appointment of a receiver for the Mortgaged Property by any court at the request of Lender or by agreement with Borrower, or the entering into possession of the Mortgaged Property or any part of it by such receiver be deemed to make Lender a mortgagee-in-possession or otherwise responsible or liable in any manner with respect to the Mortgaged Property or the use, occupancy, enjoyment, or operation of all or any portion of it.

During an Event of Default, any and all Rents collected or received by Borrower shall be accepted and held for Lender in trust and shall not be commingled with Borrower's funds and property but shall be promptly paid over to Lender.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT    **PAGE: 11**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**9.** **Funds for Taxes and Insurance.** If Borrower is in default under this Deed of Trust or any of the Loan Documents, regardless of whether the default has been cured, then Lender may at any subsequent time, at its option to be exercised on 30 days written notice to Borrower, require Borrower to deposit with Lender or its designee, at the time of each payment of an installment of interest or principal under the Note, an additional amount sufficient to discharge the obligations of Borrower under the Note and this Deed of Trust as they become due. The calculation of the amount payable and of the fractional part of it to be deposited with Lender shall be made by Lender in its sole and absolute discretion. These amounts shall be held by Lender or its designee not in trust and not as agent of Borrower and shall not bear interest, and shall be applied to the payment of any of the Obligations under the Loan Documents in such order or priority as Lender shall determine. If at any time within 30 days before the due date of these obligations the amounts then on deposit shall be insufficient to pay the obligations under the Note and this Deed of Trust in full, Borrower shall deposit the amount of the deficiency with Lender within 10 days after Lender's demand. If the amounts deposited are in excess of the actual obligations for which they were deposited, Lender may refund any such excess, or, at its option, may hold the excess in a reserve account, not in trust and not bearing interest, and reduce proportionately the required monthly deposits for the ensuing year. Nothing in this paragraph shall be deemed to affect any right or remedy of Lender under any other provision of this Deed of Trust or under any statute or rule of law to pay any such amount and to add the amount so paid to the Indebtedness secured by this Deed of Trust. Lender shall have no obligation to pay insurance premiums or taxes except to the extent the fund established under this paragraph is sufficient to pay such premiums or taxes, to obtain insurance, or to notify Borrower of any matters relative to the insurance or taxes for which the fund is established under this paragraph.

Lender or its designee shall hold all amounts so deposited as additional security for the sums secured by this Deed of Trust. Lender may, in its sole and absolute discretion and without regard to the adequacy of its security under this Deed of Trust, apply such amounts or any portion of it to any Indebtedness secured by this Deed of Trust, and such application shall not be construed to cure or waive any default or notice of default under this Deed of Trust.

If Lender requires deposits to be made under this paragraph 9, Borrower shall deliver to Lender all tax bills, bond and assessment statements, statements for insurance premiums, and statements for any other obligations referred to above as soon as Borrower receives such documents.

If Lender sells or assigns this Deed of Trust, Lender shall have the right to transfer all amounts deposited under this paragraph 9 to the purchaser or assignee. After such a transfer, Lender shall be relieved and have no further liability under this Deed of Trust for the application of such deposits, and Borrower shall look solely to such purchaser or assignee for such application and for all responsibility relating to such deposits.

**10.** **Assignment of Causes of Action, Awards, and Damages.** All causes of action, and all sums due or payable to Borrower for injury or damage to the Mortgaged Property, or as damages incurred in connection with the transactions in which the Loan secured by this Deed of Trust was made, including, without limitation, causes of action and damages for breach of contract, fraud, concealment, construction defects, or other torts, or compensation for any conveyance in lieu of condemnation, are assigned to Lender, and all proceeds from such causes of action and all such sums shall be paid to Lender for credit against the Indebtedness secured by this Deed of Trust. Borrower shall notify Lender immediately on receipt by Borrower of notice that any such sums have become due or payable and, immediately on receipt of any such sums, shall promptly remit such sums to Lender.

After deducting all expenses, including Attorney Fees, incurred by Lender in recovering or collecting any sums under this paragraph 10, Lender may apply or release the balance of any funds received by it under this paragraph, or any part of such balance, as it elects. Lender, at its option, may appear in and prosecute in its own name any action or proceeding to enforce any cause of action assigned to it under this paragraph and may make any compromise or settlement in such action whatsoever. Borrower covenants that it shall execute and deliver to Lender such further assignments of any such compensation awards, damages, or causes of action as Lender may request from time to time. If Lender fails or does not elect to prosecute any such action or proceeding and Borrower elects to do so, Borrower may conduct the action or proceeding at its own expense and risk.

**11.** **Defense of Deed of Trust; Litigation.** Borrower shall give Lender immediate written notice of any action or proceeding (including, without limitation, any judicial, whether civil, criminal, or probate, or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Mortgaged Property, this Deed of Trust, Lender's security for the performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender or Trustee under the Loan Documents. Despite any other provision of this Deed of Trust, Borrower agrees that Lender or Trustee may (but is not obligated to) commence, appear in,

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 12

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

prosecute, defend, compromise, and settle, in Lender's or Borrower's name, and as attorney-in-fact for Borrower, and incur necessary costs and expenses, including Attorney Fees in so doing, any action or proceeding, whether a civil, criminal, or probate judicial matter, nonjudicial proceeding, arbitration, or other alternative dispute resolution procedure, reasonably necessary to preserve or protect, or affecting or purporting to affect, the Mortgaged Property, this Deed of Trust, Lender's security for performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender or Trustee under the Loan Documents, and that if neither Lender nor Trustee elects to do so, Borrower shall commence, appear in, prosecute, and defend any such action or proceeding. Borrower shall pay all costs and expenses of Lender and Trustee, including costs of evidence of title and Attorney Fees, in any such action or proceeding in which Lender or Trustee may appear or for which legal counsel is sought, whether by virtue of being made a party defendant or otherwise, and whether or not the interest of Lender or Trustee in the Mortgaged Property is directly questioned in such action or proceeding, including, without limitation, any action for the condemnation or partition of all or any portion of the Mortgaged Property and any action brought by Lender to foreclose this Deed of Trust or to enforce any of its terms or provisions.

**12.      Borrower's Failure to Comply With Deed of Trust.** If Borrower fails to make any payment or do any act required by this Deed of Trust, or if there is any action or proceeding (including, without limitation, any judicial or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Mortgaged Property, this Deed of Trust, Lender's security for the performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender or Trustee under the Note or this Deed of Trust, Lender or Trustee may (but is not obligated to) (a) make any such payment or do any such act in such manner and to such extent as either deems necessary to preserve or protect the Mortgaged Property, this Deed of Trust, or Lender's security for the performance of Borrower's Obligations and payment of the Indebtedness, or the rights or powers of Lender or Trustee under the Loan Documents, Lender and Trustee being authorized to enter on the Mortgaged Property for any such purpose; and (b) in exercising any such power, pay necessary expenses, retain attorneys, and pay Attorney Fees incurred in connection with such action, without notice to or demand on Borrower and without releasing Borrower from any Obligations or Indebtedness.

**13.      Sums Advanced to Bear Interest and to Be Secured by Deed of Trust.** At Lender's request, Borrower shall immediately pay any sums advanced or paid by Lender or Trustee under any provision of this Deed of Trust or the other Loan Documents. Until so repaid, all such sums and all other sums payable to Lender or Trustee shall be added to, and become a part of, the Indebtedness secured by this Deed of Trust and bear interest from the date of advancement or payment by Lender or Trustee at the same rate as provided in the Note, unless payment of interest at such rate would be contrary to Governmental Requirements. All sums advanced by Lender under this Deed of Trust or the other Loan Documents, whether or not required to be advanced by Lender under the terms of this Deed of Trust or the other Loan Documents, shall conclusively be deemed to be mandatory advances required to preserve and protect this Deed of Trust and Lender's security for the performance of the Obligations and payment of the Indebtedness, and shall be secured by this Deed of Trust to the same extent and with the same priority as the principal and interest payable under the Note.

**14.      Inspection of Mortgaged Property.** In addition to any rights Lender may have under California Civil Code §2929.5, Lender may make, or authorize other persons, including, but not limited to, appraisers and prospective purchasers at any foreclosure sale commenced by Lender, to enter on or inspect the Mortgaged Property at reasonable times and for reasonable durations. Borrower shall permit all such entries and inspections to be made as long as Lender has given Borrower written notice of such inspection at least 24 hours before the entry and inspection.

**15.      Financial Statements; Estoppel Certificates.**
**15.1.      Borrower's Financial Statements.** On receipt of Lender's written request and without expense to Lender, Borrower shall furnish to Lender (a) an annual statement of the operation of the Mortgaged Property prepared and certified by Borrower, showing in reasonable detail satisfactory to Lender total Rents received and total expenses together with an annual balance sheet and profit and loss statement, within 90 days after the close of each fiscal year of Borrower, beginning with the fiscal year first ending after the date of recordation of this Deed of Trust; (b) within 30 days after the end of each calendar quarter (March 31, June 30, September 30, December 31) interim statements of the operation of the Mortgaged Property showing in reasonable detail satisfactory to Lender total Rents and other income and receipts received and total expenses for the previous quarter, certified by Borrower; and (c) copies of

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 13

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Borrower's annual state and federal income tax returns within 30 days after filing them. Borrower shall keep accurate books and records, and allow Lender, its representatives and agents, on notice, at any time during normal business hours, access to such books and records regarding acquisition, construction, and development of the Mortgaged Property, including any supporting or related vouchers or papers, shall allow Lender to make extracts or copies of any such papers, and shall furnish to Lender and its agents convenient facilities for the audit of any such statements, books, and records.

**15.2.    Recordkeeping.** Borrower shall keep adequate records and books of account in accordance with generally accepted accounting principles and practices and shall permit Lender, by its agents, accountants, and attorneys, to examine Borrower's records and books of account and to discuss the affairs, finances, and accounts of Borrower with the officers of Borrower, at such reasonable times as Lender may request.

**15.3.    Guarantors' Financial Statements.** Except to the extent already required by paragraph 15.1, Borrower, its controlling shareholders, and all guarantors of the Indebtedness, if any, shall deliver to Lender with reasonable promptness after the close of their respective fiscal years a balance sheet and profit and loss statement, prepared by an independent certified public accountant satisfactory to Lender, setting forth in each case, in comparative form, figures for the preceding year, which statements shall be accompanied by the unqualified opinion of such accountant as to their accuracy. Throughout the term of this Deed of Trust, Borrower and any guarantor shall deliver, with reasonable promptness, to Lender such other information with respect to Borrower or guarantor as Lender may from time to time request. All financial statements of Borrower or guarantor shall be prepared in accordance with generally accepted accounting principles and practices applied on a consistent basis and shall be delivered in duplicate. Documents and information submitted by Borrower to Lender are submitted confidentially, and Lender shall not disclose them to third parties and shall limit access to them to what is necessary to service the loan, accomplish the normal administrative, accounting, tax-reporting, and other necessary functions, to sell all or any part of the loan and to report such information as required to the Comptroller of the Currency, the Federal Deposit Insurance Corporation, the Internal Revenue Service, and similar entities.

**15.4.    Estoppel Certificates.** Within 10 days after Lender's request for such information, Borrower shall execute and deliver to Lender, and to any third party designated by Lender, in recordable form, a certificate of the principal financial or accounting officer of Borrower, dated within 3 days after delivery of such statements, or the date of such request, as the case may be, reciting that the Loan Documents are unmodified and in full force and effect, or that the Loan Documents are in full force and effect as modified and specifying all modifications asserted by Borrower. Such certificate shall also recite the amount of the Indebtedness and cover other matters with respect to the Indebtedness or Obligations as Lender may reasonably require, the date(s) through which payments due on the Indebtedness have been paid and the amount(s) of any payments previously made on the Indebtedness. The certificate shall include a detailed statement of any right of setoff, counterclaim, or other defense that Borrower contends exists against the Indebtedness or the Obligations; a statement that such person knows of no Event of Default or prospective Event of Default that has occurred and is continuing, or, if any Event of Default or prospective Event of Default has occurred and is continuing, a statement specifying the nature and period of its existence and what action Borrower has taken or proposes to take with respect to such matter; and, except as otherwise specified, a statement that Borrower has fulfilled all Obligations that are required to be fulfilled on or before the date of such certificate.

**15.5.    Failure to Deliver Estoppel Certificate.** If Borrower fails to execute and deliver the certificate required by paragraph 15.4 within such 10-day period, (a) the Loan Documents shall, as to Borrower, conclusively be deemed to be either in full force and effect, without modification, or in full force and effect, modified in the manner and to the extent specified by Lender, whichever Lender reasonably and in good faith may represent; (b) the Indebtedness shall, as to Borrower, conclusively be deemed to be in the amount specified by Lender and no setoffs, counterclaims, or other defenses exist against the Indebtedness; and (c) Borrower shall conclusively be deemed to have irrevocably constituted and appointed Lender as Borrower's special attorney-in-fact to execute and deliver such certificate to any third party.

**15.6.    Reliance on Estoppel Certificate.** Borrower and Lender expressly agree that any certificate executed and delivered by Borrower, or any representation in lieu of a certificate made by Lender under paragraph 15.5, may be relied on by any prospective purchaser or any prospective assignee of any interest of Lender in the Note and other Indebtedness secured by this Deed of Trust or in the Mortgaged Property, and by any other person, without independent investigation or examination, to verify the accuracy, reasonableness, or good faith of the recitals in the certificate or representation.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT        PAGE: 14

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**15.7.** **No Waiver of Default or Rights.** Lender's exercise of any right or remedy provided by this paragraph 15 shall not constitute a waiver of, or operate to cure, any default by Borrower under this Deed of Trust, or preclude any other right or remedy that is otherwise available to Lender under this Deed of Trust or Governmental Requirements.

**16.** **Uniform Commercial Code Security Agreement.** This Deed of Trust is intended to be and shall constitute a security agreement under the California Uniform Commercial Code for any of the Personalty specified as part of the Mortgaged Property that, under Governmental Requirements, may be subject to a security interest under the California Uniform Commercial Code, and Borrower grants to Lender a security interest in those items. Borrower authorizes Lender to file financing statements in all states, counties, and other jurisdictions as Lender may elect, without Borrower's signature if permitted by law. Borrower agrees that Lender may file this Deed of Trust, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State of the State of California and such other states as the Lender may elect, as a financing statement for any of the items specified above as part of the Mortgaged Property. Any reproduction of this Deed of Trust or executed duplicate original of this Deed of Trust, or a copy certified by a County Recorder in the State of California, or of any other security agreement or financing statement, shall be sufficient as a financing statement. In addition, Borrower agrees to execute and deliver to Lender, at Lender's request, any UCC financing statements, as well as any extensions, renewals, and amendments, and copies of this Deed of Trust in such form as Lender may require to perfect a security interest with respect to the Personalty. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Lender may reasonably require. Without the prior written consent of Lender, Borrower shall not create or suffer to be created any other security interest in the items, including any replacements and additions.

On any Event of Default, Lender shall have the remedies of a secured party under the California Uniform Commercial Code and, at Lender's option, may also invoke the remedies in paragraph 21 of this Deed of Trust as to such items. In exercising any of these remedies, Lender may proceed against the items of Mortgaged Property and any items of Personalty separately or together and in any order whatsoever, without in any way affecting the availability of Lender's remedies under the California Uniform Commercial Code or of the remedies in paragraph 21 of this Deed of Trust.

**17.** **Fixture Filing.** This Deed of Trust constitutes a financing statement filed as a fixture filing under California Commercial Code §9502(c), as amended or recodified from time to time, covering any portion of the Mortgaged Property that now is or later may become a fixture attached to the Mortgaged Property or to any Improvement.

**18.** **Waiver of Statute of Limitations.** Borrower waives the right to assert any statute of limitations as a defense to the Loan Documents and the Obligations secured by this Deed of Trust, to the fullest extent permitted by Governmental Requirements.

**19.** **Events of Default.** The term Event of Default as used in this Deed of Trust means the occurrence or happening, at any time and from time to time, of any one or more of the following:

**19.1.** **Payment of Indebtedness.** Borrower fails to pay any installment of interest and/or principal under the Note or any other Indebtedness when due and such failure continues for more than 10 days after the date such payment was due and payable whether on maturity, the date stipulated in any Loan Document, by acceleration, or otherwise.

**19.2.** **Performance of Obligations.** The failure, refusal, or neglect to perform and discharge fully and timely any of the Obligations as and when required.

**19.3.** **Judgment.** If any final judgment, order, or decree is rendered against Borrower or a guarantor and is not paid or executed on, or is not stayed by perfection of an appeal or other appropriate action, such as being bonded, or is not otherwise satisfied or disposed of to Lender's satisfaction within 30 days after entry of the judgment, order, or decree.

**19.4.** **Voluntary Bankruptcy.** If Borrower or any guarantor (a) seeks entry of an order for relief as a debtor in a proceeding under the Bankruptcy Code; (b) seeks, consents to, or does not contest the appointment of a receiver or trustee for itself or for all or any part of its property; (c) files a petition seeking relief under the bankruptcy, arrangement, reorganization, or other debtor relief laws of the United States or any state or any other competent jurisdiction; (d) makes a general assignment for the benefit of its creditors; or (e) states in writing its inability to pay its debts as they mature.

**19.5.** **Involuntary Bankruptcy.** If (a) a petition is filed against Borrower or any guarantor seeking relief under any bankruptcy, arrangement, reorganization, or other debtor relief laws of the United States or any state or other

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT    PAGE: 15

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

competent jurisdiction; or (b) a court of competent jurisdiction enters an order, judgment, or decree appointing, without the consent of Borrower or any guarantor, a receiver or trustee for it, or for all or any part of its property; and (c) such petition, order, judgment, or decree is not discharged or stayed within 90 days after its entry.

**19.6.** **Foreclosure of Other Liens.** If the holder of any lien or security interest on the Mortgaged Property (without implying Lender's consent to the existence, placing, creating, or permitting of any lien or security interest) institutes foreclosure or other proceedings to enforce its remedies thereunder and any such proceedings are not stayed or discharged within 60 days after institution of such foreclosure proceedings.

**19.7.** **Sale, Lease, Encumbrance, or Other Transfer.** Any sale, lease, exchange, assignment, conveyance, encumbrance (other than a Permitted Encumbrance), transfer of possession, or other disposition of all or any portion of the Land or Improvements or any of Borrower's interest in the Land or Improvement without Lender's prior written consent, or any sale, lease, exchange, assignment, conveyance, encumbrance (other than a Permitted Encumbrance), or other disposition of any portion of the Personalty, without Lender's prior written consent.

**19.8.** **Title and Lien Priority.** If Borrower's title to any or all of the Mortgaged Property or the status of this Deed of Trust as a first and prior lien and security interest on the Mortgaged Property is endangered in any manner, and Borrower fails to cure the same on Lender's demand; provided, however, that Borrower shall not be in default under this paragraph if Borrower is diligently pursuing a contest or cure of such title or lien issue and Borrower has posted adequate security to protect Lender's rights, interest, and priority under this Deed of Trust, as determined by Lender.

**19.9.** **Other Defaults.** The occurrence of an Event of Default or any default, as defined or described in the other Loan Documents, or the occurrence of a default on any Indebtedness or Obligations.

**19.10.** **Levy on Assets.** A levy on any of the assets of Borrower or any guarantor, and such levy is not stayed or abated within 60 days after such levy.

**19.11.** **Breach of Representations.** The breach of any representation, warranty, or covenant in this Deed of Trust or other Loan Documents.

**19.12.** **Default Under Prior Deed of Trust, Security Instrument, or Lien.** The failure to pay on a timely basis, or the occurrence of any other default under any note, deed of trust, contract of sale, lien, charge, encumbrance, or security interest encumbering or affecting the Mortgaged Property and having priority over the lien of this Deed of Trust.

## 20. Acceleration on Transfer or Encumbrance.

**20.1.** **Acceleration on Transfer or Encumbrance of Mortgaged Property.** If Borrower sells, contracts to sell, gives an option to purchase, conveys, leases with an option to purchase, encumbers, or alienates the Mortgaged Property, or any interest in it, or suffers its title to, or any interest in, the Mortgaged Property to be divested, whether voluntarily or involuntarily; or if there is a sale or transfer of beneficial interests in Borrower equal to 25 percent or more of the beneficial ownership interests of Borrower outstanding at the date of this Deed of Trust; or if Borrower changes or permits to be changed the character or use of the Mortgaged Property, or drills or extracts or enters into any lease for the drilling or extracting of oil, gas, or other hydrocarbon substances or any mineral of any kind or character on the Mortgaged Property; or if title to such Mortgaged Property becomes subject to any lien or charge, voluntary or involuntary, contractual or statutory, without Lender's prior written consent, then Lender, at Lender's option, may, without prior notice, declare all sums secured by this Deed of Trust, regardless of their stated due date(s), immediately due and payable and may exercise all rights and remedies in this Deed of Trust, including those in paragraph 21.

**20.2.** **Replacement Personalty.** Despite the provisions of paragraph 20.1, Borrower may from time to time replace Personalty constituting a part of the Mortgaged Property, as long as (a) the replacements for such Personalty are of equivalent value and quality; (b) Borrower has good and clear title to such replacement Personalty free and clear of any and all liens, encumbrances, security interests, ownership interests, claims of title (contingent or otherwise), or charges of any kind, or the rights of any conditional sellers, vendors, or any other third parties in or to such replacement Personalty have been expressly subordinated to the lien of the Deed of Trust in a manner satisfactory to Lender and at no cost to Lender; and (c) at Lender's option, Borrower provides at no cost to Lender satisfactory evidence that the Deed of Trust constitutes a valid and subsisting lien on and security interest in such replacement Personalty of the same priority as this Deed of Trust has on the Mortgaged Property and is not subject to being subordinated or its priority affected under any Governmental Requirements, including §9334 of the California Commercial Code.

**20.3.** **Permitted Encumbrances.** If Lender consents in writing, which consent may not be unreasonably withheld, the due-on-encumbrance provision set forth in paragraph 20.1 shall not apply to a junior voluntary deed of trust or mortgage lien in favor of another lender encumbering the Mortgaged Property (the principal balance of any such junior

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**      **PAGE: 16**

© 2024 CoreLogic. All rights reserved

Document Images

encumbrance shall be added to the principal balance of the Indebtedness for purposes of determining compliance with the financial covenants of the Note); as long as Borrower gives Lender at least 30 days written notice of the further encumbrance and reimburses Lender for all out-of-pocket costs and expenses incurred in connection with such encumbrance.

**21.    Acceleration and Sale on Default.** If an Event of Default occurs, Lender, at its option, in addition to other remedies provided at law, may declare all sums secured by this Deed of Trust immediately due and payable by delivering to Trustee a written affidavit or declaration of default and demand for sale, executed by Lender and reciting facts demonstrating such default by Borrower, together with a written notice of default and election to sell the Mortgaged Property. Lender shall also deposit with Trustee the Note, this Deed of Trust, and documents evidencing any additional advances or expenditures secured by this Deed of Trust. On receipt by Trustee of such affidavit or declaration of default and such notice of default and election to sell, Trustee shall accept such election to sell as true and conclusive of all facts and statements in such affidavit or declaration of default and shall cause such notice of default and election to sell to be recorded as required by Governmental Requirements. On the expiration of such period as may then be required by Governmental Requirements following recordation of such notice of default, and after notice of sale has been given in the manner and for the period required by Governmental Requirement, Trustee, without demand on Borrower, shall sell the Mortgaged Property at the time and place fixed in such notice of sale, either in whole or in separate parcels, and in such order as Trustee may determine or Lender may direct (Borrower waives any right it may have under Governmental Requirements to direct the order of sale), at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale; provided, however, that Lender may offset its bid at such sale to the extent of the full amount owed to Lender under the Loan Documents, including, without limitation, Trustee's fees, expenses of sale, and costs, expenses, and Attorney Fees incurred by or on behalf of Lender in connection with collecting, litigating, or otherwise enforcing any right under the Loan Documents. Trustee may postpone the sale of all or any portion of the Mortgaged Property by public announcement made at the initial time and place of sale, and from time to time later by public announcement made at the time and place of sale fixed by the preceding postponement. Trustee shall deliver to the purchaser at such public auction its deed conveying the Mortgaged Property sold, but without any covenant or warranty, express or implied. The recital in such deed of any matter of fact concerning notices shall be conclusive proof of its truthfulness. Any person, including Borrower, Trustee, or Lender, may purchase at such sale.

The proceeds or avails of any sale made under or by virtue of this Deed of Trust, together with any other sums secured by this Deed of Trust, which then may be held by the Trustee or Lender or any other person, shall be applied as follows:  (1) To the payment of the costs and expenses of such sale, including Trustee's fees, costs of title evidence, Attorney Fees, and reasonable compensation to Lender and its agents and consultants, and of any judicial proceedings in which the same costs and expenses of sale may be made, and of all expenses, liabilities, and advances made or incurred by the Trustee or Lender under this Deed of Trust, together with interest at the rate set forth in the Note on all advances made by the Trustee or Lender and all taxes or assessments, except any taxes, assessments, or other charges subject to which the Mortgaged Property was sold; (2) to the payment of the whole amount then due, owing, or unpaid on the Note for interest and principal, with interest on the unpaid principal at the Default Rate (as defined in the Note), from the due date of any such payment of principal until the same is paid; (3) to the payment of any other Indebtedness required to be paid by Borrower under any provision of this Deed of Trust, the Note, or any of the other Loan Documents; and (4) to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive it.

**22.    Obligation to Notify Lender of Bankruptcy, Insolvency, Transfer, or Encumbrance.** Borrower shall notify Lender in writing, at or before the time of the occurrence of any event described in paragraphs 19 and 20 of this Deed of Trust, of such event and shall promptly furnish Lender with any and all information on such event that Lender may request.

**23.    Waiver of Marshaling.** Despite the existence of interests in the Mortgaged Property other than that created by this Deed of Trust, and despite any other provision of this Deed of Trust, if Borrower defaults in paying the Indebtedness or in performing any Obligations, Lender shall have the right, in Lender's sole and absolute discretion, to establish the order in which the Mortgaged Property will be subjected to the remedies provided in this Deed of Trust and to establish the order in which all or any part of the Indebtedness secured by this Deed of Trust is satisfied from the proceeds realized on the exercise of the remedies provided in this Deed of Trust. Borrower and any person who now has or later acquires any interest in the Mortgaged Property with actual or constructive notice of this Deed of

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 17

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Trust waives any and all rights to require a marshaling of assets in connection with the exercise of any of the remedies provided in this Deed of Trust or otherwise provided by Governmental Requirements.

**24.** **Environmental Matters.**

**24.1.** **Borrower's Representations and Warranties.** Borrower represents and warrants to Lender that:

**24.1.1.** The Mortgaged Property and Borrower are not in violation of any Environmental Laws or subject to any existing, pending, or threatened investigation by any Governmental Authority under any Environmental Laws.

**24.1.2.** Borrower has not obtained and is not required by any Environmental Laws to obtain any permits or licenses to construct or use the Mortgaged Property or the Improvements.

**24.1.3.** Borrower has conducted an appropriate inquiry into previous uses and ownership of the Mortgaged Property, and after such inquiry determined that no Hazardous Substance has been disposed of, transported, or released on or at the Mortgaged Property.

**24.1.4.** No part of the Mortgaged Property is being used or, to the knowledge of Borrower, has been used at any previous time, for the disposal, storage, treatment, processing, transporting, or other handling of Hazardous Substances, nor is any part of the Mortgaged Property affected by any Hazardous Substance contamination.

**24.1.5.** To the best of Borrower's knowledge and belief, no real property adjoining the Mortgaged Property is being used, or has ever been used at any previous time, for the disposal, storage, treatment, processing, or other handling of Hazardous Substances, nor is any other real property adjoining the Mortgaged Property affected by Hazardous Substances contamination.

**24.1.6.** No investigation, administrative order, consent order or agreement, litigation, or settlement with respect to Hazardous Substances or Hazardous Substances contamination is proposed, threatened, anticipated, or in existence regarding the Mortgaged Property. The Mortgaged Property is not currently on, and to Borrower's knowledge, after diligent investigation and inquiry, has never been on, any federal or state "Superfund" or "Superlien" list.

**24.1.7.** Neither Borrower nor, to the best of Borrower's knowledge and belief, any tenant of any portion of the Mortgaged Property has received any notice from any Governmental Authority regarding any violation of any Environmental Laws.

**24.1.8.** The use that Borrower makes and intends to make of the Mortgaged Property shall not result in the disposal or release of any Hazardous Substances on, in, or to the Mortgaged Property.

**24.1.9.** Borrower shall not cause any violation of any Environmental Laws, nor permit any tenant of any portion of the Mortgaged Property to cause such a violation, nor permit any environmental liens to be placed on any portion of the Mortgaged Property.

**24.1.10.** Neither Borrower nor any third party shall use, generate, manufacture, store, release, discharge, or dispose of any Hazardous Substance on, under, or about the Mortgaged Property, or transport any Hazardous Substance to or from the Mortgaged Property.

**24.2.** **Survival of Representations and Warranties.** The foregoing representations and warranties shall be continuing and shall be true and correct for the period from the date of this instrument to the release of this Deed of Trust (whether by payment of the Indebtedness secured by this Deed of Trust or foreclosure or action in lieu of foreclosure), and these representations and warranties shall survive such release.

**24.3.** **Notice to Lender.** Borrower shall give prompt written notice to Lender of:

**24.3.1.** Any proceeding or inquiry by any Governmental Authority (including, without limitation, the California State Department of Health Services) regarding the presence or threatened presence of any Hazardous Substance on the Mortgaged Property;

**24.3.2.** All claims made or threatened by any third party against Borrower or the Mortgaged Property relating to any loss or injury resulting from any Hazardous Substance;

**24.3.3.** Any notice given to Borrower under California Civil Code §851(b); and

**24.3.4.** Borrower's discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Mortgaged Property that could cause it or any part of it to be subject to any restrictions on the ownership, occupancy, transferability, or use of the Mortgaged Property under any Environmental Laws.

**24.4.** **Lender's Right to Join Legal Actions.** Lender shall have the right, at its option, but at Borrower's sole cost and expense, to join and participate in, as a party if it so elects, any legal proceedings or actions initiated by or against Borrower or the Mortgaged Property in connection with any Environmental Laws.

**24.5.** **Borrower's Indemnity.** Borrower shall indemnify, defend, and hold harmless Lender, its directors, officers, employees, agents, successors, and assigns from and against any loss, damage, cost, expense, or liability directly or indirectly arising from or attributable to the use, generation, manufacture, production, storage, release, threatened

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT        PAGE: 18

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

release, discharge, disposal, or presence of a Hazardous Substance on, under, or about the Mortgaged Property, or any order, consent decree, or settlement relating to the cleanup of a Hazardous Substance, or any claims of loss, damage, liability, expense, or injury relating to or arising from, directly or indirectly, any disclosure by Lender to anyone of information, whether true or not, relative to a Hazardous Substance or Environmental Law violation, including, without limitation, Attorney Fees. This indemnity shall survive the release of this Deed of Trust (whether by payment of the Indebtedness secured by this Deed of Trust or foreclosure or action in lieu of foreclosure).

**25.     Trustee.**  The Trustee shall be deemed to have accepted the terms of this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. The Trustee shall not be obligated to notify any party to this Deed of Trust of any pending sale under any other deed of trust or of any action or proceeding in which Borrower, Lender, or Trustee is a party, unless such sale relates to or reasonably might affect the Mortgaged Property, this Deed of Trust, Lender's security for the payment of the Indebtedness and the performance of the Obligations, or the rights or powers of Lender or Trustee under the Loan Documents, or unless such action or proceeding has been instituted by Trustee against the Mortgaged Property, Borrower, or Lender.

**26.     Power of Trustee to Reconvey or Consent.**  At any time, without liability and without notice to Borrower, on Lender's written request and presentation of the Note and this Deed of Trust to Trustee for endorsement, and without altering or affecting (a) the personal liability of Borrower or any other person for the payment of the Indebtedness secured by this Deed of Trust, or (b) the lien of this Deed of Trust on the remainder of the Mortgaged Property as security for the repayment of the full amount of the Indebtedness then or later secured by this Deed of Trust, (c) or any right or power of Lender or Trustee with respect to the remainder of the Mortgaged Property, Trustee may (i) reconvey or release any part of the Mortgaged Property from the lien of this Deed of Trust; (ii) approve the preparation or filing of any map or plat of the Mortgaged Property; (iii) join in the granting of any easement burdening the Mortgaged Property; or (iv) enter into any extension or subordination agreement affecting the Mortgaged Property or the lien of this Deed of Trust.

**27.     Duty to Reconvey.**  On Lender's written request reciting that all sums secured hereby have been paid, surrender of the Note and this Deed of Trust to Trustee for cancellation and retention by Trustee, and payment by Borrower of any reconveyance fees customarily charged by Trustee, Trustee shall reconvey, without warranty, the Mortgaged Property then held by Trustee under this Deed of Trust. The recitals in such reconveyance of any matters of fact shall be conclusive proof of their truthfulness. The grantee in such reconveyance may be described as "the person or persons legally entitled to the Mortgaged Property." Such request and reconveyance shall operate as a reassignment of the Rents assigned to Lender in this Deed of Trust.

**28.     Substitution of Trustee.**  Lender, at Lender's option, may from time to time, by written instrument, substitute a successor or successors to any Trustee named in or acting under this Deed of Trust, which instrument, when executed and acknowledged by Lender and recorded in the office of the Recorder of the county or counties in which the Mortgaged Property is located, shall constitute conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the predecessor Trustee, succeed to all right, title, estate, powers, and duties of such predecessor Trustee, including, without limitation, the power to reconvey the Mortgaged Property. To be effective, the instrument must contain the names of the original Borrower, Trustee, and Lender under this Deed of Trust, the book and page or instrument or document number at which, and the county or counties in which, this Deed of Trust is recorded, and the name and address of the substitute Trustee. If any notice of default has been recorded under this Deed of Trust, this power of substitution cannot be exercised until all costs, fees, and expenses of the then acting Trustee have been paid. On such payment, the then acting Trustee shall endorse receipt of the payment on the instrument of substitution. The procedure provided in this paragraph for substitution of Trustees is not exclusive of other provisions for substitution provided by Governmental Requirements.

**29.     No Waiver by Lender.**  No waiver by Lender of any right or remedy provided by the Loan Documents or Governmental Requirements shall be effective unless such waiver is in writing and signed by two authorized officers of Lender. Waiver by Lender of any right or remedy granted to Lender under the Loan Documents or Governmental Requirements as to any transaction or occurrence shall not be deemed a waiver of any future transaction or occurrence. The acceptance of payment of any sum secured by this Deed of Trust after its due date, or the payment by Lender of any Indebtedness or the performance by Borrower of any Obligations of Borrower under the Loan Documents, on

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**          **PAGE: 19**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Case 2:24-bk-13887-NB    Doc 27-3    Filed 07/08/24    Entered 07/08/24 21:07:40    Desc
Declaration of Marina Fineman In Support of Sandra Cristobals Motion For    Page 50 of 156

Document Images

Borrower's failure to do so, or the addition of any payment so made by Lender to the Indebtedness secured by this Deed of Trust, or the exercise of Lender's right to enter the Mortgaged Property and receive and collect the Rents from it, or the assertion by Lender of any other right or remedy under the Loan Documents, shall not constitute a waiver of Lender's right to require prompt performance of all other Obligations of Borrower under the Loan Documents and payment of the Indebtedness, or to exercise any other right or remedy under the Loan Documents for any failure by Borrower to timely and fully pay the Indebtedness and perform its Obligations under the Loan Documents. Lender may waive any right or remedy under the Loan Documents or Governmental Requirements without notice to or consent from Borrower, any guarantor of the Indebtedness and of Borrower's Obligations under the Loan Documents, or any holder or claimant of a lien or other interest in the Mortgaged Property that is junior to the lien of this Deed of Trust, and without incurring liability to Borrower or any other person by so doing.

30.     **Consents and Modifications; Borrower and Lien Not Released.**  Despite Borrower's default in the payment of any Indebtedness secured by this Deed of Trust or in the performance of any Obligations under this Deed of Trust or Borrower's breach of any obligation, covenant, or agreement in the Loan Documents, Lender, at Lender's option, without notice to or consent from Borrower, any guarantor of the Indebtedness and of Borrower's Obligations under the Loan Documents, or any holder or claimant of a lien or interest in the Mortgaged Property that is junior to the lien of this Deed of Trust, and without incurring liability to Borrower or any other person by so doing, may from time to time (a) extend the time for payment of all or any portion of Borrower's Indebtedness under the Loan Documents; (b) accept a renewal note or notes, or release any person from liability, for all or any portion of such Indebtedness; (c) agree with Borrower to modify the terms and conditions of payment under the Loan Documents; (d) reduce the amount of the monthly installments due under paragraph 9 of this Deed of Trust; (e) reconvey or release other or additional security for the repayment of Borrower's Indebtedness under the Loan Documents; (f) approve the preparation or filing of any map or plat with respect to the Mortgaged Property; (g) enter into any extension or subordination agreement affecting the Mortgaged Property or the lien of this Deed of Trust; and (h) agree with Borrower to modify the term, the rate of interest, or the period of amortization of the Note or alter the amount of the monthly installments payable under the Note. No action taken by Lender under this paragraph shall be effective unless it is in writing, subscribed by Lender, and, except as expressly stated in such writing, no such action will impair or affect (i) Borrower's obligation to pay the Indebtedness secured by this Deed of Trust and to observe all Obligations of Borrower contained in the Loan Documents; (ii) the guaranty of any Person of the payment of the Indebtedness secured by this Deed of Trust; or (iii) the lien or priority of the lien of this Deed of Trust. At Lender's request, Borrower shall promptly pay Lender a reasonable service charge, together with all insurance premiums and Attorney Fees as Lender may have advanced, for any action taken by Lender under this paragraph.
Whenever Lender's consent or approval is specified as a condition of any provision of this Deed of Trust, such consent or approval shall not be effective unless such consent or approval is in writing, signed by two authorized officers of Lender.

31.     **Waiver of Right of Offset.**  No portion of the Indebtedness secured by this Deed of Trust shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Borrower may have or claim to have against Lender. Borrower hereby waives, to the fullest extent permitted by Governmental Requirements, the benefits of California Code of Civil Procedure section 431.70, which provides:

Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred by the statute of limitations when enforcement of the judgment is barred under Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9.

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**         **PAGE: 20**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

**32.     Future Advances.**  On request by Borrower, Lender, at Lender's option, may make future advances to Borrower. All such future advances, with interest, shall be added to and become a part of the Indebtedness secured by this Deed of Trust when evidenced by promissory notes reciting that such note(s) are secured by this Deed of Trust.

**33.     Prepayment.**  If the Note secured by this Deed of Trust provides for a fee or charge as consideration for the acceptance of prepayment of principal, Borrower agrees to pay said fee or charge if the Indebtedness or any part of it shall be paid, whether voluntarily or involuntarily, before the due date stated in the Note, even if Borrower has defaulted in payment or in the performance of any agreement under this Deed of Trust and Lender, for that reason or by reason of paragraphs 20 and 21 of this Deed of Trust, shall have declared all sums secured by this Deed of Trust immediately due and payable.

**34.     Additional Borrower Representations.**  To induce Lender to enter into this Deed of Trust, the Note, and the other Loan Documents and to make the Loan, Borrower makes the following representations and warranties, which are deemed made as of both the date and the recordation of this Deed of Trust:

**34.1.     Capacity.**  Borrower and the individuals executing Loan Documents on Borrower's behalf have the full power, authority, and legal right to execute and deliver, and to perform and observe the provisions of this Deed of Trust, the Note, the other Loan Documents, and any other document, agreement, certificate, or instrument executed in connection with the Loan, and to carry out the contemplated transactions.

**34.2.     Authority and Enforceability.**  Borrower's execution, delivery, and performance of this Deed of Trust, the Note, the other Loan Documents, and any other document, agreement, certificate or instrument executed in connection with the Loan have been duly authorized by all necessary corporate or other business entity action and do not and shall not require any registration with, consent, or approval of, notice to, or any action by any Person or Governmental Authority. Borrower has obtained or will obtain on or before the recordation of this Deed of Trust all necessary Governmental Authority and other approvals necessary for Borrower to comply with the Loan Documents. This Deed of Trust, the Note, and the other Loan Documents executed in connection with the Loan, when executed and delivered by Borrower, shall constitute the legal, valid, binding, and joint and several obligations of Borrower enforceable in accordance with their respective terms.

**34.3.     Compliance With Other Instruments.**  The execution and delivery of this Deed of Trust and the other Loan Documents, and compliance with their respective terms, and the issuance of the Note and other Loan Documents as contemplated in this Deed of Trust, shall not result in a breach of any of the terms or conditions of, or result in the imposition of, any lien, charge, or encumbrance (except as created by this Deed of Trust and the other Loan Documents) on any properties of Borrower, or constitute a default (with due notice or lapse of time or both) or result in an occurrence of an event for which any holder or holders of indebtedness may declare the same due and payable under, any indenture, agreement, order, judgment, or instrument to which Borrower is a party or by which Borrower or its properties may be bound or affected.

**34.4.     Compliance With Law.**  The execution and delivery of this Deed of Trust, the Note, and the other Loan Documents, or any other document, agreement, certificate, or instrument to which Borrower is bound in connection with the Loan, do not conflict with, result in a breach or default under, or create any lien or charge under any provision of any Governmental Requirements to which it is subject and shall not violate any of the Governmental Requirements.

**34.5.     Material Adverse Events.**  Since the date of the financial statements delivered to Lender before recordation of this Deed of Trust, neither the condition (financial or otherwise) nor the business of Borrower and the Mortgaged Property have been materially adversely affected in any way.

**34.6.     Litigation.**  There are no actions, suits, investigations, or proceedings pending or, to Borrower's knowledge after due inquiry and investigation, threatened against or affecting Borrower at law or in equity, before or by any Person or Governmental Authority, that, if adversely determined, would have a material adverse effect on the business, properties, or condition (financial or otherwise) of Borrower or on the validity or enforceability of this Deed of Trust, any of the other Loan Documents, or the ability of Borrower to perform under any of the Loan Documents.

**34.7.     No Untrue Statements.**  All statements, representations, and warranties made by Borrower in this Deed of Trust or any other Loan Document and any other agreement, document, certificate, or instrument previously furnished or to be furnished by Borrower to Lender under the Loan Documents (a) are and shall be true, correct, and complete in all material respects at the time they were made and on and as of the recordation of this Deed of Trust, (b) do not and shall not contain any untrue statement of a material fact, and (c) do not and shall not omit to state a material fact necessary to make the information in them neither misleading nor incomplete. Borrower understands that all such

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 21**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

statements, representations, and warranties shall be deemed to have been relied on by Lender as a material inducement to make the Loan.

**34.8.** **Policies of Insurance.** Each copy of the insurance policies relating to the Mortgaged Property delivered to Lender by Borrower (a) is a true, correct, and complete copy of the respective original policy in effect on the date of this Deed of Trust, and no amendments or modifications of said documents or instruments not included in such copies have been made, except as stated in this paragraph 34.8 and (b) has not been terminated and is in full force and effect. Borrower is not in default in the observance or performance of its material obligations under said documents or instruments and Borrower has done all things required to be done as of the date of this Deed of Trust to keep unimpaired its rights thereunder.

**34.9.** **Financial Statements.** All financial statements furnished to Lender are true and correct in all material respects, are prepared in accordance with generally accepted accounting principles, and do not omit any material fact the omission of which makes such statement or statements misleading. There are no facts that have not been disclosed to Lender by Borrower in writing that materially or adversely affect or could potentially in the future affect the Mortgaged Property or the business prospects, profits, or condition (financial or otherwise) of Borrower or any guarantor or Borrower's abilities to perform the Obligations and pay the Indebtedness.

**34.10.** **Water Rights.** (a) Borrower is the sole owner of record of the Water Rights; (b) the Water Rights are appurtenant to the Mortgaged Property and are free and clear of all liens and encumbrances except as set forth in the title report described in paragraph 1.22; (c) the Water Rights are sufficient to satisfy all water requirements of the development of the Mortgaged Property as presently contemplated; (d) the Water Rights include all water rights appurtenant to the Mortgaged Property; (e) Borrower has received a water service commitment from the applicable local water district, guaranteeing water service for the Mortgaged Property in an amount necessary to satisfy the requirements for such property in its currently contemplated final state of development; and (f) on recordation of this Deed of Trust with the county recorder, Lender shall have a valid, first priority, perfected security interest in the Water Rights.

**34.11.** **Taxes.** Borrower has filed or caused to be filed all tax returns that are required to be filed by Borrower under the Governmental Requirements of each Governmental Authority with taxing power over Borrower, and Borrower has paid, or made provision for the payment of, all taxes, assessments, fees, and other governmental charges that have or may have become due under said returns, or otherwise, or under any assessment received by Borrower except that such taxes, if any, as are being contested in good faith and as to which adequate reserves (determined in accordance with generally accepted accounting principles) have been provided.

**34.12.** **Leases.** If the Mortgaged Property includes a leasehold estate, Borrower has not and shall not surrender, terminate, cancel, waive, accept waiver, change, supplement, grant subleases of, alter, surrender, or amend, and shall comply with all terms, covenants, and conditions in the Leasehold.

**34.13.** **Further Acts.** Borrower shall, at its sole cost and expense, and without expense to Trustee or Lender, do, execute, acknowledge, and deliver all and every such further acts, deeds, conveyances, deeds of trust, mortgages, assignments, notices of assignments, transfers, and assurances as Trustee or Lender shall from time to time require, for the purpose of better assuring, conveying, assigning, transferring, pledging, mortgaging, warranting, and confirming to Trustee the Mortgaged Property and rights, and as to Lender the security interest as to the Personalty, conveyed or assigned by this Deed of Trust or intended now or later so to be, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering, or recording this Deed of Trust and, on demand, shall execute and deliver, and authorizes Lender to execute in the name of Borrower, to the extent it may lawfully do so, one or more financing statements, chattel mortgages, or comparable security instruments, to evidence more effectively the lien of this Deed of Trust on the Mortgaged Property.

**34.14.** **Filing Fees.** Borrower shall pay all filing, registration, or recording fees, all Governmental Authority stamp taxes and other fees, taxes, duties, imposts, assessments, and all other charges incident to, arising from, or in connection with the preparation, execution, delivery, and enforcement of the Note, this Deed of Trust, the other Loan Documents, any supplemental deed of trust or mortgage, or any instrument of further assurance.

**34.15.** **Entity Compliance.** As long as it is the owner of the Mortgaged Property, Borrower, if a corporation, limited liability company, or partnership, shall do all things necessary to preserve and keep in full force and effect its existence, franchises, rights, and privileges as such entity under the laws of the state of its incorporation or formation, and shall comply with all Governmental Requirements of any Governmental Authority applicable to Borrower or to the Mortgaged Property or any part of it.

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT          PAGE: 22

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

35.    **Governing Law.**  This instrument shall be deemed to have been made in the State of California, and the validity of this Deed of Trust and the other Loan Documents, their construction, interpretation, and enforcement, and the parties' rights under such documents and concerning the Mortgaged Property, shall be decided under, governed by, and construed in accordance with the laws of the State of California. The parties agree that all actions or proceedings arising in connection with this Deed of Trust and the other Loan Documents shall be tried and litigated only in the state courts located in **Los Angeles** County, California, or the applicable federal district court that covers said county. Borrower waives any right Borrower may have to assert the doctrine of forum non conveniens or to object to such venue.

36.    **Taxation of Deeds of Trust.**  In the event of the enactment of any law deducting from the value of the Mortgaged Property any mortgage lien on it, or imposing on Lender the payment of all or part of the taxes, charges, or assessments previously paid by Borrower under this Deed of Trust, or changing the law relating to the taxation of mortgages, debts secured by mortgages, or Lender's interest in the Mortgaged Property so as to impose new incidents of tax on Lender, then Borrower shall pay such taxes or assessments or shall reimburse Lender for them; provided, however, that if in the opinion of Lender's counsel such payment cannot lawfully be made by Borrower, then Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable without notice to Borrower. Lender may invoke any remedies permitted by this Deed of Trust.

37.    **Mechanics' Liens.**  Borrower shall pay from time to time when due, all lawful claims and demands of mechanics, materialmen, laborers, and others that, if unpaid, might result in, or permit the creation of, a lien on the Mortgaged Property or any part of it, or on the Rents arising therefrom, and in general shall do or cause to be done everything necessary so that the lien and security interest of this Deed of Trust shall be fully preserved, at Borrower's expense, without expense to Lender; provided, however, that if Governmental Requirements empower Borrower to discharge of record any mechanics', laborer's, materialman's, or other lien against the Mortgaged Property by the posting of a bond or other security, Borrower shall not have to make such payment if Borrower posts such bond or other security on the earlier of (a) 10 days after the filing or recording of same or (b) within the time prescribed by law, so as not to place the Mortgaged Property in jeopardy of a lien or forfeiture.

38.    **Brokerage.**  Borrower represents and warrants to Lender that Borrower has not dealt with any Person who is or may be entitled to any finder's fee, brokerage commission, loan commission, or other sum in connection with the execution of this Deed of Trust, the consummation of the transactions contemplated by this Deed of Trust, or the making of the Loan secured by this Deed of Trust by Lender to Borrower, and Borrower indemnifies and agrees to hold Lender harmless from and against any and all loss, liability, or expense, including court costs and Attorney Fees, that Lender may suffer or sustain if such warranty or representation proves inaccurate in whole or in part.

39.    **Liability for Acts or Omissions.**  Lender shall not be liable or responsible for its acts or omissions under this Deed of Trust, except for Lender's own gross negligence or willful misconduct, or be liable or responsible for any acts or omissions of any agent, attorney, or employee of Lender, if selected with reasonable care.

40.    **Notices.**  Except for any notice required by Governmental Requirements to be given in another manner, (a) all notices required or permitted by the Loan Documents shall be in writing; (b) each notice shall be sent (i) for personal delivery by a delivery service that provides a record of the date of delivery, the individual to whom delivery was made, and the address where delivery was made; (ii) by certified United States mail, postage prepaid, return receipt requested; or (iii) by nationally recognized overnight delivery service, marked for next-business-day delivery; and (c) all notices shall be addressed to the appropriate party at its address as follows or such other addresses as may be designated by notice given in compliance with this provision:

| | |
|---|---|
| Lender: | **Equity Wave Lending Inc., a California Corporation** |
| | **2355 Main Street Suite 230, Irvine, CA 92614** |
| | **Re: Loan No. 5330** |
| Borrower: | **David L. Stephens** |
| | **5851 South Garth Avenue, Los Angeles, CA 90056** |
| | **Genevieve Stephens** |
| | **5851 South Garth Avenue, Los Angeles, CA 90056** |

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**        **PAGE: 23**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



Notices will be deemed effective on the earliest of (a) actual receipt; (b) rejection of delivery; or (c) if sent by certified mail, the third day on which regular United States mail delivery service is provided after the day of mailing or, if sent by overnight delivery service, on the next day on which such service makes next-business-day deliveries after the day of sending.

To the extent permitted by Governmental Requirements, if there is more than one Borrower, notice to any Borrower shall constitute notice to all Borrowers. For notice purposes, Borrower agrees to keep Lender informed at all times of Borrower's current address(es).

**41.**    **Statement of Obligations.**    Except as otherwise provided by Governmental Requirements, at Lender's request, Borrower shall promptly pay to Lender such fee as may then be provided by law as the maximum charge for each statement of obligations, Lender's statement, Lender's demand, payoff statement, or other statement on the condition of, or balance owed, under the Note or secured by this Deed of Trust.

**42.**    **Application of Payments.**    Except as otherwise expressly provided by Governmental Requirements or any other provision of this Deed of Trust, all payments received by Lender from Borrower under the Loan Documents shall be applied by Lender in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest under any provision of this Note or the Deed of Trust, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note.

**43.**    **Remedies Are Cumulative.**    Each remedy in this Deed of Trust is separate and distinct and is cumulative to all other rights and remedies provided by this Deed of Trust or by Governmental Requirements, and each may be exercised concurrently, independently, or successively, in any order whatsoever.

**44.**    **Obligations of Borrower Joint and Several.**    If more than one Person is named as Borrower, each obligation of Borrower under this Deed of Trust shall be the joint and several obligations of each such Person.

**45.**    **Severability.**    If any provision of the Loan Documents, or the application of them to the circumstances, is held void, invalid, or unenforceable by a court of competent jurisdiction, the Loan Documents, and the applications of such provision to other parties or circumstances, shall not be affected thereby, the provisions of the Loan Documents being severable in any such instance.

**46.**    **Delegation of Authority.**    Whenever this Deed of Trust provides that Borrower authorizes and appoints Lender as Borrower's attorney-in-fact to perform any act for or on behalf of Borrower or in the name, place, and stead of Borrower, Borrower expressly understands and agrees that this authority shall be deemed a power coupled with an interest and such power shall be irrevocable.

**47.**    **General Provisions.**
**47.1.**    **Successors and Assigns.** Subject to paragraphs 19 and 20 of this Deed of Trust, this Deed of Trust applies to, inures to the benefit of, and binds, the respective heirs, legatees, devisees, administrators, executors, successors, and assigns of each party to this Deed of Trust.
**47.2.**    **Meaning of Certain Terms.** As used in this Deed of Trust and unless the context otherwise provides, the words "herein," "hereunder" and "hereof" mean and include this Deed of Trust as a whole, rather than any particular provision of it.
**47.3.**    **Authorized Agents.** In exercising any right or remedy, or taking any action provided in this Deed of Trust, Lender may act through its employees, agents, or independent contractors, as Lender expressly authorizes.
**47.4.**    **Gender and Number.** Wherever the context so requires in this Deed of Trust, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa.
**47.5.**    **Captions.** Captions and paragraph headings used in this Deed of Trust are for convenience of reference only, are not a part of this Deed of Trust, and shall not be used in construing it.

**47.6.**    **Time Is of the Essence.** As a material inducement and consideration to the parties entering into this Deed of Trust, and but for this provision the parties would not enter into this Deed of Trust, the parties agree that the

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT        PAGE: 24

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

performance in a timely manner of each deadline set forth in this Deed of Trust before its expiration is of crucial importance to the parties. Failure by a party to timely perform an obligation before the deadline set forth in this Deed of Trust (no matter for what reason, nor how soon thereafter it may have been performed, nor the lack of prejudice to the other party as the result of such nonperformance) shall result in a default by the nonperforming party or the failure of a condition, as appropriate. The parties expressly waive any equitable relief with respect to a missed deadline.

**48.    Reserved.**

**49.    Contractual Right to Appoint a Receiver Upon Default.** Upon an Event of Default under this Deed of Trust or a breach of any clause of any agreement signed in connection with the loan to Trustor, Trustor agrees that Lender may appoint a receiver to control the Mortgaged Property within seven (7) days of any default. Trustor agrees to cooperate with the receiver and turn over all control to said receiver and otherwise cooperate with the receiver appointed by Lender.

**50.    Dispute Resolution: Waiver of Right to Jury Trial**
**50.1    WAIVER OF RIGHT TO JURY TRIAL.** TO THE EXTENT PERMITTED BY APPLICABLE LAW, BORROWER AND LENDER AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED ON OR ARISING FROM THIS DEED OF TRUST. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. BORROWER AND, BY ITS ACCEPTANCE OF THE BENEFITS OF THIS DEED OF TRUST, LENDER EACH (A) ACKNOWLEDGES THAT THIS WAIVER IS A MATERIAL INDUCEMENT FOR BORROWER AND LENDER TO ENTER INTO A BUSINESS RELATIONSHIP, THAT BORROWER AND LENDER HAVE ALREADY RELIED ON THIS WAIVER BY ENTERING INTO THIS DEED OF TRUST OR ACCEPTING ITS BENEFITS, AS THE CASE MAY BE, AND THAT EACH SHALL CONTINUE TO RELY ON THIS WAIVER IN THEIR RELATED FUTURE DEALINGS, AND (B) FURTHER WARRANTS AND REPRESENTS THAT EACH HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS DEED OF TRUST.

BORROWER'S INITIALS: _____ / _____

**50.2    ARBITRATION.** TO THE EXTENT A PREDISPUTE WAIVER OF THE RIGHT TO TRIAL BY JURY IS NOT ENFORCEABLE UNDER APPLICABLE LAW, ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS ARISING OUT OF OR RELATING TO THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR TRANSACTIONS CONTEMPLATED THEREBY, INCLUDING, WITHOUT LIMITATION, THE MAKING, PERFORMANCE, OR INTERPRETATION OF THIS DEED OF TRUST OR OTHER LOAN DOCUMENTS, SHALL BE RESOLVED BY BINDING ARBITRATION. UNLESS OTHERWISE AGREED ON, THE ARBITRATION SHALL BE CONDUCTED IN ACCORDANCE WITH THE THEN-CURRENT ARBITRATION PROCEDURES SET FORTH IN CALIFORNIA CODE OF CIVIL PROCEDURE §§ 1281-1284.3 AND LOCAL SUPPLEMENTARY RULES THEN IN EFFECT. JUDGMENT ON THE ARBITRATION AWARD MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. UNLESS OTHERWISE AGREED BY THE PARTIES, THE ARBITRATION SHALL BE HELD BEFORE A SINGLE ARBITRATOR SELECTED AS FOLLOWS: THE DISPUTING PARTIES SHALL, WITHIN TEN (10) BUSINESS DAYS FROM THE DATE ARBITRATION IS REQUESTED BY EITHER PARTY, AGREE UPON AN ARBITRATOR. IF THE PARTIES CANNOT SO AGREE, THEN EACH PARTY, WITHIN FIVE (5) BUSINESS DAYS THEREAFTER, SHALL NAME AN ARBITRATOR WHO SHALL BE AN ATTORNEY LICENSED TO PRACTICE IN CALIFORNIA AND EXPERIENCED AND QUALIFIED IN REAL ESTATE MATTERS OF THE TYPE CONTEMPLATED BY THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR A RETIRED CALIFORNIA SUPERIOR OR APPELLATE COURT JUDGE. THOSE TWO NAMED ARBITRATORS SHALL THEN, WITHIN FIVE (5) BUSINESS DAYS, SELECT A

DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT    PAGE: 25

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

THIRD ARBITRATOR WHO SHALL BE QUALIFIED AS DEFINED ABOVE, AND SUCH THIRD ARBITRATOR SHALL BE THE SOLE ARBITRATOR TO HEAR AND DETERMINE THE DISPUTE. IF ANY PARTY HERETO FAILS TO NAME AN ARBITRATOR WITHIN THE TIME LIMIT PROVIDED IN THIS PARAGRAPH, THEN THE ARBITRATOR TIMELY NAMED BY THE OTHER PARTY SHALL HEAR AND DECIDE THE DISPUTE. IF THE ARBITRATION IS COMMENCED, THE PARTIES AGREE TO PERMIT DISCOVERY PROCEEDINGS OF THE TYPE PROVIDED BY THE CALIFORNIA CODE OF CIVIL PROCEDURE BOTH IN ADVANCE OF, AND DURING RECESSES OF, THE ARBITRATION HEARINGS. ALL FACTS AND OTHER INFORMATION RELATING TO ANY ARBITRATION ARISING UNDER THIS DECLARATION SHALL BE KEPT CONFIDENTIAL TO THE FULLEST EXTENT PERMITTED BY LAW. THE DECISION OR THE ARBITRATOR(S) SHALL FOLLOW THE LAW, SHALL BE RENDERED WITHIN TEN (10) BUSINESS DAYS FOLLOWING THE CONCLUSION OF THE ARBITRATION, AND SHALL BE SET FORTH IN A WRITTEN OPINION STATING THE FINDINGS OF FACT OR THE ARBITRATOR(S) AND LEGAL AUTHORITIES THAT ARE THE BASIS OF THE DECISION. THE VENUE FOR ANY SUCH ARBITRATION SHALL BE THE COUNTY IN WHICH BENEFICIARY'S OFFICE AT THE ADDRESS SET FORTH HEREIN IS SITUATED. THE COSTS OF THE ARBITRATOR(S) SHALL BE SPLIT EQUALLY BY THE PARTIES BUT SHALL BE A RECOVERABLE COST FOR THE PARTY PREVAILING IN THE ARBITRATION.

**50.3**    **PROVISIONAL REMEDIES; FORECLOSURE AND INJUNCTIVE RELIEF.** Nothing in Section 50.2, above, shall be deemed to apply to or limit the right of Lender to: (a) exercise self help remedies, (b) foreclose judicially or nonjudicially against any real or personal property collateral, or to exercise judicial or nonjudicial power of sale rights, (c) obtain from a court provisional or ancillary remedies (including, but not limited to, injunctive relief, a writ of possession, prejudgment attachment, a protective order or the appointment of a receiver) or (d) pursue rights against Borrower or any other party in a third party proceeding in any action brought against Lender (including, but not limited to, actions in bankruptcy court). Lender may exercise the rights set forth in the foregoing clauses (a) through (d), inclusive, before, during, or after the pendency of any proceeding referred to in Section 50.2, above. Neither the exercise of self help remedies nor the institution or maintenance of an action for foreclosure or provisional or ancillary remedies or the opposition to any such provisional remedies shall constitute a waiver of the right of any Borrower, Lender or any other party, including, but not limited to, the claimant in any such action, to require submission the dispute, claim or controversy occasioning resort to such remedies to any proceeding referred to in Section 50.2, above.

**51.**    **Rider.** If checked below, the following Rider shall be executed by Borrower and incorporated herein:
☐ Leasehold Rider

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**        **PAGE: 26**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
### UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under a deed of trust recorded on **November 20, 2007**, as Instrument Number **2579418**, in the Official Records of County Recorder of **Los Angeles** County, California, affecting the Mortgaged Property executed by **David L. Stephens and Genevieve M. Stephens, husband and wife as joint tenants**, as Trustor in which **Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac Bank, F.S.B., a Federally Chartered Savings Bank, a Federal Savings Bank** is named as Beneficiary, and **Stewart Title Guaranty Co.** as Trustee, be mailed to:

EQUITY WAVE LENDING, INC.
2355 MAIN STREET, SUITE 230
IRVINE, CALIFORNIA 92614

*(Remainder of page left intentionally blank, signature page(s) to follow)*

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**      **PAGE: 27**

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



**Document Images**

IN WITNESS WHEREOF, Borrower has executed and delivered this Deed of Trust as of the date first written above.

**BORROWER:**

_David L. Stephens_      9/14/2022
David L. Stephens        Date

_Stephens_      9-14-2022
Genevieve Stephens      Date

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California          }

County of Los Angeles     }

On _9-14-2022_ before me, _Sommer Nhut Nguyen, Notary Public_
     Date                 Name and Title of Notary

Personally Appeared **David L. Stephens and Genevieve Stephens**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

                                      *Signature of Notary Public*



**SOMMER NHUT NGUYEN**
Commission No. 2320955
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Feb. 9, 2024

---

**DEED OF TRUST, ASSIGNMENT OF RENTS, FIXTURE FILING, SECURITY AGREEMENT**      **PAGE: 28**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## GOVERNMENT CODE 27361.7

**I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

...9-14-2022

...Sommer Nhut Nguyen, Notary Public

**PLACE OF EXECUTION:    ORANGE, CALIFORNIA**

**DATE:** 09/22/2022

**BY:** _____

Western Resources Title Company

## GOVERNMENT CODE 27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

Name of Notary                    Sommer Nhut Nguyen

Date of Commission Expires        Feb 9, 2024

Notary Identification Number      2320955

Manufacturer / Vendor Identification Number:    NCC1

Place of Execution of this Declaration          ORANGE

County Where Bond is Filed                  Los Angeles

**DATE:** 09/22/2022

**BY:** _____

Western Resources Title Company

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

# EXHIBIT "A"

## LEGAL DESCRIPTION

Real property in the Unincorporated Area, County of **Los Angeles**, State of **California**, described as follows:

LOT 66 OF TRACT NO. 17721, AS PER MAP RECORDED IN BOOK 495, PAGES 11 TO 16 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNTO THE GRANTER ITS SUCCESSORS AND ASSIGNS, ALL RIGHT, TITLE AND INTEREST IN AND TO ALL WATER. OIL NAPHTHA, GAS, PETROLEUM AND OTHER MINERAL AND KINDRED SUBSTANCES DEPOSITED IN, LYING UNDER OR FLOWING THROUGH OR THAT MAY BE PRODUCED FROM THE PROPERTY HEREIN CONVEYED TOGETHER WITH THE SOLE AND EXCLUSIVE RIGHT TO SLANT DRILL WELLS, THE SURFACE OR WELL HEAD LOCATION OF WHICH ARE ON OTHER LANDS IN AND THROUGH THE SUBSURFACE OF THE PROPERTY HEREIN CONVEYED FOR THE PRODUCTION OF ANY OR ALL WATER, OIL, NAPHTHA, GAS, PETROLEUM AND OTHER MINERALS AND KINDRED SUBSTANCES FROM SAID PROPERTY AND ANY OTHER PROPERTY WHETHER THE PRODUCING INTERVAL OF ANY SUCH WELL IS WITHIN OR OUTSIDE THE SUBSURFACE OF SAID PROPERTY, PROVIDED HOWEVER, NO RIGHT IS RESERVED TO THE GRANTER, ITS SUCCESSORS OR ASSIGNS BY REASON OF THIS EXCEPTION OR RESERVATION TO ENTER THE SURFACE OF SAID PROPERTY OF THE SUBSURFACE THEREOF AT ANY POINT ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF (MEASURED VERTICALLY FROM THE SURFACE THEREON), AS RESERVED BY LOS ANGELES INVESTMENT COMPANY, A CORPORATION, IN DEED RECORDED APRIL 22, 1954 IN BOOK 44387, PAGE 70 OF OFFICIAL RECORDS

APN: 4101-009-019

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



**Document Images**

This page is part of your document - DO NOT DISCARD

## 20201406232



Pages:
0013

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/05/20 AT 08:00AM**

| | |
|---|---|
| FEES : | 80.00 |
| TAXES : | 0.00 |
| OTHER: | 0.00 |
| SB2 : | 150.00 |
| PAID : | 230.00 |



**L E A D S H E E T**

202011051070051

00019254346

011405321

SEQ:
01

SECURE - 8:00AM

**THIS FORM IS NOT TO BE DUPLICATED**

E497026

E08_201105_8224798

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

*Recording Requested*
*By Chicago Title*

**Recording Requested By:**
AGOURA HILLS FINANCIAL

**When Recorded Mail To:**
SUPERIOR LOAN SERVICING
7525 TOPANGA CANYON BLVD
CANOGA PARK, CALIFORNIA 91303

Title Order No.: 112016251MD

Loan No: AHF-072520                    Space above this line for recorder's use
APN: 4101-009-019

# DEED OF TRUST

This Deed of Trust, made this  22nd  day of OCTOBER, 2020                    , among the Trustor,
DAVID L. STEPHENS AND GENEVIEVE M. STEPHENS , HUSBAND AND WIFE AS JOINT
TENANTS
                                                                (herein "Borrower"),
SUPERIOR LOAN SERVICING                                         (herein "Trustee"),
and the Beneficiary, **Agoura Hills Financial, Inc., A California Corporation** as to an undivided 100.000% interest
(herein "Lender").

        The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of
the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of
all holders in the event of default or foreclosure or for matters that require direction or approval of the holders,
including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance
or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

        BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located
in the county of    LOS ANGELES            , State of California:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 4101-009-019    *BALLOON RIDER*

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                    Page 1 of 9                    DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



Which has the address of 5851 GARTH AVE, LOS ANGELES, CALIFORNIA 90056
(herein "Property Address"); APN: 4101-009-019

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated OCTOBER 22, 2020               , in the principal sum of U.S. $ 270,000.00               , with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

## UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

1.   **Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

2.   **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay

---

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                        Page 2 of 9                        DocMagic eFORMS

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3.    **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

4.    **Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5.    **Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

6.    **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. The borrower shall not to do, or permit anything to be done to the property which would impair its value as security for the loan. If the borrower does or permits to be done anything that impairs the security value of the property under the Deed of Trust, the lender has the express contractual right to make such repairs necessary to preserve the property's value as security and the borrower shall be in default. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7.    **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which

---

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19

Page 3 of 9

DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8.    Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9.    Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10.    Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11.    Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12.    Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14.    Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), SUPERIOR LOAN SERVICING
7525 TOPANGA CANYON BLVD, CANOGA PARK, CALIFORNIA 91303

or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15.    This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other

---

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                    Page 4 of 9                    DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

**BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:**

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Lease.** Borrower shall not, without Lender's prior written consent, execute, modify, amend, surrender or terminate any Lease other than at market rates and in the ordinary course of business. All Leases executed or renewed after the date hereof, must be approved by Lender prior to the execution thereof by Borrower. Borrower shall not be authorized to enter into any ground lease of the Property without Lender's prior written approval. If Lender consents to any new lease or the renewal of any existing lease, at the Lender's request, Borrower shall cause the tenant thereunder to execute a subordination and attornment agreement in form and substance satisfactory to Lender. Notwithstanding the foregoing, Borrower may enter into month to month leases without Lender's prior written consent, provided such leases are terminable and on no more than thirty (30) days' written notice. Lender is authorized to foreclose this Deed of Trust subject to the rights of any tenants of the Property, and the failure to make any such tenants parties defendant to any such foreclosure proceedings and to foreclose their rights will not be, nor be asserted by Borrower to be, a defense to any proceedings instituted by Lender to collect the sums secured hereby or to collect any deficiency remaining unpaid after the foreclosure sale of the Property. Unless otherwise agreed by Lender in writing, all leases and tenancies of the Property executed subsequent to the date hereof, or any part thereof, shall be subordinate and inferior to the lien of this Deed of Trust, except that from time to time Lender may execute and record among the land records of the jurisdiction where this Deed of Trust is recorded, subordination statements with respect to such of said leases as Lender may designate, whereby the leases so designated by Lender will be made superior to the lien of this Deed of Trust. From and after the recordation of such subordination statements, the leases therein referred to shall be superior to the lien of this Deed of Trust and shall not be affected by any foreclosure hereof. All such leases and tenancies shall contain a provision to the effect that the tenant recognizes the right of the Lender to effect such subordination of this Deed of Trust and consents thereto. So long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including

---

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                          Page 5 of 9                          **DocMagic** *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



**Document Images**

maintenance and repairs required hereby, fourth to the payment of that portion of the indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower.

**19. No Additional Liens, Encumbrances or Indebtedness.** Borrower covenants not to execute any mortgage, security agreement, assignment of leases and rents or other agreement granting a lien (except the liens granted to Lender by the Loan Documents) against, or encumbrance on, the Property or take or fail to take any other action which would result in a lien against the Property or the interest of Borrower in the Property without the prior written consent of Lender; provided that Borrower may in good faith, by appropriate proceeding, contest the validity or amount of any asserted lien and, pending such contest, Borrower shall not be deemed to be in default hereunder if Borrower shall first obtain an endorsement in form and substance satisfactory to Lender, to the loan policy of title insurance issued to Lender insuring over such lien. Notwithstanding any of the foregoing, Borrower shall not be in default hereunder upon the placement, creation or recording of any mechanics' lien or materialmen's lien against the Property ("Mechanics Liens"), provided that Borrower either removes said Mechanics' Lien within sixty (60) days of recordation, or obtains a bond or bonds in the full amount of the Mechanics' Liens within said time period.

**20. Multiple Lenders.** If the beneficial interests in this Deed of Trust are held by multiple lenders, the Lenders have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interests herein with respect to actions taken on behalf of all holders in the event of default or foreclosure for matters that require direction or approval of the holders, including designation of the Broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

**21. Books and Records.** Borrower shall keep and maintain at all times at Borrower's address stated above, or such other place as Lender may approve in writing, complete and accurate books of accounts and records adequate to reflect correctly the results of the operation of the Property and copies of all written contracts, correspondence, Leases and other documents affecting the Property. Lender and its designated agents shall have the right to inspect Borrower's books, records, contracts, correspondence, Leases and other documents affecting the Property at all reasonable times. In the event of a foreclosure of this Deed of Trust, all of Borrower's books, records, contracts, correspondence, Leases and other documents maintained in connection with the Property shall be made available to the successful bidder at foreclosure sale for inspection and copying for a period of not less than three (3) years following said sale.

**22. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19

Page 6 of 9

DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**23. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**24. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**25. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**26. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**27. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS**

**28. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**29. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST.

Borrower DAVID L. STEPHENS          11/2/20 Date

Borrower GENEVIEVE M. STEPHENS     11/2/20 Date

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                    Page 7 of 9                    DocMagic eForms

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On _November 2, 2020_ before me, _Stephanie Flores_ , **Notary Public**

personally appeared DAVID L. STEPHENS AND GENEVIEVE M. STEPHENS

_____

_____ _____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

STEPHANIE FLORES
Notary Public - California
Los Angeles County
Commission # 2316097
My Comm. Expires Jan 11, 2024

Signature _____

(Seal)

---

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19

Page 8 of 9

DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____    _____
Signature of Beneficiary (the "LENDER")    Date       Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to:

Att: _____

CALIFORNIA DEED OF TRUST
CADOT3.CST  12/09/19                    Page 9 of 9                    DocMagic *eForms*

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

———————————— [Space Above This Line For Recording Data] ————————————

Loan Number: AHF-072520

# BALLOON RIDER

THIS BALLOON RIDER is made this   22nd   day of   OCTOBER 2020                              , and
is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure
Borrower's Note (the "Note") to   AGOURA HILLS FINANCIAL, A CALIFORNIA CORPORATION

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

5851 GARTH AVE, LOS ANGELES, CALIFORNIA 90056
[Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note
Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or
anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive
payments under the Note is called the "Note Holder."

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements in the Security
Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary
contained in the Security Instrument or the Note):

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS
UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY
OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE
THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN
AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS
NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM
THE SAME LENDER.**

MULTISTATE BALLOON RIDER
04/26/04

Page 1 of 2

DocMagic *eForms*
www.docmagic.com

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

Borrower DAVID L. STEPHENS    11/2/20    Date          Borrower GENEVIEVE M. STEPHENS    11/2/20    Date

Borrower _____ Date          Borrower _____ Date

Borrower _____ Date          Borrower _____ Date

MULTISTATE BALLOON RIDER
04/26/04

Page 2 of 2

DocMagic
www.docmagic.com

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**EXHIBIT "A"**

Legal Description

**For APN/Parcel ID(s): 4101-009-019**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 66 OF TRACT NO. 17721, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 495 PAGE(S) 11 THROUGH 16, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNTO THE GRANTOR ITS SUCCESSORS AND ASSIGNS, ALL RIGHT, TITLE AND RIGHTS AND TO ALL WATER, OIL NAPHTHA, GAS, PETROLEUM AND OTHER MINERAL AND KINDRED SUBSTANCES DEPOSITED IN, LYING UNDER OR FLOWING THROUGH OR THAT MAY BE PRODUCED FROM THE PROPERTY HEREIN CONVEYED TOGETHER WITH THE SOLE AND EXCLUSIVE RIGHT TO SLANT DRILL WELLS, THE SURFACE OR WELL HEAD LOCATION OF WHICH ARE ON OTHER LANDS RI ARID THROUGH THE SUBSURFACE OF THE PROPERTY HEREIN CONVEYED FOR THE PRODUCTION OF ANY OR ALL WATER, OIL, NAPHTHA. GAS, PETROLEUM AND OTHER MINERALS AND KINDRED SUBSTANCES FROM SAID PROPERTY AND ANY OTHER PROPERTY WHETHER THE PRODUCING INTERVAL OF ANY SUCH WELL IS WITHIN OR OUTSIDE THE SUBSURFACE OF SAID PROPERTY: PROVIDED HOWEVER, NO RIGHT IS RESERVED TO THE GRANTOR, ITS SUCCESSORS OR ASSIGNS BY REASON OF THIS EXCEPTION OR RESERVATION TO ENTER THE SURFACE OF SAID PROPERTY OF THE SUBSURFACE THEREOF AT ANY POINT ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF (MEASURED VERTICALLY FROM THE SURFACE THEREOF), AS RESERVED BY LOS ANGELES INVESTMENT COMPANY, A CORPORATION, IN DEED RECORDED APRIL 22, 1954 IN BOOK 44387 PAGE 70, OFFICIAL RECORDS.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

This page is part of your document - DO NOT DISCARD

**20072866825**   Pages: 007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

Fee: 24.00
Tax: 0.00
Other: 0.00

12/31/07 AT 12:28PM

Total: 24.00

1513600      200712310770036   Mail

## TITLE(S) :



L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.      Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images



12/31/07

2007286825

After recording return to:

Record & Return to
Group9 Abstract, Inc.
W140 N8917 Lilly Road
Menomonee Falls, WI 53051

 **Washington Mutual**

# MODIFICATION AGREEMENT

Grantor/Mortgagor                                      Account Number  0707349056

DAVID L  STEPHENS  AKA  DAVID  LEE  STEPHENS  AND  GENEVIEVE  M  STEPHENS  AKA
GENEVIEVE STEPHENS

This Modification of the ___WaMu Equity Plus(TM)___ Security Instrument ("Modification") is
made   and   entered   into   on   ___June 25, 2007___   by   and   between
_WASHINGTON MUTUAL BANK_  ("we," "us," "our," or "Bank") and the other person(s) signing
below ("collectively, the Grantor/Mortgagor").

Bank and Grantor/Mortgagor are parties to a _____WaMu Equity Plus_____ Agreement and
Disclosure (including any riders and previous amendments, the "Agreement"), which is being
amended by a separate document with the same date as this Modification  The Agreement
establishes an account for the borrower(s) identified therein (collectively, the "Borrower") with the
Account Number identified above (the "Account") from which Borrower may obtain credit advances
on a revolving basis from Bank.  The Agreement is secured by a deed of trust (the "Security
Instrument") executed by Grantor/Mortgagor and recorded on _09/11/2006_ as Instrument No
_062016533_, in Book or Liber _____, Page(s) _____, in the Official Records of
_LOS ANGELES_ County, California. The Security Instrument secures the performance of
Borrower's obligations under the Agreement and Grantor/Mortgagor's obligations under the Security
Instrument, and encumbers the property described in the Security Instrument and located at the
Property Address stated below (the "Property"), as more particularly described in Exhibit "A"
attached to and incorporated into this Modification.

Bank and Grantor/Mortgagor agree as follows:

**1.  Effect of this Modification.**  This Modification modifies, amends and supplements the
Security Instrument. To the extent of any inconsistency between the provisions of this Modification
and the provisions of the Security Instrument, the provisions of this Modification shall prevail over
and supersede the inconsistent provisions of the Security Instrument  Except as modified, amended
or supplemented by this Modification, the Security Instrument shall remain in full force and effect
This Modification will be legally binding and effective upon the parties only when it is signed by
Bank and each Grantor/Mortgagor

3 2 4 4 7 B (04/13/07) w8 2                                                    Page 1 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

2    **Modified Terms and Conditions.**  The Security Instrument is modified, amended and supplemented by this Modification, as follows.

Credit Limit Increase   The Credit Limit stated in the Agreement and the Security Instrument is hereby increased by ___$55,000.00___, from the current amount of ___$250,000.00___ to the increased amount of ___$305,000.00___. All other terms and conditions relating to the Credit Limit including, without limitation, our ability to reduce the Credit Limit during any period when certain events have occurred and your obligation not to request or obtain a credit advance that will cause your Account balance to exceed your Credit Limit, remain in full force and effect (except for any changes resulting from the amendment of the Agreement referenced above)

3    **Other Changes to the Agreement.**  The terms and conditions of the Agreement have been amended in certain respects, and reference is made to the amended Agreement for information relating to the same

4.   **Definition of Terms.**  Except as otherwise provided in this Modification, the terms used in this Modification shall have the same meanings as the same or substantially equivalent terms used in the Security Instrument, whether or not the terms used in this Modification or the Security Instrument, are capitalized.

Property Address:

5851 S GARTH AVE  LOS ANGELES, CA 90056-1511

3 2 4 4 7 B (04/13/07) w8.2                                         Page 2 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

By signing below, Bank and Grantor/Mortgagor accept and agree to the terms and conditions of this Modification effective as of the date first set forth above.

BANK:

WASHINGTON MUTUAL BANK

By: _Sherry Ronalds_
    (Bank Officer Signature)

_Sherry Ronalds_
    (Printed Bank Officer Name)

Its: _AVP_
    (Bank Officer Title)

STATE OF ~~CALIFORNIA~~ _Illinois_

COUNTY OF _DuPage_

On _12/3/07_ before me, _Inez A Presto_____, Notary Public,
                                    (insert name here)
personally appeared _Sherry Ronalds_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/_she_/they executed the same in his/_her_/their authorized capacity(ies), and that by his/_her_/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _Inez A Presto_____
My Commission expires: _1/12/10_
My Commission number: _292377_

```
OFFICIAL SEAL
INEZ A PRESTO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 01-12-10
```

3 2 4 4 7 B (04/13/07) w8.2                                         Page 3 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

GRANTOR/MORTGAGOR.

DAVID L STEPHENS AKA DAVID LEE STEPHENS

GENEVIEVE M STEPHENS AKA GENEVIEVE STEPHENS

3 2 4 4 7 B (04/13/07) w8 2                                    Page 4 of 5

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

STATE OF CALIFORNIA

COUNTY OF Los Angeles

On 6/25/07 before me, Tazamisha S Henderson, Notary Public,
(here insert name)

personally appeared
DAVID L. STEPHENS AKA DAVID LEE STEPHENS
GENEVIEVE M. STEPHENS AKA GENEVIEVE STEPHENS

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal.                                    (Seal or Stamp)

Signature: _____
My Commission expires: 4/2/11
My Commission number: 1736310

TAZAMISHA S. HENDERSON
Commission # 1736310
Notary Public - California
Los Angeles County
My Comm. Expires Apr 2, 2011

3 2 4 4 7 B (04/13/07) w8.2                                    Page 5 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

**Exhibit"A"**

**Loan#: 0707349056**

LYING AND BEING LOCATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA; ALL THAT CERTAIN PARCEL OR TRACT OF LAND
KNOWN AS.

LOT 66 OF TRACT NO. 17721, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 495 PAGE(S) 11
TO 16, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

This page is part of your document - DO NOT DISCARD

 **20072579418** Pages: 020

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

11/20/07 AT 08:00AM

Fee: 67.00
Tax: 0.00
Other: 0.00
Total: 67.00

Title Company

**TITLE(S) :** _____


L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.     Number of AIN's Shown

-        -

THIS FORM IS NOT TO BE DUPLICATED

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

**PROVIDENT TITLE CO**

Recording Requested By:
INDYMAC BANK, F S B.,
[Company Name]
And When Recorded Mail To:
INDYMAC BANK, F.S.B.,
[Name]
BLDG B, 901 E 104TH ST, SUITE 400/500
[Street Address]
KANSAS CITY, MO 64131
[City, State Zip Code]



11/20/07
20072579418

196073-22    [Space Above This Line For Recording Data]
4101-008-019

MIN: 100055401280173255

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11,
13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are also provided in Section 16

**(A)**    "Security Instrument" means this document, which is dated  November  9, 2007 , together with
all Riders to this document

**(B)**    "Borrower" is  DAVID L STEPHENS AND GENEVIEVE M STEPHENS HUSBAND AND WIFE
AS JOINT TENANTS

Borrower is the trustor under this Security Instrument

**(C)**    "Lender" is  INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

Lender is  a        Federal Savings Bank         organized and existing under the laws of
United States of America   Lender's address is   155 NORTH LAKE AVENUE, PASADENA, CA
91101

**(D)**    "Trustee" is  STEWART TITLE GURANTY CO.

**(E)**    "MERS" is Mortgage Electronic Registration Systems, Inc  MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns  **MERS is the beneficiary under this Security
Instrument.**  MERS is organized and existing under the laws of Delaware, and has an address and telephone
number of P O  Box 2026, Flint, MI  48501-2026, tel  (888) 679-MERS

Loan No:  128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument                Form 3005 1/01
MERS Modified                                                                                   Closing
The Compliance Source, Inc.                        Page 1 of 14   Modified by Compliance Source 14301CA 08/00 Rev. 02/07
www.compliancesource.com                                          © 2007, The Compliance Source, Inc.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

**(F)**    "**Note**" means the promissory note signed by Borrower and dated    November 9, 2007    The Note states that Borrower owes Lender    five hundred fifty thousand and NO/100ths

                                                                                Dollars                (U S
$    550,000.00    ) plus interest  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  December  1, 2037.

**(G)**    "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property"

**(H)**    "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest

**(I)**    "**Riders**" means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]

| | | |
|---|---|---|
| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] 1-4 Family Rider | [ ] Revocable Trust Rider | |
| [ ] Other(s) [specify] | | |

**(J)**    "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions

**(K)**    "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)**    "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

**(M)**    "**Escrow Items**" means those items that are described in Section 3

**(N)**    "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for  (i) damage to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

**(O)**    "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan

**(P)**    "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

**(Q)**    "**RESPA**" means the Real Estate Settlement Procedures Act (12 U S C  §2601 et seq ) and its implementing regulation, Regulation X (24 C F R  Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter  As used in this Security

Loan No:  128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument                          Form 3005 1/01
MERS Modified                                                                                              Closing
The Compliance Source, Inc.                          Page 2 of 14    Modified by Compliance Source 14301CA 08/00 Rev. 02/07
www.compliancesource.com                                                          © 2007, The Compliance Source, Inc.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS  This Security Instrument secures to Lender  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the          County          of  LOS ANGELES

[Type of Recording Jurisdiction]          [Name  of  Recording Jurisdiction]

SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF

Assessor's Identification Number   4101-009-019
which currently has the address of   5851 GARTH AVENUE
          [Street]
LOS ANGELES  ,          California   90056          ("Property Address")
          [City]          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument  All of the foregoing is referred to in this Security Instrument as the "Property"  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right   to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows
1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.**
Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment

Loan No:  128017325

| California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument | | Form 3005 1/01 |
| --- | --- | --- |
| MERS Modified | | Closing |
| The Compliance Source, Inc. | | Modified by Compliance Source 14301CA 08/00 Rev. 02/07 |
| www.compliancesource.com | Page 3 of 14 | © 2007, The Compliance Source, Inc |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

charges and late charges due under the Note   Borrower shall also pay funds for Escrow Items pursuant to Section 3   Payments due under the Note and this Security Instrument shall be made in U S  currency  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender  (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15   Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current   Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted  If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds   Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2.    Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority  (a) interest due under the Note, (b) principal due under the Note, (c) amounts due under Section 3  Such payments shall be applied to each Periodic Payment in the order in which it became due  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge   If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full.  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due   Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments

**3.    Funds for Escrow Items.**  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for  (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property, (b) leasehold payments or ground rents on the Property, if any, (c) premiums for any and all insurance required by Lender under Section 5, and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10   These items are called "Escrow Items "  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items   Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time  Any such waiver may only be in writing  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require   Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in

Loan No:  128017325

| | | |
|---|---|---|
| California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument | | Form 3005 1/01 |
| MERS Modified | | Closing |
| The Compliance Source, Inc. | Page 4 of 14 | Modified by Compliance Source 14301CA 08/00 Rev 02/07 |
| www.compliancesource.com | | © 2007, The Compliance Source, Inc |

07 2579418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.    **Charges; Liens.**   Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement, (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.    **Property Insurance.**   Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan,

Loan No: 128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument                    Form 3005 1/01
MERS Modified                                                                                        Closing
The Compliance Source, Inc.                          Page 5 of 14    Modified by Compliance Source 14301CA 08/00 Rev. 02/07
www.compliancesource.com                                                             © 2007, The Compliance Source, Inc.

07 2579418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

either  (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification  Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense  Lender is under no obligation to purchase any particular type or amount of coverage.  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect  Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained  Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance  Lender shall have the right to hold the policies and renewal certificates  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices  If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower  Such insurance proceeds shall be applied in the order provided for in Section 2

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim  The 30-day period will begin when the notice is given  In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due

6.  **Occupancy.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in

07 2579418

Loan No: 128017325

| | | |
|---|---|---|
| California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument | | Form 3005 1/01 |
| MERS Modified | | Closing |
| The Compliance Source, Inc. | Page 6 of 14 | Modified by Compliance Source 14301CA 08/00 Rev. 02/07 |
| www.compliancesource.com | | © 2007, The Compliance Source, Inc. |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control

**7.    Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration

Lender or its agent may make reasonable entries upon and inspections of the Property  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8.    Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence

**9.    Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property  Lender's actions can include, but are not limited to (a) paying any sums secured by a lien which has priority over this Security Instrument, (b) appearing in court, and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing

**10.    Mortgage Insurance.**  If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect  If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender  If substantially equivalent

Loan No: 128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument  Form 3005 1/01
MERS Modified  Closing
The Compliance Source, Inc   Page 7 of 14  Modified by Compliance Source 14301CA 08/00 Rev 02/07
www.compliancesource.com   © 2007, The Compliance Source, Inc

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

Loan No:  128017325

| California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument | | Form 3005 1/01 |
|---|---|---|
| MERS Modified | | Closing |
| The Compliance Source, Inc. | Page 8 of 14 | Modified by Compliance Source 14301CA 08/00 Rev. 02/07 |
| www.compliancesource.com | | © 2007, The Compliance Source, Inc. |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

*10*

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due   "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument   Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument   The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2

**12.  Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower   Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower   Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy

**13.  Joint and Several Liability; Co-signers; Successors and Assigns Bound.**  Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several   However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument   Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing   The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender

Loan No: 128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument                              Form 3005 1/01
MERS Modified                                                                                                  Closing
The Compliance Source, Inc.                        Page 9 of 14     Modified by Compliance Source 14301CA 08/00 Rev 02/07
www.compliancesource.com                                                                 © 2007, The Compliance Source, Inc.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

//

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the

Loan No: 128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument          Form 3005 1/01
MERS Modified                                                                            Closing
The Compliance Source, Inc.                    Page 10 of 14    Modified by Compliance Source 14301CA 08/00 Rev. 02/07
www.compliancesource.com                                                    © 2007, The Compliance Source, Inc.

07 257 9418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Case 2:24-bk-13887-NB    Doc 27-3    Filed 07/08/24    Entered 07/08/24 21:07:40    Desc
Declaration of Marina Fineman In Support of Sandra Cristobals Motion For    Page 92 of 156

Document Images

*18*

expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument, (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate, or (c) entry of a judgment enforcing this Security Instrument  Those conditions are that Borrower  (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements, (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged  Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender  (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity, or (d) Electronic Funds Transfer  Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred However, this right to reinstate shall not apply in the case of acceleration under Section 18

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law  There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note  If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing  If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action  If Applicable Law provides a time period, which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph  The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20

**21. Hazardous Substances.** As used in this Section 21  (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials, (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection, (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law, and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property  Borrower shall not do, nor allow

Loan No: 128017325

| California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument | Form 3005 1/01 |
| --- | --- |
| MERS Modified | Closing |
| The Compliance Source, Inc. | Page 11 of 14    Modified by Compliance Source 14301C A 08/00 Rev 02/07 |
| www.compliancesource.com | © 2007, The Compliance Source, Inc. |

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products)

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property  If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law  Nothing herein shall create any obligation on Lender for an Environmental Cleanup

NON-UNIFORM COVENANTS  Borrower and Lender further covenant and agree as follows

**22.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee shall cause this notice to be recorded in each county in which any part of the Property is located.  Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law.  Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law.  After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale.  Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order:  (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23.  Reconveyance.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee  Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it  Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the

Loan No:  128017325

California Deed of Trust—Single Family—Fannie Mac/Freddie Mac Uniform Instrument         Form 3005 1/01
MERS Modified                                                                                           Closing
The Compliance Source, Inc.                        Page 12 of 14    Modified by Compliance Source 14301C A 08/00 Rev. 02/07
www.compliancesource.com                                                              © 2007  The Compliance Source, Inc.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images



14

fee is permitted under Applicable Law  If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable

**24.  Substitute Trustee.**  Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located  The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law  This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution

**25.  Statement of Obligation Fee.**  Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses

_____ (Seal)
DAVID L STEPHENS                         -Borrower
                                         [Printed Name]

_____ (Seal)
GENEVIEVE M STEPHENS                     -Borrower
                                         [Printed Name]

_____ (Seal)
                                         -Borrower
                                         [Printed Name]

_____ (Seal)
                                         -Borrower
                                         [Printed Name]

_____[Acknowledgment on Following Page]_____

Loan No: 128017325

California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument                Form 3005 1/01
MERS Modified                                                                                   Closing
The Compliance Source, Inc.                       Page 13 of 14    Modified by Compliance Source 14301CA 08/00 Rev 02/07
www.compliancesource.com                                                           © 2007, The Compliance Source, Inc.

07 2579418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

*1S*

## ACKNOWLEDGMENT

State of _California_ §
§
County of _Los Angeles_ §
On _12 nov 2007_ before me, _S. Paulsen   notary public_     [name and title of officer] personally appeared DAVID L STEPHENS and GENEVIEVE M STEPHENS

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

Signature _S. Paulsen_ _____ (Seal)

## REQUEST FOR FULL RECONVEYANCE

TO TRUSTEE
    The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of                County, State of California, in book          , page          of official records  Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full  You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto

_____          Date _____
         (Trustee)

07 2579418

Loan No: 128017325
California Deed of Trust—Single Family—Fannie Mae/Freddie Mac Uniform Instrument          Form 3005 1/01
MERS Modified
The Compliance Source, Inc.                    Page 14 of 14    Modified by Compliance Source 14301C A 08/00 Rev. 02/07
www.compliancesource.com                                          © 2007, The Compliance Source, Inc.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

16

## FIXED/ADJUSTABLE RATE RIDER
## INTEREST ONLY FIXED PERIOD
### (LIBOR 1 Year Index (As Published In The Wall Street Journal)- Rate Caps)

Loan #      128017325                           MIN:      100055401280173255

THIS FIXED/ADJUSTABLE RATE RIDER is made this 9th   day of November,  2007  ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

("Lender") of the same date and covering the property described in the Security Instrument
and located at:

5851 GARTH AVENUE, LOS ANGELES, CA 90056

[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST
RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE
AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT
ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of          6.250   %. The Note also
provides for a change in the initial fixed rate to an adjustable interest rate, as follows:
**4.  ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(A) Change Dates**
    The initial fixed interest rate I will pay will change to an adjustable interest rate on the
first day of December,   2017        , and the adjustable interest rate I will pay may change
on that day every 12th   month thereafter  The date on which my initial fixed interest rate
changes to an adjustable interest rate, and each date on which my adjustable interest rate
could change, is called a "Change Date "
    **(B) The Index**
    Beginning with the first Interest Change Date, my interest rate will be based on an Index.
The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of
interbank offered rates for one-year U.S. dollar-denominated deposits in the London market,
as published in The Wall Street Journal. The most recent Index figure available as of the date
45 days before each Interest Change Date is called the "Current Index."

**MULTISTATE FIXED/ADJUSTABLE RATE RIDER - 1 Year LIBOR - Single Family**
**(Fixed and Interest Only Periods are the same)**
                                            Page 1 of 4                          Form 5603
8480833 (0506)      VMP Mortgage Solutions, Inc. (800)521-7291                      6/05

07 2579418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Case 2:24-bk-13887-NB    Doc 27-3    Filed 07/08/24    Entered 07/08/24 21:07:40    Desc
Declaration of Marina Fineman In Support of Sandra Cristobals Motion For    Page 97 of 156

Document Images

*17*

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding two and 750/1000ths                                                          percentage points
(          2.750          %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments  The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than
          11.250          % or less than          2.750          %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two          percentage points from the rate of interest I have been paying for the preceding 12          months. My interest rate will never be greater than          11.250 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G) Date of First Principal and Interest Payment**

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be the first monthly payment due after the first Change Date

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1.  Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

Loan No: 128017325                                                          Form 5603
8480833 (0506)                          Page 2 of 4                          6/05

07 257418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

*18*

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within

Loan No: 128017325
8480833 (0506)                    Page 3 of 4                    Form 5603
                                                                  6/05

07 2579418

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

*19*

which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
DAVID L STEPHENS          -Borrower        GENEVIEVE M STEPHENS    -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                  -Borrower

Loan No: 128017325                                              Form 5603
8480833 (0506)                    Page 4 of 4                    6/05

07 2579418

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

EXHIBIT "A"

*90*

LOT 66 OF TRACT NO. 17721, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 495 PAGE 11 TO 16 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNTO THE GRANTOR ITS SUCCESSORS AND/OR ASSIGNS, ALL RIGHT, TITLE AND INTEREST IN AND TO ALL WATER, OIL NAPHTHA, GAS, PETROLEUM AND OTHER MINERAL AND KINDRED SUBSTANCES DEPOSITED IN, LYING UNDER OR FLOWING THROUGH OR THAT MAY BE PRODUCED FROM THE PROPERTY HEREIN CONVEYED TOGETHER WITH THE SOLE AND EXCLUSIVE RIGHT TO SLANT DRILL WELLS, THE SURFACE OR WELL HEAD LOCATION OF WHICH ARE ON OTHER LANDS IN AND THROUGH THE SUBSURFACE OF THE PROPERTY HEREIN CONVEYED FOR THE PRODUCTION OF ANY OR ALL WATER, OIL, NAPHTHA, GAS, PETROLEUM AND OTHER MINERALS AND KINDRED SUBSTANCES FROM SAID PROPERTY AND ANY OTHER PROPERTY WHETHER THE PRODUCING INTERVAL OF ANY SUCH WELL IS WITHIN OR OUTSIDE THE SUBSURFACE OF SAID PROPERTY;   PROVIDED HOWEVER, NO RIGHT IS RESERVED TO THE GRANTOR, ITS SUCCESSORS OR ASSIGNS BY REASON OF ITS EXCEPTING OR RESERVATION TO ENTER THE SURFACE OF SAID PROPERTY OF THE SUBSURFACE THEREOF AT ANY POINT ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF MEASURED VERTICALLY FROM THE SURFACE THEREOF, AS RESERVED BY LOS ANGELES INVESTMENT COMPANY, A CORPORATION,  IN DEED RECORDED APRIL 22, 1954 IN BOOK 44387 PAGE 70, OFFICIAL RECORDS.

07 257 9418

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved



Document Images

**This page is part of your document - DO NOT DISCARD**

## 20071962493

Pages: 007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/21/07 AT 04:42PM**

Fee: 24.00
Tax: 0.00
Other: 0.00
Total: 24.00

1063293    200708210120085    Mail

---

**TITLE(S) :** _____



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

_     _

THIS FORM IS NOT TO BE DUPLICATED

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**



After recording return to:
WASHINGTON MUTUAL BANK
444 OXFORD VALLEY ROAD
SUITE 300
LANGHORNE, PA 19047
ATTN: GROUP 9, INC.

08/21/07

20071962493

**Washington Mutual**

**MODIFICATION AGREEMENT**

Grantor/Mortgagor:                                    Account Number: 0707349056

DAVID L. STEPHENS AKA DAVID LEE STEPHENS AND GENEVIEVE M. STEPHENS AKA
GENEVIEVE STEPHENS

This Modification of the ____WaMu Equity Plus(TM)____ Security Instrument ("Modification") is made and entered into on ____June 25, 2007____ by and between WASHINGTON MUTUAL BANK ("we," "us," "our," or "Bank") and the other person(s) signing below ("collectively, the Grantor/Mortgagor").

Bank and Grantor/Mortgagor are parties to a ____WaMu Equity Plus____ Agreement and Disclosure (including any riders and previous amendments. the "Agreement"). which is being amended by a separate document with the same date as this Modification. The Agreement establishes an account for the borrower(s) identified therein (collectively, the "Borrower") with the Account Number identified above (the "Account") from which Borrower may obtain credit advances on a revolving basis from Bank. The Agreement is secured by a deed of trust (the "Security Instrument") executed by Grantor/Mortgagor and recorded on __09/11/2006__ as Instrument No. ____062016533____, in Book or Liber _____, Page(s) _____, in the Official Records of ____LOS ANGELES____ County, California. The Security Instrument secures the performance of Borrower's obligations under the Agreement and Grantor/Mortgagor's obligations under the Security Instrument, and encumbers the property described in the Security Instrument and located at the Property Address stated below (the "Property"), as more particularly described in Exhibit "A" attached to and incorporated into this Modification.

Bank and Grantor/Mortgagor agree as follows:

1. **Effect of this Modification.** This Modification modifies, amends and supplements the Security Instrument. To the extent of any inconsistency between the provisions of this Modification and the provisions of the Security Instrument, the provisions of this Modification shall prevail over and supersede the inconsistent provisions of the Security Instrument. Except as modified, amended or supplemented by this Modification, the Security Instrument shall remain in full force and effect. This Modification will be legally binding and effective upon the parties only when it is signed by Bank and each Grantor/Mortgagor.

3 2 4 4 7 B (04/13/07) w8.2                                    Page 1 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

2.  **Modified Terms and Conditions.** The Security Instrument is modified, amended and supplemented by this Modification, as follows:

Credit Limit Increase: The Credit Limit stated in the Agreement and the Security Instrument is hereby increased by  $55,000.00 , from the current amount of  $250,000.00  to the increased amount of  $305,000.00 . All other terms and conditions relating to the Credit Limit including, without limitation, our ability to reduce the Credit Limit during any period when certain events have occurred and your obligation not to request or obtain a credit advance that will cause your Account balance to exceed your Credit Limit, remain in full force and effect (except for any changes resulting from the amendment of the Agreement referenced above).

3.  **Other Changes to the Agreement.** The terms and conditions of the Agreement have been amended in certain respects, and reference is made to the amended Agreement for information relating to the same.

4.  **Definition of Terms.** Except as otherwise provided in this Modification, the terms used in this Modification shall have the same meanings as the same or substantially equivalent terms used in the Security Instrument, whether or not the terms used in this Modification or the Security Instrument, are capitalized.

Property Address:
_____
5851 S GARTH AVE  LOS ANGELES, CA 90056-1511
_____

3 2 4 4 7 B (04/13/07) w8.2                                   Page 2 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

By signing below, Bank and Grantor/Mortgagor accept and agree to the terms and conditions of this Modification effective as of the date first set forth above.

BANK:

WASHINGTON MUTUAL BANK

By: _____
(Bank Officer Signature)

CHRISTINA GONZALEZ
(Printed Bank Officer Name)

Its: _____OFFICER_____
(Bank Officer Title)

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _6/25/07_ before me, _Tazamisha S. Henderson_, Notary Public,
(insert name here)
personally appeared _Christina Gonzalez_. personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Seal or Stamp)

Signature: _____
My Commission expires: _1736310_
My Commission number: _4/2/11_

3 2 4 4 7 B (04/13/07) w8.2



TAZAMISHA S. HENDERSON
Commission # 1736310
Notary Public - California
Los Angeles County
My Comm. Expires Apr 2, 2011

3 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0707349056

GRANTOR/MORTGAGOR:

DAVID L. STEPHENS AKA DAVID LEE STEPHENS

GENEVIEVE M. STEPHENS  AKA GENEVIEVE STEPHENS

3 2 4 4 7 B (04/13/07) w8.2                    Page 4 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

0707349056

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _6/25/07_ before me, _Tazamisha S. Henderson_, Notary Public,
(here insert name)

personally appeared
DAVID L. STEPHENS AKA DAVID LEE STEPHENS
GENEVIEVE M. STEPHENS  AKA GENEVIEVE STEPHENS

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Seal or Stamp)

Signature: _Tazamisha S. H._
My Commission expires: _4/2/11_
My Commission number: _1730310_

> TAZAMISHA S. HENDERSON
> Commission # 1736310
> Notary Public - California
> Los Angeles County
> My Comm. Expires Apr 2, 2011

3 2 4 4 7 B (04/13/07) w8.2                                   Page 5 of 5

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

*1*

0707349056

**EXHIBIT "A"**
**ATTACHMENT TO MODIFICATION AGREEMENT**

LYING AND BEING LOCATED IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA; ALL THAT CERTAIN PARCEL OR
TRACT OF LAND KNOWN AS:

LOT 66 OF TRACT NO. 17721, IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
495 PAGE(S) 11 TO 16, INCLUSIVE OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

3 2 6 7 4 (02/03/07) w8.2                                    Page 1

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

This page is part of your document - DO NOT DISCARD

**06  2016533**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

**8:01 AM SEP 11 2006**

# TITLE(S) :



L E A D    S H E E T

FEE

FEE $ KK

DAF $

C-20

D.T.T.

NOTIFICATION SENT 14

CODE
20

CODE
19

CODE
9

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.    **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Recording requested by and

When Recorded Mail to:
**Optima Information Solutions**
**1700 Carnegie Avenue, Suite 200**
**Santa Ana, CA 92705**
**WAMU**

06 2016533

  **Washington Mutual**

**WaMu Equity Plus™**
**DEED OF TRUST**
Loan Number: 0707349056

THIS DEED OF TRUST is between:
DAVID L. STEPHENS AND GENEVIEVE M. STEPHENS

whose address is:
5851 S GARTH AVE  LOS ANGELES, CA 90056-1511
("Trustor"); _____ OPTIMA _____, a _____ CALIFORNIA _____
corporation, the address of which is:
1700 CARNEGIE AVE SUITE 200 SANTA ANA, CA 92705
and its successors in trust and assigns ("Trustee"); and
WASHINGTON MUTUAL BANK, A FEDERAL ASSOCIATION, WHICH IS ORGANIZED AND
EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND WHOSE ADDRESS IS
2273 N GREEN VALLEY PARKWAY, SUITE #14, HENDERSON, NV 89014 ("BENEFICIARY") AND
ITS SUCCESSORS OR ASSIGNS.

1.  **Granting Clause.** Trustor hereby grants, bargains, sells and conveys to Trustee in
trust, with power of sale, the real property in _____ LOS ANGELES _____ County, California,
described below and all interest in it Trustor ever gets:
THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
LOT 66 OF TRACT NO. 17721, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 495 PAGE(S) 11 TO 16, INCLUSIVE
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Tax  Parcel  Number:_____ 4101-009-019 _____ together with all
insurance and condemnation proceeds related to it; all plumbing, lighting, air conditioning and
heating apparatus and equipment; and all fencing, blinds, drapes, floor coverings, built-in

4360 (03/24/06) w7.2                         BANK                         Page 1 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

06 2016533

0707349056

appliances and other fixtures at any time installed  on or in or used in connection with such real property.

All of the property described above will be called the "Property".  As used herein "State" shall refer to the state of California.

2.   **Obligation Secured.**  This Deed of Trust is given to secure performance of each promise of Trustor contained herein and in a _____WaMu Equity Plus(TM)_____ Agreement and Disclosure with Beneficiary of even date herewith with a maximum credit limit of _____$250,000.00_____ (the "Credit Agreement"), including any extensions, renewals or modifications thereof, and repayment of all sums borrowed by Trustor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein.  The Credit Agreement provides for variable and fixed rates of interest.  Under the Credit Agreement, the Trustor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above, and all such advances shall be secured by the lien of this Deed of Trust. This Deed of Trust also secures payment of certain fees and charges payable by Trustor under the Credit Agreement, certain fees and costs of Beneficiary as provided in Section 9 of this Deed of Trust, and repayment of money advanced by Beneficiary to protect the Property or Beneficiary's interest in the Property, including advances made pursuant to Section 6 below.  The Credit Agreement provides that unless sooner repaid, all amounts due under the Credit Agreement are due and payable in full thirty (30) years from the date of this Deed of Trust (the "Maturity Date").  All amounts due under the Credit Agreement and this Deed of Trust are called the "Debt".

3.   **Representations of Trustor.**  Trustor represents that:
(a)   Trustor is the owner of the Property, which is unencumbered except by: easements, reservations, and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or deed of trust given in good faith and for value, the existence of which has been disclosed in writing to Beneficiary; and
(b)   The Property is not presently and will not during the term of this Deed of Trust be used for any agricultural purposes.

4.   **Promises of Trustor.**  Trustor promises:
(a)   To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property, without first obtaining Beneficiary's written consent;
(b)   To allow representatives of Beneficiary to inspect the Property at any reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property;
(c)   To pay on time all lawful taxes and assessments on the Property;
(d)   To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;
(e)   To see to it that this Deed of Trust remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Beneficiary's security;
(f)   To keep the improvements on the Property insured by a company satisfactory to Beneficiary against fire and extended coverage perils, and against such other risks as Beneficiary may reasonably require, in an amount equal to the full insurable value of the improvements, and to deliver evidence of such insurance coverage to Beneficiary.  Subject to the rights of the holder of any lien described in 3(a), Beneficiary shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause.  The amount collected under any insurance policy shall

4360 (03/24/06) w7.2                          BANK                          Page 2 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

06 2016533    4

0707349056

be applied to the repair of such improvements, unless doing so would impair Beneficiary's security, in which event such proceeds may be applied upon any indebtedness hereby secured. In the event of foreclosure or sale of the Property pursuant to the Trustee's power of sale, all rights of the Trustor in insurance policies then in force shall pass to the purchaser at the Sheriff's or Trustee's sale.

(g)  To sign all financing statements and other documents that Beneficiary may request from  time to time to perfect, protect and continue Beneficiary's security interest in the Property. Trustor irrevocably appoints Beneficiary as Grantor's attorney-in-fact to execute, file and record any financing statements or similar documents in Trustor's name and to execute all documents necessary to transfer title if there is a default; and

(h)  To advise Beneficiary immediately in writing of any change in Trustor's name, address or employment.

5.  **Sale, Transfer or Further Encumbrance of Property**.  Subject to applicable law, the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Trustor by contract of sale or otherwise including, without limit, any further encumbrance of the Property.

6.  **Curing of Defaults**.  If Trustor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or deed of trust, Beneficiary may take any action required to comply with such covenants without waiving any other right or remedy it may have for Trustor's failure to comply. Repayment to Beneficiary of all the money spent by Beneficiary on behalf of Trustor shall be secured by this Deed of Trust; at Beneficiaries option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Beneficiary from liability for failure to fulfill the covenants in Section 4.  The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Trustor on demand.  Although Beneficiary may take action under this paragraph, Beneficiary is not obligated to do so.

7.  **Remedies For Default**.

(a)  Prompt performance under this Deed of Trust is essential.  If Trustor does not pay any installment of the Debt or other amount due hereunder on time, or any other event occurs that entitles Beneficiary to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, or if Trustor fails to comply with any other term, condition, obligation or covenant contained in the Credit Agreement or this Deed of Trust or any rider thereto, or any other deed of trust, mortgage, trust indenture or security agreement or other instrument having priority over this Deed of Trust, or if any representation of Trustor herein was false or misleading, the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, at the option of Beneficiary, and the total amount owed by Trustor shall thereafter bear interest at the rate(s) stated in the Credit Agreement.  Beneficiary may then or thereafter advise Trustee of the default and of Beneficiary's election to have the Property sold pursuant to Trustee's power of sale in accordance with applicable law and deliver to Trustee any documentation as may be required by law.  After giving any notices and the time required by applicable law, Trustee shall sell the Property, either in whole or in separate parcels or other part, and in such order as Trustee may choose, at public auction to the highest bidder for cash in lawful money of the United States which will be payable at the time of sale all in accordance with applicable law.  Anything in the preceding sentence to the contrary notwithstanding, Beneficiary may apply the Debt towards any bid at any such sale.  Trustee may postpone any such sale by providing such notice as may be required by law.  Unless prohibited by law, any person, including the Trustor, Beneficiary or Trustee, may purchase at any such sale.  Trustee shall apply the

4360 (03/24/06) w7.2                        BANK                        Page 3 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

06 2016533

0707349056

proceeds of the sale as follows: (i) to the expenses of the sale, including a reasonable trustee's fee and lawyer's fee; (ii) to the obligations secured by this Deed of Trust; and, (iii) the surplus, if any, shall go to the person(s) legally entitled thereto.

(b)   Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the Property which Trustor had or had the power to convey at the time of execution of this Deed of Trust and any interest which Trustor subsequently acquired. The Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust. This recital shall be prima facie evidence of such compliance and conclusive evidence of such compliance in favor of bona fide purchasers and encumbrancers for value.

(c)   To the extent permitted by law the power of sale conferred by this Deed of Trust is not an exclusive remedy. In connection with any portion of the Property which is personal property, Beneficiary shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the state of California.

(d)   By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

8.   **Condemnation; Eminent Domain.** In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award, or such portion as may be necessary to fully satisfy the Debt, shall, except as required by applicable law, be paid to the Debt.

9.   **Fees and Costs.** Trustor shall pay Beneficiary's and Trustee's reasonable cost of searching records, other reasonable expenses as allowed by law, and reasonable attorney's fees, in any lawsuit or other proceeding to foreclose this Deed of Trust; in any lawsuit or proceeding which Beneficiary or Trustee prosecutes or defends to protect the lien of this Deed of Trust; and, in any other action taken by Beneficiary to collect the Debt, including without limitation any disposition of the Property under the State Uniform Commercial Code; and, any action taken in bankruptcy proceedings as well as any appellate proceedings.

10.   **Reconveyance.** Trustee shall reconvey the Property to the person entitled thereto, on written request of Beneficiary, or following satisfaction of the obligations secured hereby and Beneficiary and Trustee shall be entitled to charge Trustor a reconveyance fee together with fees for the recordation of the reconveyance documents unless prohibited by law. If your Credit Line is cancelled or terminated, subject to applicable law, we may delay the cancellation or reconveyance of your security instrument for a reasonable period of time to enable us to post to your Credit Line Account any advances that you have received.

11.   **Trustee; Successor Trustee.** Beneficiary may, unless prohibited by law, appoint a successor Trustee from time to time in the manner provided by law. The successor Trustee shall be vested with all powers of the original trustee. The Trustee is not obligated to notify any party hereto of a pending sale under any other deed of trust or of any action or proceeding in which Trustor, Trustee or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

12.   **Savings Clause.** If a law, which applies to this Deed of Trust or the Credit Agreement and which sets maximum loan charges, is finally interpreted by a court having jurisdiction so that the interest or other loan charges collected or to be collected in connection with this Deed of Trust or the Credit Agreement exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already

4360 (03/24/06) w7.2                              BANK                              Page 4 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

06 2016533

0707349056

collected from Trustor which exceeded permitted limits will be refunded to Trustor. Beneficiary may choose to make this refund by reducing the principal owed or by making a direct payment. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

**13. Miscellaneous.** This Deed of Trust shall benefit and obligate the heirs, devisees, legatees, administrators, executors, successors, and assigns of the parties hereto. The term "Beneficiary" shall mean the holder and owner of the Credit Agreement secured by this Deed of Trust, whether or not that person is named as Beneficiary herein. The words used in this Deed of Trust referring to one (1) person shall be read to refer to more than one (1) person if two (2) or more have signed this Deed of Trust or become responsible for doing the things this Deed of Trust requires. This Deed of Trust shall be governed by and construed in accordance with Federal law and, to the extent Federal law doesn't apply, the laws of the state of California. If any provision of this Deed of Trust is determined to be invalid under law, the remaining provisions of this Deed of Trust shall nonetheless remain in full force and effect.

**14. Beneficiary and Similar Statements.** Beneficiary may collect a fee in the maximum amount allowed by law for furnishing any beneficiary statement, payoff demand statement or similar statement.

**15. Riders.** If one (1) or more riders are executed by Trustor and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider      ☐ Other: _____

☐ Planned Unit Development Rider      (specify)

4360 (03/24/06) w7.2                    BANK                    Page 5 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

06  2016583

0707349056

By signing below Trustor accepts and agrees to the provisions of this Deed of Trust and of any rider(s) executed by Trustor concurrently therewith.

DATED at _Los Angeles California_ this _4th_ day of _August  2006_.

TRUSTOR(S):

DAVID L STEPHENS

GENEVIEVE M STEPHENS

4360 (03/24/06) w7.2                    BANK                    Page 6 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

*8*

0707349056

**STATE OF CALIFORNIA**

COUNTY OF _Los Angeles_                    **06  2016533**

On _August 4 2006_ before me, _Gwen Crane_, Notary Public,
(here insert name)

personally appeared
DAVID L STEPHENS _____
GENEVIEVE M STEPHENS _____
_____
_____
_____
_____
_____,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal.                    (Seal or Stamp)

Signature: _Gwen Crane_
My Commission expires: _Feb 12 2008_
My Commission number: _1469890_

GWEN CRANE
Commission # 1469890
Notary Public - California
Los Angeles County
My Comm. Expires Feb 12, 2008

**REQUEST FOR FULL RECONVEYANCE**
**Do not record. To be used only when Trustor's**
**indebtedness has been repaid and Credit Agreement cancelled.**

TO: TRUSTEE _____

The undersigned is Trustee of the within Deed of Trust, and the legal owner and holder of the
___WaMu Equity Plus(TM)___ Agreement secured thereby. Said Deed of Trust is hereby surrendered
to you for reconveyance and you are requested, upon payment of all sums owing to you, to
reconvey, without warranty, to the person(s) entitled thereto, the right, title and interest now held
by you thereunder.

DATE: _____

WASHINGTON MUTUAL BANK

By _____

Its _____

4360 (03/24/06) w7.2                    BANK                    Page 7 of 7

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

This page is part of your document - DO NOT DISCARD

**04 1437446**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**06/04/04 AT 08:00am**

**TITLE(S) :** _____

L E A D    S H E E T

**FEE**



FEE $45 AA
DAF $6
C-20    9    3T

D.T.T

NOTIFICATION SENT $4

**CODE 20**

**CODE 19**

**CODE 9** _____

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

THIS FORM NOT TO BE DUPLICATED

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04

WHEN RECORDED MAIL TO:

**FIRST FEDERAL BANK OF CALIFORNIA**
401 Wilshire Boulevard / LOAN SERVICE
Santa Monica, California 90401

**04 1437446**

Loan No. 49630029
Title Order No. 179394-20

Space above this line for recorder's use

☐ CONSTRUCTION ☒ NON-CONSTRUCTION
**Deed of Trust and Assignment of Rents**
**ADJUSTABLE INTEREST RATE LOAN**

THE NOTE SECURED BY THIS DEED OF TRUST PROVIDES FOR CHANGES IN THE INTEREST RATE AND
MONTHLY PAYMENTS AND MAY PROVIDE FOR THE ADDITION OF UNPAID INTEREST TO PRINCIPAL
(NEGATIVE AMORTIZATION). SEE THE NOTE DESCRIBED BELOW FOR FULL DESCRIPTION OF LOAN TERMS.

THIS DEED OF TRUST IS MADE ON         **May 26, 2004**                    The trustor is

**David L. Stephens and Genevieve M. Stephens, husband and wife**

("Borrower"). The trustee is SEASIDE FINANCIAL CORPORATION ("Trustee"). The beneficiary is FIRST FEDERAL BANK OF
CALIFORNIA, a federally chartered savings bank and whose address is 401 Wilshire Boulevard, Santa Monica, California 90401
("Lender", "Note Holder" or" Beneficiary").

Borrower owes Lender the principal sum of
**FOUR HUNDRED NINETY-FIVE THOUSAND AND 00/100**

                                                    **Dollars (U.S. $ 495,000.00).**

This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note") which provides for monthly payments,
with the full debt, if not paid earlier, due and payable on **06/01/2034**. This Deed of Trust secures to Lender: (a) the repayment of the
debt evidenced by the Note with interest and all renewals, extensions and modifications; (b) the payment of all other sums, with
interest, advanced under paragraph 6 to protect the security of this Deed of Trust; (c) the performance of Borrower's covenants and
agreements under this Deed of Trust and the Note; (d) the performance, if the loan secured by this Deed of Trust is a construction
loan, of Borrower's covenants and agreements contained in a construction or building loan or similar agreement; (e) the performance,
if the security property is subject to a lease, of the terms and conditions of any such lease; (f) compliance with the terms of any
Declaration of Covenants, Conditions and Restrictions or similar instruments pertaining to the security property; (g) the performance of
any agreement of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust; and (h) the payment of
charges allowed by law for any statement regarding the obligation secured by this Deed of Trust.
For this purpose and otherwise for valuable consideration, Borrower irrevocably grants, transfers, assigns and conveys to Trustee, in
trust with power of sale, in the case of a lease, the leasehold estate in and to the property described below, and the following
described property located in Los Angeles  County, California:

LOT 66 OF TRACT NO. 17721, AS PER MAP RECORDED IN BOOK 495 PAGE 11 TO 46 INCLUSIVE OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

4101-009-019
Which has the address of    **5851 South Garth Avenue, Los Angeles, CA 90056**

                                                    ("Property Address")

**FUTURE TAX STATEMENTS MAY BE MAILED TO BORROWER AT THE ADDRESS SHOWN ABOVE**

FUN 20101 (2004-02-18) (OS 016)

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04                    Loan No. 49630029

TOGETHER WITH all the improvements now or hereafter erected on the property and all present and future easements, rights, rights of way, appurtenances, rents, royalties, leases, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter made a part of the property. The following items are added to the Property description, and shall also constitute the Property covered by this Deed of Trust: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but no limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings now or hereafter attached to the Property.    All replacements and additions are also covered by this Deed of Trust.  Borrower agrees to execute and deliver, if requested by Lender, any further instruments necessary to confirm the lien of this Deed of Trust on any equipment.  All of the foregoing is referred to in this Deed of Trust as the "Property".

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant, convey and assign the Property (and, if this Deed of Trust is on a leasehold, that the ground lease is in full force and effect without default on the part of either lessor or lessee thereunder), that the Property is unencumbered, except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, BORROWER AGREES AS FOLLOWS:

(1) **Payment of Principal and Interest.**  Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, any other charges provided in the Note and all other sums secured by this Deed of Trust.

(2) **Construction of Improvements.**  Borrower will complete in a good and workmanlike manner any building or improvement or repair which may be begun on the Property, pay any costs incurred when due, and not permit any mechanic's lien against the Property nor any stop notice against loan proceeds.

(3) **Preservation and Maintenance of Property; Nuisance; Duty to Protect; Leaseholds.**  Borrower shall not destroy, damage, or substantially change the Property, allow the Property to deteriorate, or abandon the Property.  Borrower shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.  Specifically without limitation, Borrower will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), soil, gravel or rock products without the prior written consent of Lender.  Borrower agrees neither to abandon nor leave unattended the Property.  Borrower shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.  If this Deed of Trust is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

(4) **Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured at all times against loss by fire, hazards included within the term 'extended coverage' and any other hazards for which Lender (and, if this Deed of Trust is on a leasehold, the ground lease) requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires, with loss payable to Lender.  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

All insurance policies and renewals shall be subject to the approval of Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender, whether or not such insurance was required by Lender.  All insurance procured by or for the benefit of Borrower pertaining to the Property, whether such insurance is required by Lender or not, shall name Lender as the loss payee.  Lender shall have the right to hold all policies and renewals.  Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices.  In the event that Borrower obtains any new insurance policies or coverage pertaining to the Property, Borrower shall promptly notify Lender and promptly provide copies of said items.  In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.  Lender may make proof of loss if not made promptly by Borrower.

At least 30 days prior to the expiration of any insurance policy, Borrower shall obtain and deliver to Lender written evidence of the payment of the renewal premium.  If Borrower does not deliver such evidence to Lender or if the insurance is terminated, Lender is specifically requested by Borrower to obtain insurance and include the cost as an amount due pursuant to the Note.  Lender is not obligated to obtain the insurance, but if it does so, it may obtain the insurance from any insurance agency or company acceptable to it.  If the Lender does obtain such insurance, the Borrower shall reimburse all sums advanced together with interest thereon at the rate of interest due according to the Note, with such reimbursement all due and payable with the next scheduled monthly payment due on the Note.  The Borrower is hereby made aware of the fact that any substitute or replacement insurance procured by the Lender will likely cost much more than the insurance which could be procured by the Borrower.

Unless Lender and Borrower otherwise agree in writing, all insurance proceeds (whether or not the policy or provision was required by Lender) shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower.  If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds.  Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due.  The 30-day period will begin when the notice is given.

If under paragraph 14 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.  Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the Borrower's monthly payments or change the amount of the payments.

FUN 20102 (2003-11-12)                        Page 2
                                    04  1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04                    Loan No. 49630029

(5) **Life, Health, or Accident Insurance.** If Borrower maintains life, accident or health insurance and Lender is the owner or holder of such policy of such insurance as further security hereunder. Lender may elect to pay any premiums if Borrower does not make the payment, and any amount so paid shall be secured hereby.

(6) **Taxes and Other Sums Due; Liens.** Borrower shall timely pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 7, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.
If Borrower fails to make any such payment, Lender, without contesting the validity or amount, may make the payment together with any related costs, expenses, fees, or charges, and thereafter enforce all rights relating to said payment as provided to Lender by this Deed of Trust or by law. Borrower agrees to notify Lender and appropriate taxing authorities immediately upon the happening of any event which does or may affect the value of the Property, the amount or basis of the Property, or the availability of any exemption to which Borrower may be entitled, if any law is passed deducting from the value of real property for tax purposes any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deed of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, which would affect this Deed of Trust, the holder of this Deed of Trust and the Note which it secures shall have the right to declare the principal sum and the interest due; provided, however, that such election shall be ineffective if Borrower is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when hereafter levied or assessed against the Property, and such agreement shall be a modification of this Deed of Trust. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Deed of Trust, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien within ten days of the giving of notice.

(7) **Impounds.** Subject to applicable law and if Lender so requests, Borrower shall pay to Lender on the day monthly payments are due under the Note until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments which may attain priority over this Deed of Trust; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; and (d) yearly mortgage insurance premiums, if any.  These items are called 'Impounds'. Lender may estimate the Funds due on the basis of current data and reasonable estimates of future Impounds.
The Funds may be intermingled with other monies of Lender, and shall not bear interest except as required by law.  If Lender requires Impounds due to Borrower's failure to timely make payments pursuant to paragraph 6, Borrower acknowledges and agrees that no interest shall be paid by Lender on such Funds.  Lender shall apply the Funds to pay the Impounds.  Lender shall give to Borrower all reports of Impounds as required by law.  The Funds are hereby pledged as additional security for the sums secured by this Deed of Trust.
If the amount of the Funds held by Lender, together with the future monthly payments of Funds payable prior to the due dates of the Impounds, shall exceed the amount required to pay the Impounds when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments.  If the amount of the Funds held by Lender is not sufficient to pay the Impounds when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender.  Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender.  If under paragraph 14 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

(8) **Assignment of Awards and Damages to Lender.** Borrower assigns to Lender all sums due, paid, or payable, (a) for injury to the Property; or (b) in connection with this loan transaction. Lender may, at its option, begin, intervene in, appear in or prosecute in its own name, any legal action, or make any compromise or settlement in connection therewith. If required by Lender, Borrower agrees to execute further assignments of any such compensation, award, damages, rights of action and proceeds.

(9) **Protection of Lender's Security.** If borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects the Property or title thereto or the interest of Lender therein, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect Lender's interest, including, but not limited to, (i) disbursement of funds and attorneys' fees, (ii) entry upon the Property to make repairs, (iii) procurement of satisfactory insurance as provided in paragraph 4 hereof, and (iv) if this Deed of Trust is on a leasehold, exercise of any option to renew or extend the ground lease on behalf of Borrower and the curing of any default by Borrower on the terms and conditions of the ground lease. Any amounts disbursed by Lender pursuant to this paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be immediately due and payable and shall bear interest from the date of disbursement at the rate stated in the Note unless collection from Borrower of interest at such rate would be contrary to applicable law.  Borrower hereby covenants and agrees that Lender shall be subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the indebtedness secured hereby. Nothing contained in this paragraph 9 shall require Lender to incur any expense or take any action hereunder.

(10) **Condemnation.** The proceeds of any award or claim for damages, direct or indirect, in connection with any condemnation action or proceeding, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender, subject, if this Deed of Trust. Said application shall not cure or waive any default or notice of default nor invalidate any act done because of such notice, nor shall said application change the due date or amount of the monthly payments due on the Note secured by this Deed of Trust.

(11) **Failure of Borrower to Comply with Deed of Trust.** If Borrower fails to make any payment or do any act provided in this Deed of Trust, Borrower will be in default.

(12) **Sums Advanced To Bear Interest.** Any sums advanced by Lender under this Deed of Trust will be secured hereby and will bear interest from the date advanced at the same rate as the debt secured by this Deed of Trust.

(13) **Application of Payments.** Subject to the terms of the Note, Lender has the right to determine how payments received will be allocated among the various items which make up Borrower's obligations to Lender.

FUN 20103 (2003-11-12)                              Page 3

04  1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

6/4/04    Loan No. 49630029



. **(14) Acceleration Clause; Right to Declare Sums Due.** Irrespective of the maturity date specified in any note or agreement pertaining to any indebtedness secured hereby, Lender shall have the right, at its option, to declare an indebtedness and obligations secured hereby immediately due and payable upon such declaration if: (a) Borrower is in default; or (b) Borrower or any successor in interest to Borrower of such Property sells, enters into a contract of sale, conveys or alienates such Property or any part thereof, or suffers his title or any interest to be divested, whether voluntarily or involuntarily or leases such Property or any part thereof for a term of more than 3 years, or changes or permits to be changed the character or use of the Property, or drills or extracts or enters into a lease for the drilling for or extracting of oil, gas or other hydrocarbon substance or any mineral of any kind or character on such Property; or (c) Borrower is a partnership and the interest of a general partner is assigned, transferred, or inherited; or (d) Borrower is a corporation and more than 25% of the corporate stock thereof is sold, transferred or assigned during a 12 month period; or (e) Borrower is a trust and there is a change of beneficial interest with respect to more than 25% of such property; or (f) Borrower has made any material misrepresentation or failed to disclose any material fact in those certain financial and other written representations and disclosures made by Borrower in order to induce Lender to enter into the transaction evidenced by the Promissory Note or notes or agreements which this Deed of Trust secures, or (g) the insolvency of Borrower, appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower, or the dissolution or termination of Borrower's existence as a good business (if Borrower is a business), or (h) any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower to Lender, whether existing now or later, or (i) Lender deems itself to be financially insecure as to this transaction.

**(15) Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**(16) Successors and Assigns Bound; Joint and Several Liability; Co-signers.** This Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14. Borrower's covenants and agreements shall be joint and several. Any person who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that person's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that person's consent.

**(17) Legislation or Regulation Affecting Lender's Rights.** If enactment or expiration of applicable laws or regulations has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted herein. If Lender exercises this option, Lender shall take the steps specified in paragraph 24.

**(18) Governing Law; Severability.** The Note and this Deed of Trust shall be governed by the laws, rules and regulations of the United States including, without limitation, the laws, rules and regulations relating to federally chartered savings banks, provided, however, that, to the extent that the Note and this Deed of Trust shall be deemed to be governed by state law, the Note and this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

**(19) Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

**(20) Right to Collect Rents and Profits/Assignment of Leases.** If Borrower is in default hereunder, Lender (in person, by agent, or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the property, and to collect the rents of the Property (including but not limited to those past due). Any rents collected by Lender or the receiver shall be applied first to costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph the word "lease" shall mean "sublease" if the Deed of Trust is on a leasehold.

**(21) Remedies.** No remedy provided by this Deed of Trust is exclusive of any other remedy allowed by law or any other writing. Instead, to the extent permitted by law, all remedies available to Lender by contract or law shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy. Without limitation, Lender reserves the right to judicially foreclose upon the Property and obtain a judgment against Borrower for any unpaid deficiency, where permitted by law.

**(22) Power of Trustee.** At Lender's request, Trustee may: (1) release any debt; (2) extend the time or alter other terms of payment of such debt; (3) accept additional security; (4) substitute or release any security property; (5) recover all or part of any security property; (6) consent to the making of any map or plat; (7) join in granting any easement on the Property; or (8) join in any extension or subordination agreement. Any such act by Trustee will not affect Borrower's liability for the payment of the debt secured by this Deed of Trust nor will it affect the lien of this Deed of Trust on the remainder of the Property for the full amount of Borrower's debt to Lender.

**(23) Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it, and may charge such fees for each full or partial reconveyance of this Deed of Trust then customarily charged for such services.

FUN 20104 (2003-11-12)                    Page 4                    04  1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04          Loan No. 49630029

(24) **Default; Acceleration; Trustee's Sale upon Default.** For purposes of paragraph 14 and this paragraph 24, a "default" by Borrower shall mean a failure by Borrower to pay any monthly installment under the Note when due, or otherwise perform any obligation required by the Note, or a breach or default by Borrower of any of the provisions of the Deed of Trust, or a breach or default by Borrower under any other Deed of Trust, or other instrument secured by the property described in the Deed of Trust. Pursuant to paragraph 14 and this paragraph 24, in the event of a default by Borrower the entire principal amount outstanding under the Note and Deed of Trust and accrued interest thereon and late charges and other costs shall at once become due and payable at the option of the Note Holder without prior notice and regardless of any prior forbearings. Upon such a default by Borrower, Lender at its option may deliver to Trustee a written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and of election to cause to be sold the Property described in the Deed of Trust. Lender shall also deposit with the Trustee the Deed of Trust and any notes and all documents evidencing expenditures secured thereby. If Lender invokes the power of sale and after the lapse of such time as then may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, without demand on Borrower, Trustee may sell such Property at the time and place filed by such Trustee and such notice of sale, either as a whole or in separate parcels, and in such order as the Trustee shall determine (subject to such rights as Borrower may have at law to direct such order of sale), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of such property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, including Borrower, Trustee or Lender, may purchase at such sale. After deducting all costs, fees and expenses of Trustee, and of this Deed of Trust, including costs of evidence of title in connection with such sale, Trustee first shall apply the proceeds of sale to payment of all sums expended under the Deed of Trust, not then repaid, with accrued interest at the rate then payable under the Note or notes secured thereby, and then to payment of all other sums secured thereby and, if thereafter there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto.

(25) **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the instrument number and recording date where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

(26) **Waiver of Statute of Limitations.** Time is of the essence in all of Borrower's obligations. To the extent permitted by law, Borrower waives all present or future statutes of limitations with respect to any debt, demand or obligation secured by this Deed of Trust, in any action to enforce this Deed of Trust.

(27) **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. The right of inspection shall include, but is not necessarily limited to, the right to conduct tests upon and take samples of the soil, the air, and all other chemicals contained on the Property, within the subsurface of the Property, and in the air located upon the Property. If the Property is used for commercial or residential income purposes, at Lender's request Borrower shall deliver to Lender certified copies of all business records, a certified statement of gross and net annual income received from the Property during Borrower's previous fiscal year in such form and detail as Lender shall require, and any other financial statements or records relating to the Property.

(28) **Offsets.** No indebtedness secured by this Deed of Trust shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower now or hereafter may have or may claim to have against Lender; and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of California Code of Civil Procedure Section 431.70 (and any successor laws), which Section provides:

"Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a 'demand for money' and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred with Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

(29) **Misrepresentation or Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which the Deed of Trust secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice, shall have the right to declare the indebtedness secured by the Deed of Trust, irrespective of the maturity date specified in the Note or notes, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

(30) **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

(31) **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail, unless another method is required by law. The notice shall be sent to the Property address unless Borrower designates by notice a different address. Any notice to Lender must be given by first class mail to Lender's address stated above unless Lender designates a different address. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph, provided customary time for mail delivery shall have passed before such presumption is effective.

FUN 20105 (2003-11-12)

Page 5

04 1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04    Loan No. 49630029

(32) **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

(33) **Modification.** This Deed of Trust can only be modified in writing and signed by Borrower and Lender.

(34) **Loan Charges.** If a law, which applies to the loan secured by this Deed of Trust and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with such loan exceed the permitted limits, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit.

(35) **Attorneys' Fees.** Borrower agrees to pay the following costs, expenses and attorney's fees paid or incurred by Note Holder: (1) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with the collection, enforcement or interpretation of the Note or this Deed of Trust, whether or not suit is filed; (2) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in workout negotiations or modifications; and (3) costs of suit and attorneys; fees in such sum as the court may adjudge in any action to enforce payment of this Deed of Trust or any part of it.

(36) **Security Agreement; Financing Statements.** The following provisions relating to this Deed of Trust as a security agreement are hereby made a part of this Deed of Trust:
Security Agreement. This instrument shall constitute a security agreement to the extent any of the Property (a) constitutes fixtures; or (b) personal property of Borrower is located upon the Property, and such personal property is used to operate or maintain the Property. Lender shall have all of the rights of a secured party as to said items under the Uniform Commercial Code as amended from time to time.
Security Interest. Upon request by Lender, Borrower shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the rents, fixtures and personal property. Borrower shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Borrower shall assemble the personal property in a manner and at a place reasonably convenient to Borrower and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender.
Addresses. The mailing addresses of Borrower (debtor) and Lender (secured party), from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code), are as stated on the first page of this Deed of Trust.

(37) **Hazardous Substances.** Borrower represents and warrants that, so long as this Deed of Trust remains a lien on the Property, the Property never has been, and never will be, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance, as those terms are defined in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99.499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et. seq. the Resource Conservation and Recovery Act, 49 U.S.C. Section 6901, et seq., the Clean Water Act, 33 U.S.C. Section 466 et. seq. the Safe Drinking Water Act, 17 U.S.C. Section 1401 et. seq., the Toxic Substance Control Act, 15 U.S.C. Section 2601 Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 13000 and 25100, et. seq., and as subsequently amended, or other applicable state or Federal laws, rules or regulations. The representations and warranties contained herein are based on Borrower's due diligence in investigating the Property for hazardous waste. Borrower hereby (a) releases and waives all claims against Lender for indemnity or contribution in the event Borrower becomes liable for cleanup or other costs under any such laws, and (b) agrees to indemnify, defend and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to and/or during Borrower's ownership or interest in the Property, whether or not the same was or should have been known to Borrower. The provisions of this section of the Deed of Trust, including the obligations to indemnify and defend, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

(38) **Compliance With Laws.** Borrower warrants that the Property and Borrower's actual or intended use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

(39) **Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

(40) **Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

(41) **Assumptions.** During the term of the Note, the Lender shall not exercise its right to declare all sums due, as provided in paragraph 14 of this Deed of Trust, in the event of the sale or transfer of the Property to a creditworthy buyer so long as such buyer applies for the assumption of the loan in advance of accepting title to the property, as well as the buyer, in the Lender's sole and absolute judgment, qualifies for the loan evidenced by the Note, executes an assumption agreement acceptable to Lender, and pays Lender any fees required by Lender assessed in connection with an assumption; and so long as the loan is current and the Property qualifies for the loan at the same or lower loan to value ratio than the original loan balance bore to the then fair market value of the Property. The Note may not be assumed unless the legal and beneficial title to the Property has at all times remained with Borrower. This paragraph 41 shall be effective only if a substantially similar provision is contained in the Note secured by this Deed of Trust.

(42) **Condominium or Planned Unit Development Provisions.** In the event that the Property comprises (i) a unit in, together with an undivided interest in the common elements of, a condominium project ("Condominium Project") or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows:

FUN 20106 (2003-11-12)                    Page 6

**04  1437446**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

6/4/04     Loan No. 49630029

(42) **Condominium or Planned Unit Development Provisions.** In the event that the Property comprises (i) a unit in, together with an undivided interest in the common elements of, a condominium project ('Condominium Project') or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows:

(a) **Assessment and Obligations.** Borrower shall promptly pay, when due, all assessments imposed by the Owner Association, Homeowners' Association, or other governing body of the Condominium Project or PUD ("Owners' Association"). Borrower shall perform all of Borrower's obligations under the provisions of the Declaration, Trust Instrument, Articles of Incorporation, By-laws, Code of Regulations or other constituent document of the Condominium Project or PUD (the "Instrument").

(b) **Hazard Insurance.** In the case of a Condominium Project, so long as the Owners' Association maintains a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term 'extended coverage' and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then: (1) Borrower's obligation under paragraph 4 hereof of maintain hazard insurance coverage on the Property is deemed satisfied; and (2) the provisions of paragraph 4 hereof regarding application of hazard insurance proceeds shall be superseded by any provision of the instrument or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4 hereof. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage.

In the case of a Condominium Project or PUD, in the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss, in the case of a Condominium Project, to the Property, whether to the unit or to common elements, or, in the case of a PUD, to the common areas and facilities of the PUD, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower.

(c) **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

(d) **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the common areas and facilities, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sum secured by this Deed of Trust in the manner provided in paragraph 10 hereof.

(e) **Lender's Prior Consent.** Borrower shall not, except with notice to Lender and with Lender's prior written consent, consent to: (1) the abandonment or termination provided by law in the case of substantial disruption by fire or other casualty or in the case of a taking by condemnation or eminent domain; (2) any material amendment to the instrument of the Condominium Project or PUD, including, but not limited to, any amendment that would change the percentage interest of the unit owners in the common areas and facilities of the Condominium Project or PUD; (3) the effectuation of any decision by the Owners' Association to terminate professional management and assume self-management of the Condominium Project or PUD; (4) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lenders; or (5) in the case of a PUD, the transfer, release, encumbrance, partition or subdivision of all or part of the PUD's common areas and facilities, except as to the Owners' Association's right to grant easements for utilities and similar or related purposes.

(43) **Construction Loan Provisions.** If all or any portion of the proceeds of the loan secured by this Deed of Trust are to be used for construction of improvements on the Property covered by the Deed of Trust, the following additional provisions shall apply unless otherwise specified in the Note: Borrower agrees: (1) to commence construction promptly and in any event within thirty (30) days from recordation of the Deed of Trust, and to complete the same in accordance with plans and specifications satisfactory to Lender and to comply with all the provisions of the building loan or similar agreement entered into with Lender; (2) to allow Lender to inspect the security property at all times during construction; (3) to replace any work or materials unsatisfactory to Lender within fifteen (15) calendar days, after notice from Lender of such fact, which notice may be given to Borrower by registered or certified mail, sent to Borrower's last known address, or by personal service of the same; (4) not to suffer or permit any cessation of work on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days, whether consecutive or not without the written consent of Lender; and (5) to promptly pay all claims for labor performed and materials furnished in connection with the said construction and not to permit any claims or lien for said work or material to be filed of record against the security property. If the security property is a part of a larger tract upon which improvements shall be constructed, Borrower shall make separate contracts and subcontracts for said construction which shall pertain to the security property only and shall keep separate, full and complete records of all work and materials furnished to such property. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive the facts and statements therein, and to act thereon hereunder.

(44) **Adjustable Rate Mortgage Provisions.** The Note secured by this Deed of Trust may contain provisions that permit: (i) increases and decreases to the rate of interest provided in the Note on a periodic basis, (ii) increases and decreases to the monthly payment of principal and interest on a periodic basis; (iii) limitations on increases in the rate of interest, and may contain provisions that permit; (iv) limitations on increases and decreases in the monthly payment of principal and interest on a periodic basis; and (v) additions of unpaid interest to the outstanding principal balance of the loan evidenced by the Note, with interest thereon. Reference is made to the Note for a complete description of the adjustable rate terms of the indebtedness secured by this Deed of Trust.

(45) Borrower shall not, without prior written consent of Lender, consent to or vote in favor of the establishment, approval or creation of, or incorporation of the Property into, any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by the landowner. Borrower further agrees to provide prompt written notice to Lender immediately upon receipt of any information which indicates that the Property is or may in the future be included in any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by landowners.

FUN 20107 (2003-11-12)        Page 7

04  1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

6/4/04

**Loan No. 49630029**

9

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

BORROWER(S):

_____
David L. Stephens

_____
Genevieve M Stephens

FUN 20108                    Page 8

**04 1437446**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

6/4/04

## ACKNOWLEDGMENT

10

STATE OF _CALIFORNIA_ )
) SS.
COUNTY OF _Los Angeles_ )

On _May 27, 2004_, before me, _Rita J. Johnson_

personally appeared _David L. Stephens and Genevieve M._

_Stephens_ _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**WITNESS** my hand and official seal.

_Rita J. Johnson_ (Seal)

RITA J. JOHNSON
COMM. # 1432031
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. AUG. 22, 2007

This Certificate must be attached to:

Title or type of Document: _Non Construction - Deed of Trust & Assignment of Rents_

Number of pages: _9 Including this Page_

Date of document: _May 26, 2004_

Signer(s) other than named above: _None_

ACKNOW (2003-10-24)

04 1437446

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

LEAD SHEET

**RECORDING REQUESTED BY**
**WHEN RECORDED MAIL TO**

NAME *First Fed. Bank*

MAILING ADDRESS *401 Wilshire Blvd.*

CITY, STATE ZIP CODE *Santa Monica, CA 90401*

03-0300719

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

JAN    31    2003    AT 8 A.M.

SPACE ABOVE THIS LINE FOR RECORDERS USE

**TITLE(S)**

*Deed of Trust*

FEE                                                    D.T.T.

FEE $ *42.VV*    **8**
                          **3+**

CODE
20    D.A. FEE Code 20    $ *6.*

CODE
19

CODE
9___

CODE
24

NOTIFICATION SENT-24

Assessor's Identification Number (AIN)
To Be Completed By Examiner OR Title Company In Black Ink        Number of Parcels Shown

**THIS FORM IS NOT TO BE DUPLICATED**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

WHEN RECORDED MAIL TO
LANDSAFE TITLE
FIRST FEDERAL BANK OF CALIFORNIA
401 Wilshire Boulevard
Santa Monica, California 90401

Loan No. 00049379775

Title
Order No. 03251642

03 0300719    2

_____Space above this line for recorder's use_____

☐ CONSTRUCTION ☒ NON-CONSTRUCTION
**Deed of Trust and Assignment of Rents**
ADJUSTABLE INTEREST RATE LOAN

**THE NOTE SECURED BY THIS DEED OF TRUST PROVIDES FOR CHANGES IN THE INTEREST RATE AND MONTHLY PAYMENTS AND MAY PROVIDE FOR THE ADDITION OF UNPAID INTEREST TO PRINCIPAL (NEGATIVE AMORTIZATION). SEE THE NOTE DESCRIBED BELOW FOR FULL DESCRIPTION OF LOAN TERMS.**

THIS DEED OF TRUST IS MADE ON    January 17, 2003                                    . The trustor is
David Stephens and Genevieve Stephens, husband and wife

("Borrower"). The trustee is SEASIDE FINANCIAL CORPORATION ("Trustee"). The beneficiary is FIRST FEDERAL BANK OF CALIFORNIA, a federally chartered savings bank and whose address is 401 Wilshire Boulevard, Santa Monica, California 90401 ("Lender", "Note Holder" or Beneficiary").

Borrower owes Lender the principal sum of    Four Hundred Ninety Five Thousand Dollars & No/Cents
Dollars (U.S. $ 495,000.00              ).
This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note") which provides for monthly payments, with the full debt, if not paid earlier, due and payable on    February 1, 2033              . This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note with interest and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 6 to protect the security of this Deed of Trust; (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note; (d) the performance, if the loan secured by this Deed of Trust is a construction loan, of Borrower's covenants and agreements contained in a construction or building loan or similar agreement; (e) the performance, if the security property is subject to a lease, of the terms and conditions of any such lease; (f) compliance with the terms of any Declaration of Covenants, Conditions and Restrictions or similar instruments pertaining to the security property; (g) the performance of any agreement of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust; and (h) the payment of charges allowed by law for any statement regarding the obligation secured by this Deed of Trust.
    For this purpose and otherwise for valuable consideration, Borrower irrevocably grants, transfers, assigns and conveys to Trustee, in trust with power of sale, in the case of a lease, the leasehold estate in and to the property described below, and the following described property located in
    Los Angeles      County, California:
Lot 66, of Tract No. 17721, as per Map recorded in Book 495 pages 11 to 16 of
Maps, in the Office of the County Recorder of said county.


    APN# 4101-009-019

which has the address of 5851 South Garth Avenue, Los Angeles, CA 90056
("Property Address").
    TOGETHER WITH all the improvements now or hereafter erected on the property and all present and future easements, rights, rights of way, appurtenances, rents, royalties, leases, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter made a part of the property. The following items are added to the Property description, and shall also constitute the Property covered by this Deed of Trust: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings now or hereafter attached to the Property. All replacements and additions are also covered by this Deed of Trust. Borrower agrees to execute and deliver, if requested by Lender, any further instruments necessary to confirm the lien of this Deed of Trust on any equipment. All of the foregoing is referred to in this Deed of Trust as the "Property".

**FUTURE TAX STATEMENTS MAY BE MAILED TO BORROWER AT THE ADDRESS SHOWN ABOVE**

PRN911821-R0500                                    1

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

LOAN NO.: 00049379775

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant, convey and assign the Property (and, if this Deed of Trust is on a leasehold, that the ground lease is in full force and effect without default on the part of either lessor or lessee thereunder), that the Property is unencumbered, except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, BORROWER AGREES AS FOLLOWS:

(1) **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, any other charges provided in the Note and all other sums secured by this Deed of Trust.

(2) **Construction of Improvements.** Borrower will complete in a good and workmanlike manner any building or improvement or repair which may be begun on the Property, pay any costs incurred when due, and not permit any mechanic's lien against the Property nor any stop notice against loan proceeds.

(3) **Preservation and Maintenance of Property; Nuisance; Duty to Protect; Leaseholds.** Borrower shall not destroy, damage, or substantially change the Property, allow the Property to deteriorate, or abandon the Property. Borrower shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Specifically without limitation, Borrower will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), soil, gravel or rock products without the prior written consent of Lender. Borrower agrees neither to abandon nor leave unattended the Property. Borrower shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property. If this Deed of Trust is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

(4) **Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured at all times against loss by fire, hazards included within the term 'extended coverage' and any other hazards for which Lender (and, if this Deed of Trust is on a leasehold, the ground lease) requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires, with loss payable to Lender. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

All insurance policies and renewals shall be subject to the approval of Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender, whether or not such insurance was required by Lender. All insurance procured by or for the benefit of Borrower pertaining to the Property, whether such insurance is required by Lender or not, shall name Lender as the loss payee. Lender shall have the right to hold all policies and renewals. Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event that Borrower obtains any new insurance policies or coverage pertaining to the Property, Borrower shall promptly notify Lender and promptly provide copies of said items. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

At least 30 days prior to the expiration of any insurance policy, Borrower shall obtain and deliver to Lender written evidence of the payment of the renewal premium. If Borrower does not deliver such evidence to Lender or if the insurance is terminated, Lender is specifically requested by Borrower to obtain insurance and include the cost as an amount due pursuant to the Note. Lender is not obligated to obtain the insurance, but if it does so, it may obtain the insurance from any insurance agency or company acceptable to it. If the Lender does obtain such insurance, the Borrower shall reimburse all sums advanced together with interest thereon at the rate of interest due according to the Note, with such reimbursement all due and payable with the next scheduled monthly payment due on the Note. The Borrower is hereby made aware of the fact that any substitute or replacement insurance procured by the Lender will likely cost much more than the insurance which could be procured by the Borrower.

Unless Lender and Borrower otherwise agree in writing, all insurance proceeds (whether or not the policy or provision was required by Lender) shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sum secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The 30-day period will begin when the notice is given.

If under paragraph 14 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the Borrower's monthly payments or change the amount of the payments.

(5) **Life, Health, or Accident Insurance.** If Borrower maintains life, accident or health Insurance and Lender is the owner or holder of any policy of such insurance as further security hereunder. Lender may elect to pay any premiums if Borrower does not make the payment, and any amount so paid shall be secured hereby.

(6) **Taxes and Other Sums Due; Liens.** Borrower shall timely pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 7, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

If Borrower fails to make any such payment, Lender, without contesting the validity or amount, may make the payment together with any related costs, expenses, fees, or charges, and thereafter enforce all rights relating to said payment as provided to Lender by this Deed of Trust or by law. Borrower agrees to notify Lender and appropriate taxing authorities immediately upon the happening of any event which does or may affect the value of the Property, the amount or basis of the Property, or the availability of any exemption to which Borrower may be entitled, if any tax is passed deducting from the value of real property for tax purposes any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deed of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, which would affect this Deed of Trust, the holder of this Deed of Trust and the Note which it secures shall have the right to declare the principal sum and the interest due; provided, however, that such election shall be ineffective if Borrower is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when hereafter levied or assessed against the Property, and such payment shall be a modification of this Deed of Trust. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Deed of Trust, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien within ten days of the giving of notice.

(7) **Impounds.** Subject to applicable law and if Lender so requests, Borrower shall pay to Lender on the day monthly payments are due under the Note until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments which may attain priority over this Deed of Trust; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; and (d) yearly mortgage insurance premiums, if any. These items are called 'Impounds'. Lender may estimate the Funds due on the basis of current data and reasonable estimates of future impounds.

The Funds may be intermingled with other monies of Lender, and shall not bear interest except as required by law. If Lender requires Impounds due to Borrower's failure to timely make payments pursuant to paragraph 6, Borrower acknowledges and agrees that no interest shall be paid

PRN911821-R0902                                    2

**03  0300719**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

LOAN NO.:00049379775

by Lender on such Funds. Lender shall apply the Funds to pay the Impounds. Lender shall give to Borrower all reports of Impounds as required by law. The Funds are hereby pledged as additional security for the sums secured by this Deed of Trust.

• If the amount of the Funds held by Lender, together with the future monthly payments of Funds payable prior to the due dates of the Impounds, shall exceed the amount required to pay the Impounds when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments. If the amount of the Funds held by Lender is not sufficient to pay the Impounds when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender. Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 14 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

(8) **Assignment of Awards and Damages to Lender.** Borrower assigns to Lender all sums due, paid, or payable, (a) for injury to the Property; or (b) in connection with this loan transaction. Lender may, at its option, begin, intervene in, appear in or prosecute in its own name, any legal action, or make any compromise or settlement in connection therewith. If required by Lender, Borrower agrees to execute further assignments of any such compensation, award, damages, rights of action and proceeds.

(9) **Protection of Lender's Security.** If borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects the Property or title thereto or the interest of Lender therein, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect Lender's interest, including, but not limited to, (i) disbursement of funds and attorneys' fees, (ii) entry upon the Property to make repairs, (iii) procurement of satisfactory insurance as provided in paragraph 4 hereof, and (iv) if this Deed of Trust is on a leasehold, exercise of any option to renew or extend the ground lease on behalf of Borrower and the curing of any default by Borrower in the terms and conditions of the ground lease. Any amounts disbursed by Lender pursuant to this paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be immediately due and payable and shall bear interest from the date of disbursement at the rate stated in the Note unless collection from Borrower of interest at such rate would be contrary to applicable law. Borrower hereby covenants and agrees that Lender shall be subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the indebtedness secured hereby. Nothing contained in this paragraph 9 shall require Lender to incur any expense or take any action hereunder.

(10) **Condemnation.** The proceeds of any award or claim for damages, direct or indirect, in connection with any condemnation action or proceeding, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender, subject, if this Deed of Trust. Said application shall not cure or waive any default or notice of default nor invalidate any act done because of such notice, nor shall said application change the due date or amount of the monthly payments due on the Note secured by this Deed of Trust.

(11) **Failure of Borrower to Comply with Deed of Trust.** If Borrower fails to make any payment or do any act provided in this Deed of Trust, Borrower will be in default.

(12) **Sums Advanced To Bear Interest.** Any sums advanced by Lender under this Deed of Trust will be secured hereby and will bear interest from the date advanced at the same rate as the debt secured by this Deed of Trust.

(13) **Application of Payments.** Subject to the terms of the Note, Lender has the right to determine how payments received will be allocated among the various items which make up Borrower's obligations to Lender.

(14) **Acceleration Clause: Right to Declare Sums Due.** Irrespective of the maturity date specified in any note or agreement pertaining to any indebtedness secured hereby, Lender shall have the right, at its option, to declare an indebtedness and obligations secured hereby immediately due and payable upon such declaration if: (a) Borrower is in default; or (b) Borrower or any successor in interest to Borrower of such Property sells, enters into a contract of sale, conveys or alienates such Property or any part thereof, or suffers his title or any interest to be divested, whether voluntarily or involuntarily or leases such Property or any part thereof for a term of more than 3 years, or changes or permits to be changed the character or use of the Property, or drills or extracts or enters into a lease for the drilling for or extracting of oil, gas or other hydrocarbon substance or any mineral of any kind or character on such Property; or (c) Borrower is a partnership and the interest of a general partner is assigned, transferred, or inherited; or (d) Borrower is a corporation and more than 25% of the corporate stock thereof is sold, transferred or assigned during a 12 month period; or (e) Borrower is a trust and there is a change of beneficial interest with respect to more than 25% of such property; or (f) Borrower has made any material misrepresentation or failed to disclose any material fact in those certain financial and other written representations and disclosures made by Borrower in order to induce Lender to enter into the transaction evidenced by the Promissory Note or notes or agreements which this Deed of Trust secures, or (g) the insolvency of Borrower, appointment of a receiver for any part of Borrower's property, assignment for the benefit of creditors, the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower, or the dissolution or termination of Borrower's existence as a good business (if Borrower is a business), or (h) any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower to Lender, whether existing now or later, or (i) Lender deems itself to be financially insecure as to this transaction.

(15) **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

(16) **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** This Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14. Borrower's covenants and agreements shall be joint and several. Any person who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that person's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that person's consent.

(17) **Legislation or Regulation Affecting Lender's Rights.** If enactment or expiration of applicable laws or regulations has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted herein. If Lender exercises this option, Lender shall take the steps specified in paragraph 24.

(18) **Governing Law; Severability.** The Note and this Deed of Trust shall be governed by the laws, rules and regulations of the United States including, without limitation, the laws, rules and regulations relating to federally chartered savings banks, provided, however, that, to the extent that the Note and this Deed of Trust shall be deemed to be governed by state law, the Note and this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

(19) **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

(20) **Right to Collect Rents and Profits/Assignment of Leases.** If Borrower is in default hereunder, Lender (in person, by agent, or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the property, and to collect the rents of the Property (including but not limited to those past due). Any rents collected by Lender or the receiver shall be applied first to costs of management of the Property

PRN911821-R0902

3

03 0300719

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

LOAN NO . : 00049379775

and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph the word "lease" shall mean "sublease" if the Deed of Trust is on a leasehold.

(21) **Remedies.** No remedy provided by this Deed of Trust is exclusive of any other remedy allowed by law or any other writing. Instead, to the extent permitted by law, all remedies available to Lender by contract or law shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy. Without limitation, Lender reserves the right to judicially foreclose upon the Property and obtain a judgment against Borrower for any unpaid deficiency, where permitted by law.

(22) **Power of Trustee.** At Lender's request, Trustee may: (1) release any debt; (2) extend the time or alter other terms of payment of such debt; (3) accept additional security; (4) substitute or release any security property; (5) recover all or part of any security property; (6) consent to the making of any map or plot; (7) join in granting any easement on the Property; or (8) join in any extension or subordination agreement. Any such act by Trustee will not affect Borrower's liability for the payment of the debt secured by this Deed of Trust, nor will it affect the lien of this Deed of Trust on the remainder of the Property for the full amount of Borrower's debt to Lender.

(23) **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it, and may charge such fees for each full or partial reconveyance of this Deed of Trust then customarily charged for such services.

(24) **Default; Acceleration; Trustee's Sale upon Default.** For purposes of paragraph 14 and this paragraph 24, a "default" by Borrower shall mean a failure by Borrower to pay any monthly installment under the Note when due, or otherwise perform any obligation required by the Note, or a breach or default by Borrower of any of the provisions of the Deed of Trust, or a breach or default by Borrower under any other Deed of Trust, or other instrument secured by the property described in the Deed of Trust. Pursuant to paragraph 14 and this paragraph 24, in the event of a default by Borrower the entire principal amount outstanding under the Note and Deed of Trust and accrued interest thereon and late charges and other costs shall at once become due and payable at the option of the Note Holder without prior notice and regardless of any prior forbearings. Upon such a default by Borrower, Lender at its option may deliver to Trustee a written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and of election to cause to be sold the Property described in this Deed of Trust. Lender shall also deliver with the Trustee the Deed of Trust and any notes and all documents evidencing expenditures secured thereby. If Lender invokes the power of sale and after the lapse of such time as then may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, without demand on Borrower, Trustee may sell such Property at the time and place fixed by such Trustee and such notice of sale, either as a whole or in separate parcels, and in such order as the Trustee shall determine (subject to such rights as Borrower may have at law to direct such order of sale), to the public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of such property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, including Borrower, Trustee or Lender, may purchase at such sale. After deducting all costs, fees and expenses of Trustee, and of this Deed of Trust, including costs of evidence of title in connection with such sale, Trustee first shall apply the proceeds of sale to payment of all sums expended under the Deed of Trust, not then repaid, with accrued interest at the rate then payable under the Note or notes secured thereby, and then to payment of all other sums secured thereby and, if thereafter there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto

(25) **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the instrument number and recording date where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

(26) **Waiver of Statute of Limitations.** Time is of the essence in all of Borrower's obligations. To the extent permitted by law, Borrower waives all present or future statutes of limitations with respect to any debt, demand or obligation secured by this Deed of Trust, in any action to enforce this Deed of Trust.

(27) **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. The right of inspection shall include, but is not necessarily limited to, the right to conduct tests upon and take samples of the soil, the air, and all other chemicals contained on the Property, within the subsurface of the Property, and in the air located upon the Property. If the Property is used for commercial or residential income purposes, at Lender's request Borrower shall deliver to Lender certified copies of all business records, a certified statement of gross and net annual income received from the Property during Borrower's previous fiscal year in such form and detail as Lender shall require, and any other financial statements or records relating to the Property.

(28) **Offsets.** No indebtedness secured by this Deed of Trust shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower now or hereafter may have or may claim to have against Lender; and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of California Code of Civil Procedure Section 431.70 (and any successor laws), which Section provides:

"Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by the one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a 'demand for money' and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred with Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

(29) **Misrepresentation or Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which the Deed of Trust secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice, shall have the right to declare the indebtedness secured by the Deed of Trust, irrespective of the maturity date specified in the Note or notes, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

(30) **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

(31) **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail, unless another method is required by law. The notice shall be sent to the Property address unless Borrower designates by notice a different address. Any notice to Lender must be given by first class mail to Lender's address stated above unless Lender designates a different address. Any notice provided

PRN911821-R0500                    4

03 0300719

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

LOAN NO.: 00049379775

for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph, provided customary time for mail delivery shall have passed before such presumption is effective.

(32) **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

(33) **Modification.** This Deed of Trust can only be modified in writing and signed by Borrower and Lender.

(34) **Loan Charges.** If a law, which applies to the loan secured by this Deed of Trust and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with such loan exceed the permitted limits, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit.

(35) **Attorneys' Fees.** Borrower agrees to pay the following costs, expenses and attorney's fees paid or incurred by Note Holder: (1) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with the collection, enforcement or interpretation of the Note or this Deed of Trust, whether or not suit is filed; (2) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in workout negotiations or modifications; and (3) costs of suit and attorneys; fees in such sum as the court may adjudge in any action to enforce payment of this Deed of Trust or any part of it.

(36) **Security Agreement; Financing Statements.** The following provisions relating to this Deed of Trust as a security agreement are hereby made a part of this Deed of Trust:

Security Agreement. This instrument shall constitute a security agreement to the extent any of the Property (a) constitutes fixtures; or (b) personal property of Borrower is located upon the Property, and such personal property is used to operate or maintain the Property. Lender shall have all of the rights of a secured party as to said items under the Uniform Commercial Code as amended from time to time.

Security Interest. Upon request by Lender, Borrower shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the rents, fixtures and personal property. Borrower shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Borrower shall assemble the personal property in a manner and at a place reasonably convenient to Borrower and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender.

Addresses. The mailing addresses of Borrower (debtor) and Lender (secured party), from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code), are as stated on the first page of this Deed of Trust.

(37) **Hazardous Substances.** Borrower represents and warrants that, so long as this Deed of Trust remains a lien on the Property, the Property never has been, and never will be, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance, as those terms are defined in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et. seq., the Resource Conservation and Recovery Act, 49 U.S.C. Section 6901, et seq., the Clean Water Act, 33 U.S.C. Section 466 et. seq. the Safe Drinking Water Act, 17 U.S.C. Section 1401 et. seq., the Toxic Substance Control Act, 15 U.S.C. Section 2601 Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 13000 and 25100, et. seq., and as subsequently amended, or other applicable state or Federal laws, rules or regulations. The representations and warranties contained herein are based on Borrower's due diligence in investigating the Property for hazardous waste. Borrower hereby (a) releases and waives all claims against Lender for indemnity or contribution in the event Borrower becomes liable for cleanup or other costs under any such laws, and (b) agrees to indemnify, defend and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to and/or during Borrower's ownership or interest in the Property, whether or not the same was or should have been known to Borrower. The provisions of this section of the Deed of Trust, including the obligations to indemnify and defend, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

(38) **Compliance With Laws.** Borrower warrants that the Property and Borrower's actual or intended use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

(39) **Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

(40) **Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

(41) **Assumptions.** During the term of the Note, the Lender shall not exercise its right to declare all sums due, as provided in paragraph 14 of this Deed of Trust, in the event of the sale or transfer of the Property to a creditworthy buyer so long as such buyer applies for the assumption of the loan in advance of accepting title to the Property, and so long as the buyer, in the Lender's sole and absolute judgment, qualifies for the loan evidenced by the Note, executes an assumption agreement acceptable to Lender, and pays Lender any fees required by Lender assessed in connection with an assumption; and so long as the loan is current and the Property qualifies for the loan at the same or lower loan to value ratio than the original loan balance bore to the then fair market value of the Property. The Note may not be assumed unless the legal and beneficial title to the Property has at all times remained with Borrower. This paragraph 41 shall be effective only if a substantially similar provision is contained in the Note secured by this Deed of Trust.

(42) **Condominium or Planned Unit Development Provisions.** In the event the Property comprises a unit in, together with an undivided interest in the common elements of, a condominium project ('Condominium Project') or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows:

(a) **Assessment and Obligations.** Borrower shall promptly pay, when due, all assessments imposed by the Owner Association, Homeowners' Association, or other governing body of the Condominium Project or PUD ('Owners' Association'). Borrower shall perform all of Borrower's obligations under the provisions of the Declaration, Trust Instrument, Articles of Incorporation, By-laws, Code of Regulations or other constituent document of the Condominium Project or PUD (the 'Instrument').

(b) **Hazard Insurance.** In the case of a Condominium Project, so long as the Owners' Association maintains a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term 'extended coverage' and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then: (1) Borrower's obligation under paragraph 4 hereof to maintain hazard insurance coverage on the Property is deemed satisfied; and (2) the provisions of paragraph 4 hereof regarding application of hazard insurance proceeds shall be superseded by any provision of the Instrument or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4 hereof. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage.

In the case of a Condominium Project or PUD, in the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss, in the case of a Condominium Project, to the Property, whether to the unit or to common elements, or, in the case of a PUD, to the common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower.

(c) **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

PRN911821-R0500                                         5                                         Lender.

**03 0300719**

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

LOAN NO.:00049379775

(d) **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the common areas and facilities, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sum secured by this Deed of Trust in the manner provided in paragraph 10 hereof.

(e) **Lender's Prior Consent.** Borrower shall not, except with notice to Lender and with Lender's prior written consent, consent to: (1) the abandonment or termination provided by law in the case of substantial disruption by fire or other casualty or in the case of a taking by condemnation or eminent domain; (2) any material amendment to the instrument of the Condominium Project or PUD, including, but not limited to, any amendment that would change the percentage interest of the unit owners in the common areas and facilities of the Condominium Project or PUD; (3) the effectuation of any decision by the Owners' Association to terminate professional management and assume self-management of the Condominium Project or PUD; (4) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lenders; or (5) in the case of a PUD, the transfer, release, encumbrance, partition or subdivision of all or part of the PUD's common areas and facilities, except as to the Owners' Association's right to grant easements for utilities and similar or related purposes.

(43) **Construction Loan Provisions.** If all or any portion of the proceeds of the loan secured by this Deed of Trust are to be used for construction of improvements on the Property covered by the Deed of Trust, the following additional provisions shall apply unless otherwise specified in the Note: Borrower agrees: (1) to commence construction promptly and in any event within thirty (30) days from recordation of the Deed of Trust, and to complete the same in accordance with plans and specifications satisfactory to Lender and to comply with all the provisions of the building loan or similar agreement entered into with Lender; (2) to allow Lender to inspect the security property at all times during construction; (3) to replace any work or materials unsatisfactory to Lender within fifteen (15) calendar days, after notice from Lender of such fact, which notice may be given to Borrower by registered or certified mail, sent to Borrower's last known address, or by personal service of the same; (4) not to suffer or permit any cessation of work on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days, whether consecutive or not without the written consent of Lender; and (5) to promptly pay all claims for labor performed and materials furnished in connection with the said construction and not to permit any claims or lien for said work or material to be filed of record against the security property. If the security property is a part of a larger tract upon which improvements shall be constructed, Borrower shall make separate contracts and subcontracts for said construction which shall pertain to the security property only and shall keep separate, full and complete records of all work and materials furnished to such property. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive the facts and statements therein, and to act thereon hereunder.

(44) **Adjustable Rate Mortgage Provisions.** The Note secured by this Deed of Trust may contain provisions that permit: (i) increases and decreases to the rate of interest provided in the Note on a periodic basis, (ii) increases and decreases to the monthly payment of principal and interest on a periodic basis; (iii) limitations on increases in the rate of interest, and may contain provisions that permit; (iv) limitations on increases and decreases in the monthly payment of principal and interest on a periodic basis; and (v) additions of unpaid interest to the outstanding principal balance of the loan evidenced by the Note, with interest thereon. Reference is made to the Note for a complete description of the adjustable rate terms of the indebtedness secured by this Deed of Trust.

(45) Borrower shall not, without prior written consent of Lender, consent to or vote in favor of the establishment, approval or creation of, or incorporation of the Property into, any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by the landowner. Borrower further agrees to provide prompt written notice to Lender immediately upon receipt of any information which indicates that the Property is or may in the future be included in any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by landowners

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

David Stephens

Genevieve Stephens

PRN911821-R0500

6

03 0300719

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

# ACKNOWLEDGEMENT

8

STATE OF __CALIFORNIA__ )
) ss.
COUNTY OF __LOS ANGELES__ )

On __JANUARY 22, 2003__, before me,_____ *RITA J. JOHNSON*_____,

personally appeared __**DAVID STEPHENS and  GENEVIEVE STEPHENS**__ --------------
-------------------------------------------------------------------------------------------

personally known to me (or proved to me on the basis of  satisfactory evidence) to  be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Notary Public

(Seal)

RITA J. JOHNSON
Comm. # 1230138
NOTARY PUBLIC - CALIFORNIA
County of Los Angeles
My Comm. Expires Aug. 22, 2003

This certificate must be attached to:

| | |
|---|---|
| Title or type of document: | NON—CONSTRUCTION DEED OF TRUST |
| Number of pages: | 7 INCLUDING THIS PAGE |
| Date of document: | JANUARY 17, 2003 |
| Signer(s) other than named above: | NONE |

RITA J. JOHNSON
Comm. # 1230138
NOTARY PUBLIC - CALIFORNIA
County of Los Angeles
My Comm. Expires Aug. 22, 2003

PRN 911999 8-00

03  0300719

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

98 2208012

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

DEC 04 1998 AT 8 A.M.

WHEN RECORDED MAIL TO
When recorded mail to:

First Franklin Financial Corporation
2150 North First Street
San Jose, CA 95131
Loan number: 0096294284/5,521

D.A. FEE Code 20  S

369 264

FEE $ 45 7

## DEED OF TRUST

THIS DEED OF TRUST is made this    20th    day of    November    , 1998    , among the Trustor,
DAVID STEPHENS and GENEVIEVE STEPHENS , husband and wife as joint tenants

(herein "Borrower"),

Franklin Mortgage Capital Corporation , a Virginia Corporation

(herein "Trustee"), and the Beneficiary,

FIRST FRANKLIN FINANCIAL CORPORATION

, a corporation organized and
existing under the laws of    Delaware    , whose address is
2150 North First Street, San Jose CA 95131

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in the County of    Los Angeles
, State of California:
Legal Description attached hereto and made a part hereof
Balloon Rider attached hereto and made a part hereof

Prepayment Rider attached hereto and made a part hereof

Assessors Parcel Number: 4101-009-019

which has the address of    5851 SOUTH GARTH AVENUE    .    LOS ANGELES AREA
[Street]    [City]
California    90056    (herein "Property Address");
[ZIP Code]
    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and
rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be
deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property
(or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

| CALIFORNIA - SECOND MORTGAGE - 1/80    FNMA/FHLMC UNIFORM INSTRUMENT |

76(CA) (9409)    Form 3805
Amended 5/93
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 6    Initials:

Document # L074CA02

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **November 20, 1998** and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $    36,700.00    , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **December 1, 2013**    ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

-76(CA)  (9409)                          Page 2 of 6              98  2208012                Form 3805

Document # L075CA02

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0006294284

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.**   Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.**  If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.**  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.**    Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co- signers.**  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

76(CA) (9409)                    Page 3 of 6            **98  220S012**       Form 3805

Document # L076CA02

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

0006294284

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fee.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

^ ₋₇6(CA)  (9409)                          Page 4 of 6

9S 2208012

**Form 3805**

Document # L077CA02

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0006294284

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.**  Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.**  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.**  Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.**  Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.**  Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligation.**  Lender may collect a fee not to exceed $50.00 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

—76(CA) (9409)                                    Page 5 of 6

98  2208012

Form 3005

Document # L078CA02

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

0006294284

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded **concurrently herewith** , in Book _____ , Page _____ , records of _Los Angeles_ County, (or filed for record with recorder's serial number _____ LOS ANGELES County,) California, executed by **DAVID STEPHENS AND GENEVIEVE STEPHENS**

as trustor (or mortgagor) in which **FIRST FRANKLIN FINANCIAL** is named

as beneficiary (or mortgagee) and **FRANKLIN MORTGAGE CAPITAL CORPORATION** as trustee

be mailed to **FIRST FRANKLIN FINANCIAL CORPORATION**
at **2150 NORTH FIRST STREET, SAN JOSE, CA 95131**

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)     _____ (Seal)
DAVID STEPHENS          - Borrower     GENEVIEVE STEPHENS          - Borrower

_____ (Seal)     _____ (Seal)
- Borrower          (Sign Original Only)

State of California
County of _Los Angeles_          } ss.

On _11-05-98_          before me, _Margaret Y. Triplett, notary public_          personally appeared

**DAVID STEPHENS, GENEVIEVE STEPHENS**

, ~~personally known to~~ me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

(This area for official notarial seal)

MARGARET Y. TRIPLETT
Comm. #1181508
NOTARY PUBLIC - CALIFORNIA
Los Angeles County
My Comm. Expires April 27, 2001

_____ (Seal)

76(CA)   (9409)

Form 3805

Document 2208012

98  2208012

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

7

## Balloon Rider

THIS BALLOON RIDER is made this 20th day of November , 19 98 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to FIRST FRANKLIN FINANCIAL CORPORATION (the "Lender") of the same date and covering the property described in the Security Instrument and located at 5851 SOUTH GARTH AVENUE, LOS ANGELES AREA, California 90056
[Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." Borrower understands the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note).

THIS LOAN IS PAYABLE IN FULL AT MATURITY. BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. BORROWER WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT BORROWER MAY OWN, OR BORROWER WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER BORROWER HAS THIS LOAN WITH, WILLING TO LEND BORROWER THE MONEY. IF BORROWER REFINANCES THIS LOAN AT MATURITY, BORROWER MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF BORROWER OBTAINS REFINANCING FROM THE SAME LENDER.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

| | | |
|---|---|---|
| DAVID STEPHENS | 11/25/98 Date | Date |
| GENEVIEVE STEPHENS | 11/25/98 Date | Date |

Balloon Rider Multistate
Second Balloon Program

Document # L156

IMS #41(2/12/96)
HP116

98  2208012

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## PREPAYMENT RIDER

This Prepayment Rider is made this **Twentieth** day of November , 19 96 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or the Security Deed (the "Security Instrument") of the same date given by the undersigned ( "Borrower" ) to secure Borrower's Note ( the "Note" ) **FIRST FRANKLIN FINANCIAL CORPORATION** , ("the Lender") of the same date and covering the property described in the Security Instrument and located at:
**5851 SOUTH GARTH AVENUE
LOS ANGELES AREA, California 90056**

ADDITIONAL COVENANTS.   In addition to the covenants and agreements made in the Security instrument, Borrower and Lender further covenant and agree as follows:

Except as provided below, Borrower may make a full prepayment or a partial prepayment of principal at any time without paying any charge. However, if within the first **1** years after the date Borrower executes the Note, Borrower makes a full prepayment (including prepayments occurring as a result of the acceleration of the maturity of the Note), Borrower must, as a condition precedent to a full prepayment, pay a prepayment charge on the prepayment of that amount of principal which exceeds 20% of the principal amount stated in the Note (the "Excess Principal"). The prepayment charge will equal the interest that would accrue during a six-month period on the Excess Principal calculated at the rate of interest in effect under the terms of the Note at the time of the full prepayment.

Do not sign this Prepayment Rider before you read it. This Prepayment Rider provides for the payment of a charge if you wish to repay the loan prior to the date provided for repayment

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_____ (Seal)     _____ (Seal)
DAVID STEPHENS

_____ (Seal)     _____ (Seal)
GENEVIEVE STEPHENS

Prepayment Rider - Second Lien - AZ, AR, CA, KY, MT, NB, NV, ND, OR, SD, UT, WA

Page 1 of 1

IMS#012 (09/13/95)
Document # L109   HP067

98  2208012

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

Order No. 369264

## EXHIBIT "ONE"

Lot 66, of Tract No. 17721, in the County of Los Angeles, State of California, as per map recorded in Book 495 Page(s) 11 to 16 of maps, in the office of the County Recorder of said county.

Except therefrom unto the grantor its successors and assigns, all right, title and interest in and to all water, oil naphtha, gas, petroleum and other mineral and kindred substances deposited in, lying under or flowing through or that may be produced from the property herein conveyed together with the sole and exclusive right to slant drill wells, the surface or well head location of which are on other lands in and through the subsurface of the property herein conveyed for the production of any or all water, oil, naphtha, gas, petroleum and other minerals and kindred substances from said property and any other property whether the producing interval of any such well is within or outside the subsurface of said property; provided however, no right is reserved to the grantor, its successors or assigns by reason of this exception or reservation to enter the surface of said property of the subsurface thereof at any point above a depth of 500 feet from the surface thereof (measured vertically from the surface thereof), as reserved by Los Angeles Investment Company, a corporation, in deed recorded April 22, 1954 in Book 44387 Page 70, Official Records.

Assessor's Parcel No: 4101-009-019

2

98 2208012

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Foreclosure Document

This page is part of your document - DO NOT DISCARD

## 20240131401



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/28/24 AT 03:32PM**

| | |
|---|---|
| FEES : | 35.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| SB2 : | 75.00 |
| PAID : | 110.00 |



**L E A D S H E E T**



202402280990092

00024249487



014557910

**SEQ:**
**01**

**SECURE - Daily - Time Sensitive**



**THIS FORM IS NOT TO BE DUPLICATED**

05949330 NOS

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

RECORDING REQUESTED BY
Ashwood TD Services LLC
  Lawyers Title Co.
AND WHEN RECORDED MAIL TO

Ashwood TD Services LLC
231 E Alessandro Blvd , Ste. 6A-693
Riverside, CA 92508

05949330

Loan No.: **EWL6738 - Stephens**                                    TS no. **2023-10780**
APN: **4101-009-019**

### NOTICE OF TRUSTEE'S SALE UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC về THÔNG TIN TRONG TÀI LIỆU NÀY
(The above statement is made pursuant to CA Civil Code Section 2923 3(c)(1). The Summary will be provided to
Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3 (c)(2) )

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 9/9/2022, UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU
SHOULD CONTACT A LAWYER.**

NOTICE IS HEREBY GIVEN, that on **3/21/2024**, at **10:00 AM** of said day, **Behind the fountain
located in Civic Center Plaza, 400 Civic Center Plaza, Pomona, CA 91766**, **Ashwood TD
Services LLC, a California Limited Liability Company**, as duly appointed Trustee under and
pursuant to the power of sale conferred in that certain Deed of Trust executed by **David L.
Stephens and Genevieve Stephens, husband and wife, as joint tenants**  recorded on
**9/23/2022** in Book n/a of Official Records of **LOS ANGELES** County, at page n/a, Recorder's
Instrument No **20220931496**, by reason of a breach or default in payment or performance of
the obligations secured thereby, including that breach or default, Notice of which was recorded
**8/29/2023** as Recorder's Instrument No **20230573698**, in Book n/a, at page n/a, WILL SELL AT
PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, lawful money of the United States,
evidenced by a Cashier's Check drawn on a state or national bank, or the equivalent thereof
drawn on any other financial institution specified in section 5102 of the California Financial Code,
authorized to do business in the State of California, ALL PAYABLE AT THE TIME OF SALE, all
right, title and interest held by it as Trustee, in that real property situated in said County and
State, described as follows.

**Lot 66, Tract 17721, per Map, Book 495, Pages 11 to 16, Inclusive of Maps.**

The street address or other common designation of the real property hereinabove described is
purported to be: **5851 South Garth Avenue, Los Angeles, CA 90056**. The undersigned
disclaims all liability for any incorrectness in said street address or other common designation.

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Loan No · **EWL6738 - Stephens**                TS no **2023-10780**
APN. **4101-009-019**

Said sale will be made without warranty, express or implied regarding title, possession, or other encumbrances, to satisfy the unpaid obligations secured by said Deed of Trust, with interest and other sums as provided therein, plus advances, if any, thereunder and interest thereon, and plus fees, charges, and expenses of the Trustee and of the trusts created by said Deed of Trust   The total amount of said obligations at the time of initial publication of this Notice is **$456,646.46.**

In the event that the deed of trust described in this Notice of Trustee's Sale is secured by real property containing from one to four single-family residences, the following notices are provided pursuant to the provisions of Civil Code section 2924f:

NOTICE TO POTENTIAL BIDDERS:  If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction.  You will be bidding on a lien, not on the property itself   Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property   You should also be aware that the lien being auctioned off may be a junior lien.  If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property.  You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information   If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER. The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.   The law requires that information about trustee's sale postponements be made available to you and to the public, as a courtesy to those not present at the sale   If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **916-939-0772** or visit this internet website www.nationwideposting.com, using the file number assigned to this case **2023-10780.** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not be immediately reflected in the telephone information or on the internet website   The best way to verify postponement information is to attend the scheduled sale

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

Loan No.: **EWL6738 - Stephens**                                        TS no **2023-10780**
APN. **4101-009-019**

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **916-939-0772**, or visit this internet website www.nationwideposting.com, using the file number assigned to this case **2023-10780** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid, by remitting the funds and affidavit or declaration described in Section 2924m(c) of the Civil Code, so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Dated. **February 28, 2024**

**Ashwood TD Services LLC, a California Limited Liability Company**

**Christopher Loria, Trustee's Sale Officer**

231 E. Alessandro Blvd., Ste. 6A-693, Riverside, CA 92508
Tel. (951) 215-0069 Fax: (805) 323-9054
Trustee's Sale Information (916) 939-0772 or www.nationwideposting.com

Customer Name : Alero Mack
Customer Company Name : AI Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images



This page is part of your document - DO NOT DISCARD

## 20230573698



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/29/23 AT 08:00AM

| | |
|---|---|
| FEES : | 35.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| SB2 : | 75.00 |
| PAID : | 110.00 |



L E A D S H E E T



202308291140001

00023725859



014246357

SEQ:
02

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED

05949330 SUB-NUS

E050375

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

**Document Images**

RECORDING REQUESTED BY      .
Ashwood TD Services LLC
  LAWYERS TITLE COMPANY
AND WHEN RECORDED MAIL TO

Ashwood TD Services LLC
231 E. Alessandro Blvd , Suite 6A-693
Riverside, CA 92508

05949330

Loan No  **EWL6738 - Stephens**                                    TS no. **2023-10780**
APN. **4101-009-019**

### IMPORTANT NOTICE
### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA  SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA. MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý. KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC về THÔNG TIN TRONG TÀI LIỆU NÀY
(The above statement is made pursuant to CA Civil Code Section 2923 3(c)(I)  The Summary will be provided to
Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3 (c)(2) )

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR
PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal
right to bring your account in good standing by paying all of your past due payments plus
permitted costs and expenses within the time permitted by law for reinstatement of your account,
which is normally five business days prior to the date set for the sale of your property.  No sale
date may be set until approximately 90 days from the date this notice of default may be recorded
(which date of recordation appears on this notice).

This amount is **$20,907.40** as of **8/28/2023** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and
taxes) required by your note and deed of trust or mortgage  If you fail to make future payments
on the loan, pay taxes on the property, provide insurance on the property, or pay other
obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee
may insist that you do so in order to reinstate your account in good standing  In addition, the
beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable
written evidence that you paid all senior liens, property taxes, and hazard insurance premiums

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the
entire amount you must pay  You may not have to pay the entire unpaid portion of your account,
even though full payment was demanded, but you must pay all amounts in default at the time
payment is made  However, you and your beneficiary or mortgagee may mutually agree in
writing prior to the time the notice of sale is posted (which may not be earlier than the end of the
three-month period stated above) to, amount other things, (1) provide additional time in which to
cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments
in order to cure your default, or both (1) and (2)

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**TS No. 2023-10780**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

TO FIND OUT THE AMOUNT YOU MUST PAY, OR TO ARRANGE FOR PAYMENT TO STOP THE FORECLOSURE, OR IF YOUR PROPERTY IS IN FORECLOSURE FOR ANY OTHER REASON, CONTACT:

**Sakhat Partnership
c/o Ashwood TD Services LLC
231 E. Alessandro Blvd., Suite 6A-693, Riverside, CA 92508    Telephone: (951) 215-0069**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

The undersigned, as Trustee under that certain Deed of Trust executed by **David L. Stephens and Genevieve Stephens, husband and wife, as joint tenants** as Trustor, dated **9/9/2022**, recorded **9/23/2022**, in the office of the County Recorder of the County of **LOS ANGELES**, State of California, in Book n/a of Official Records at page n/a, Recorder's Instrument No **20220931496**, said Deed of Trust securing certain obligations, including 1 Note(s) for the Principal sum of **$400,000.00**, HEREBY GIVES NOTICE of a breach and default in the obligations for which said Deed of Trust is security, the nature of said breach and default being:

**Failure to pay that installment of interest which became due on 05/01/2023 in the amount of $3,663.33 and failure to pay any subsequent installments thereof, together with all costs, charges and expenses incurred;**

And that, by reason thereof, the Beneficiary has hereby declared all sums secured thereby to be immediately due and hereby elects to sell or cause the trust property to be sold to satisfy such obligations.

Dated: **August 28, 2023**

\* \* \* See Addendum Attached \* \* \*

Ashwood TD Services LLC, a California Limited Liability Company

_Christopher Loria_

Christopher Loria, Trustee's Sale Officer

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## Declaration of Mortgage Servicer
## Pursuant to Civil Code §2923.5(b) or §2923.55(c)

### [Addendum to Notice of Default]

| | |
|---|---|
| Borrower(s): | **David L. Stephens and Genevieve Stephens, husband and wife, as joint tenants** |
| Mortgage Servicer: | **Equity Wave Lending** |
| Property Address: | **5851 South Garth Avenue, Los Angeles, CA 90056** |
| T.S. No.: | **2023-10780** |

The undersigned, as an authorized agent or employee of the mortgage servicer named below declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.5(a)(2) or §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the initial contact was made.

2. ☑ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.5(e) or §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5, or the definition of "successor in interest" pursuant to California Civil Code §2920.7(b)(1) and §2920.7(i)(4).

4. ☐ The requirements of California Civil Code §2923.5 or §2923.55 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in California Civil Code §2924.15(a).

5. ☐ The mortgage servicer received a request for a forbearance that met the conditions of California Civil Code §3273.10(a), and such request was denied. A copy of the written forbearance denial notice is attached; AND forbearance ☐ was or ☐ was not subsequently provided.

6. ☐ During the effective time period of 9/1/2020 and 4/1/2021, the mortgage servicer did not receive a forbearance request that met the conditions of Civil Code §3273.10(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the mortgage servicer has reviewed to substantiate that borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: _8/28/23_    _Blauna Suibay_
By: Equity Wave Lending, Inc.
Mortgage Servicer

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images



This page is part of your document - DO NOT DISCARD

## 20220945864



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/28/22 AT 02:54PM**

| | |
|---|---|
| FEES : | 22.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| SB2 : | 75.00 |
| PAID : | 97.00 |

**L E A D S H E E T**

202209280160074

00022800622

013690603

**SEQ:**
**01**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**

E492668

2184667CAD_Package_2_

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

WFG National-Default Services

RECORDING REQUESTED BY:
Asset Default Management, Inc.

AND WHEN RECORDED MAIL TO
Asset Default Management, Inc.
7525 Topanga Canyon Blvd.
Canoga Park, California 91303

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **2022-01527**          Loan No.: **AHF-072520** APN: **4101-009-019**

## NOTICE OF RESCISSION OF NOTICE OF DEFAULT

**NOTICE IS HEREBY GIVEN:** That **Superior Loan Servicing** is duly appointed Trustee under a Deed of Trust dated **10/22/2020**, executed by **David L. Stephens and Genevieve M. Stephens husband and wife as Joint Tenants**, as Trustor, to secure certain obligations in favor of **Agoura Hills Financial, INC., A California Corporation as to undivided 100.00% interest**, as Beneficiary, recorded **11/5/2020**, as Instrument No.**20201406232**, in book , page , of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as more fully described on the above referenced deed of trust.

said obligations including one note for the sum of **$270,000.00.**

Whereas, the present beneficiary under that certain Deed of Trust herein above described, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas, Notice was heretofore given of breach of obligations for which said Deed of Trust is security and of election to cause to be sold the property therein described; and Whereas, a Notice of Default was recorded on the day and in the book and page set forth below:

Notice was recorded on 8/11/2022 in the office of the Recorder of **Los Angeles** County, California, Instrument No. **20220808733**, in Book , Page , of Official Records.

**NOW; THEREFORE, NOTICE IS HEREBY GIVEN** that the present Beneficiary and/or the Trustee, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Breach and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

Dated: 9/24/2022                    Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee

By: _____

Julie Taberdo, Sr. Trustee Sale Officer

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

This page is part of your document - DO NOT DISCARD

**20220808733**



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/11/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 110.00 |

L E A D S H E E T

202208110170016

00022649272

013598942

SEQ:
01

SECURE - 8:00AM

THIS FORM IS NOT TO BE DUPLICATED



2184667CAD_Package_1_

E497482

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

RECORDING REQUESTED BY:
**WFG National-Default Services**

WHEN RECORDED MAIL TO:
**Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**

2184667 EAD

TS No.: **2022-01527**    Loan No.: **AHF-072520**          APN: **4101-009-019**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$19,076.17** as of **8/9/2022**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

TS No.: **2022-01527**          Loan No.: **AHF-072520**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Provident Trust Group LLC FBO George Hecker IRA, Et Tal**
C/O Asset Default Management, Inc.
7525 Topanga Canyon Blvd.
Canoga Park, California 91303
Phone: (818) 629-2272

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Superior Loan Servicing** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/22/2020**, executed by **David L. Stephens and Genevieve M. Stephens husband and wife as Joint Tenants**, as Trustor, to secure certain obligations in favor of **Agoura Hills Financial, INC., A California Corporation as to undivided 100.00% interest**, as beneficiary, recorded **11/5/2020**, as Instrument No. 20201406232, in Book , Page ,  of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as: As more fully described in said Deed of Trust

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$270,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**Installment of Principal and/or Interest plus impounds and/or advances which became due on 3/1/2022 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. As a condition of reinstatement all property taxes and insurance must be current and proof must be provided.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 8/10/2022

Superior Loan Servicing, by Asset Default Management, Inc., as Agent for Trustee

By: _____
Julie Taberdo, Sr. Trustee Sale Officer

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved

Document Images

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.5(b), §2923.55(c)

Borrower(s):        AHF-072520  David L Stephens - Genevive M. Stephens

Mortgage Servicer:  Superior Loan Servicing

Property Address:   5851 Garth Avenue Los Angeles CA 90056

T. S. No.           *2022 - 01527*

[✔] 1.  The mortgage servicer has contacted the borrower in person or by telephone pursuant to
        California Civil Code §2923.5(a)(2), §2923.55(b)(2) to "assess the borrower's financial
        situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or
        more, have passed since the initial contact  was made.

[ ] 2.  No contact was required by the mortgage servicer because the individual(s) did not meet
        the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

[ ] 3.  The requirements of California Civil Code §2923.5, §2923.55 do not apply because the
        borrower, loan, or  property does not meet the criteria in California Civil Code §2924.15
        (a)

[ ] 4.  The requirements of California Civil Code §2923.5, §2923.55 do not apply because the
        loan is not occupied  by a tenant that meets the conditions described in California Civil
        Code §2924.15 et seq.

[ ] 5.  Pursuant to California Civil Code §3273.10 the mortgage servicer declares it has denied a
        forbearance request, during the effective time period of 9-1-2020 and 6-30-2021. A copy
        of written denial notice(s) is attached.  A Forbearance was [ ] was not [ ] subsequently
        provided.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence  which the
mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose,  including the
borrower's loan status and loan information.

By: *Theresa Winsor*                                                           8/4/2022
    Theresa Winsor              , Authorized Signor for Mortgage Servicer   Date

Customer Name : Alero Mack
Customer Company Name : Al Mack
Prepared On : 05/08/2024

© 2024 CoreLogic. All rights reserved