| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Dana M. Douglas  (SBN 220053)<br>Attorney at Law<br>11024 Balboa Blvd., No. 431<br>Granada Hills, CA 91344<br>MAILING ADDRESS:<br>4712 Admiralty Way, #1001<br>Marina del Rey, CA  90292<br>Telephone: 818-360-8295<br>Facsimile:  213-270-9456<br>dana@danamdouglaslaw.com | |
| ☐ *Respondent appearing without attorney*<br>☒ *Attorney for Respondent:* David Stephens | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA · LOS ANGELES DIVISION**

| In re:<br><br><br>            DAVID STEPHENS,<br><br><br><br><br><br>                                              Debtor(s). | CASE NO.: 2:24-bk-13887-NB<br><br>CHAPTER: 13 |
|---|---|
| | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 07/30/2024<br>TIME: 10:00 am<br>COURTROOM:   1545<br>PLACE: 255 E. Temple St., Los Angeles 90012 |

**Movant:** SANDRA CRISTOBAL

**Respondent:**  ☒ Debtor   ☐ trustee   ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s)  and declaration(s) must be served upon:
>
> (1)  Movant's attorney (or Movant, if Movant does not have an attorney);
> (2)  the trustee; and
> (3)  the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1. ☐  **NONOPPOSITION**
   The Respondent does not oppose the granting of the Motion.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 1                          **F 4001-1.RFS.RESPONSE**

2. ☐ **LIMITED OPPOSITION**

    a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):

    b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

        The Debtor:

        (1) ☐ has no knowledge of the Property.

        (2) ☐ has no interest in the Property.

        (3) ☐ has no actual possession of the Property.

        (4) ☐ was not involved in the transfer of the Property.

    c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

    a. ☐ The Motion was not properly served (*specify*):

        (1) ☐ Not all of the required parties were served.

        (2) ☐ There was insufficient notice of the hearing.

        (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

    b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

        (1) ☒ The value of the Property is $ 1,820,600.00 , based upon (*specify*): competitive bids provided by a real estate professional and attached hereto as Exhibit A; Debtor has considerable equity in the Property.

        (2) ☒ Total amount of debt (loans) on the Property is $ 944,000.00 .

        (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

        (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

        (5) ☒ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit __B__.

        (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

        (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　　　　　　　Page 2　　　　　　　　　　**F 4001-1.RFS.RESPONSE**

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☒ Other (*specify*):
Movant relies on CCC § 2924h(c) for receipt and recording of the Trustee's Deed Upon Sale to relate back to the sale date; this statute does not acknowledge impact of bankruptcy filed between sale and recording.

c.  ☐ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ____ to chapter ____.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments
☐ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☒ The Debtor has equity in the Property in the amount of $ _800,000.00_____.

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (*specify*):
Debtor will resume renting a portion of the property for income and is seeking a new tenant at present.

(7) ☒ The motion should be denied because (*specify*):
Issuance of the Trustee's Deed Upon Sale was in violation of the automatic stay as was its recording.

(8) ☒ An optional memorandum of points and authorities is attached in support of this Response.

4.  **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☐ Declaration by the Debtor                    ☒ Declaration by the Debtor's attorney
☐ Declaration by trustee                       ☐ Declaration by trustee's attorney
☐ Declaration by appraiser                     ☐ Other (*specify*):

Date: _07/16/2024___

Dana M. Douglas Attorney at Law
Printed name of law firm for Respondent (if applicable)

Dana M. Douglas
Printed name of individual Respondent or attorney for Respondent

/s/ Dana M. Douglas
Signature of individual Respondent or attorney for Respondent

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.RESPONSE**

1

**MEMORANDUM OF POINTS & AUTHORITIES**

2

**I.      FINALITY OF SALE UNDER CA Civil Code §2924(m)**

3

Movant seeks relief from the automatic stay to proceed with an unlawful detainer action

4

following a foreclosure sale of real property. While Movant has provided a plethora of information

5

related to real estate sales, foreclosures and recording and arguments against Debtor's ability to

6

propose a feasible plan, much of this is surplusage as the issue in this matter is much less narrow

7

than the broad geography covered by Movant.  Under the facts and the motion, the issue is if or

8

when was the sale of Debtor's residence finalized.   Under §2924(m) finality of a foreclosure sale

9

depends upon the successful bidder at sale, whether other parties advise of their intent to bid on

10

the property within 15 days of the sale, and if other parties advise of intent to bid, whether a

11

superior bid with certified funds is tendered within 45 days after the sale.

12

The sale of Debtor's residence was conducted on April 4, 2024.  Because the final bid at

13

sale was not to an individual intending to personally reside in the property within 60 days, the sale

14

could not be finalized before closing of the 15-day opportunity to bid.  The sale was followed by

15

affidavits of intent to bid on the property by various parties including Movant, therefore, the final

16

bidder could not be known before May 20, 2024, which is the very earliest day that the sale could

17

have been final and upon which a trustee's deed upon sale ("TDUS") could be issued indicating

18

finality of sale.  In Movant's transaction the TDUS was issued and sent to her on May 28, 2024

19

and she recorded it on  May 30, 2024.   Under these circumstances, in the absence of an

20

intervening event – such as a bankruptcy filing – a trustee's deed upon sale recorded within 60

21

days of the trustee sale date can relate back to the sale date as if it had become final on the day

22

of sale.

23

Debtor filed a voluntary chapter 13 petition on May 17, 2024.  Written notice of the

24

bankruptcy filing was sent to the foreclosure trustee and its receipt confirmed on May 17, 2024.

25

Any action to finalize the sale would be in violation of the automatic stay and, therefore, void.

26

Notwithstanding its receipt of the notice of the bankruptcy, the foreclosure trustee

27

produced the TDUS on May 28, 2024 and sent it to Movant with, apparently, no advice regarding

28

the bankruptcy filing.  Movant received the TDUS and caused it to be recorded on May 30, 2024.

4

DANA M. DOUGLAS
Attorney At Law

Debtor maintains that all of these actions occurred in violation of the automatic stay and, again, void.

## II.    THE BANKRUPTCY FILING STAYED FINALITY OF THE SALE

Because of the events pertaining to the sale of Debtor's residence, under §2924(m) the sale could not become final before May 20, 2024, and no action to perfect the sale by issuance and recording of the TDUS was taken until May 28, 2024 and May 30, 2024, respectively.  The bankruptcy filing and automatic stay commencing on May 17, 2024, stayed finality of the sale.

## III.    ARGUMENT *in re HAGAR*

The facts in Debtor's case fairly mirror the facts evaluated by the court determining the impact of the automatic stay under *in re Hagar* where the foreclosure sale on November 7, 2022, was followed by notice(s) of intent to bid which caused the date of finality to be delayed, a bankruptcy case was filed December 1, 2022, followed by issuance of the trustee's deed upon sale on December 2, 2022.  The *Hagar* court ruled broadly that "[f]inalizing the sale on or after [the petition] date violates the stay." It stated further, "the sale became final under CC § 2924m(c)(4) post-petition and is void. CC § 2924h(c) cannot be used to finalize an incomplete sale to a time before the petition was filed. [The buyer] does not qualify for the relation back effects of CC § 2924h(c) as the statute was written in 2022."

Debtor relies upon the *Hagar* decision in asserting that relief from that automatic stay should not be granted nor should it be annulled.

## CONCLUSION

Because the April 4, 2024, foreclosure sale of Debtor's residence was followed by notice(s) of intent to bid on the property, finality of the sale could not occur until May 20, 2024 at earliest and, indeed, necessary steps to finalize the sale were not taken until May 28th and May 30th.  The filing of Debtor's bankruptcy case stayed issuance of the TDUS and its recording – it could not be finalized nor perfected and, therefore, Movant is not entitled to possession of the property and should not be permitted to proceed with an unlawful detainer action.

Debtor asks the Court to deny the Motion.

5



**MEMORANDUM OF POINTS & AUTHORITIES**

1 | Respectfully submitted,

2 | July 16, 2024                               /s/ Dana M. Douglas

3 |                                             Dana M. Douglas
   |                                             *Attorney for Debtor*
   |                                             David Stephens
4 |

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**MEMORANDUM OF POINTS & AUTHORITIES**

DANA M. DOUGLAS
Attorney At Law

## **DECLARATION OF DANA M. DOUGLAS IN SUPPORT THEREOF**

I, Dana M. Douglas, declare as follows:

1.      I am an attorney at law, authorized to practice before the Superior Court of California, the Federal Courts in the Central District and before this Court. I am attorney of record for Debtor/Respondent herein, David Stephens ("Griffith" or "Debtor"). I have personal knowledge of the following facts other than those stated on information and belief, which I believe to be true, and if called upon to do so, I could and would competently testify thereto under oath, in a court of law.

2.      I submit this Declaration in support of Debtor's Response to the Motion for Relief from the Automatic Stay or for Order Confirming that the Automatic Stay Does Not Apply under 11 U.S.C. § 362(l) filed by Sandra Cristobal (the "Response" to the "Motion") wherein Debtor asks the Court to deny relief from the automatic stay in the bankruptcy case.

3.      I have reviewed the timeline of post-foreclosure events pertaining to the trustee's sale of Debtor's residence including the documents that are in the public record and as asserted in the Motion.

4.      The instant bankruptcy case was filed May 17, 2024, and, upon filing the case I sent written notice by facsimile to the foreclosure trustee and also called the trustee's offices and confirmed receipt of the of the notice of filing.

5.      Notwithstanding my advice on May 17th of the filing of the bankruptcy case, on May 28th the foreclosure trustee prepared and issued a trustee's deed upon sale (the "TDUS") which it forwarded to Movant who acknowledges in the Motion the TDUS was dated May 28th, and recorded on May 30th – all of which occurred after the bankruptcy case was filed.

On the basis of the above, Debtor asserts that the actions taken May 28th and thereafter violate the automatic stay and, therefore, void.  On that basis Debtor asks that the Motion be denied with no granting of relief from nor annulment of the automatic stay.

Executed on July 16, 2024, at Los Angeles, California.

DANA M. DOUGLAS
Attorney At Law

1

2          I declare under penalty of perjury under the laws of the United States of America

3   that the foregoing is true and correct.

4                                              /s/ Dana M. Douglas
                                               Dana M. Douglas
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION IN SUPPORT**

# EXHIBIT A

# 5851 S Garth Ave

## Residential Property

5851 S Garth Ave, Los Angeles, CA 90056
House · 4 Beds · 2 Baths · 2,553 Sq.Ft.

### Esitmated Value $ 1,820,600



Property Report for 5851 S Garth Ave

# Property Description

## ADDRESS

5851 S Garth Ave
Los Angeles, CA 90056



## DESCRIPTION

| | |
|---|---|
| Property Type: | House |
| Beds / Baths: | 4 BR / 2 BA |
| Square Footage: | 2,553 |
| Year Built: | 1963 |
| Parking: | Garage |
| Lot Size: | 7,810 sq.ft. |
| Zoning: | LCR1YY |



Property Report for 5851 S Garth Ave

# Recent Comparable Sales



Average Sale Price

**$ 1,734,800 ($ 695/sq.ft.)**

$ 900,000  -  $ 2,525,000

$ 432/sq.ft.  -  $ 1,078/sq.ft.

Estimated Property ARV Based on
Average Price/Sq.Ft.

**$ 1,774,200**

| | Property | Distance | Similarity | Type | Beds | Baths | Sq.Ft. | Sale Price | Sale Date |
|---|---|---|---|---|---|---|---|---|---|
| ● | 5851 S Garth Ave<br>Los Angeles, CA 90056 | 0 mi | 100% | House<br>Built 1963 | 4 | 2 | 2,553 | - | - |
| A | 5224 Bedford Ave<br>Los Angeles, CA 90056 | 0.56 mi | 93.7% | House<br>Built 1959 | 4 | 3 | 2,490 | $ 1,575,000<br>$ 633/sq.ft. | 06/03/2024<br>36 Days Ago |
| B | 6243 S Halm Ave<br>Los Angeles, CA 90056 | 0.28 mi | 93.5% | House<br>Built 1961 | 4 | 3 | 2,500 | $ 1,402,000<br>$ 561/sq.ft. | 05/14/2024<br>56 Days Ago |
| C | 6010 S Garth Ave<br>Los Angeles, CA 90056 | 0.13 mi | 90.7% | House<br>Built 1954 | 3 | 3 | 2,613 | $ 2,525,000<br>$ 966/sq.ft. | 06/21/2024<br>18 Days Ago |
| D | 5877 S Chariton Ave<br>Los Angeles, CA 90056 | 0.06 mi | 89.3% | House<br>Built 1955 | 3 | 2 | 2,092 | $ 1,855,000<br>$ 887/sq.ft. | 06/21/2024<br>18 Days Ago |
| E | 6218 Acacia St<br>Los Angeles, CA 90056 | 0.53 mi | 89.2% | House<br>Built 1948 | 4 | 3 | 2,242 | $ 1,530,000<br>$ 682/sq.ft. | 04/22/2024<br>78 Days Ago |
| F | 4550 W 63rd St<br>Los Angeles, CA 90043 | 1.08 mi | 88.7% | House<br>Built 1938 | 4 | 3 | 2,082 | $ 900,000<br>$ 432/sq.ft. | 06/11/2024<br>28 Days Ago |
| G | 5602 W 63rd St<br>Los Angeles, CA 90056 | 0.45 mi | 88.7% | House<br>Built 1961 | 4 | 3 | 2,764 | $ 1,833,500<br>$ 663/sq.ft. | 03/19/2024<br>112 Days Ago |
| H | 5636 S Garth Ave<br>Los Angeles, CA 90056 | 0.21 mi | 87.1% | House<br>Built 1953 | 3 | 3 | 2,772 | $ 1,900,000<br>$ 685/sq.ft. | 05/16/2024<br>54 Days Ago |
| I | 4816 Parkglen Ave<br>View Park, CA 90043 | 1.46 mi | 85.5% | House<br>Built 1958 | 4 | 3 | 2,970 | $ 1,700,000<br>$ 572/sq.ft. | 04/17/2024<br>83 Days Ago |
| J | 5212 Bedford Ave<br>Los Angeles, CA 90056 | 0.59 mi | 85.4% | House<br>Built 1975 | 3 | 3 | 2,442 | $ 1,775,000<br>$ 727/sq.ft. | 04/09/2024<br>91 Days Ago |

Property Report for 5851 S Garth Ave

| | Property | Distance | Similarity | Type | Beds | Baths | Sq.Ft. | Sale Price | Sale Date |
|---|---|---|---|---|---|---|---|---|---|
| K | 5804 Shenandoah Ave<br>Los Angeles, CA 90056 | 0.29 mi | 85.2% | House<br>Built 1960 | 3 | 4 | 2,767 | $ 1,780,000<br>$ 643/sq.ft. | 05/31/2024<br>39 Days Ago |
| L | 4542 Don Felipe Dr<br>Los Angeles, CA 90008 | 1.73 mi | 85.0% | House<br>Built 1956 | 4 | 3 | 2,818 | $ 1,800,000<br>$ 639/sq.ft. | 03/20/2024<br>111 Days Ago |
| M | 8005 Airlane Ave<br>Los Angeles, CA 90045 | 1.76 mi | 84.2% | House<br>Built 1942 | 5 | 3 | 2,323 | $ 1,850,000<br>$ 796/sq.ft. | 06/06/2024<br>33 Days Ago |
| N | 5326 Shenandoah Ave<br>Los Angeles, CA 90056 | 0.57 mi | 83.5% | House<br>Built 1959 | 5 | 3 | 2,816 | $ 1,600,000<br>$ 568/sq.ft. | 04/01/2024<br>99 Days Ago |
| O | 6521 Bedford Ave<br>Los Angeles, CA 90056 | 0.65 mi | 82.7% | House<br>Built 1962 | 4 | 4 | 3,149 | $ 1,820,000<br>$ 578/sq.ft. | 04/05/2024<br>95 Days Ago |
| P | 5810 S Sherbourne Dr<br>Los Angeles, CA 90056 | 0.18 mi | 81.7% | House<br>Built 1956 | 3 | 4 | 2,603 | $ 1,600,000<br>$ 615/sq.ft. | 02/13/2024<br>147 Days Ago |
| Q | 6128 Flight Ave<br>Los Angeles, CA 90056 | 0.27 mi | 81.6% | House<br>Built 1955 | 3 | 3 | 2,353 | $ 1,400,000<br>$ 595/sq.ft. | 01/26/2024<br>165 Days Ago |
| R | 4351 Monteith Dr<br>View Park, CA 90043 | 1.52 mi | 81.1% | House<br>Built 1958 | 3 | 4 | 2,727 | $ 2,150,000<br>$ 788/sq.ft. | 05/03/2024<br>67 Days Ago |
| S | 4523 Don Diego Dr<br>Los Angeles, CA 90008 | 1.83 mi | 80.9% | House<br>Built 1956 | 3 | 2 | 2,011 | $ 1,591,000<br>$ 791/sq.ft. | 04/18/2024<br>82 Days Ago |
| T | 6466 W 77th St<br>Los Angeles, CA 90045 | 1.92 mi | 80.7% | House<br>Built 1950 | 3 | 3 | 1,958 | $ 2,110,000<br>$ 1,078/sq.ft. | 06/17/2024<br>22 Days Ago |

# Recent Comparable Rental Listings



Average Listed Rent

**$ 7,560 ($ 3.14/sq.ft.)**

$ 3,995  -  $ 13,000

$ 2.07/sq.ft.  -  $ 4.27/sq.ft.

Estimated Property Rent Based on
Average Rent/Sq.Ft.

**$ 8,020**

| | Property | Distance | Similarity | Type | Beds | Baths | Sq.Ft. | Listed Rent | Last Seen |
|---|---|---|---|---|---|---|---|---|---|
| ● | 5851 S Garth Ave<br>Los Angeles, CA 90056 | 0 mi | 100% | House<br>Built 1963 | 4 | 2 | 2,553 | - | - |
| A | 5235 S Garth Ave<br>Los Angeles, CA 90056 | 0.54 mi | 97.7% | House<br>Built 1958 | 4 | 2 | 2,726 | $ 9,750<br>$ 3.58/sq.ft. | 07/09/2024<br>Today |
| B | 5602 Bedford Ave<br>Los Angeles, CA 90056 | 0.32 mi | 97.0% | House<br>Built 1958 | 4 | 2 | 2,852 | $ 11,000<br>$ 3.86/sq.ft. | 07/09/2024<br>Today |
| C | 5634 Bedford Ave<br>Los Angeles, CA 90056 | 0.28 mi | 92.0% | House<br>Built 1959 | 4 | 2.5 | 3,262 | $ 12,990<br>$ 3.98/sq.ft. | 05/09/2024<br>61 Days Ago |
| D | 6125 Bedford Ave<br>Los Angeles, CA 90056 | 0.37 mi | 91.7% | House<br>Built 1961 | 4 | 3 | 2,919 | $ 7,250<br>$ 2.48/sq.ft. | 07/09/2024<br>Today |
| E | 227 W 64th Pl<br>Inglewood, CA 90302 | 0.77 mi | 91.6% | House | 4 | 2 | 1,786 | $ 4,400<br>$ 2.46/sq.ft. | 04/21/2024<br>79 Days Ago |
| F | 5219 S Chariton Ave<br>Los Angeles, CA 90056 | 0.59 mi | 90.5% | House<br>Built 1997 | 4 | 3 | 3,044 | $ 6,300<br>$ 2.07/sq.ft. | 06/27/2024<br>12 Days Ago |
| G | 11221 Hannum Ave<br>Culver City, CA 90230 | 1.37 mi | 90.0% | House<br>Built 2022 | 4 | 3 | 2,217 | $ 8,250<br>$ 3.72/sq.ft. | 07/09/2024<br>Today |
| H | 6617 S Sherbourne Dr<br>Los Angeles, CA 90056 | 0.68 mi | 89.4% | House<br>Built 1961 | 4 | 3.5 | 2,839 | $ 10,500<br>$ 3.70/sq.ft. | 07/09/2024<br>Today |
| I | 5618 S Sherbourne Dr<br>Los Angeles, CA 90056 | 0.28 mi | 89.2% | House<br>Built 1953 | 3 | 2 | 2,650 | $ 6,500<br>$ 2.45/sq.ft. | 05/28/2024<br>42 Days Ago |
| J | 5615 W 78th St<br>Westchester, CA 90045 | 1.36 mi | 88.6% | House<br>Built 1947 | 4 | 3.5 | 2,323 | $ 8,500<br>$ 3.66/sq.ft. | 07/09/2024<br>Today |

Property Report for 5851 S Garth Ave

| | Property | Distance | Similarity | Type | Beds | Baths | Sq.Ft. | Listed Rent | Last Seen |
|---|---|---|---|---|---|---|---|---|---|
| K | 5304 Senford Ave<br>Los Angeles, CA 90056 | 0.58 mi | 87.4% | House<br>Built 1957 | 3 | 2 | 2,318 | $ 5,950<br>$ 2.57/sq.ft. | 07/09/2024<br>Today |
| L | 5329 Onacrest Dr<br>Los Angeles, CA 90043 | 1.1 mi | 84.2% | House<br>Built 1941 | 3 | 2 | 2,056 | $ 4,700<br>$ 2.29/sq.ft. | 06/14/2024<br>25 Days Ago |
| M | 5329 Onacrest Dr Unit Ye<br>Los Angeles, CA 90043 | 1.1 mi | 84.1% | House<br>Built 1941 | 3 | 2 | 2,056 | $ 5,500<br>$ 2.68/sq.ft. | 05/08/2024<br>62 Days Ago |
| N | 6435 S Sherbourne Dr<br>Los Angeles, CA 90056 | 0.57 mi | 82.9% | House<br>Built 1962 | 3 | 3 | 2,343 | $ 9,995<br>$ 4.27/sq.ft. | 04/28/2024<br>72 Days Ago |
| O | 11236 Rudman Dr<br>Culver City, CA 90230 | 1.21 mi | 82.3% | House<br>Built 1951 | 3 | 2 | 1,870 | $ 6,000<br>$ 3.21/sq.ft. | 07/09/2024<br>Today |
| P | 6013 S Croft Ave<br>Los Angeles, CA 90056 | 0.24 mi | 81.8% | House<br>Built 1951 | 3 | 1.5 | 1,916 | $ 3,995<br>$ 2.09/sq.ft. | 03/26/2024<br>105 Days Ago |
| Q | 5946 W 76th St<br>Los Angeles, CA 90045 | 1.32 mi | 81.4% | House<br>Built 1948 | 3 | 2 | 1,795 | $ 5,500<br>$ 3.06/sq.ft. | 03/13/2024<br>118 Days Ago |
| R | 5838 Abernathy Dr<br>Los Angeles, CA 90045 | 1.27 mi | 81.3% | House<br>Built 1950 | 3 | 2 | 1,778 | $ 6,200<br>$ 3.49/sq.ft. | 03/24/2024<br>107 Days Ago |
| S | 6605 S Sherbourne Dr<br>Los Angeles, CA 90056 | 0.66 mi | 80.7% | House<br>Built 1961 | 5 | 1 | 3,063 | $ 13,000<br>$ 4.24/sq.ft. | 04/10/2024<br>90 Days Ago |
| T | 4501 Valdina Pl<br>Los Angeles, CA 90043 | 1.12 mi | 80.5% | House<br>Built 1940 | 3 | 2 | 1,673 | $ 5,000<br>$ 2.99/sq.ft. | 03/20/2024<br>111 Days Ago |

# EXHIBIT B

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **Dana  M. Douglas (SBN 220053)**<br>**Attorney at Law**<br>**11024 Balboa Blvd., No. 431**<br>**Granada Hills, CA 91344**<br>**MAILING ADDRESS:**<br>**4712 Admiralty Way #1001**<br>**Marina del Rey, CA  90292**<br>**Tel:  818-360-8295**<br>**Fax: 530-273-3702**<br>*dana@danamdouglaslaw.com*<br><br>☐ *Debtor appearing without attorney*<br>■ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br><br>    **David Stephens**<br>       **AKA David L Stephens; AKA David Lee Stephens;**<br>       **AW Doc Stephens Medical IT/PES Co.** | CASE NUMBER: **2:24-bk-13887-NB**<br><br>CHAPTER 13 |
|---|---|
| | **CHAPTER 13 PLAN** <br>☐ Original<br>■ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br> *list below which sections have been changed:<br>**1-A&B; II-B; III; IV; Att A** <br> [FRBP 3015(b); LBR 3015-1] <br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:      **7/9/24**<br>Time:     **3:30 pm**<br>Address:  **VIA ZOOM**<br><br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:      **7/11/24**<br>Time:     **9:30 am**<br>Address:  **255 E. Temple St., Los Angeles 90012** |
| Debtor(s). | |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

**Part 1: PRELIMINARY INFORMATION**

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                Page  1              **F3015-1.01.CHAPTER13.PLAN**

you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1   **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included   ■ Not included

1.2   **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included   ■ Not included

1.3   **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included   ■ Not included

1.4   **Other Nonstandard Plan provisions, set out in Section IV:**
■ Included   ☐ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

A.   Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 2                    **F3015-1.01.CHAPTER13.PLAN**

$ <u>528.47</u>    for month 1 plus

$ <u>374.57</u>    per month for months    <u>2</u>    through    <u>60</u>    totaling $  <u>22,099.88</u>  .
for a total plan length of <u>60</u> months totaling $<u>22,628.35</u>.

B.  Nonpriority unsecured claims.
The total amount of estimated non-priority unsecured claims is $<u>220,390.30</u> of which **$13,778.00 are general
unsecured** claims and approximately **<u>$207,000.00</u> are student loans** scheduled for cancellation.  This plan will pay
the **$13,778.00 in general unsecured claims**.

   1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority
       unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked
       below. If both options below are checked, the option providing the largest payment will be effective.

       a.  ■ **"Percentage" plan:** **100%** of the total amount of the non-student loan claims, for an estimated total
           payment of $<u>13778.00</u>.  Resolution of student loans, if any, will be outside the plan.

       b.  ☐ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors
           provided for in this Plan, estimated to pay a total of $<u>0.00</u> and **0**% to claims in Class 5. The amount
           distributed to Class 5 claims may be less than the amount specified here depending on the amount of
           secured and priority claims allowed.

   2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority
       unsecured claims will be made in at least the greater of the following amounts:

       (a) the sum of $<u>30,878.02</u>, representing the liquidation value of the estate in a hypothetical Chapter 7 case
           under 11 U.S.C. § 1325(a)(4), or

       (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $____,
           representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during
    the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority
    unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds
    received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax
    refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee
    or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of
    payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in
    Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured
    creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the
    Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice
    is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under
    FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim
    secured by personal property where such security interest is attributable to the purchase of such property and
    preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed
    in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease
    payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the
date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s)
and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection
payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as
practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13
Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments
or preconfirmation lease payments.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page  3                    **F3015-1.01.CHAPTER13.PLAN**

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A.  ORDER OF PAYMENT OF CLAIMS:**

**1st**  If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**  Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**  Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B.  CLASSIFICATION AND TREATMENT OF CLAIMS:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page  4                    F3015-1.01.CHAPTER13.PLAN

| CLASS 1 | | | |
|---|---|---|---|

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a.   Administrative Expenses** | | | |
| (1)   Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)   Attorney's Fees | **$5,000.00** | | **$5,000.00** |
| (3)   Chapter 7 Trustee's Fees | | | |
| (4)   Other | | | |
| (5)   Other | | | |
| **b.   Other Priority Claims** | | | |
| (1)   Internal Revenue Service | | | |
| (2)   Franchise Tax Board | | | |
| (3)   Domestic Support Obligation | | | |
| (4)   Other | **$0.00** | **0.00%** | **$0.00** |
| (5)   Other | **$0.00** | **0.00%** | **$0.00** |
| (6)   Other | **$0.00** | **0.00%** | **$0.00** |
| **c.   Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** | | | |
| *(specify creditor name)*: | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page  5                    **F3015-1.01.CHAPTER13.PLAN**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

■ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  |  | % |  |  | Trustee<br>Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*　　　　　　Page  6　　　　　**F3015-1.01.CHAPTER13.PLAN**

☐ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

■ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

■ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                      Page  7                          F3015-1.01.CHAPTER13.PLAN

listed below.

| IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE | | | | | |
|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account NUMBER | CLAIM TOTAL | INTEREST RATE | Estimated Monthly Payment | ESTIMATED TOTAL PAYMENTS |
|  |  |  |  |  |  |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | Ongoing Payment Disbursing Agent |
|---|---|---|---|---|---|---|
|  |  | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
|  |  |  |  |  |  |  |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle    acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 8                          F3015-1.01.CHAPTER13.PLAN

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

☐ See attachment for additional claims in Class 3D.

| CLASS 4 |
|---|

| OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE<br>AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,<br>WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5) |
|---|

*Check one.*

■ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS |  |
|  |  |  |  |  |  | Trustee<br>Debtor |

☐ See attachment for additional claims in Class 4.

| CLASS 5A |
|---|

| NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED |
|---|
| Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above. |

**SEPARATE CLASSIFICATION:**
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*

☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

| CLASS 5B |
| --- |

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
| --- | --- | --- | --- | --- |
| | | | | |

| CLASS 5C |
| --- |

■ Other separately classified nonpriority unsecured claims.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
| --- | --- | --- | --- | --- |
| **Dept. of Education/NelNet*** | **8395** | **$0.00** | **0.00** | **0** |

 **\*Loans are scheduled for cancellation.**
☐ See attachment for additional claims in Class 5.

| CLASS 6 |
| --- |

### SURRENDER OF COLLATERAL

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

|   Creditor Name: | Description: |
| --- | --- |
| | |

☐ See attachment for additional claims in Class 6.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 10                    **F3015-1.01.CHAPTER13.PLAN**

| CLASS 7 |
|---|

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____

      ☐ **Rejected**        ☐ **Assumed; cure amount (if any): $ _____**
                                  **to be paid over _____ months**

**Creditor Name:** _____

**Description:** _____

      ☐ **Rejected**        ☐ **Assumed; cure amount (if any): $ _____**
                                  **to be paid over _____ months**

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

## Section III. PLAN SUMMARY

| | |
|---|---|
| **CLASS 1a** | $5,000.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $0.00 |
| **CLASS 3B** | $0.00 |

| | |
|---|---|
| **CLASS 3C** | $0.00 |
| **CLASS 3D** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5A** | $13,778.00 |
| **CLASS 5C** | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    *Page 11*                                    **F3015-1.01.CHAPTER13.PLAN**

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $20,835.90 |
| CHAPTER 13 TRUSTEE'S FEE<br>(Estimated  11% unless advised otherwise) | $2,242.45 |
| TOTAL PAYMENT | $22,628.35 |

## Section IV. NON-STANDARD PLAN PROVISIONS

■ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective.</u>** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

■  **Debtor will file a motion for authority to refinance and pay off loan.**

Name of Creditor Lienholder/Servicer:   Sakhat Partnership

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):   5851 Garth Ave. Los Angeles, CA 90056  Los Angeles County
APN: 4101-009-019
Value per Comparable Sales

Name of Creditor Lienholder/Servicer:

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):

Name of Creditor Lienholder/Servicer:

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):

Name of Creditor Lienholder/Servicer:

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page 12                                **F3015-1.01.CHAPTER13.PLAN**

☐    C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

☐    Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____
(*attach page with legal description of property or document recording number as appropriate*).

☐    Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

_____

☐    11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐    11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐    (1) discharge under 11 U.S.C. § 1328, or

☐    (2) Upon completion of all Plan payments.

Value of collateral: ...................................................................................................... $ **0.00**
Liens reducing equity (to which subject lien can attach): $ **0.00**     + $ _____ + $ _____ = .. ($ **0.00** )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):...................................... **0.00** )
    ($

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................. $ **0.00**

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER**        **GM Financial** _____

☐     Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

*(attach page with legal description of property or document recording number as appropriate)*.

☐     Other collateral (*add description such as judgment date, date and place of lien recording, book and page number.*

_____

☐     11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐     11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐     (1) discharge under 11 U.S.C. § 1328, or

☐     (2) Upon completion of all Plan payments.

Value of collateral: ............................................................................................... $ _____

Liens reducing equity (to which subject lien can attach): $ __0.00__   + $ _____ + $ _____ = .. ( _____ )

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):...................................... )

     ($ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form <u>Attachment B, C and/or D</u> to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

### <u>DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN</u>

**TO CREDITOR LIENHOLDER/SERVICER**   _____

_____

☐     Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

*(attach page with legal description of property or document recording number as appropriate)*.

☐     Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

_____

☐     11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*             Page 14            **F3015-1.01.CHAPTER13.PLAN**

☐　　　11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐　　　(1) discharge under 11 U.S.C. § 1328, or

☐　　　(2) Upon completion of all Plan payments.

Value of collateral: ....................................................................................................... $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):...................................... )
  ($ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER**　_____

_____

☐　　　Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

(*attach page with legal description of property or document recording number as appropriate*).

☐　　　Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

_____

☐　　　11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐　　　11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐　　　(1) discharge under 11 U.S.C. § 1328, or

☐　　　(2) Upon completion of all Plan payments.

Value of collateral: ....................................................................................................... $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):......................................

($ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ........................... $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

### D. Other Non-Standard Plan Provisions (*use attachment, if necessary*):

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date:    July 9, 2024 _____

/s/ Dana M. Douglas _____
**Dana Douglas**
Attorney for Debtor

_____
**David Stephens**
Debtor 1

_____
Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    **F3015-1.01.CHAPTER13.PLAN**

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☐ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1. **Creditor Lienholder/Servicer:**  GM Finance
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.):      2017 Honda Accord
   Debtor proposes to pay lien in full over 60 months at a lower rate per month than the original agreement.

2. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.):

3. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.):

4. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 2nd Lien on 456 Broadway):

5. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 3rd Lien on 456 Broadway):

6. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 4th Lien on 456 Broadway):

7. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 2nd Lien on 789 Crest Ave.):

8. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 3rd Lien on 789 Crest Ave.):

9. **Creditor Lienholder/Servicer:**
   **Subject Lien** (*e.g.*, 4th Lien on 789 Crest Ave.):

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date)  July  9, 2024

*Printed name:*  Dana M. Douglas      *Signature:*  /s/ Dana M. Douglas
■ Attorney for Debtor or   ☐ Debtor appearing without attorney

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11024 Balboa Blvd., No. 431, Granada Hills, CA 91344.


A true and correct copy of the foregoing document entitled (*specify*):   __AMENDED PLAN__   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/9/2024 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kathy A Dockery (TR)    EFiling@LATrustee.com
- Dana M Douglas    dmddouglas@hotmail.com, douglas.danar115703@notify.bestcase.com
- Marina Fineman    m.fineman@geracillp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*)  7/9/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE NEXT PAGE

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _###_ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/9/2024 | DM Douglas | /s/ DM Douglas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*VIA US MAIL*

Amex/American Express
PO Box 297871
Fort Lauderdale, FL 33329

Argent Holdings LLC
1301 W. Hillsdale Blvd. #101
San Mateo, CA  94403

CA Franchise Tax Board
ATTN:  Bankruptcy Dept.
MS: A-340 – PO Box 2952
Sacramento, CA 95812-2952

Credit Plus
31550 Winterplace Pkwy
Salisbury, MD 21804

Dept of Education/GLELSI
2401 International
PO Box 7859
Madison, WI 53704

Dept of Education/NELNET
DeptEdNelnet
PO Box 82561
Lincoln, NE 68501

Designed Receivables
DSRM National Bank
7201 Canyon Dr.
Amarillo, TX 79110

EMS
1550 Peachtree St. NW MD
Atlanta, GA 30309

First Union National Bank
3321 Willow Lane
Macungie, PA 18062

GM Financial
PO Box 1510
Cockeysville, MD  21030

Green Dot Bank
840 Route 33
Mercerville, NJ 08619

GreenDotBank
Green Dot
PO Box 5100
Pasadena, CA 91117

Internal Revenue Svc.
PO Box 7346
Philadelphia, PA 19101-7346

Loanme, Inc
1900 S State College Blvd.
Anaheim, CA 92806

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA  90054-0110

Partners Credit
65 E Wacker Pl., Ste 1405
Chicago, Il 60601

Partners Credit
6 Harris Ct., Ste B
Monterey, CA 93940

Sakhat Partnership
Equity Wave Lending
2355 Main St., Ste 230
Irvine, CA  91614

Sequia Financial Svcs.
28632 Roadside Dr., Ste 110-111
Agoura Hills, CA 91301

Specialized Loan Servicing
8742 Lucent Blvd., Ste 300
Highlands Ranch, CO 80129

Syncb/PPC
PO Box 530975
Orlando, FL 32896

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11024 Balboa Blvd., No. 431 - Granada Hills, CA 91344

A true and correct copy of the foregoing document entitled: **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __7/16/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kathy A Dockery (TR)    EFiling@LATrustee.com
- Dana M Douglas    dmddouglas@hotmail.com, douglas.danar115703@notify.bestcase.com
- Marina Fineman    m.fineman@geracillp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __7/16/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE NEXT PAGE

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| __7/16/2024__ | __DM Douglas__ | __/s/ DM Douglas__ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                                     **F 4001-1.RFS.RESPONSE**

*VIA US MAIL*

CA Franchise Tax Board
ATTN:  Bankruptcy Dept.
MS: A-340 – PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Svc.
PO Box 7346
Philadelphia, PA 19101-7346

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA  90054-0110

Sakhat Partnership
Equity Wave Lending
2355 Main St., Ste 230
Irvine, CA  91614

Specialized Loan Servicing
8742 Lucent Blvd., Ste 300
Highlands Ranch, CO 80129